IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
In re                                 )  Chapter 11
                                      )
TELEGLOBE COMMUNICATIONS CORPORATION, et al., )  Jointly Administered
                                      )  Bankr. Case No. 02-11518 (MFW)
   Debtors.                           )
------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, et al., )
                                      )  C.A. No 04-CV-1266 (SLR)
   Plaintiffs,                        )
                                      )
   v.                                 )
                                      )
BCE INC., et al.,                     )
                                      )
   Defendants.                        )
------------------------------------x

## STIPULATED ORDER APPOINTING SPECIAL DISCOVERY MASTER

WHEREAS, on February 14, 2005, Plaintiffs filed a motion seeking an order from the Court appointing a special discovery master;

WHEREAS, on March 1, 2005, Defendants responded to that motion and consented to the appointment of a special discovery master;

WHEREAS, the parties thereafter spoke to Collins J. Seitz, Jr. who agreed to serve, with the Court's permission, as the special discovery master in this matter;

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

1.   Collins J. Seitz, Jr. shall serve as the special discovery master in the captioned action.

2.   As provided by Rule 53(c), the Special Master shall have the authority to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on the same.

RLF1-2850426-1

3. The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery disputes. He shall have the authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of discovery, to issue orders requiring the parties to adhere to discovery and case management dates set by the Court. He shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

4. The filing, service and hearing of discovery-related motions shall be determined after consultation with the parties. There shall be no limit on the number of such motions that each party may submit to the Special Master for decision.

5. The Special Master shall hear matters promptly and at such times as may be convenient, at the discretion of the Special Master. All hearings and conferences before the Special Master shall be held in this District's Courthouse or at an appropriate other place arranged by the parties, with the approval of the Special Master. The party presenting a motion shall arrange for a court reporter at the hearing and provide a copy of the transcript to the Special Master thereafter. The parties shall equally bear the costs of the court reporter and transcript provided to the Special Master.

6. The Special Master shall not communicate *ex parte* with a party without the consent of all of the parties. The Special Master may communicate *ex parte* with the Court.

7. The Special Master shall preserve all materials he receives or prepares in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

8.     The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. He and other persons assisting the Special Master shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Highly Confidential"), he shall file the same under seal.

9.     The Special Master's rulings shall be subject to review by the Court, consistent with Rule 53(g)(1) and (2). The Special Master's factual findings will be reviewed for clear error. Pursuant to Rule 53(g)(4), the Court must decide *de novo* all objections to conclusions of law made or recommended by the Special Master. In accordance with Rule 53(g)(5), the Court may set aside the Special Master's rulings on procedural matters only for an abuse of discretion.

10.    The Special Master shall be compensated for his services at his usual hourly rate. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally by the parties. In this regard, if in the Special Master's opinion, a party engages in behavior which occasions the waste of the Special Master's time and resources, or otherwise hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses. Any objections or disputes as to matters of the Special Master's compensation and/or expenses shall be presented to the Court in a timely application.

_(GVV)_ _(signature)_ (C# 3796)
_____
Gregory V. Varallo (No. 2242)
C. Malcolm Cochran, IV (No. 2377)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19801
(302) 651-7700
varallo@rlf.com
cochran@rlf.com
Attorneys for Teleglobe Communications
Corporation, et al.

Dated: March 15, 2005

_(signature)_
_____
Kevin A. Gross (No. 209)
Joseph A. Rosenthal (No. 234)
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, Delaware 19801
(302) 656-4433
kgross@rmgglaw.com
Attorneys for Official Committee of
Unsecured Creditors of Teleglobe
Communications Corporation, et al.

Dated: March ___, 2005

_(signature)_
_____
Pauline K. Morgan (No. 3650)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600
pmorgan@ycst.com
Attorneys for BCE, Inc., et al.

Dated: March 15, 2005


**IT IS SO ORDERED** this _____ day of _____, 2005


                                    _____
                                    United States District Court Chief Judge