IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                  Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                  Plaintiffs,

        v.

Civ. No. 04-CV-1266 (SLR)

BCE INC., *et al.*,

                  Defendants.

------------------------------------------------------------------x

### THE COMMITTEE'S MOTION FOR AN ORDER GRANTING THE ISSUANCE OF A LETTER OF REQUEST FOR ANNA M. COCCIA TO THE APPROPRIATE QUÉBEC AUTHORITIES PURSUANT TO FED. R. CIV. P. 28(b)

The Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* (the "Committee") hereby moves for the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Anna M. Coccia ("Coccia") to submit to a deposition (videotaped) and to respond to a document request in the within case.

In support of this Motion, the Committee respectfully represents as follows:

### A CIVIL MATTER IS PENDING IN A COURT OF COMPETENT JURISDICTION

1. On May 28, 2002, the following subsidiaries of Teleglobe, Inc. ("TI") filed petitions for reorganization in this Court under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp.,

Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors").

2. On June 11, 2002, the Office of the United States Trustee appointed the Committee.

3. On May 26, 2004, the Debtors and the Committee (collectively, the "Plaintiffs") commenced this action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege in their complaint that, *inter alia*, (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties to the Debtors and their creditors.

4. By order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d).

### COCCIA POSSESSES INFORMATION RELEVANT TO THIS ACTION WHICH, ABSENT A LETTER OF REQUEST, CANNOT BE OBTAINED

5. As detailed in the accompanying Declaration of Robert J. Malatak, dated April 6, 2005, to which the Court is respectfully referred, the Coccia possesses documents and other information that is material and necessary to the prosecution of Plaintiffs' claims.

6. The Committee has no alternative but to request this Court to issue a Letter of Request to the Canadian authorities because, upon information and belief, Coccia cannot be served with a subpoena to compel her deposition and production of documents in the United

States, and the Committee has been unable to secure her voluntary compliance. Thus, a Letter of Request is necessary to secure the power to examine Coccia in Canada.

### THE DISCOVERY SOUGHT IS DIRECTED AT A PURPOSE FOR WHICH LETTERS OF REQUEST COULD BE ISSUED IN QUEBEC

7.  The purpose of this Motion is to order the depositions of Coccia and to compel her to respond to certain document requests.

8.  This Motion is made in accordance with Section 9 of Quebec's Special Procedure Act, entitled "Evidence Taken in Quebec at the Request of a Court of Another British Possession or of a Foreign Country," Revised Statutes of Quebec c. P-27, s. 9 ("R.S.Q., c. P-27, s. 9") (2003). Pursuant to R.S.Q., c. P-27, s. 9, when there is a civil case pending in a foreign country, the Superior Court of Quebec, or a judge thereof, may order that a witness in Quebec be examined under oath, by means of questions in writing, or by personal appearance, and may be compelled to produce documents.

9.  The text of the statute is as follows:

> When, upon petition to that effect, it is shown to the Superior Court or to one of the judges thereof, charged with the administration of justice in the district, that a court of any other Province of Canada, or of any other British possession, or of a foreign country, before which any civil or commercial case is pending, desires to have the evidence of any party or witness in the district, such court or judge may order that such party or witness may be examined under oath, either by means of question in writing or otherwise, before any person mentioned in the said order, and may summon, by the same or by a subsequent order, such party or witness to appear for examination, and may order him to produce any writing or document mentioned in the order, or any other writing or document relating to the matter, and which may be in his possession. R.S.Q., c. P-27, s. 9.

10. The Motion is being made in accordance with Section 46 of the Canada Evidence Code, which permits the Provincial courts to order the examination under oath of a witness and the production of documents to use in a case pending before a foreign tribunal.

11. The evidence produced pursuant to this Motion will be used at the trial of this matter, and in pre-trial proceedings.

## RELIEF REQUESTED AND BASIS THEREFORE

By this Motion, the Committee seeks, pursuant to Rule 28(b) of the Fed. R. Civ. P., the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Coccia to submit to a deposition under oath and to respond to a document request.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A: (a) issuing said Letter of Request; and (b) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
April 6, 2005

ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

Joseph A. Rosenthal (No. 234)
Kevin A. Gross (No. 209)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Telephone: (302) 656-4433
Facsimile: (302) 658-7567

and

4

**HAHN & HESSEN LLP**
John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
Robert J. Malatak
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile:    (212) 478-7400

*Attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communication Corporation, et al.*