IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

          Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

------------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

          Plaintiffs,

    v.

BCE INC., *et al.*,

          Defendants.

Civ. No. 04-CV-1266 (SLR)

------------------------------------------------------------------------x

### DECLARATION OF ROBERT J. MALATAK IN SUPPORT OF THE COMMITTEE'S MOTION FOR A LETTER OF REQUEST FOR ANNA M. COCCIA

**ROBERT J. MALATAK**, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1746, declares, under penalty of perjury, the following to be true and correct:

  1.  I am an associate of the law firm of Hahn & Hessen LLP, attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* ("Committee"), one of the Plaintiffs in this action, and an attorney duly admitted to practice law in the State of New York, and admitted *pro hac vice* to the Delaware District Court for the purpose of this action.

  2.  I am fully familiar with the facts and circumstances hereinafter set forth, and submit this Declaration in support of the Committee's Motion for an Order granting the issuance of a Letter of Request to the appropriate authorities in Québec, Canada, directing the attendance and depositions (videotaped) of and the production of certain documents by Anna M. Coccia ("Coccia").

  3.  Coccia has documents and information that is material and necessary to the Committee's prosecution of its claims, and for which there is no alternative source. Despite the

Committee's good faith effort to secure Coccia's voluntary cooperation, she has refused its request. Because Coccia resides in Canada and, thus, is beyond this Court's subpoena power, the Committee seeks a Letter of Request to the appropriate Canadian authorities. This is the basis for the Motion.

## BACKGROUND

4.     On May 26, 2004, the Debtors[1] and the Committee (collectively, the "Plaintiffs") commenced the instant action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege, *inter alia*, that (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties to the Debtors and their creditors.

## COCCIA HAS INFORMATION RELEVANT TO THE PROSECUTION OF THIS MATTER

5.     Plaintiffs assert that during the relevant time period, TI and the Debtors were insolvent or in the zone of insolvency. Plaintiffs further allege that the balance sheets of TI and the Debtors demonstrate the insolvency on its face, once one recognizes that the goodwill TI carried on its books was grossly overvalued. Moreover, if, as Defendants claim, BCE made no binding commitment to fund TI's and the Debtors' operations, then the Debtors were unable to

---

[1]  Debtors collectively refers to Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., Teleglobe Submarine Inc.

2

meet their debts as they came due. Thus, whether goodwill was properly valued is a material issue of fact in the case.

6. Coccia is believed to have information bearing on this issue as she is the former Associate Director-Accounting Policies for Bell Canada, a BCE subsidiary. In that capacity, Coccia is believed to have been responsible for the implementation, for BCE and all of its subsidiaries, including the Debtors, of Financial Accounting Standards Board 142 (Goodwill and Other Intangible Assets), and the Canadian Generally Accepted Accounting Principles analogue, both of which require companies, such as BCE and TI, to test goodwill for impairment annually, or more frequently if events or changes in circumstances indicate that the asset might be impaired. Moreover, in April 2001, Coccia circulated a "Goodwill Impairment Memo" which stated "We as the management team have decided that there was no goodwill impairment as at the end of February 2001."

7. For the foregoing reasons, the Committee seeks Coccia's deposition and production of the relevant documents she has in her possession, custody or control.

### THE COMMITTEE MADE A GOOD FAITH EFFORT TO OBTAIN THE REQUESTED DISCOVERY FROM COCCIA

8. Plaintiffs have made a good faith effort to obtain the discovery it seeks from Coccia, but to no avail. In this regard, Richards, Layton & Finger P.A., counsel to the Committee's co-Plaintiff, the Debtors, notified BCE's counsel, Shearman & Sterling LLP ("S&S"), that Plaintiffs, including the Committee, wanted discovery from Coccia. After conferring with Coccia, S&S advised that she was unwilling to cooperate.

## AFFIRMATIVE REPRESENTATIONS

9. The Committee agrees to tender to the Quebec Superior Court the fees that Coccia would be entitled to at trial, otherwise known as her expense and conduct money. The Committee additionally agrees to provide a translator for Coccia should that be deemed necessary.

10. The Committee also offers to tender into the Superior Court of Quebec such sums as shall (a) be sufficient to defray the traveling costs of the hearing examiner, and (b) be deemed necessary by the Superior Court of Quebec pursuant to Article 281.1 of the Quebec Code of Civil Procedure.

11. The Committee agrees that the proposed oral examination of Coccia would be of ordinary duration and would be conducted in accordance with the applicable procedural rules of the Province of Quebec, but requests that the deposition be videotaped.

12. The issuance of the Letter of Request is not contrary to the public policy of Canadian nor Quebec jurisprudence.

**WHEREFORE**, the Committee respectfully requests that this Court issue a Letter of Request in the form annexed to the Order Granting the Issuance of a Letter of Request to the Appropriate Québec Authorities, submitted herewith, in order to permit the Committee to conduct the necessary discovery in this case.

Dated: New York, New York
April 6, 2005

_____
ROBERT J. MALATAK