IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § § | |
| TELEGLOBE COMMUNICATIONS CORPORATION, ET AL., | § § § § | CASE NO. 02-11518 (MFW) (Jointly Administered) |
| DEBTORS. | § § § | |
| Teleglobe USA Inc. et al., | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIV. ACTION NO. 04-1266 (SLR) |
| BCE Inc. et al., | § § § | |
| Defendants. | § | |

**NON-PARTY VARTEC TELECOM, INC.'S MOTION TO INTERVENE
FOR LIMITED PURPOSE AND APPLICATION FOR ORAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 24(b), Non-Party VarTec Telecom, Inc. ("VarTec"), in support of its Motion to Intervene for Limited Purpose and Application for Oral Argument, states the following:

### I.   BACKGROUND

1. On December 22, 2004, Defendants ("BCE") served Debtors ("Teleglobe") with Defendants' Second Request for Production of Documents and Directed to the Debtors (the "Request"). The Request sought production from Teleglobe of numerous documents related to an arbitration proceeding styled *Teleglobe Telecom Corporation, et al. v. VarTec Telecom, Inc., et al.*, No. 50 T 153 00025 04 (the "Arbitration"), including: "(a) all arbitration awards and orders issued by the arbitral tribunal, (b) the transcripts from all the arbitration hearings, (c) the transcripts of all depositions of witnesses conducted in connection with the arbitration

proceeding, (d) all exhibits introduced or marked at such depositions or at the arbitration hearings, and (e) the pleadings, briefs, memorials, letters, or other documents submitted to the arbitration tribunal by the parties to the arbitration proceeding."[1]

2.   The vast majority of documents identified in the Request are subject to a Confidentiality Agreement between VarTec and Teleglobe, and a large portion of the documents are VarTec's privileged and/or highly confidential documents produced under a finding of common interest in the Arbitration.

3.   VarTec has an adversarial relationship with both parties to the litigation before this Court. In addition to VarTec's arbitration proceeding against Teleglobe, VarTec and BCE are currently adverse in a securities fraud litigation matter pending the United States District Court for the District of Columbia.

4.   Pursuant to the terms of the Confidentiality Agreement, Teleglobe sent VarTec a copy of the Request on or around January 11, 2005. By letter dated January 18, 2005, VarTec refused to consent to Teleglobe's production of the documents identified in the Request.[2] Teleglobe served its Response to Defendants' Second Request for Production of Documents on January 24, 2005, objecting to the Request in its entirety.[3]

5.   VarTec has learned from Teleglobe that the Court held a discovery conference in this matter on April 25, 2005, in which the parties discussed the Request with the Court. According to an April 26, 2005 letter from Teleglobe's counsel to VarTec's counsel, the Court

---

[1] *See* Defendants' Second Request for Production of Documents and Directed to the Debtors, attached as **Exhibit 1** to the Affidavit of Beth W. Bivans in Support of Non-Party VarTec's Motion to Intervene for Limited Purpose (the "Bivans Affidavit"), at APP-A008-09.

[2] *See* Letter from Beth W. Bivans to Randall Miller and Pauline K. Morgan, dated January 18, 2005, attached as **Exhibit 2** to the Bivans Affidavit, at APP-A010-12.

[3] *See* The Debtors' Response to Defendants' Second Request for Production of Documents, attached as **Exhibit 3** to the Bivans Affidavit, at APP-A013-19.

has ordered Teleglobe to comply with the Request on May 9, 2005, absent an earlier-filed Motion for Protective Order.[4]

6. In accordance with the Court's directive, VarTec moves to intervene in this proceeding for the limited purpose of seeking a protective order covering the documents sought by the Request.

## II.  AUTHORITY

7. Federal Rule of Civil Procedure 24(b) allows a non-party to intervene in a proceeding "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

8. The requirement of a common question of law or fact is relaxed when the would-be intervenor does not seek to become a party to the litigation. *U.S. v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157 (D. Del. 1999) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994)). "There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Id.*

9. VarTec seeks to intervene for the limited purpose of seeking a protective order over its privileged and confidential information bearing no relevance to this proceeding. Because of its adversarial relationship with both parties to this proceeding, VarTec must intervene to protect against the wholesale disclosure of its privileged and confidential information. VarTec does not seek to become a party to the litigation pending before this Court.

10. VarTec's Motion for Protective Order will be submitted to the Court by separate filing on this day.

---

[4] *See* Letter from Russell C. Silberglied to Beth W. Bivans, dated April 26, 2005, attached as **Exhibit 4** to the Bivans Affidavit, at APP-A020-21.

### III.  REQUEST FOR ORAL ARGUMENT AND WAIVER OF OPENING BRIEF

11.  VarTec hereby requests oral argument on VarTec's Motion to Intervene for Limited Purpose. The legal principles relied upon here are not complex and are fully set forth in this Motion. Vartec waives its right to file a brief, but reserves its right to file a reply in further support of its position.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Non-Party VarTec Telecom, Inc. respectfully requests that the Court GRANT its Motion to Intervene for the limited purpose of seeking a protective order.

Respectfully submitted,

**STEVENS & LEE P.C.**

_/s/_

Joseph H. Huston, Jr. (State Bar No. 4035)
Thomas G. Whalen, Jr. (State Bar No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 654-5180
Telecopy:   (302) 654-5181

AND

**HUGHES & LUCE L.L.P.**

Craig W. Budner
Beth W. Bivans
1717 Main Street, Ste. 2800
Dallas, Texas 75201
Telephone:  (214) 939-5500
Telecopy:   (214) 939-5849

**ATTORNEYS FOR NON-PARTIES
VARTEC TELECOM, INC. AND
VARTEC TELECOM HOLDING
COMPANY**