**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TELEGLOBE COMMUNICATIONS** | § | **CASE NO. 02-11518 (MFW)** |
| **CORPORATION, ET AL.,** | § | **(Jointly Administered)** |
| | § | |
| **DEBTORS.** | § | |
| | § | |
| | § | |
| Teleglobe USA Inc. et al., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIV. ACTION NO. 04-1266 (SLR)** |
| v. | § | |
| | § | |
| BCE Inc. et al., | § | |
| | § | |
| **Defendants.** | § | |

**APPENDIX IN SUPPORT OF NON-PARTIES VARTEC TELECOM, INC.'S**
**MOTION TO INTERVENE FOR LIMITED PURPOSE**

**STEVENS & LEE P.C.**

Joseph H. Huston, Jr. (State Bar No. 4035)
Thomas G. Whalen, Jr. (State Bar No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopy:   (302) 654-5181

AND

**HUGHES & LUCE L.L.P.**

Craig W. Budner
Beth W. Bivans
1717 Main Street, Ste. 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Telecopy:   (214) 939-5849

**ATTORNEYS FOR NON-PARTIES VARTEC**
**TELECOM, INC. AND VARTEC TELECOM**
**HOLDING COMPANY**

# TABLE OF CONTENTS

**APP No.**

Defendants' Second Request for Production of Documents and
Directed to the Debtors.................................................................…....A001

Letter from Beth W. Bivans to Randall Miller and Pauline K. Morgan,
dated January 18, 2005...............................................................…..A010

Debtors' Response to Defendants' Second Request for Production of Documents........A013

Letter from Russell C. Silberglied to Beth W. Bivans, dated April 26, 2005..............A020

SL1 539313v1/18574.001

$DPL \Rightarrow \begin{array}{l} CONFID \\ NOTICE \end{array}$

**RECEIVED**

DEC 2 2 2004

G.V.V. $5:56 p.m.$

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Teleglobe Comm. *et al.*, ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |
| —————————————— ) | Bankr. Case No. 02-11518 (MFW) |
| ) | |
| Teleglobe USA Inc. *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 04-1266 (SLR) |
| ) | |
| BCE Inc. *et al.*, ) | |
| Defendants. ) | |

*Varello*
*Collins*
*Cockre—*
*Stearn*
*Coo-Ke*

### DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND DIRECTED TO THE DEBTORS

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034 and

Federal Rules of Civil Procedure 26, 33 and 34, Defendants BCE Inc., Michael T. Boychuk,

Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J.

Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (the "Defendants"), by

and through their undersigned counsel, hereby request that Plaintiffs (as defined below) produce

the documents designated below at the offices of Shearman & Sterling LLP, 599 Lexington

Avenue, New York, New York, 10022 on or before 4:00 p.m. on January 24, 2005.

### DEFINITIONS

1.    The term "Complaint" means the Complaint filed by the Plaintiffs in this

action on or about May 26, 2004, including any amendments thereto.

2.    The term "Debtors" means, individually and collectively, plaintiffs

Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc.,

Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp.,

WP3:1069464 1                                                                                    59825 1001



**APP - A001**

Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc., their predecessors or successors in interest, and their present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

3.     The term "Committee" means the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, et al., and each member thereof.

4.     The terms "Plaintiffs," "you" and "your" mean the Debtors.

5.     The term "Initial Disclosures" means Plaintiffs' Initial Disclosures served on August 27, 2004 pursuant to Federal Rule of Civil Procedure 26(a), as incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7026(a).

6.     The term "Teleglobe" means Teleglobe Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

7.     The term "BCE" means defendant BCE Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

8.     The term "Deloitte" means Deloitte and Touche LLP, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

2

9.    The term "Ernst & Young" means Ernst & Young, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

10.    The term "Lazard" means Lazard Freres & Co. LLC, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

11.    The term "communication" means any meeting, conversation, discussion, conference, consultation, correspondence, message, statement, or any other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

12.    The term "concerning" means concerning, relating to, referring to, reflecting, evidencing, describing, constituting, containing, or involving the matter discussed. The term includes, but is not limited to, documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any document called for by each request.

