THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                    Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

---------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                    Plaintiffs,

        v.

BCE INC., *et al.*,

                  Defendants.

Civ. No. 04-CV-1266 (SLR)

---------------------------------------------------------------------x

## THE COMMITTEE'S MOTION FOR AN ORDER GRANTING THE ISSUANCE OF A LETTER OF REQUEST FOR CLAUDE SEGUIN TO THE APPROPRIATE QUÉBEC AUTHORITIES PURSUANT TO FED. R. CIV. P. 28(b)

The Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* (the "Committee") hereby moves for the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Claude Seguin ("Seguin") to submit to a deposition (videotaped) and to respond to a document request in the within case.

In support of this Motion, the Committee respectfully represents as follows:

### A CIVIL MATTER IS PENDING IN A COURT OF COMPETENT JURISDICTION

1. On May 28, 2002, the following subsidiaries of Teleglobe, Inc. ("TI") filed petitions for reorganization in this Court under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp.,

Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors").

2. On June 11, 2002, the Office of the United States Trustee appointed the Committee.

3. On May 26, 2004, the Debtors and the Committee (collectively, the "Plaintiffs") commenced this action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege in their complaint that, *inter alia*, (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties to the Debtors and their creditors.

4. By order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d).

### SEGUIN POSSESSES INFORMATION RELEVANT TO THIS ACTION WHICH, ABSENT A LETTER OF REQUEST, CANNOT BE OBTAINED

5. As detailed in the accompanying Declaration of Robert J. Malatak, dated May 13, 2005, to which the Court is respectfully referred, the Seguin possesses documents and other information that is material and necessary to the prosecution of Plaintiffs' claims.

6. The Committee has no alternative but to request this Court to issue a Letter of Request to the Canadian authorities because, upon information and belief, Seguin cannot be served with a subpoena to compel his deposition and production of documents in the United

States, and the Committee has been unable to secure his voluntary compliance. Thus, a Letter of Request is necessary to secure the power to examine Seguin in Canada.

## THE DISCOVERY SOUGHT IS DIRECTED AT A PURPOSE FOR WHICH LETTERS OF REQUEST COULD BE ISSUED IN QUEBEC

7. The purpose of this Motion is to order the deposition of Seguin and to compel him to respond to certain document requests.

8. This Motion is made in accordance with Section 9 of Quebec's Special Procedure Act, entitled "Evidence Taken in Quebec at the Request of a Court of Another British Possession or of a Foreign Country," Revised Statutes of Quebec c. P-27, s. 9 ("R.S.Q., c. P-27, s. 9") (2003). Pursuant to R.S.Q., c. P-27, s. 9, when there is a civil case pending in a foreign country, the Superior Court of Quebec, or a judge thereof, may order that a witness in Quebec be examined under oath, by means of questions in writing, or by personal appearance, and may be compelled to produce documents.

9. The text of the statute is as follows:

> When, upon petition to that effect, it is shown to the Superior Court or to one of the judges thereof, charged with the administration of justice in the district, that a court of any other Province of Canada, or of any other British possession, or of a foreign country, before which any civil or commercial case is pending, desires to have the evidence of any party or witness in the district, such court or judge may order that such party or witness may be examined under oath, either by means of question in writing or otherwise, before any person mentioned in the said order, and may summon, by the same or by a subsequent order, such party or witness to appear for examination, and may order him to produce any writing or document mentioned in the order, or any other writing or document relating to the matter, and which may be in his possession. R.S.Q., c. P-27, s. 9.

10. The Motion is being made in accordance with Section 46 of the Canada Evidence Code, which permits the Provincial courts to order the examination under oath of a witness and the production of documents to use in a case pending before a foreign tribunal.

11. The evidence produced pursuant to this Motion will be used at the trial of this matter, and in pre-trial proceedings.

## RELIEF REQUESTED AND BASIS THEREFORE

By this Motion, the Committee seeks, pursuant to Rule 28(b) of the Fed. R. Civ. P., the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Seguin to submit to a deposition under oath and to respond to a document request.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A: (a) issuing said Letter of Request; and (b) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
    May 13, 2005

ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

_____
Joseph A. Rosenthal (No. 234)
Kevin A. Gross (No. 209)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Telephone: (302) 656-4433
Facsimile:  (302) 658-7567

and

**HAHN & HESSEN LLP**
John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
Robert J. Malatak
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile:    (212) 478-7400

*Attorneys for the Official Committee of
Unsecured Creditors of Teleglobe
Communication Corporation, et al.*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

          Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

          Plaintiffs,

    v.

