THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                           Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

---------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                           Plaintiffs,

         v.

Civ. No. 04-CV-1266 (SLR)

BCE INC., *et al.*,

                           Defendants.
---------------------------------------------------------------------x

**ORDER GRANTING THE ISSUANCE OF A
LETTER OF REQUEST FOR CLAUDE SEGUIN TO
THE APPROPRIATE QUÉBEC AUTHORITIES**

This matter coming before the Court on the Motion of the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.*, for an Order Granting the Issuance of a Letter of Request to the appropriate authorities in Montréal, Québec, Canada (the "Motion") directing Claude Seguin ("Seguin") to submit to a deposition and to respond to a document request in the within adversary proceeding.

The Court having reviewed the Motion and having determined that the relief sought in the Motion is in the best interests of the Committee; and after due deliberation and sufficient cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED.

2.    A Letter of Request will be issued to the appropriate authorities in Montreal, Quebec, Canada to Seguin and in accordance with the form annexed hereto as Exhibit 1.

3. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

   May 19, 2005

_____
The Honorable Sue L. Robinson, Chief Judge
United States District Judge

# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                      Debtors.

---------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                      Plaintiffs,

               v.

BCE INC., *et al.*,

                      Defendants.

---------------------------------------------------------------x

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Civ. No. 04-CV-1266 (SLR)

## LETTER OF REQUEST
## FOR CLAUDE SEGUIN

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF QUEBEC, CANADA:

**GREETINGS** to our neighboring Judicial Officers with whom we have the utmost feelings of goodwill;

**WHEREAS**, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

**WHEREAS**, the purpose of this Letter of Request is to obtain the assistance of the appropriate judicial authority in the Province of Quebec, Canada, in order to obtain a deposition and to compel responses to document requests from Claude Seguin ("Seguin"), a purpose for which Letters of Request could be issued under the Canada Evidence Code and Quebec's Special Procedure Act. The evidence secured in accordance with this Letter of Request will be used at the trial of the above-captioned matter and in related proceedings in advance of the trial;

**WHEREAS**, the United States District Court for the District of Delaware is ready and willing to assist Canada in a similar case or with a similar request in the future. In this regard,

under United States law, pursuant to 28 U.S.C. §1782(a), a federal district court such as this one may order any person found in its district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal upon the application of any interested person;

**WHEREAS**, on May 15, 2002, Teleglobe Inc. ("TI"), Teleglobe Financial Holdings Ltd., Teleglobe Canada Limited Partnership, and Teleglobe Canada Management Services Inc. and the 11 Debtors described below commenced insolvency proceedings under the Canadian Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice in Toronto, Ontario;

**WHEREAS**, on May 28, 2002, the following subsidiaries of TI filed petitions for reorganization in United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors");

**WHEREAS**, on June 11, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of the Debtors (the "Committee"); and

**WHEREAS**, by order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157 (d).

## A CIVIL MATTER IS PENDING IN A
## COURT OF COMPETENT JURISDICTION

**WHEREAS**, on May 26, 2004, the Debtors and the Committee commenced an adversary proceeding against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"); and

**WHEREAS**, that action is pending in the United States District Court for the District of Delaware and bears case number Civ. No. 04-CV-1266 (SLR).

## NATURE AND STATUS OF THE COMPLAINT

**WHEREAS**, the complaint alleges, *inter alia*, that (1) BCE materially breached its agreement (the "BCE Funding Agreement") with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem") by failing to provide said funding; and (2) Defendants breached their fiduciary duties to the Debtors and the Committee by, *inter alia*, continuing the build out of the GlobeSystem at a time when the Debtors were insolvent or in the vicinity of insolvency;

**WHEREAS,** on September 15, 2004, Defendants moved to dismiss this complaint for failure to state a cause of action against them;

**WHEREAS**, by Order dated March 24, 2005, this Court denied Defendants' motion to dismiss;

**WHEREAS**, by Order dated September 2, 2004, this Court ordered discovery to proceed;

**WHEREAS**, this Court has jurisdiction over the pending case, and is a competent court of law and equity; and

3

**WHEREAS,** the Committee is a party and is authorized by Fed. R. Civ. P. 45 to take discovery of non-party witnesses concerning any non-privileged matter that is relevant to the claims or defenses of any party.

