# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Teleglobe Comm. *et al.*, ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> Teleglobe USA Inc. *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BCE Inc. *et al.*, ) <br> Defendants. ) | Chapter 11 <br> Jointly Administered <br><br> Bankr. Case No. 02-11518 (MFW) <br><br><br><br><br><br><br> Civ. Action No. 04-1266 (SLR) |

### DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND DIRECTED TO THE DEBTORS

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034 and Federal Rules of Civil Procedure 26, 33 and 34, Defendants BCE Inc., Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (the "Defendants"), by and through their undersigned counsel, hereby request that Plaintiffs (as defined below) produce the documents designated below at the offices of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York, 10022 on or before 4:00 p.m. on January 24, 2005.

### DEFINITIONS

1. The term "Complaint" means the Complaint filed by the Plaintiffs in this action on or about May 26, 2004, including any amendments thereto.

2. The term "Debtors" means, individually and collectively, plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp.,

Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc., their predecessors or successors in interest, and their present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

3. The term "Committee" means the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, et al., and each member thereof.

4. The terms "Plaintiffs," "you" and "your" mean the Debtors.

5. The term "Initial Disclosures" means Plaintiffs' Initial Disclosures served on August 27, 2004 pursuant to Federal Rule of Civil Procedure 26(a), as incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7026(a).

6. The term "Teleglobe" means Teleglobe Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

7. The term "BCE" means defendant BCE Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

8. The term "Deloitte" means Deloitte and Touche LLP, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

9. The term "Ernst & Young" means Ernst & Young, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

10. The term "Lazard" means Lazard Freres & Co. LLC, its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

11. The term "communication" means any meeting, conversation, discussion, conference, consultation, correspondence, message, statement, or any other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

12. The term "concerning" means concerning, relating to, referring to, reflecting, evidencing, describing, constituting, containing, or involving the matter discussed. The term includes, but is not limited to, documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any document called for by each request.

13. The terms "describe in detail," "state the factual basis," "describe the basis," "state all facts," "state your understanding," or similar phrases with respect to an allegation, contention or other reference, shall mean to state in detail those facts: (a) to the

3

extent of the Plaintiffs' present knowledge, whatever the source; (b) which the Plaintiffs can ascertain by a diligent search; or (c) whose probable existence is known to the Plaintiffs although the Plaintiffs have not yet fully apprised themselves of the truth.

14. The term "document" shall have the broadest meaning permitted by Fed. R. Bankr. P. 7034 and Fed. R. Civ. P. 34(a) and includes, without limitation, all contracts, agreements, forms, slips, correspondence, drafts, letters, communications, electronic mails, telegrams, telephone messages, notices, notes, memoranda, reports, studies, analyses, working papers, summaries, statistical statements, financial statements, financial analyses, opinions, forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets, summaries, books, journals, ledgers, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, inter- and intra-office memos and communications, faxes and telexes, and any other tangible thing by or on which information or data is stored or can be obtained, whether in computer storage, carded, punched, taped, or coded form or stored electro-statistically, electro-magnetically, or otherwise; and any other data compilation from which information can be obtained.

The term "document" shall also include all contemporaneously or subsequently created non-identical duplicates or copies and all drafts, preliminary versions or revisions of documents, whether completed or not, by whatever means made, and includes every "document" which is no longer identical by virtue of any notation or modification of any kind.

15. The term "identify" when used in connection with a document or documents means to furnish a description of the document(s) by date, title, author, subject

4

matter, sender, recipient, copy recipients, and also furnish the name and address of all persons having custody or control of such document(s).

16. The term "identify" as used in connection with natural persons means to state the person's full name, present or last known residential and business address and telephone number, and, in the case of a natural person, his or her position or job title.

17. The term "identify" as used in connection with any entity other than a natural person, means to state at a minimum and in the following order:

(a) its full name;

(b) the address and telephone number of its principal place of business;

(c) the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

(d) the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

(e) in the case of a corporation, the names of its directors and principal officers; and

(f) in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

18. The term "identify" as used in connection with a communication, discussion, statement, decision, transaction, occurrence or act means to (a) state the date, time, place, manner and substance of such communication, (b) identify all persons who participated in, spoke, listened to, or had access to transcripts or summaries of such communication or copies thereof, (c) identify each such person's function, role, or knowledge, and (d) identify all documents which memorialize, commemorate, summarize, record, or directly refer or relate, in whole or in part, to such communication.

