# EXHIBIT 3

**HUGHES · LUCE LLP**
ATTORNEYS AND COUNSELORS

1717 Main Street, Suite 2800
Dallas, Texas 75201
214.939.5500
214.939.6100 fax

April 8, 2004

hughesluce.com

Beth W. Bivans
214.939.5815
bivansb@hughesluce.com

<u>VIA E-MAIL</u>

Honorable Roderick R. McKelvie
Fish & Neave
1899 Pennsylvania Avenue, NW
Washington, DC 20006

    Re:   *Teleglobe v. VarTec*, 50 T 153 00025 04
           <u>**VarTec's Motion to Compel Production of Documents**</u>

Dear Judge McKelvie:

      This letter addresses Teleglobe's document production in the above-referenced matter. To date, Teleglobe has provided VarTec a total of one CD containing approximately 6000 pages of documents, most of which were duplicate copies of the SPA and its various schedules. This production was incomplete in numerous respects. VarTec requests that the Panel order Teleglobe to produce all responsive documents in Teleglobe's possession, custody and control.

      There are several specific areas in which Teleglobe's document production was insufficient and inadequate. Each of these issues was presented to Teleglobe on April 2, 2004 (*see* Attachment A), but Teleglobe failed and refused to provide any substantive response to these specific categories (*see* Attachment B).

      <u>**Documents Related to the SPA**</u>: Although Teleglobe's production contained numerous copies of the SPA and related schedules, it did not contain any documents related to the negotiation of the SPA, any drafts of the agreement, or other related documents. Any documents in the possession of Teleglobe's agents or representatives should be produced. This includes documents within the control of Bill Anderson, Teleglobe's agent and representative in connection with the negotiation of the transaction, and Michel Lalande, Teleglobe's Assistant Corporate Secretary and the signatory on the SPA. Documents related to the negotiation and execution of the SPA are clearly within the "control" of Teleglobe, which is defined as "the legal right to obtain the documents required on demand." *See, e.g., Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill.

HUGHES·LUCE LLP

Honorable Roderick R. McKelvie
April 8, 2004
Page 2

1977). Even if responsive documentation is in the possession of a third party (such as an accountant, auditor, or parent, subsidiary or affiliate company), it is subject to Teleglobe's custody and control and should be retrieved and produced. *See, e.g., Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3rd Cir. 1988); *Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919-20 (S.D.N.Y. 1984); *Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994). Thus, even documents that are currently in the possession of BCE, Inc. – Teleglobe's former parent company – are subject to Teleglobe's control and should be produced by Teleglobe to VarTec.

Moreover, "[t]he location of the documents, whether within the territorial jurisdiction of the court of not, is irrelevant." *Gerling Int'l Ins.*, 839 F.2d at 140 (*citing Marc Rich & Co., A.G. v. United States*, 707 F.2d 663, 667 (2d Cir. 1983)). Therefore, even documents located in Canada or elsewhere should be produced. In addition, the documents that are in the possession of Teleglobe's attorneys in the transaction are deemed to be within Teleglobe's custody and control and should be produced. *See, e.g., Poole v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (documents in possession, custody or control of party's attorney or former attorney are within party's control for purpose of FRCP 34).

**Tax Documents**: Teleglobe's prior production contained only two pages related to the tax items that are at issue. Teleglobe's tax department has possession or control of relevant tax documents. Indeed, Bruce Milla should be in possession of tax returns, supporting documentation, and correspondence (including emails) related to the tax claims. None of these documents has been provided. As noted above, even tax documents in the possession of accountants, auditors, attorneys, or affiliates are subject to production and must be provided.

