# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                              )   Chapter 11
                                                   )
TELEGLOBE COMMUNICATIONS                           )
CORPORATION, *et al.*,                             )   Jointly Administered
                                                   )   Bankr. Case No. 02-11518(MFW)
                                                   )
                          Debtors.                 )
---------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS                           )
CORPORATION,                                       )
*et al.*,                                          )   C.A. No. 04-1266 (SLR)
                                                   )
                          Plaintiffs,              )
                                                   )
              v.                                   )
                                                   )
BCE INC., *et al.*,                                )
                                                   )
                          Defendants.              )
---------------------------------------------------------------x

### THE DEBTORS' RESPONSE TO DEFENDANTS' SECOND
### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, "Debtors"), herewith respond to Defendants' Second Request for Production of Documents.

### GENERAL OBJECTIONS

1.  The Debtors object to the Definitions and Instructions to the extent that they purport to impose obligations in addition to, or different from, those provided in the pertinent Federal Rules of

Civil Procedure, and the Local Rules for the United States District Court for the District of Delaware (collectively, the "Rules").

2. The Debtors object to the definition of "Debtors" as overbroad. The Debtors will interpret the term "Debtors" to mean only plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc.

3. The Debtors object to the definition of "Teleglobe" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors will interpret "Teleglobe" to mean Teleglobe Inc.

4. The Debtors object to the definition of "BCE" because the Debtors do not know the identity of BCE's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "BCE" to mean BCE Inc.

5. The Debtors object to the definition of "Deloitte" because the Debtors do not know the identity of Deloitte's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "Deloitte" to mean Deloitte & Touche's Canadian entity(ies).

6. The Debtors object to the definition of "Ernst & Young" because the Debtors do not know the identity of Ernst & Young's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and

representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "Ernst & Young" to mean Ernst & Young, Inc., a Canadian corporation.

7.   The Debtors object to the definition of "Lazard" because the Debtors do not know the identity of Lazard's "predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf." The Debtors will interpret "Lazard" to mean Lazard Freres & Co. (United States).

8.   The Debtors object to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and unreasonably cumulative.

9.   The Debtors object to these requests to the extent that they seek documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, as required by Fed. R. Civ. P. 26(b)(1).

10.   The Debtors object to these requests to the extent that they seek production of documents already within the possession, custody, or control of Defendants or obtainable from some other source that is more convenient, less burdensome, or less expensive.

11.   The Debtors will make available for Defendants' inspection and copying only those documents within their "possession," "custody" or "control" as those terms are used in Fed. R. Civ. P. 34(a).

12.   The Debtors object to these requests to the extent that they seek the production of documents that are protected from disclosure by the attorney-client privilege, or other privilege, the work product doctrine or Fed. R. Civ. P. 26(b)(3). The Debtors will not produce such documents, but will provide a written privilege log at a mutually agreeable date. Moreover, the production of any document is without waiver of any assertion of privilege. In the event that any privileged document is

produced, its production is inadvertent and does not constitute a waiver of privilege and the Debtors reserve the right to demand the return of such document and the destruction of any copies thereof.

13. The Debtors object to the definition of "document" to the extent it purports to expand the meaning of the term beyond that assigned or set forth in Fed. R. Civ. P. 34(a).

14. The Debtors object to the definition of "'identify' when used in connection with a document or documents" as overbroad and unduly burdensome, and will not "furnish the names and address of all persons having custody or control of such document(s)."

15. The Debtors object to the definition of "'identify' as used in connection with any entity other than a natural person" as overbroad and unduly burdensome. The Debtors when identifying any person other than a natural person will provide only its full name and present or last known address.

16. The Debtors reserve the right at any time to revise, correct, add to or clarify the objections and responses set forth herein and any production made pursuant hereto.

17. The Debtors' assertion that they will produce documents or provide information in response to a particular request is not to be construed as an admission that any document or information exists within any requested category or categories, but solely as an assertion that the Debtors will produce (consistent with the objections raised herein or hereafter) any responsive, non-privileged documents or information within their possession, custody or control should any such documents or information be found after a reasonably diligent search.

18. The Debtors object to Defendants' Second Request for Production of Documents Directed to Debtors to the extent that it seeks document for a period commencing on January 1, 1999 on the grounds that Teleglobe documents pre-dating January 1, 2000 would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors will produce documents for the

period from January 1, 2000 through May 28, 2002 as set forth of Defendants' First Request for Production of Documents and First Set of Interrogatories.

19. All of these General Objections are continuing in nature and are incorporated by reference into each and every Interrogatory response and responses to the Document Requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO 1:** The following selected documents concerning the arbitration proceeding before the American Arbitration Association, entitled In the Matter of the Arbitration Between Teleglobe Telecom Corporation and Teleglobe Inc. and VarTec Telcom, Inc. and VarTec Telecom Holding Company, 50 T 153 00025 04: (a) all arbitration awards and orders issued by the arbitral tribunal, (b) the transcripts from all the arbitration hearings, (c) the transcripts of all depositions of witnesses conducted in connection with the arbitration proceeding, (d) all exhibits introduced or marked at such depositions or at the arbitration hearings; and (e) the pleadings, briefs, memorials, letters, or other documents submitted to the arbitration tribunal by the parties to the arbitration proceeding.

**RESPONSE:** The Debtors object to this Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this request on the grounds that most, if not all, of the responsive documents are (a) subject to a Confidentiality Agreement between VarTec Telcom, Inc. and VarTec Telcom Holding Company (collectively, "VarTec") and the Debtors, and VarTec has refused to waive confidentiality by letter dated January 18, 2005 and (b) attorney client privilege and/or attorney work product. Based upon communications from counsel to VarTec, we understand VarTec to be in the process of moving for a protective order. Pursuant to Debtors' signed agreement with VarTec, Debtors will not be in a position to produce documents responsive to this request until the Court rules on the expected motion.

Dated: January 24, 2005

RICHARDS, LAYTON & FINGER P.A.

*(signature)*

Gregory V. Varallo (No. 2242)
C. Malcolm Cochran, IV (No. 2377)
Russell C. Silberglied (3462)
Anne Shea Gaza (#4093)
One Rodney Square
P.O. box 551
Wilmington, DE  19801
Telephone:  (302) 651-7700

*Attorneys for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2005, true and correct copies of the foregoing were caused to be served on counsel of record at the following addresses as indicated:

**BY HAND DELIVERY**
Pauline K. Morgan, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY HAND DELIVERY**
Kevin Gross, Esq.
Joseph A. Rosenthal, Esq.
ROSENTHAL, MONHAIT, GROSS &
GODDESS, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**
John P. Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
14th and 15th Floor
New York, New York 10022

**VIA FEDERAL EXPRESS**
George J. Wade, Esq.
Daniel Schimmel, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)