# EXHIBIT 7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
*In re*

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Chapter 11
    Case No. 02-11518 (MFW)
    Jointly Administered

    Debtors.
------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Civ. No. 04-CV-1266 (SLR)

    Plaintiffs,
    v.

BCE INC., *et al*,

    Defendants.
------------------------------------------------------------x

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, Teleglobe, Inc., Teleglobe Financial Holdings Ltd., Teleglobe Management Services, Inc., Teleglobe Marine, Inc., Teleglobe Marine L.P., Teleglobe Canada Management Services, Inc., 3692795 Canada, Inc., Teleglobe Vision Call Center Service General Partnership and Teleglobe Canada Limited Partnership (the "Canadian Debtors") commenced insolvency proceedings under the Companies Creditors Arrangement Act in the Ontario Superior Court of Justice on May 15, 2002 (the "CCAA Cases");

**WHEREAS**, Teleglobe Communications Corp., Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.), Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, "Debtors") commenced their respective chapter 11 cases in the United States

RLF1-2864672-1

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 28, 20002 (the "Chapter 11 Cases")

WHEREAS, counsel for the Official Committee of Unsecured Creditors of Teleglobe Communications Corp, et al (the "Committee") and BCE, Inc. ("BCE") entered into a Confidentiality Agreement (the "Existing Agreement"), dated March 8, 2004, in connection with discovery produced under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Production"), and on May 7, 2004, Richards, Layton & Finger, P A., on behalf of the Debtors, signed the Existing Agreement's "Acknowledgment of Confidentiality Agreement";

WHEREAS, BCE has designated certain documents and testimony to be confidential as defined under the Existing Agreement;

WHEREAS, the Committee and the Debtors (collectively referred to hereafter as "Plaintiffs") have now commenced this action (the "Action");

WHEREAS, BCE, Michael T Boychuk, Marc A Bouchard, Serge Fortin, Terence J Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H Arnold Steinberg (collectively, "Defendants") and Plaintiffs contemplate, in connection with their prosecution and/or defense of this Action, the production and exchange of additional documents, things, material, and other information, and testimony;

WHEREAS, certain of the documents, things, material, and other information that were produced by BCE and that may be produced and exchanged, hereafter, and certain of the testimony that was given and to be given, may contain confidential or proprietary business information of Plaintiffs, Defendants, and/or third-parties; and

WHEREAS, Plaintiffs and Defendants have agreed to enter into this Stipulation and Protective Order and cancel, to the extent it was still applicable, the Existing Agreement

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1. CONFIDENTIAL INFORMATION, as defined herein, previously produced in the Rule 2004 Production or disclosed by a Plaintiff, a Defendant, or a third-party (hereinafter "Producing Party") to any other party (hereinafter "Receiving Party") pursuant to discovery in this Action, shall be used solely for purposes of: (i) this Action; (ii) the case styled *Kroll Restructuring Ltd v Monty, et al*, Court File No. 03 CL-4884, pending in the Ontario Superior Court of Justice; (iii) any objection to any proof of claim filed by BCE or BCE affiliate in the Chapter 11 Cases or the CCAA cases or any response to such an objection; and/or (iv) any other litigation hereinafter commenced by any of the Debtors or the Canadian Debtors, or by Kathy Morgan, as Plan Administrator for the Debtors and/or the Canadian Debtors, against BCE and/or its present or former directors or officers (collectively, the "Plan Administrator Actions").

Additionally, CONFIDENTIAL INFORMATION may also, pursuant to Paragraph 5 hereof, be made available on an "attorneys' eyes only" basis to outside counsel who represent parties to the lawsuits captioned *ABN AMRO Bank N V., et al v BCE Inc et al*, Court File No. 02-CV-232755EM3, pending in the Ontario Superior Court of Justice; and *BNP Paribas (Canada) v Teleglobe Inc, et al*, Court File No. 04 CL-4528, pending in the Ontario Superior Court of Justice (collectively, the "Canadian Bank Actions"). CONFIDENTIAL INFORMATION shall not be used or disclosed in any other proceeding other than listed above or for any other purpose, including, but not limited to, any business or commercial purpose.

2. Each page of each document produced pursuant to discovery in this Action shall bear a unique identifying number and a prefix sufficient for identification

3. As used herein, CONFIDENTIAL INFORMATION refers to information that a

Producing Party claims in good faith to be its trade secrets, unpublished financial data or information, customer information, business methods or plans, other information of a non-public nature considered by the Producing Party to be commercially or personally sensitive or proprietary, or other competitively sensitive or proprietary research, development, marketing, or commercial information. Such information may be designated as CONFIDENTIAL INFORMATION. Such designation shall, without more, subject the designated material or information to the provisions of this Stipulation and Protective Order and shall be protected, used and disposed of in accordance with the provisions of this Stipulation and Protective Order.

