# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELEGLOBE COMMUNICATIONS CORPORATION,  )
a Delaware Corporation, *et al.*,                        )
                                                                        )
                                              Plaintiffs,          )
                                                                        )
                                  v.                                )   Civ. No. 04-CV-1266(SLR)
                                                                        )
BCE INC., et al.,                                             )
                                                                        )
                                                                        )
_____ Defendants._____ )

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the plaintiffs will take the deposition set forth below of a

non-party witness pursuant to a subpoena *duces tecum*, a copy of which is attached hereto.  The

identity of the deponent, dates, times and place are as follows:

| DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| John Honeycutt | June 23, 2005 @ 9:30 a.m. (EST)<br><br>June 14, 2005 @ 9:30 a.m. (EST)<br>(Production) | L.A.D. Reporting - Rockville<br>1 Church Street, Suite 601<br>Rockville, MD 20850 |

You are invited to attend and cross examine.

Dated:  May 25, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

Joseph A. Rosenthal (No. 334)
Kevin Gross (No. 209)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Telephone:  (302) 656-4433
Facsimile:  (302) 658-7567

- and -

HAHN & HESSEN LLP
John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400

Attorneys for the Official Committee of
Unsecured Creditors of Teleglobe
Communication Corporation, et al.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND – SOUTHERN DIVISION

In re

| | |
|---|---|
| TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC., | Chapter 11<br>Case No. 02-11518 (MFW)<br>Jointly Administered<br><br>Pending in the United States<br>Bankruptcy Court<br>District of Delaware |

Debtors.

-------------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Plaintiffs,

v.

Civ.No. 04-CV-1266 (SLR)

Pending in the United States
District Court, District of Delaware

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

-------------------------------------------------------------------------x

TO:     **John Honeycutt**
        12509 Viewside Drive
        North Potomac, MD  20878

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

**X YOU ARE COMMANDED** to appear for deposition upon oral examination and give testimony as to each subject-matter described in the annexed Rider at the place, on the date, and at the time specified below, or at any agreed upon adjourned date and time.  The deposition will be taken before a notary public or some other person qualified to administer oaths.

| PLACE | DATE AND TIME |
|---|---|
| L.A.D. Reporting – Rockville<br>1 Church Street, Suite 601<br>Rockville, MD  20850<br>(800) 292-4789 | June 23, 2005<br>9:30 a.m. |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects set forth in the annexed Rider at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| L.A.D. Reporting – Rockville<br>1 Church Street, Suite 601<br>Rockville, MD  20850<br>(800) 292-4789 | June 14, 2005<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | May 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert J. Malatak, Esq. (RM-6292), Hahn & Hessen LLP, Counsel for the Official Committee of the Unsecured Creditors, 488 Madison Avenue, 14ᵗʰ Floor, New York, NY 10022   (212) 478-7200

## RIDER TO SUBPOENA

### Definitions and Instructions

A.    "You" means the recipient of this Subpoena.

B.    "BCE" means BCE Inc., its former and present subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

C.    "TI" means Teleglobe Inc., its former and present directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

D.    The term "Debtors" means, collectively and individually, Teleglobe Holdings (U.S.) Corp., Teleglobe Holding Corp., Teleglobe Marine (U.S.) Inc., Teleglobe Submarine Inc., Teleglobe Investment Corp., Teleglobe Communications Corp., Optel Telecommunications, Inc., Teleglobe USA Inc., Teleglobe Telecom Corp., Teleglobe Luxembourg LLC, and Teleglobe Puerto Rico Inc., their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

E.    "Fox" means Fox Cable Networks, its former and present subsidiaries, affiliates, divisions, including, without limitation, Fox Sports Interactive Media LLC and Fox Sports, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

F.    "GlobeSystem" means the telecommunications network buildout program planned and/or deployed by TI and the Debtors between about 1999 and 2002.

G.    This Subpoena applies to all documents in your possession, custody and/or control, regardless of the location of such documents.

H.    Unless otherwise specified, this Subpoena calls for the production of all documents created between January 1, 2000 and December 31, 2002, or which otherwise relate to this period regardless of when created.

I.    The following definitions shall apply:

    a.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

    b.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

J.    The following rules of construction apply:

    a.    The terms "all" and "each" shall be construed as all and each.

    b.    The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c.    The use of the singular form of any word includes the plural and vice versa.

    K.    You should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, personal digital assistants, workstations, mainframes, servers, backup disks and tapes, archive disks and tapes, and any other forms of online or offline storage, whether physically located on your premises or at any other facility.

    L.    Each document is to be produced in its entirety, without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

    M.    Documents that are stapled, clipped, or otherwise attached or fastened together in their original condition shall be produced in such form. Documents that are segregated or separated from other documents by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained in your files, and shall not be shuffled or otherwise rearranged.

    N.    If any document requested herein is withheld under claim of privilege, or is not provided for whatever reason, you are requested at the time of responding to these Requests to (a) describe in detail the claim of privilege or other reason used to withhold the document; and (b) identify each document by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described for the Court for ruling on the privilege or other reason asserted. You are further requested to provide all portions of any documents that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

    O.    In the event that any document called for by this Subpoena has been destroyed, discarded or otherwise lost, the following information shall be provided for each such document: (i) all authors and addressees; (ii) any indicated or blind copies; (iii) the document's date, subject matter and number of pages; (iv) the date of the document's destruction or discard and the reason therefor; and (v) whether any copies of the document presently exist, and if so, the name of the custodian of each copy.

    P.    If no documents exist that are responsive to a particular request listed below, You shall so state in writing.

    Q.    Each request in this Subpoena shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production.

    R.    Each request in this Subpoena shall be answered separately and fully.

**Subpoenaed Documents and**
**Subject Matter of Deposition Testimony**

Kindly produce documents and give testimony concerning, without limitation the following matters:

1.    Discussions and/or communications by and between you, as a representative of Fox, and BCE, TI and/or the Debtors, including, without limitation, Charles Childers and Michael Sabia, concerning any attempts, successful or otherwise, by BCE, TI and/or the Debtors to sell, lease or otherwise provide services of any kind to Fox.

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 25th day of May, 2005, I caused a copy of the

foregoing to be served upon all persons on the attached Service List by first class mail:

SHEARMAN & STERLING LLP
George J. Wade, Esquire
599 Lexington Avenue
New York, New York 10022-6069

RICHARDS, LAYTON & FINGER, P.A.
Gregory V. Varallo, Esquire
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

OFFICE OF THE U.S. TRUSTEE
844 King Street
Suite 2313
Lockbox 35
Wilmington, DE 19801-3519

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Pauline K. Morgan, Esquire
P.O. Box 391
1000 West Street, 17th Floor
Wilmington, DE  19899-0391


Kevin Gross