# EXHIBIT A

# UNITED STATES DISTRICT COURT
## For the Eastern District of Virginia

**SUBPOENA IN A CIVIL CASE**

In re
TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Debtors

Chapter 11
Jointly Administered
Bankr. Case No. 02-11518 (MFW)

TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., et al.,

Defendants

CASE NUMBER: 04-1266 (SLR)
District of Delaware

TO:  Teleglobe America Inc.
     Legal Department
     12010 Sunset Hills Rd.
     Reston, VA 20191

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A**

| | DATE AND TIME |
|---|---|
| Teleglobe Communications Corporation<br>11495 Commerce Park Drive<br>Reston, VA 20191 | June 9, 2005, at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Anne Shea Gaza* , Attorney for Plaintiffs | May 25, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anne Shea Gaza (#4093)
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

| PROOF OF SERVICE | | |
|---|---|---|
| Teleglobe America, Inc. SERVED | DATE 5/26/05 3:00 pm | PLACE 12010 Sunset Hills Road Reston, Virginia 20191 |
| SERVED ON (PRINT NAME) Diana Peneva Legal Assistant | | MANNER OF SERVICE Corporate |
| SERVED BY (PRINT NAME) Christine A. Davis | | TITLE Private Process Server |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on 5/27/2005
DATE

SIGNATURE OF SERVER

Brandywine Process Servers Ltd
ADDRESS OF SERVER
P.O. Box 1360
Wilmington, DE 19899

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorneys fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person. except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

2

RLF1-2879089-1

## EXHIBIT A

1. In hard copy and electronic format, provide the indices, catalogs, database libraries and/or reports indicating all of the backup tapes that were used for the weekly backups for the months of April and May 2002, the month end backup for the months of April and May 2002, and the backup for April 28, 2002 for the email servers (identified by server name) and the network servers (identified by server name).

2. In hard copy and electronic format, provide the indices, catalogs, database libraries and/or reports indicating which servers the following people were assigned to and/or likely had data residing on, during the creation of backup tapes used for the weekly backups for the months of April and May 2002, the month end backup for the months of April and May 2002, and the backup for April 28, 2002 for the email servers (identified by server name) and the network servers (identified by server name):

    a.    Daniel Bergeron

    b.    Randy Bloxsome

    c.    Marc Bouchard

    d.    Michael Boychuk

    e.    John Brunette

    f.    Kieren Bustamante

    g.    Barry Bunin

    h.    Charles Childers

    i.    Ashwin Chitamun

    j.    Daniel Cinq-Mars

    k.    Carl Condon

    l.    V. V. Cooke

    m.    Cynthia Eakin

    n.    Bill Enns

    o.    Serge Fortin

    p.    Francois Gauvin

    q.    Paolo Guidi

r.  Terry Jarman

s.  Michel Lalande

t.  David Masse

u.  Bruce Milla

v.  Andre Mongrain

w.  Kathy Morgan

x.  Michael Neuman

y.  Patrick Pichette

z.  Tip Powers

aa. Sally Runion

bb. Rebecca Sciaccitano

cc. Stephen P. Skinner

dd. Daniel Snyder

ee. Jose Tetrault

ff. Mark VanDoorn

gg. Stewart Verge

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2005, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Pauline K. Morgan, Esq. | Kevin Gross, Esq. |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | Joseph A. Rosenthal, Esq. |
| | ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A. |
| The Brandywine Building | |
| 1000 West Street, 17th Floor | 1401 Mellon Bank Center |
| P.O. Box 391 | P.O. Box 1070 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |

I hereby certify that on June 1, 2005, I have sent by Federal Express the foregoing document to the following non-registered participants:

| | |
|---|---|
| John Amato, Esq. | George J. Wade, Esq. |
| Hahn & Hessen LLP | Daniel Schimmel, Esq. |
| 488 Madison Avenue | SHEARMAN & STERLING LLP |
| New York, NY 10022 | 599 Lexington Avenue |
| | New York, NY 10022 |

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
GAZA@rlf.com

RLF1-2878527-1