13.    The terms "describe in detail," "state the factual basis," "describe the basis," "state all facts," "state your understanding," or similar phrases with respect to an allegation, contention or other reference, shall mean to state in detail those facts:  (a) to the

3

APP - A003

extent of the Plaintiffs' present knowledge, whatever the source; (b) which the Plaintiffs can

ascertain by a diligent search; or (c) whose probable existence is known to the Plaintiffs although

the Plaintiffs have not yet fully apprised themselves of the truth.

14.    The term "document" shall have the broadest meaning permitted by Fed.

R. Bankr. P. 7034 and Fed. R. Civ. P. 34(a) and includes, without limitation, all contracts,

agreements, forms, slips, correspondence, drafts, letters, communications, electronic mails,

telegrams, telephone messages, notices, notes, memoranda, reports, studies, analyses, working

papers, summaries, statistical statements, financial statements, financial analyses, opinions,

forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of

meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets,

summaries, books, journals, ledgers, audits, maps, diagrams, drafts, newspapers, appointment

books, desk calendars, inter- and intra-office memos and communications, faxes and telexes, and

any other tangible thing by or on which information or data is stored or can be obtained, whether

in computer storage, carded, punched, taped, or coded form or stored electro-statistically,

electro-magnetically, or otherwise; and any other data compilation from which information can

be obtained.

The term "document" shall also include all contemporaneously or subsequently

created non-identical duplicates or copies and all drafts, preliminary versions or revisions of

documents, whether completed or not, by whatever means made, and includes every "document"

which is no longer identical by virtue of any notation or modification of any kind.

15.    The term "identify" when used in connection with a document or

documents means to furnish a description of the document(s) by date, title, author, subject

4

APP - A004

matter, sender, recipient, copy recipients, and also furnish the name and address of all persons

having custody or control of such document(s).

16.     The term "identify" as used in connection with natural persons means to

state the person's full name, present or last known residential and business address and telephone

number, and, in the case of a natural person, his or her position or job title.

17.     The term "identify" as used in connection with any entity other than a

natural person, means to state at a minimum and in the following order:

(a)     its full name;

(b)     the address and telephone number of its principal place of business;

(c)     the jurisdiction under the laws of which it has been organized or
incorporated and the date of such organization or incorporation;

(d)     the identity of all persons who acted and/or who authorized another to act
on its behalf in connection with the matters referred to;

(e)     in the case of a corporation, the names of its directors and principal
officers; and

(f)     in the case of an entity other than a corporation, the identities of its
partners or principals or all individuals who acted or who authorized another to act on its
behalf in connection with the matters referred to.

18.     The term "identify" as used in connection with a communication,

discussion, statement, decision, transaction, occurrence or act means to (a) state the date, time,

place, manner and substance of such communication, (b) identify all persons who participated in,

spoke, listened to, or had access to transcripts or summaries of such communication or copies

thereof, (c) identify each such person's function, role, or knowledge, and (d) identify all

documents which memorialize, commemorate, summarize, record, or directly refer or relate, in

whole or in part, to such communication.

5

19.     The terms "person" or "persons" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts, estates, and all other entities.

20.     The terms "all," "any," "each," and "every" shall be construed as all, any, each and every to bring within the scope of the request or requests all information that might otherwise be construed to be outside of its scope.

21.     The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside of its scope.

22.     The term "including" means "including, but not limited to."

23.     All references to the singular shall be deemed to include the plural and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

## INSTRUCTIONS

1.     Unless otherwise indicated, the documents requested to be inspected in this Notice include all documents in the possession, custody, or control of the Plaintiffs. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in the Plaintiffs' possession, custody or control if they have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as the Plaintiffs' attorneys.

2.     All documents are to be produced in their entirety, without abbreviation or expungement, and including both front and back thereof. Requests for documents shall be

APP - A006

deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

    3.    For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

    (a)    the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

    (b)    (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

    4.    Each paragraph and subparagraph of this Notice for discovery and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

    5.    If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

    6.    For any document requested herein which was formerly in the Plaintiffs' possession, custody or control but which has been lost or destroyed:

    (a)    describe in detail the nature of the document and its contents;

(b)    identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

(c)    specify the date on which the document was prepared or transmitted;

(d)    specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

(e)    specify in detail all efforts that were made to maintain or preserve the document after April 24, 2002.