BCE INC., *et al.*,

          Defendants.

Civ. No. 04-CV-1266 (SLR)

------------------------------------------------------------------x

### DECLARATION OF ROBERT J. MALATAK IN SUPPORT OF THE COMMITTEE'S MOTION FOR A LETTER OF REQUEST FOR CLAUDE SEGUIN

**ROBERT J. MALATAK,** pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1746, declares, under penalty of perjury, the following to be true and correct:

1. I am an associate of the law firm of Hahn & Hessen LLP, attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* ("Committee"), one of the Plaintiffs in this action, and an attorney duly admitted to practice law in the State of New York, and admitted *pro hac vice* to the Delaware District Court for the purpose of this action.

2. I am fully familiar with the facts and circumstances hereinafter set forth, and submit this Declaration in support of the Committee's Motion for an Order granting the issuance of a Letter of Request to the appropriate authorities in Québec, Canada, directing the attendance and deposition (videotaped) of and the production of certain documents by Claude Seguin ("Seguin").

3. Upon information and belief, Seguin has documents and information that is material and necessary to the Committee's prosecution of its claims, and for which there is no

alternative source. Despite the Committee's good faith effort to secure Seguin's voluntary cooperation, he has refused its request. Because Seguin resides in Canada and, thus, is beyond this Court's subpoena power, the Committee seeks a Letter of Request to the appropriate Canadian authorities. This is the basis for the Motion.

## BACKGROUND

4.      On May 26, 2004, the Debtors[1] and the Committee (collectively, the "Plaintiffs") commenced the instant action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege, *inter alia*, that (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties to the Debtors and their creditors.

## SEGUIN HAS INFORMATION RELEVANT TO THE PROSECUTION OF THIS MATTER

5.      The Committee asserts that Seguin was, *inter alia*, the former Chief Financial Officer and Executive Vice President-Finance & Corporate Development of TI until BCE acquired TI and assumed control of its Board, at which time Seguin was replaced with BCE's hand-picked personnel. Prior to the acquisition, Seguin and his fellow pre-acquisition TI Board members (collectively, the "Independent TI Board") caused TI to enter into a certain Support Agreement with BCE pursuant to which BCE agreed irrevocably to provide any financial

---

[1] Debtors collectively refers to Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., Teleglobe Submarine Inc.

assistance required by TI on or prior to the closing of the acquisition with respect to all of TI's spending needs. Thus, Seguin has knowledge of TI's financial requirements during the relevant period and BCE's agreement to fund those requirements. Sequin also has knowledge of BCE's systematic replacement of the Independent TI Board as part of its campaign to control every aspect of TI's and the Debtors' existence.

6. For the foregoing reasons, the Committee seeks Seguin's deposition and production of the relevant documents he has in his possession, custody or control.

### THE COMMITTEE MADE A GOOD FAITH EFFORT TO OBTAIN THE REQUESTED DISCOVERY FROM SEGUIN

7. Plaintiffs have made a good faith effort to obtain the discovery it seeks from Seguin, but to no avail. In this regard, I telephoned Seguin, on or about March 30, 2005, and discussed with him the discovery that the Committee seeks, and requested that he provide it voluntarily. Seguin said he needed time to consider the Committee's request and that he would call me back -- he never did. I telephoned his office again on or about May 11, 2005, but he did not return my call. Seguin is clearly refusing to cooperate with the Committee.

### AFFIRMATIVE REPRESENTATIONS

8. The Committee agrees to tender to the Quebec Superior Court the fees that Seguin would be entitled to at trial. The Committee additionally agrees to provide a translator for Seguin should that be deemed necessary.

9. The Committee also offers to tender into the Superior Court of Quebec such sums as shall (a) be sufficient to defray the traveling costs of the hearing examiner, and (b) be deemed necessary by the Superior Court of Quebec pursuant to Article 281.1 of the Quebec Code of Civil Procedure.

10. The Committee agrees that the proposed oral examination of Seguin would be of ordinary duration and would be conducted in accordance with the applicable procedural rules of the Province of Quebec, but requests that the deposition be videotaped.

11. The issuance of the Letter of Request is not contrary to the public policy of Canadian nor Quebec jurisprudence.

**WHEREFORE,** the Committee respectfully requests that this Court issue a Letter of Request in the form annexed to the Order Granting the Issuance of a Letter of Request to the Appropriate Québec Authorities, submitted herewith, in order to permit the Committee to conduct the necessary discovery in this case.

Dated: New York, New York
       May 13, 2005

_____
ROBERT J. MALATAK