## THE TESTIMONY OF THE WITNESS IS MATERIAL AND NECESSARY

**WHEREAS,** the Committee asserts that Seguin was, *inter alia*, the former Chief Financial Officer and Executive Vice President-Finance & Corporate Development of TI until BCE acquired TI and assumed control of its Board, at which time Seguin was replaced with BCE's hand-picked personnel. Prior to the acquisition, Seguin and his fellow pre-acquisition TI Board members (collectively, the "Independent TI Board") caused TI to enter into a certain Support Agreement with BCE pursuant to which BCE agreed irrevocably to provide any financial assistance required by TI on or prior to the closing of the acquisition with respect to all of TI's spending needs;

**WHEREAS**, the Committee asserts that it needs to explore with Seguin BCE's systematic replacement of the Independent TI Board as part of its campaign to control every aspect of TI's and the Debtors' existence. Additionally, the Committee needs to discover from Seguin TI's financial needs and BCE's commitment(s) to meet those needs, as well as the circumstances surrounding the Support Agreement and its amendment. For these reasons, the Committee seeks Seguin's deposition and production of the relevant documents he has in his possession, custody or control;

**WHEREAS,** the evidence that would be supplied by Seguin is not otherwise obtainable; and

**WHEREAS,** Seguin has knowledge of material facts for the prosecution of this action and his testimony and response to document requests is vital.

4

### THE QUEBEC SUPERIOR COURT HAS JURISDICTION OVER THE WITNESS AND THE DOCUMENTS REQUESTED

**WHEREAS,** it is believed that Seguin conducts business at Groupe CGI Inc., 1130, rue Sherbrooke Quest, 5e etage, Montreal, Quebec, Canada, H3A 2M8, and the records requested in Schedule A are likely available in Quebec. Thus, the evidence sought is within the jurisdiction of the appropriate judicial authority in the Province of Quebec;

**WHEREAS,** this Court is satisfied that Seguin has yet to voluntarily comply with requests to give deposition testimony on the topics set forth herein or produce the documents identified on Schedule A;

**WHEREAS,** this Court is satisfied that Seguin has knowledge of material facts necessary for the prosecution of this case, and his oral testimony is vital; and

**WHEREAS,** this Court is satisfied that it appears necessary that the documents listed on the annexed Schedule A be produced to the Committee.

### APPROPRIATE FEES ARE HEREBY TENDERED TO THE COURT

**WHEREAS,** the Committee agrees to tender into the Superior Court of Quebec such sums as shall be determined by that court to be sufficient to defray the traveling costs of the person before whom the deposition shall be taken;

**WHEREAS,** the Committee agrees to tender into the Superior Court of Quebec such sums as necessary under Article 281.1 of the Quebec Code of Civil Procedure in order to defray the traveling costs of Seguin, as well as his expenses and loss of time, and the indemnity allowed to such witnesses summoned to give evidence at a trial; and

**WHEREAS,** the Committee agrees to provide a translator should that be deemed necessary;

**WE THEREFORE REQUEST** that in the interest of justice you issue an order by your proper and usual process:

1. Summoning Seguin to appear before you or before a duly appointed person capable of administering an oath to give testimony under oath by questions and answers upon oral deposition, and that such depositions continue from day to day until completed;

2. Giving John P. Amato, of Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, and George J. Wade and Daniel Schimmel, of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069, at least 30 days advance notice of the taking of the deposition and affording them the opportunity to participate in such deposition to the extent permitted by Quebec and Canadian law.

3. Directing that a stenographic written record be made of the depositions by an independent court reporter, and that the depositions be videotaped by a competent professional.

4. Ordering Seguin to produce to Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, photocopies of the documents specified on Schedule A hereto at least twenty-five (25) business days prior to said deposition; and

**IT IS FURTHER REQUESTED** that you or such duly appointed person cause the depositions to be reduced to writing and cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned to John P. Amato, Esq., Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, under cover duly sealed and addressed to the Clerk of the United States District Court for the District of Delaware, United States of America, for return thereto.

WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this 19th day of May 2005.

*Sue L. Robinson*
Chief Judge Sue L. Robinson
United States District Judge

[Seal of the United States District Court]

*Peter T. Dalleo*
Dr. Peter T. Dalleo
Clerk of the Court
United States District Court
District of Delaware

## SCHEDULE A

### Definitions and Instructions

A. "You" or "Your" means the recipient of this Request, its former and present domestic and foreign parents, subsidiaries, affiliates, and divisions, and its and their former and present partners, directors, officers, employees, attorneys, agents, and representatives, and all those who act or have acted on their behalf.

B. "BCE" means BCE Inc., its former and present subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

C. "TI" means Teleglobe Inc., its former and present directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

D. The term "Debtors" means, collectively and individually, Teleglobe Holdings (U.S.) Corp., Teleglobe Holding Corp., Teleglobe Marine (U.S.) Inc., Teleglobe Submarine Inc., Teleglobe Investment Corp., Teleglobe Communications Corp., Optel Telecommunications, Inc., Teleglobe USA Inc., Teleglobe Telecom Corp., Teleglobe Luxembourg LLC, and Teleglobe Puerto Rico Inc., their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

E. "GlobeSystem" means the telecommunications network buildout program planned and/or deployed by TI and the Debtors between about 1999 and 2002.

F. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G. "Document" includes, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

H. "Identify Persons": When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

I. "Identify Documents": When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

J.  "Parties" includes all of the plaintiffs and defendants in this action, as well as their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

K.  "Person" is any natural person or any business, legal or governmental entity or association.

L.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

M.  The following rules of construction apply:

(1) "All/Each": The terms "all" and "each" shall be construed as all and each.
(2) "And/Or": The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(3) "Number": The use of the singular form of any word includes the plural and vice versa.

N.  This Request applies to all documents in Your possession, custody and/or control, regardless of the location of such documents.

O.  Unless otherwise specified, this Request calls for the production of all documents created between January 1, 2000 and December 31, 2002, or which otherwise relate to this period regardless of when created.

P.  You should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, personal digital assistants, workstations, mainframes, servers, backup disks and tapes, archive disks and tapes, and any other forms of online or offline storage, whether physically located on your premises or at any other facility.

Q.  Each document is to be produced in its entirety, without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

R.  Documents that are stapled, clipped, or otherwise attached or fastened together in their original condition shall be produced in such form. Documents that are segregated or separated from other documents by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the Request in which they are maintained in your files, and shall not be shuffled or otherwise rearranged.

S.  In the event that any document called for by this Request has been destroyed, discarded or otherwise lost, the following information shall be provided for each such document:

(i) all authors and addressees; (ii) any indicated or blind copies; (iii) the document's date, subject matter and number of pages; (iv) the date of the document's destruction or discard and the reason therefor; and (v) whether any copies of the document presently exist, and if so, the name of the custodian of each copy.

T.    If no documents exist that are responsive to a particular request listed below, You shall so state in writing.

U.    In responding to this Request, if any document is withheld under a claim of privilege or is not produced for whatever reason, You must: (1) state with specificity the claim of privilege or other reason used to withhold the document from production; and (2) identify each document by date, author, and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for a ruling on the privilege or other reason asserted.

V.    Each Request shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production.

W.    Each Request shall be answered separately and fully.

**Subpoenaed Documents and**
**Subject Matter of Deposition Testimony**

Kindly produce documents and give testimony concerning, without limitation the following matters:

1. BCE's acquisition of TI and the Debtors.

2. BCE's replacement in 2000 and early 2001 of the board of directors and certain high-level officers of TI and the Debtors.

3. BCE's control of TI and the Debtors.

4. All sources of financing for TI, the Debtors and/or Globesystem including, without limitation, commercial banks and other Lenders, and BCE.

5. Budgets, projections and other financial forecasts for TI, the Debtors, and/or Globesystem

6. The Support Agreement between BCE and TI, dated 2/15/00 and the Amendment to the Support Agreement, dated 6/10/00.