5

19. The terms "person" or "persons" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts, estates, and all other entities.

20. The terms "all," "any," "each," and "every" shall be construed as all, any, each and every to bring within the scope of the request or requests all information that might otherwise be construed to be outside of its scope.

21. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside of its scope.

22. The term "including" means "including, but not limited to."

23. All references to the singular shall be deemed to include the plural and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

## INSTRUCTIONS

1. Unless otherwise indicated, the documents requested to be inspected in this Notice include all documents in the possession, custody, or control of the Plaintiffs. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in the Plaintiffs' possession, custody or control if they have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as the Plaintiffs' attorneys.

2. All documents are to be produced in their entirety, without abbreviation or expungement, and including both front and back thereof. Requests for documents shall be

deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

3. For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

   (a) the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

   (b) (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

4. Each paragraph and subparagraph of this Notice for discovery and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

5. If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

6. For any document requested herein which was formerly in the Plaintiffs' possession, custody or control but which has been lost or destroyed:

   (a) describe in detail the nature of the document and its contents;

7

(b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

(c) specify the date on which the document was prepared or transmitted;

(d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

(e) specify in detail all efforts that were made to maintain or preserve the document after April 24, 2002.

7. The production of all electronic documents shall comply with the default standard for the discovery of electronic documents promulgated by the Ad Hoc Committee for Electronic Discovery of the United States District Court for the District of Delaware.

8. With respect to the documents produced, the Plaintiffs shall produce them as they are kept in the usual course of business.

9. These requests shall be deemed continuing so as to require further and supplemental responses by Plaintiffs in the event that they obtain or discover additional information after the time of their initial response.

10. Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from January 1, 1999 through May 28, 2002.

11. For each document request, identify responsive documents by Bates numbers.

## DOCUMENTS TO BE PRODUCED

1. The following selected documents concerning the arbitration proceeding before the American Arbitration Association, entitled In the Matter of the Arbitration Between

Teleglobe Telecom Corporation and Teleglobe Inc. and VarTec Telecom, Inc. and VarTec Telecom Holding Company, 50 T 153 00025 04: (a) all arbitration awards and orders issued by the arbitral tribunal, (b) the transcripts from all the arbitration hearings, (c) the transcripts of all depositions of witnesses conducted in connection with the arbitration proceeding, (d) all exhibits introduced or marked at such depositions or at the arbitration hearings; and (e) the pleadings, briefs, memorials, letters, or other documents submitted to the arbitration tribunal by the parties to the arbitration proceeding.

Dated: December 22, 2004
Wilmington, Delaware

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Pauline K. Morgan*
        Pauline K. Morgan (No. 3650)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE 19899
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        -and-

        SHEARMAN & STERLING LLP
        George J. Wade
        Daniel Schimmel
        Sonal S. Desai
        599 Lexington Avenue
        New York, NY 10022-6069
        Telephone: (212) 848-4000
        Facsimile: (212) 848-7179

        Counsel for Defendants

## CERTIFICATE OF SERVICE

I, Pauline K. Morgan, hereby certify that on December 22, 2004, I caused copies of the foregoing document to be served upon the following counsel of record, by the manner indicated.

/s/ Pauline K. Morgan
Pauline K. Morgan

BY HAND DELIVERY:
George V. Varallo, Esq.
Mark D. Collins, Esq.
Robert J. Stern, Jr., Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Counsel to Teleglobe Communications Corporation, et al.

BY HAND DELIVERY:
Kevin A. Gross, Esq.
Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070

Counsel to the Official Committee of Unsecured Creditors of Teleglobe of Communications Corporation, et al.

BY FIRST CLASS MAIL:
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

Counsel to the Official Committee of Unsecured Creditors of Teleglobe of Communications Corporation, et al.

<u>BY HAND DELIVERY</u>:
Office of the United States Trustee
844 King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801