**MTSA Documents**: Other than multiple copies of the MTSA itself, Teleglobe's production also did not contain any documents related to the MTSA. Teleglobe or its affiliated entities are in possession of invoices and other correspondence and communications regarding the MTSA. These documents are responsive and should be produced. VarTec is entitled to review the invoices maintained by Teleglobe and any internal communications regarding the MTSA or the volume commitments in that agreement. Responsive documents would include any communications between Teleglobe and Cerberus Capital Management regarding the MTSA or other

# HUGHES·LUCE LLP

Honorable Roderick R. McKelvie
April 8, 2004
Page 3

telecommunications services agreements with VarTec and the revenues associated therewith.

**Teleglobe Inc. Documents**: It was not readily apparently from Teleglobe's document production that any documents from Teleglobe Inc. were produced. This would include any documents currently in the possession of Teleglobe Inc.'s Monitor appointed by the Canadian court or any other agent or representative of Teleglobe Inc. Because Teleglobe Inc. is a party to this arbitration, these documents are responsive and should be produced.

**Documents Related to VarTec's Counterclaim**: On March 18, 2004, VarTec filed a motion to compel production of documents responsive to 59 of VarTec's document requests. Teleglobe objected to these requests on the basis that they were "premature" because VarTec had not yet filed a counterclaim. On March 18, 2004, Teleglobe advised the Panel that it would be producing documents responsive to those requests. As of April 8, 2004, none have been provided.

**Litigation Documents**: Teleglobe also did not produce any documents related to any of the various litigation or collection matters that are at issue. Certainly, V.V. Cooke – Teleglobe's in-house counsel – should have correspondence regarding certain of these matters, including communications with VarTec representatives about settlements and related matters. These documents should be produced as well.

**Documents Related to Employee Retention Payments**: VarTec has asserted claims against Teleglobe for indemnification for certain employee retention payments and Teleglobe has threatened certain preference actions against current and former Excel employees. Teleglobe's production contained no documents related to these payments or the threatened preference actions. VarTec requests that Teleglobe be order to produce all documents related to these matters, including communications with any employee regarding such preference actions or retention payments.

**Emails**: Teleglobe did not produce any emails of any kind. Teleglobe undoubtedly has possession, custody and control over the emails of both its current and former employees, including those who may have been involved in the negotiation of the SPA and certain of Excel's pre-close liabilities. As Teleglobe noted to the Panel

# HUGHES·LUCE LLP

Honorable Roderick R. McKelvie
April 8, 2004
Page 4

recently, email has become a preferred manner of communication in business. There are undoubtedly responsive emails that should be produced.

**Documents Related to Attorneys' Fees**: Teleglobe's requested relief in this matter includes attorneys' fees and costs, yet no supporting documents have been provided. Please produce this information.

**Communications with Third Parties**: Finally, Teleglobe's production did not include any communications with third parties regarding the matters that are the subject of this proceeding. Specifically, Teleglobe's communications with the creditors' committee, Teleglobe's pre-petition lenders or their counsel, financial advisors, auditors, accountants or other third parties are responsive and should be produced.

For these reasons, VarTec requests that the Panel enter an order compelling Teleglobe to produce documents as specific herein. Thank you for your attention to these matters.

Very truly yours,

*Beth W. Bivans*

Beth W. Bivans

cc:   Douglas P. Lobel
      Susan Lee
      Randall Miller

**HUGHES·LUCE LLP**
ATTORNEYS AND COUNSELORS

1717 Main Street, Suite 2800
Dallas, Texas 75201
214.939.5500
214.939.6100 fax

April 2, 2004

hughesluce.com

Beth W. Bivans
214.939.5815
bivansb@hughesluce.com

**VIA EMAIL**

Doug Lobel, Esq.
Arnold & Porter
1600 Tysons Boulevard, Suite 900
McLean, VA 22102

Re: 50 TR 153 00025
*Teleglobe Communications Corp. and Teleglobe Inc. v.*
*VarTec Telecom, Inc. and VarTec Telecom Holding Co.*

Dear Doug:

This letter addresses the document production made by Teleglobe in the above-referenced matter. As you are aware, you have provided us with one CD containing approximately 6000 pages of documents, most of which were duplicate copies of the SPA and its various schedules. This production was incomplete in numerous respects. VarTec requests that Teleglobe produce all responsive documents in Teleglobe's possession, custody and control as soon as possible. I have highlighted below several specific areas in which Teleglobe's document production was insufficient and inadequate.