4. The designation of material or information as CONFIDENTIAL INFORMATION shall be made as follows:

a. with respect to a document produced during discovery, by stamping or otherwise inscribing upon the document itself and upon every page of such document, prior to delivery to the Receiving Party, the following legend: CONFIDENTIAL.

b. with respect to information set forth in responses to discovery requests, by stamping or otherwise inscribing upon the first page of the responses, prior to delivery to the Receiving Party, the following legend: CONFIDENTIAL.

c. with respect to testimony given during a deposition, by

(i) indicating on the record or in writing at the time the deposition is taken or prior to the preparation of the transcript, those portions of the deposition that contain CONFIDENTIAL INFORMATION and instructing the court reporter prior to the preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL INFORMATION; or

(ii) notifying opposing counsel in writing within five (5) days after the

completion of the deposition that the deposition contains CONFIDENTIAL INFORMATION

        d.      documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY when produced in the Rule 2004 Production shall automatically be treated as CONFIDENTIAL under the terms of this Stipulation without any further action of any party, provided, however, that nothing in this sub-paragraph (d) alters Plaintiffs' ability to challenge the designation of such documents as CONFIDENTIAL pursuant to the other applicable terms of this Stipulation

    5.    Access to information designated as CONFIDENTIAL INFORMATION shall be limited to the following persons:

        a      outside counsel of record who represent parties that have appeared in any of the Plan Administrator Actions, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys, including litigation service vendors of such counsel (e g , outside copying services and outside litigation support services) whose functions require access to CONFIDENTIAL INFORMATION;

        b      inside counsel for each Receiving Party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

        c.      outside experts or consultants for a Receiving Party whose advice and consultation are being or will be used by such party solely in connection with any of the Plan Administrator Actions, including their clerical personnel; provided that disclosure to such experts or consultants and their clerical personnel shall be made only on the following condition:

        (i)      Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulation And

Protective Order in the form of Exhibit A attached hereto from each such expert or consultant and each of his/her personnel who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Abide By Stipulation And Protective Order.

        d.    the Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any party.

        e.    present or former officers, directors or employees of any party, or members of the Debtors' Plan Committee, as defined in their Plan of Reorganization, who are assisting that party's attorneys with respect to any of the Plan Administrator Actions. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit A.

        f.    any potential witness or deponent (and counsel of such witness or deponent), provided that counsel reasonably believes that the witness or deponent has relevant information about the CONFIDENTIAL INFORMATION to be discussed or the facts contained therein. Except when the CONFIDENTIAL INFORMATION is first exhibited at a deposition to such person, counsel desiring to disclose CONFIDENTIAL INFORMATION to such persons shall first obtain a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit A.

        g.    outside counsel of record who represent the parties that have appeared in the Canadian Bank Actions ("Canadian Bank Counsel") on an "attorneys' eyes only" basis; provided, however, that Plaintiffs, Defendants or Canadian Bank Counsel may apply this Court for removal, on a document-by-document basis or for categories of documents, of the "attorneys' eyes only" limitation on Canadian Bank Counsel. Counsel desiring to disclose CONFIDENTIAL

INFORMATION to Canadian Bank Counsel shall first obtain a signed Agreement to Abide By Stipulation and Protective Order in the form of Exhibit B. Nothing contained in this paragraph (g) is intended to or shall limit the ability of Canadian Bank Counsel to discuss or share CONFIDENTIAL INFORMATION with anyone else entitled to receive such CONFIDENTIAL INFORMATION under this Stipulation and Protective Order.

  h. if this Court so permits, disclosure of CONFIDENTIAL INFORMATION may be permitted by order of this Court, after notice and hearing to all parties, including the Producing Party.

Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Protective Order if the Producing Party consents to such disclosure, or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing CONFIDENTIAL INFORMATION in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the CONFIDENTIAL INFORMATION, irrespective of which party produced such information.

  6. CONFIDENTIAL INFORMATION shall not be made public by the Receiving Party, shall be used only by persons permitted access to it under Paragraph 5, and shall be disclosed only to persons specified in Paragraph 5.

  7 If CONFIDENTIAL INFORMATION is to be filed with this Court, the Bankruptcy Court or any Canadian Court, it shall be filed in a sealed envelope marked with the Action's caption. In addition, any document that is to be filed with the Court and that contains CONFIDENTIAL INFORMATION shall be marked as "FILED UNDER SEAL" on its cover page.