7.    The production of all electronic documents shall comply with the default standard for the discovery of electronic documents promulgated by the Ad Hoc Committee for Electronic Discovery of the United States District Court for the District of Delaware.

8.    With respect to the documents produced, the Plaintiffs shall produce them as they are kept in the usual course of business.

9.    These requests shall be deemed continuing so as to require further and supplemental responses by Plaintiffs in the event that they obtain or discover additional information after the time of their initial response.

10.    Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from January 1, 1999 through May 28, 2002.

11.    For each document request, identify responsive documents by Bates numbers.

## DOCUMENTS TO BE PRODUCED

1.    The following selected documents concerning the arbitration proceeding before the American Arbitration Association, entitled In the Matter of the Arbitration Between

8

Teleglobe Telecom Corporation and Teleglobe Inc. and VarTec Telecom, Inc. and VarTec

Telecom Holding Company, 50 T 153 00025 04: (a) all arbitration awards and orders issued by

the arbitral tribunal, (b) the transcripts from all the arbitration hearings, (c) the transcripts of all

depositions of witnesses conducted in connection with the arbitration proceeding, (d) all exhibits

introduced or marked at such depositions or at the arbitration hearings; and (e) the pleadings,

briefs, memorials, letters, or other documents submitted to the arbitration tribunal by the parties

to the arbitration proceeding.

Dated:    December 22, 2004
          Wilmington, Delaware


YOUNG CONAWAY STARGATT & TAYLOR, LLP


_Pauline K. Morgan_

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253


-and-

SHEARMAN & STERLING LLP
George J. Wade
Daniel Schimmel
Sonal S. Desai
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Counsel for Defendants

APP - A009



**HUGHES · LUCE LLP**
ATTORNEYS AND COUNSELORS

1717 Main Street, Suite 2800
Dallas, Texas 75201
214.939.5500
214.939.6100 fax

January 18, 2005

hughesluce.com

Beth W. Bivans
214.939.5815
bivansb@hughesluce.com

**VIA FACSIMILE**

Randall Miller, Esq.
Arnold & Porter, LLP
1600 Tysons Boulevard, Suite 900
McLean, VA 22102

Pauline K. Morgan, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Re:    *Teleglobe USA Inc., et al. v. BCE Inc. et al.,*
       Civ. Action No. 04-1266 (SLR);
       United States Bankruptcy Court, District of Delaware

Dear Randy and Ms. Morgan:

I am in receipt of a copy of Defendants' Second Request for Production of Documents and Directed to the Debtors in the above-referenced action (the "Request"). As you are aware, this firm represents VarTec Telecom, Inc. and VarTec Telecom Holding Company in connection with various disputes and litigation matters, including a pending arbitration proceeding styled *Teleglobe Telecom Corporation, et al. v. VarTec Telecom, Inc., et al.,* No. 50 T 153 00025 04 (the "Arbitration") and lawsuit styled *VarTec Telecom, Inc., et al v. BCE, Inc., et al,* Civ. Action No. ECF 03-2203 (RJL), in the United States District Court for the District of Columbia (the "BCE Action").

The Request seeks production from Teleglobe of numerous documents related to the Arbitration, including the arbitration award, orders, pleadings, exhibits, transcripts, and depositions. VarTec objects to Teleglobe's production of these documents to BCE for various reasons.

First, the vast majority of the requested documents are subject to a Confidentiality Agreement between Teleglobe and VarTec and have been designated



**EXHIBIT**

2

009568.00016:885310.01
**APP - A010**

# HUGHES·LUCE LLP

Randall Miller, Esq.
Pauline Morgan, Esq.
Page 2

by VarTec as "Confidential" pursuant thereto. These documents and transcripts contain confidential, proprietary, and, in some instances, trade secret information subject to protection pursuant to the Confidentiality Agreement, the rules of the American Arbitration Association, and other applicable law.