**Documents Related to the SPA:** Although Teleglobe's production contained numerous copies of the SPA and related schedules, it did not contain any documents related to the negotiation of the SPA, any drafts of the agreement, or other related documents. Any documents in the possession of Teleglobe's agents or representatives should be produced. This includes documents within the control of Bill Anderson, Teleglobe's agent and representative in connection with the negotiation of the transaction, and Michel Lalande, Teleglobe's Assistant Corporate Secretary and the signatory on the SPA. Documents related to the negotiation and execution of the SPA are clearly within the "control" of Teleglobe, which is defined as "the legal right to obtain the documents required on demand." *See, e.g., Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir. 1984); *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 423 (N.D. Ill. 1977). Even if responsive documentation is in the possession of a third party (such as


EXHIBIT A

009568.00026:794191.07

# HUGHES & LUCE LLP

Doug Lobel
April 2, 2004
Page 2

an accountant, auditor, or parent, subsidiary or affiliate company), it is subject to Teleglobe's custody and control and should be retrieved and produced. *See, e.g., Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3rd Cir. 1988); *Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919-20 (S.D.N.Y. 1984); *Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994). Thus, even documents that are currently in the possession of BCE, Inc. – Teleglobe's former parent company – are subject to Teleglobe's control and must be produced by Teleglobe to VarTec.

Moreover, "[t]he location of the documents, whether within the territorial jurisdiction of the court of not, is irrelevant." *Gerling Int'l Ins.*, 839 F.2d at 140 (*citing Marc Rich & Co., A.G. v. United States*, 707 F.2d 663, 667 (2d Cir. 1983)). Therefore, even documents located in Canada or elsewhere should be produced. In addition, the documents that are in the possession of Teleglobe's attorneys in the transaction are deemed to be within Teleglobe's custody and control and should be produced. *See, e.g., Poole v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (documents in possession, custody or control of party's attorney or former attorney are within party's control for purpose of FRCP 34).

**Tax Documents**: Teleglobe's prior production contained only two pages related to the tax items that are at issue. Undoubtedly, Teleglobe's tax department has possession or control of relevant tax documents. Indeed, Bruce Milla should be in possession of tax returns, supporting documentation, and correspondence (including emails) related to the tax claims. None of these documents has been provided. As noted above, even tax documents in the possession of accountants, auditors, attorneys, or affiliates are subject to production and must be provided.

**MTSA Documents**: Other than multiple copies of the MTSA itself, Teleglobe's production also did not contain any documents related to the MTSA. Teleglobe is in possession of invoices and other correspondence and communications regarding the MTSA. These documents are responsive and should be produced. VarTec is entitled to review the invoices maintained by Teleglobe and any internal communications regarding the MTSA or the volume commitments in that agreement. Responsive documents would include any communications between Teleglobe and Cerberus Capital Management regarding the MTSA or other telecommunications services agreements with VarTec and the revenues associated therewith.

# Hughes·Luce LLP

Doug Lobel
April 2, 2004
Page 3

**Teleglobe Inc. Documents**: It was not readily apparently from Teleglobe's document production that any documents from Teleglobe Inc. were produced. This would include any documents currently in the possession of Teleglobe Inc.'s Monitor appointed by the Canadian court or any other agent or representative of Teleglobe Inc. Because Teleglobe Inc. is a party to this arbitration, these documents are responsive and should be produced.

**Documents Related to VarTec's Counterclaim**: On March 18, 2004, VarTec filed a motion to compel production of documents responsive to 59 of VarTec's document requests. Teleglobe had objected to these requests on the basis that they were "premature" because VarTec had not yet filed a counterclaim. In response, on March 18, 2004, you advised the Panel that Teleglobe would be producing documents responsive to those requests. Please let me know as soon as possible when the promised production will occur.