  8 The acceptance of CONFIDENTIAL INFORMATION by any party shall not

constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION is in fact confidential. Any Receiving Party may at any time request that the Producing Party cancel the CONFIDENTIAL designation with respect to any document, object or information Such request shall be made to counsel for the Producing Party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the Receiving Party contends is not confidential and the reasons supporting its contention. If the Producing Party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents or information are not confidential may move the Court to request that such information be removed from the restrictions of this Order The burden of demonstrating that the information is confidential shall be on the Producing party

     9. CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion, hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to Paragraph 5, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court

     10. Nothing in this Stipulation and Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information If a party has inadvertently or mistakenly produced a document subject to a

claim of immunity or privilege, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable. The party returning such information may move the Court for an Order compelling production of such information and may retain a copy of such document solely for purposes of prosecuting such motion

11  The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge, or (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party.

12.  This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

13.  Counsel for a Receiving Party shall have the right to assert that any information designated confidential is, in fact, in the public domain  Any information which prior to disclosure hereunder, is either in the possession or knowledge of a Receiving Party or person who, absent this order, is under no restriction with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, shall be deemed to be in the public domain. A Receiving Party asserting that designated confidential information is in the public domain shall, prior to any disclosure (outside

of the parameters of this order) of such information previously designated confidential, either (a) obtain the approval, in writing, of the Producing Party, or (b) seek, upon five (5) business days' notice to the Producing Party, the approval of the Court to make such disclosure and shall specifically indicate why it believes that the designated information is in the public domain and obtain prior Court approval.

14. In the event that any party appeals from any decision of the trial court in any of the Plan Administrator Actions, the parties hereto agree to file a joint application to the appropriate appellate court, within three (3) business days of the filing of the notice of appeal, to maintain under seal the documents filed with the trial court which contain or disclose CONFIDENTIAL INFORMATION. In the event that any losing party decides not to appeal, any party who seeks the continued sealing of any filed document containing CONFIDENTIAL INFORMATION may petition the Court for continued sealing pursuant to the Federal Rules of Civil Procedure or any similar body of Canadian law, as appropriate. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

15. In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding in any of the Plan Administrator Actions or any appeal therefrom, said CONFIDENTIAL INFORMATION shall not lose its status as CONFIDENTIAL INFORMATION through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

16. This Stipulation and Protective Order shall survive the termination of this Action

17. After final termination of this Action, the counsel designated in Paragraph 5(a)-(b) hereof for the Receiving Party may each retain archival copies of deposition exhibits, Court

exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of the CONFIDENTIAL INFORMATION produced by opposing counsel, and any summaries, notes, abstracts or compilations of CONFIDENTIAL INFORMATION, for reference in the event of a dispute over the use or dissemination of information. Such material shall continue to be treated as CONFIDENTIAL INFORMATION under this Stipulation and Protective Order. After final termination of this Action, counsel for the Receiving Party either shall return all additional CONFIDENTIAL INFORMATION in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the party who has provided such CONFIDENTIAL INFORMATION in discovery or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the Receiving Party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION. Counsel for the Receiving Parties shall make a good faith effort to cause the persons identified in Paragraph 5(e)-(g) to return the CONFIDENTIAL INFORMATION provided to them, or certify destruction thereof to such counsel.

18. If a third-party provides discovery to any party in connection with any of the Plan Administrator Actions, and if the third-party so elects, then the provisions of this Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third-party shall have the same rights and obligations under this Stipulation

and Protective Order as held by the parties to this Action as to such discovery provided by said third-party

Dated: April __, 2005

| RICHARDS, LAYTON & FINGER, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| By: *Gregory V. Varallo by Kelly Jurman (#4395)*<br>Gregory V. Varallo (No. 2242)<br>One Rodney Square<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>*Attorneys for the Debtors* | By: *Pauline K. Morgan*<br>Pauline K. Morgan (No. 3650)<br>The Brandywine Building<br>1000 West Street, 17th floor<br>Wilmington, DE 19899<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571 1253<br>*Attorneys for Defendants* |
| ROSENTHAL, MONHAIT, GROSS & GOODESS, P.A. | - and - |
| By: *Kevin Gross*<br>Kevin A. Gross (No. 209)<br>1401 Mellon Bank Center<br>Wilmington, DE 19899-1070<br>Telephone: (302) 656-4433<br>Facsimile: (302) 658-7567<br>*Attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communications Corp., et al.* | SHEARMAN & STERLING LLP<br>George J. Wade<br>Daniel Schimmel<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 848-4000<br>Facsimile: (212) 848-7179<br>*Attorneys for Defendants* |

- and -

HAHN & HESSEN LLP
John P. Amato
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
*Attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communication Corporation, et al*

RLF1-2864672-1

**EXHIBIT A**

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x

*In re*

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Chapter 11
                                                  Case No 02-11518 (MFW)
                                                  Jointly Administered

                        Debtors.