Second, many of the documents requested are protected by the attorney-client privilege, work product doctrine and other privileges and exemptions. Despite the production and use of these documents in the Arbitration, the joint interest privilege remains intact and no waiver of the applicable privileges has occurred.

Third, the documents requested, which relate to a contractual indemnification disputes between VarTec and Teleglobe, have no identified relevance to the underlying disputes between Teleglobe and BCE. Instead, it appears that BCE's Request is simply an effort to obtain discovery related to the BCE Action filed by VarTec. BCE's efforts to obtain such discovery are particularly ironic in light of the fact that efforts by VarTec in the Arbitration to obtain discovery from BCE were met with strenuous objection. Indeed, both BCE and Teleglobe opposed VarTec's discovery efforts, arguing that VarTec was improperly seeking discovery in the Arbitration that was instead relevant to the BCE Action.

In sum, VarTec objects to the production of any documents pursuant to the Request. VarTec expects Teleglobe to honor its agreements and obligations in the Confidentiality Agreement and to protect all information designated by VarTec as Confidential. In the event Teleglobe does intend to produce any document in response to the Request, VarTec expressly requests that Teleglobe give VarTec 10 days written notice as required by Paragraph 19 of the Confidentiality Agreement and an opportunity to review the proposed production and assert any necessary privileges and/or objections with the proper court. To be clear, VarTec intends to take all steps necessary to preserve the confidentiality of its documents and information, including the filing of motions for protection or other actions. Therefore, please keep me advised of the status of the Request.

# HUGHES · LUCE LLP

Randall Miller, Esq.
Pauline Morgan, Esq.
Page 3


Let me know if you have any questions regarding VarTec's position on this matter. Thank you.

Very truly yours,

Beth W. Bivans


Cc:    George J. Wade, Shearman & Sterling, LLP
       David J. Beck, Beck, Redden & Secrest, LLP