**Litigation Documents**: Teleglobe also did not produce any documents related to any of the various litigation or collection matters that are at issue. Certainly, V.V. Cooke has correspondence regarding certain of these matters, including communications with VarTec representatives about settlements and related matters. These documents should be produced as well.

**Documents Related to Employee Retention Payments**: As you know, VarTec has asserted claims against Teleglobe for indemnification for certain employee retention payments and Teleglobe has also threatened certain preference actions against current and former Excel employees. Teleglobe's production contained no documents related to these payments or the threatened preference actions. Please produce all documents related to these matters, including communications with any employee regarding such preference actions or retention payments.

**Emails**: Teleglobe did not produce any emails of any kind. Teleglobe has possession, custody and control over the emails of both its current and former employees, including those who may have been involved in the negotiation of the SPA and certain of Excel's pre-close liabilities. As you noted to the Panel recently, email has

# HUGHES▪LUCE LLP

Doug Lobel
April 2, 2004
Page 4

become a preferred manner of communication in business. There are undoubtedly responsive emails that should be produced.

**Documents Related to Attorneys' Fees**: Teleglobe's requested relief in this matter includes attorneys' fees and costs, yet no supporting documents have been provided. Please produce this information.

**Communications with Third Parties**: Finally, Teleglobe's production did not include any communications with third parties regarding the matters that are the subject of this proceeding. Specifically, Teleglobe's communications with the creditors' committee, Teleglobe's pre-petition lenders or their counsel, financial advisors, auditors, accountants or other third parties are responsive and should be produced.

In order to avoid taking this dispute to the Panel, please provide me with specific assurances that the documents detailed herein will be included in Teleglobe's production and provide me with a date on which the documents will be provided. Thank you for your prompt attention.

Very truly yours,

*Beth W. Bivans*

Beth W. Bivans

# ARNOLD & PORTER LLP

**Douglas P. Lobel**
Douglas_Lobel@aporter.com

703.720.7035
703.720.7399 Fax

Suite 900
1600 Tysons Boulevard
McLean, VA 22102-4865

April 5, 2004

*Via Electronic Mail*

Beth Bivans, Esq.
HUGHES & LUCE, L.P.
1717 Main Street
Suite, 2800
Dallas, TX 75201

Re:   *Teleglobe v. Vartec,* 50 T 153 00025 04

Dear Ms. Bivans:

I am in receipt of your letter dated April 2nd regarding Teleglobe's document production. As you know, the Panel's First Amended Scheduling Order set a rolling schedule for the production of documents. Under the rolling schedule, the Parties were required to produce the first third of documents by March 26th, with subsequent productions being made on April 8th and April 22nd.

As you acknowledge in your letter, Teleglobe produced approximately 6000 documents on March 11th, well in advance of the March 26th deadline. Given Teleglobe's initial production, and the fact that a second production is not required until April 8th, I found your request that Teleglobe provide you with the date of its next production to be odd and premature. Teleglobe has consistently complied with the Orders of the Panel, and will continue to do so going forward.

Similarly, your request that Teleglobe provide "specific assurances" that certain documents be produced is premature. Teleglobe continues to identify and compile documents responsive to Vartec's four sets of document requests. Until that process is completed, Teleglobe is not in a position to represent that its productions will contain certain documents. When you have received Teleglobe's production of responsive documents, you can then advise us of any perceived deficiencies in the production.

Based on the above, we do not see any "dispute" that requires the Panel's attention at this time, in spite of your statements to the contrary.

EXHIBIT B

Washington, DC   New York   London   Brussels   Los Angeles   Century City   Northern Virginia   Denver

Beth Bivans, Esq.
April 5, 2004
Page 2

Sincerely,

Douglas P. Lobel