---------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Civ. No 04-CV-1266 (SLR)

                        Plaintiffs,
        v.

BCE INC., *et al*,

                        Defendants.

---------------------------------------------------------------x

**AGREEMENT TO ABIDE BY
STIPULATION AND PROTECTIVE ORDER**

I have read the Stipulation and Protective Order ("Stipulation") applicable to this Action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the District of Delaware, for purposes of the enforcement of the Stipulation. I understand, in particular, that any CONFIDENTIAL INFORMATION, and any copies, excerpts or summaries thereof and materials containing CONFIDENTIAL INFORMATION derived there from, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of the Plan Administrator Actions[1] and may not be used for any other purpose, including, without limitation, any business or

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

RLF1-2861672-1

commercial purpose.

    I further understand that failure to abide fully by the terms of the Stipulation may result in legal action against me, such as for contempt of court and liability for monetary damages.

Dated: _____        Agreed: _____

EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
*In re*

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Chapter 11
                                                  Case No. 02-11518 (MFW)
                                                  Jointly Administered

                          Debtors.
-------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Civ. No. 04-CV-1266 (SLR)

                          Plaintiffs,
            v.

BCE INC., *et al*,

                          Defendants
-------------------------------------------------------------x

### AGREEMENT TO ABIDE BY
### STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order (the "Stipulation") applicable to this Action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the District of Delaware, for purposes of the enforcement of the Stipulation. I understand, in particular, that any CONFIDENTIAL INFORMATION, and any copies, excerpts or summaries thereof and materials containing CONFIDENTIAL INFORMATION derived there from, as well as any knowledge or information derived from any of the aforementioned items, may not be used for any purpose, including, without limitation, any business or commercial purpose, other than as set forth herein. CONFIDENTIAL INFORMATION may be used only for purposes of the Plan Administrator

RLF1-2864672-1

Actions[2] and additionally may be viewed on an "attorneys' eyes only" basis by attorneys in the Canadian Bank Actions; provided, however, that Plaintiffs, Defendants or Canadian Bank Counsel may apply to the Court for removal, on a document-by-document basis or for categories of documents, of the "attorneys' eyes only" limitation on Canadian Bank Counsel. Nothing contained in this Agreement to Abide by Stipulation and Protective Order is intended to or shall limit the ability of Canadian Bank Counsel to discuss or share CONFIDENTIAL INFORMATION with anyone else entitled to receive such CONFIDENTIAL INFORMATION under the Stipulation and Protective Order.

I further understand that failure to abide fully by the terms of the Stipulation and may result in legal action against me, such as for contempt of court and liability for monetary damages

Dated: _____    Agreed: _____

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation

EXHIBIT C

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, et al.,   Chapter 11
                                                Case No. 02-11518 (MFW)
                                                Jointly Administered

                                Debtors.
---------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, et al.,   Civ. No. 04-CV-1266 (SLR)

                                Plaintiffs,
        v.

BCE INC., et al,

                                Defendants.
---------------------------------------------------------x

AGREEMENT TO ABIDE BY
STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order applicable to this Action. I understand its terms and agree, pursuant to Paragraph 18 thereof, to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of (1) the enforcement of the Stipulation and Protective Order; and (2) the resolution of any disputes concerning the designation of documents as "CONFIDENTIAL" or "attorneys' eyes only" ("Disputes"). I also agree to appear before the special master appointed in the Action in connection with any Disputes

Dated: _____        Agreed: _____

RLF1-2864672-1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x
*In re*

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Chapter 11
                                                  Case No. 02-11518 (MFW)
                                                  Jointly Administered

                            Debtors.
---------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, *et al*,    Civ. No. 04-CV-1266 (SLR)

                            Plaintiffs,
              v.

BCE INC., *et al*,

                            Defendants
---------------------------------------------x

### ORDER ENTERING STIPULATED PROTECTIVE ORDER

At Wilmington this ____ day of _____, 2005, IT IS HEREBY ORDERED that the Stipulation and Protective Order (D.I. ____) is entered as an order of this Court.

For purposes of filing papers under seal in the CM/ECF system, this Order shall serve as the Order that must be filed with the document filed under seal as required by CM/ECF Rule G.1.

_____
UNITED STATES DISTRICT JUDGE

RLF1-2864672-1