009568.00016:885310.01

APP - A012

FROM RL&F                          (TUE) 4. 26' 05 13:25/ST. 13:21/NO. 4864902995 P 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------x
In re                                )      Chapter 11
                                     )
TELEGLOBE COMMUNICATIONS             )
CORPORATION, et al.,                 )      Jointly Administered
                                     )      Bankr. Case No. 02-11518(MFW)
                                     )
                 Debtors.            )
------------------------------------------------x
TELEGLOBE COMMUNICATIONS             )
CORPORATION,                         )
et al.,                              )      C.A. No. 04-1266 (SLR)
                                     )
                 Plaintiffs,         )
                                     )
           v.                        )
                                     )
BCE INC., et al.,                    )
                                     )
                 Defendants.         )
------------------------------------------------x
```

**THE DEBTORS' RESPONSE TO DEFENDANTS' SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, Teleglobe Communications Corporation, Teleglobe USA Inc., Optel

Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc.,

Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp.,

Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc.

(collectively, "Debtors"), herewith respond to Defendants' Second Request for Production of

Documents.

**GENERAL OBJECTIONS**

    1.    The Debtors object to the Definitions and Instructions to the extent that they purport to

impose obligations in addition to, or different from, those provided in the pertinent Federal Rules of

RLF1-2833759-1



EXHIBIT

3

APP - A013

Civil Procedure, and the Local Rules for the United States District Court for the District of Delaware (collectively, the "Rules").

2.      The Debtors object to the definition of "Debtors" as overbroad.  The Debtors will interpret the term "Debtors" to mean only plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc.

3.      The Debtors object to the definition of "Teleglobe" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors will interpret "Teleglobe" to mean Teleglobe Inc.

4.      The Debtors object to the definition of "BCE" because the Debtors do not know the identity of BCE's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf."  The Debtors will interpret "BCE" to mean BCE Inc.

5.      The Debtors object to the definition of "Deloitte" because the Debtors do not know the identity of Deloitte's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf."  The Debtors will interpret "Deloitte" to mean Deloitte & Touche's Canadian entity(ies).

6.      The Debtors object to the definition of "Ernst & Young" because the Debtors do not know the identity of Ernst & Young's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and

representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "Ernst & Young" to mean Ernst & Young, Inc., a Canadian corporation.

7.    The Debtors object to the definition of "Lazard" because the Debtors do not know the identity of Lazard's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "Lazard" to mean Lazard Freres & Co. (United States).

8.    The Debtors object to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and unreasonably cumulative.

9.    The Debtors object to these requests to the extent that they seek documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, as required by Fed. R. Civ. P. 26(b)(1).

10.    The Debtors object to these requests to the extent that they seek production of documents already within the possession, custody, or control of Defendants or obtainable from some other source that is more convenient, less burdensome, or less expensive.

11.    The Debtors will make available for Defendants' inspection and copying only those documents within their "possession," "custody" or "control" as those terms are used in Fed. R. Civ. P. 34(a).

12.    The Debtors object to these requests to the extent that they seek the production of documents that are protected from disclosure by the attorney-client privilege, or other privilege, the work product doctrine or Fed. R. Civ. P. 26(b)(3). The Debtors will not produce such documents, but will provide a written privilege log at a mutually agreeable date. Moreover, the production of any document is without waiver of any assertion of privilege. In the event that any privileged document is

APP - A015

produced, its production is inadvertent and does not constitute a waiver of privilege and the Debtors reserve the right to demand the return of such document and the destruction of any copies thereof.

13.    The Debtors object to the definition of "document" to the extent it purports to expand the meaning of the term beyond that assigned or set forth in Fed. R. Civ. P. 34(a).

14.    The Debtors object to the definition of "'identify' when used in connection with a document or documents" as overbroad and unduly burdensome, and will not "furnish the names and address of all persons having custody or control of such document(s)."

15.    The Debtors object to the definition of "'identify' as used in connection with any entity other than a natural person" as overbroad and unduly burdensome. The Debtors when identifying any person other than a natural person will provide only its full name and present or last known address.

16.    The Debtors reserve the right at any time to revise, correct, add to or clarify the objections and responses set forth herein and any production made pursuant hereto.

17.    The Debtors' assertion that they will produce documents or provide information in response to a particular request is not to be construed as an admission that any document or information exists within any requested category or categories, but solely as an assertion that the Debtors will produce (consistent with the objections raised herein or hereafter) any responsive, non-privileged documents or information within their possession, custody or control should any such documents or information be found after a reasonably diligent search.

18.    The Debtors object to Defendants' Second Request for Production of Documents Directed to Debtors to the extent that it seeks document for a period commencing on January 1, 1999 on the grounds that Teleglobe documents pre-dating January 1, 2000 would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors will produce documents for the

RLF1-2833759-1                         - 4 -

APP - A016

period from January 1, 2000 through May 28, 2002 as set forth of Defendants' First Request for

Production of Documents and First Set of Interrogatories.

19.    All of these General Objections are continuing in nature and are incorporated by

reference into each and every Interrogatory response and responses to the Document Requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO 1:**    The following selected documents concerning the arbitration proceeding
before the American Arbitration Association, entitled In the Matter of the Arbitration Between
Teleglobe Telecom Corporation and Teleglobe Inc. and VarTec Telcom, Inc. and VarTec
Telecom Holding Company, 50 T 153 00025 04: (a) all arbitration awards and orders issued by
the arbitral tribunal, (b) the transcripts from all the arbitration hearings, (c) the transcripts of all
depositions of witnesses conducted in connection with the arbitration proceeding, (d) all exhibits
introduced or marked at such depositions or at the arbitration hearings; and (e) the pleadings,
briefs, memorials, letters, or other documents submitted to the arbitration tribunal by the parties
to the arbitration proceeding.

**RESPONSE:** The Debtors object to this Request on the grounds that it is

overbroad, unduly burdensome and calls for the production of documents which are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Debtors

further object to this request on the grounds that most, if not all, of the responsive documents are

(a) subject to a Confidentiality Agreement between VarTec Telcom, Inc. and VarTec Telcom

Holding Company (collectively, "VarTec") and the Debtors, and VarTec has refused to waive

confidentiality by letter dated January 18, 2005 and (b) attorney client privilege and/or attorney

work product. Based upon communications from counsel to VarTec, we understand VarTec to

be in the process of moving for a protective order. Pursuant to Debtors' signed agreement with

VarTec, Debtors will not be in a position to produce documents responsive to this request until

the Court rules on the expected motion.

Dated:  January 24, 2005

RICHARDS, LAYTON & FINGER P.A.

Gregory V. Varallo (No. 2242)
C. Malcolm Cochran, IV (No. 2377)
Russell C. Silberglied (3462)
Anne Shea Gaza (#4093)
One Rodney Square
P.O. box 551
Wilmington, DE  19801
Telephone:  (302) 651-7700

*Attorneys for the Debtors*

APP - A018

FROM RL&F

(TUE) 4. 26' 05 13:26/ST. 13:21/NO. 4864902995 P 13

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2005, true and correct copies of the foregoing were

caused to be served on counsel of record at the following addresses as indicated:

**BY HAND DELIVERY**
Pauline K. Morgan, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY HAND DELIVERY**
Kevin Gross, Esq.
Joseph A. Rosenthal , Esq.
ROSENTHAL, MONHAIT, GROSS &
GODDESS, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**
John P. Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
14th and 15th Floor
New York, New York 10022

**VIA FEDERAL EXPRESS**
George J. Wade, Esq.
Daniel Schimmel, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

Anne Shea Gaza (#4093)

RLF1-2811497-1

APP - A019

FROM RL&F                              (TUE) 4.26'05 13:24/ST. 13:21/NO. 4864902995 P 2

## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RUSSELL C. SILBERGLIED
DIRECTOR

DIRECT DIAL NUMBER
302-651-7545
SILBERGLIED@RLF.COM

April 26, 2005

Beth W. Bivans, Esq.
Hughes & Luce, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

**Re:    Teleglobe Communications Corp. v. BCE, Inc., et al.**

Dear Beth:

Reference is made to your letter dated January 18, 2005 to Randy Miller of Arnold & Porter and Pauline Morgan of Young, Conaway, Stargatt & Taylor (copy attached) concerning Defendants' Second Request for Production of Documents (the "Document Request"; copy attached hereto), which seeks, *inter alia*, documents from and concerning the arbitration proceedings styled Teleglobe Telecom Corp., et al. v. VarTec Telecom, Inc., et al., No. 50 T 153 00025 04 (the "Arbitration"). As you likely are aware, on January 24, 2005, the Debtors objected to the Document Request on the grounds that most of the requested documents were subject to the confidentiality agreement entered in the Arbitration (the "Confidentiality Agreement") and that your January 18, 2005 letter objected to the production of these allegedly confidential documents.

At a discovery conference in this litigation held yesterday by Chief Judge Robinson, Defendants pressed for the production of the documents related to the Arbitration. In response, I again noted your objection to the production. Notwithstanding the foregoing, Chief Judge Robinson directed that the Debtors produce responsive documents by May 9, 2005, unless VarTec has filed a motion for protective order in the United States District Court for the District of Delaware by that date. Pursuant to paragraph 19 of the Confidentiality Agreement, notice is hereby given that the Debtors intend to comply with Chief Judge Robinson's direction to produce the documents on May 9, unless VarTec files a motion for protective order before that date.

RLF1-2868264-1


**EXHIBIT**
4

**APP - A020**

FROM RL&F                                          (TUE) 4.26'05 13:24/ST.13:21/NO.4864902995 P 3

Beth W. Bivans, Esq.
April 26, 2005
Page 2

        If you have any questions, please feel free to call me.

                Very truly yours,

                Russell C. Silberglied

RCS:cd

cc:    Pauline K. Morgan, Esq.
       George J. Wade, Esq.
       Randall Miller, Esq.
       John P. Amato, Esq.
       Gregory V. Varallo, Esq.
       C. Malcolm, Cochran, IV., Esq.

RLF1-2868264-1