IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                       Plaintiffs,

       v.                                           Civ. No. 04-CV-1266 (SLR)

BCE INC., *et al.*,

                       Defendants.
------------------------------------------------------------------------x

## THE COMMITTEE'S MOTION FOR AN ORDER GRANTING THE ISSUANCE OF A LETTER OF REQUEST TO THE APPROPRIATE QUÉBEC AUTHORITIES PURSUANT TO FED. R. CIV. P. 28(b)

The Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* (the "Committee") hereby moves for the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a Samson Belair/Deloitte & Touche s.e.n.c.r.l., to submit to a deposition (videotaped) in the within case.

In support of this Motion, the Committee respectfully represents as follows:

### A CIVIL MATTER IS PENDING IN A COURT OF COMPETENT JURISDICTION

1.     On May 28, 2002, the following subsidiaries of Teleglobe, Inc. ("TI") filed petitions for reorganization in this Court under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors").

2.  On June 11, 2002, the Office of the United States Trustee appointed the Committee.

3.  On May 26, 2004, the Debtors and the Committee (collectively, the "Plaintiffs") commenced this action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege in their complaint that, *inter alia*, (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties by, *inter alia*, continuing the build out of the GlobeSystem when the Debtors were insolvent or in the vicinity of insolvency.

4.  By order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d).

## NANTEL POSSESSES INFORMATION RELEVANT TO THIS ACTION WHICH, ABSENT A LETTERS OF REQUEST, CANNOT BE OBTAINED

5.  As detailed in the accompanying Declaration of John P. Amato, dated July 27, 2005, annexed hereto as Ex. 1, to which the Court is respectfully referred, Nantel possesses information that is material and necessary to the prosecution of Plaintiffs' claims.

6.  The Committee has no alternative but to request this Court to issue a Letter of Request to the Canadian authorities because, upon information and belief, Nantel cannot be served with a subpoena to compel her deposition, and the Committee has been unable to secure her voluntary compliance. Thus, a Letter of Request is necessary to secure the power to examine Nantel in Canada.

## THE DISCOVERY SOUGHT IS DIRECTED AT A PURPOSE FOR WHICH LETTERS OF REQUEST COULD BE ISSUED IN QUEBEC

7. The purpose of this Motion is to order the deposition of Nantel.

8. This Motion is made in accordance with Section 9 of Quebec's Special Procedure Act, entitled "Evidence Taken in Quebec at the Request of a Court of Another British Possession or of a Foreign Country," Revised Statutes of Quebec c. P-27, s. 9 ("R.S.Q., c. P-27, s. 9") (2003). Pursuant to R.S.Q., c. P-27, s. 9, when there is a civil case pending in a foreign country, the Superior Court of Quebec, or a judge thereof, may order that a witness in Quebec be examined under oath, by means of questions in writing, or by personal appearance, and may be compelled to produce documents.

9. The text of the statute is as follows:

> When, upon petition to that effect, it is shown to the Superior Court or to one of the judges thereof, charged with the administration of justice in the district, that a court of any other Province of Canada, or of any other British possession, or of a foreign country, before which any civil or commercial case is pending, desires to have the evidence of any party or witness in the district, such court or judge may order that such party or witness may be examined under oath, either by means of question in writing or otherwise, before any person mentioned in the said order, and may summon, by the same or by a subsequent order, such party or witness to appear for examination, and may order him to produce any writing or document mentioned in the order, or any other writing or document relating to the matter, and which may be in his possession. R.S.Q., c. P-27, s. 9.

10. This Motion is also being made in accordance with Section 46 of the Canada Evidence Act, which permits the Provincial courts to order the examination under oath of a witness for purposes of a case pending before a foreign tribunal.

11. The evidence produced pursuant to this Motion may be used at the trial of this matter, and in pre-trial proceedings.

## RELIEF REQUESTED AND BASIS THEREFORE

By this Motion, the Committee seeks, pursuant to Rule 28(b) of the Fed. R. Civ. P., the entry of an order issuing a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, directing Nantel to submit to a deposition under oath. The nature of the Motion is such that the Committee believes an opening brief is unnecessary and therefore waives its filing. D.Del. L.R. 7.1.2.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Ex.2: (a) issuing said Letter of Request; and (b) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
August 2, 2005

                                **ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.**

                                Kevin Gross (No. 209)
                                1401 Mellon Bank Center
                                P.O. Box 1070
                                Wilmington, Delaware 19899-1070
                                Telephone: (302) 656-4433
                                Facsimile: (302) 658-7567

                                and

                                **HAHN & HESSEN LLP**
                                John P. Amato
                                Mark S. Indelicato
                                Jeffrey L. Schwartz
                                488 Madison Avenue
                                New York, New York 10022
                                Telephone: (212) 478-7200
                                Facsimile: (212) 478-7400

                                *Attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communication Corporation, et al.*

# EXHIBIT 1

# TO MOTION DECLARATION OF JOHN P. AMATO

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                         Debtors.

------------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                         Plaintiffs,

               v.

BCE INC., *et al.*,

                       Defendants.
------------------------------------------------------------------------x

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Civ. No. 04-CV-1266 (SLR)

### DECLARATION OF JOHN P. AMATO IN SUPPORT OF
### THE COMMITTEE'S MOTION FOR A LETTER OF REQUEST

**JOHN P. AMATO**, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1746, declares, under the penalties of perjury, the following to be true and correct:

1.    I am a member of the law firm of Hahn & Hessen LLP, attorneys for the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* ("Committee"), one of the Plaintiffs in this action, and an attorney duly admitted to practice law in the State of New York, and admitted *pro hac vice* to the Delaware District Court for the purpose of representing the Committee in this action.

2.    I am fully familiar with the facts and circumstances hereinafter set forth, and submit this Declaration in support of the Committee's Motion for an Order granting the issuance of a Letter of Request to the appropriate authorities in Québec, Canada, directing the attendance and deposition (videotaped) of Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a Samson Belair/Deloitte & Touche s.e.n.c.r.l. ("Deloitte & Touche").

3.    Nantel has information that is material and necessary to the Committee's prosecution of its claims, and for which there is no alternative source. Despite the Committee's

1198179.1/RJM/585847/007 7/18/2005

good faith effort to secure Nantel's voluntary cooperation, she has refused its request. Because Nantel resides in Canada and, therefore, is beyond this Court's subpoena power, the Committee seeks a Letter of Request to the appropriate Canadian authorities. Thus, the basis for the Motion.

## BACKGROUND

4.  On May 26, 2004, the Debtors[1] and the Committee (collectively, the "Plaintiffs") commenced the instant action against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart `Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants"). Plaintiffs allege, *inter alia*, that (1) BCE materially breached its agreement with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem"); and (2) Defendants breached their fiduciary duties to the Debtors and the Committee by, *inter alia*, continuing the build out of the GlobeSystem when the Debtors were insolvent or in the vicinity of insolvency.

## THE WITNESS HAS INFORMATION RELEVANT TO THE PROSECUTION OF THIS MATTER

5.  Deloitte & Touche audited the financial statements of BCE, the Debtors' parent company, Teleglobe, Inc. ("TI"), and the Debtors for the years ending 2000 and 2001, and, thus, Nantel, as a Deloitte & Touche audit partner, is intimately familiar with the financial affairs of these companies, including, *inter alia*, their financing arrangements, goodwill accounting, cash

---

[1] Debtors collectively refers to Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., Teleglobe Submarine Inc.

flow situation and solvency. Information concerning the financial affairs of BCE, TI, and the Debtors is relevant to the Committee's claims.

**THE COMMITTEE MADE A GOOD
FAITH EFFORT TO OBTAIN THE REQUESTED
<u>DISCOVERY FROM THE WITNESS</u>**

6.  On August 11, 2004, the Committee served the New York office of Deloitte & Touche LLP, a firm associated with Deloitte Touche Tohmatsu (a Swiss Verein with numerous member firms around the globe, including Quebec, Canada), with a subpoena seeking Deloitte & Touche's deposition and the production of certain documents. Deloitte & Touche's New York office objected to the subpoena on the grounds that they did not have possession, custody or control of the information sought, claiming instead that possession, custody or control lies with Deloitte & Touche in Canada. In this regard, their common association notwithstanding, Deloitte & Touche in New York claimed that it is an entity separate and distinct from Deloitte & Touche in Canada, and suggested that we contact the latter directly – which we did. Deloitte & Touche in Canada, however, ignored our request to voluntarily provide the discovery the Committee seeks.

7.  On or about February 10, 2005, the Committee moved this Court for an order directing the issuance of a Letter of Request demanding the attendance and deposition of and the production of certain documents by Deloitte & Touche and Nantel. Said motion was granted by an Order dated February 11, 2005, and a Letter of Request was issued (the "First Letter of Request") (*see* Ex. A, annexed hereto). Based on the First Letter of Request, on March 17, 2005, the Committee moved the Superior Court of Quebec for an *ex parte* order directing Deloitte & Touche and Nantel to appear at a deposition and produce the requested documents; which motion was granted by the Quebec Superior Court, Honorable Justice Diane Marcelin (the "Judgment").

8. On or about April 8, 2005, Deloitte & Touche made a motion to revoke the Judgment. While Deloitte & Touche's motion was pending, we endeavored to reach a compromise with Deloitte & Touche regarding the scope of discovery sought. In fact, at one point, Deloitte & Touche agreed to produce Nantel for a deposition. Unfortunately, Deloitte & Touche broke-off the discussions and proceeded with its motion. On July 7, 2005, the Quebec Superior Court, Honorable Justice Helene Poulin, granted Deloitte & Touche's motion, thereby revoking the Judgment in its entirety (the "Revocation Order") (a copy of the Revocation Order, together with its English translation, is annexed hereto as Exs. B and C, respectively). Notably, the Revocation Order was decided, without prejudice, on procedural grounds and focused on the document production sought by the Committee. In this regard, Justice Poulin found that (1) Justice Marcelin exceeded the scope of her jurisdiction when deciding in the Judgment that Kathy Morgan, as Plan Administrator in respect of, among others, the Debtors and TI, had the authority to waive the Canadian privilege of professional secrecy; (2) the Canadian Business Concerns Records Act precluded, *inter alia*, removal of the documents the Committee sought; and (3) the document request was too broad. Despite the fact that the Revocation Order focused on the document production, the order revoked the entire Judgment, thus, canceling Nantel's deposition.

9. On July 19, 2005, the Committee requested that Deloitte & Touche produce Nantel for a deposition, as it previously agreed to do. Deloitte & Touche refused to comply with the Committee's request without a court order, and, thus, this Motion ensued.

## AFFIRMATIVE REPRESENTATIONS

10. The Committee agrees to tender to the Quebec Superior Court the fees that Nantel would be entitled to at trial, otherwise known as "expense and conduct money." The Committee agrees to provide a translator for her should that be deemed necessary.

11. The Committee also offers to tender into the Superior Court of Quebec such sums as shall (a) be sufficient to defray the traveling costs of the hearing examiner, and (b) be deemed necessary by the Superior Court of Quebec pursuant to Article 281.1 of the Quebec Code of Civil Procedure.

12. The Committee agrees that the proposed oral examination of Nantel would be of ordinary duration and would be conducted in accordance with the applicable procedural rules of the Quebec, but request that the deposition be videotaped.

13. The issuance of the Letter of Request is not contrary to the public policy of Canadian jurisprudence.

**WHEREFORE,** the Committee respectfully requests that this Court issue a Letter of Request in the form annexed to the Order Granting the Issuance of a Letter of Request to the Appropriate Québec Authorities, submitted herewith, in order to permit the Committee to conduct the necessary discovery in this case.

Dated: New York, New York
July 27, 2005

_____
JOHN P. AMATO

# EXHIBIT A

# TO DECLARATION

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

                              Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

---------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

                              Plaintiffs,

                v.

BCE INC., et al.,

Civ. No. 04-CV-1266 (SLR)

                              Defendants.
---------------------------------------------------------x

## LETTER OF REQUEST
### RE: DELOITTE & TOUCHE LLP a/k/a SAMSON BELAIR/DELOITTE & TOUCHE s.e.n.c.r.l. and GINETTE NANTEL

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF QUEBEC, CANADA:

**GREETINGS** to our neighboring Judicial Officers with whom we have the utmost feelings of goodwill;

**WHEREAS**, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

**WHEREAS**, the purpose of this Letter of Request is to obtain the assistance of the appropriate judicial authority in the Province of Quebec, Canada, in order to obtain a deposition and to compel responses to document requests from Deloitte & Touche LLP a/k/a Samson Belair/Deloitte & Touche s.e.n.c.r.l. ("Deloitte & Touche"), including Ginette Nantel (a Deloittle & Touche partner), a purpose for which Letters of Request could be issued under the Canada Evidence Code and Quebec's Special Procedure Act. The evidence secured in accordance with this Letter of Request will be used at the trial of the above-captioned matter and in related proceedings in advance of the trial;

1185571.1/CYN/585847/007 2/9/2005

**WHEREAS**, the United States District Court for the District of Delaware is ready and willing to assist Canada in a similar case or with a similar request in the future. In this regard, under United States law, pursuant to 28 U.S.C. §1782(a), a federal district court such as this one may order any person found in its district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal upon the application of any interested person;

**WHEREAS**, on May 15, 2002, Teleglobe Inc. ("TI"), Teleglobe Financial Holdings Ltd., Teleglobe Canada Limited Partnership, and Teleglobe Canada Management Services Inc. and the 11 Debtors described below commenced insolvency proceedings under the Canadian Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice in Toronto, Ontario;

**WHEREAS**, on May 28, 2002, the following subsidiaries of TI filed petitions for reorganization in United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors");

**WHEREAS**, on June 11, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of the Debtors (the "Committee");

**WHEREAS**, by order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157 (d).

2

## A CIVIL MATTER IS PENDING IN A
## COURT OF COMPETENT JURISDICTION

**WHEREAS**, on May 26, 2004, the Debtors and the Committee commenced an adversary proceeding against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants");

**WHEREAS**, that action is pending in the United States District Court for the District of Delaware and bears case number Civ. No. 04-CV-1266 (SLR);

## NATURE AND STATUS OF THE COMPLAINT

**WHEREAS**, the complaint alleges, *inter alia*, that (1) BCE materially breached its agreement (the "BCE Funding Agreement") with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem") by failing to provide said funding; and (2) Defendants breached their fiduciary duties to the Debtors and the Committee by, *inter alia*, continuing the build out of the GlobeSystem at a time when the Debtors were insolvent or in the vicinity of insolvency;

**WHEREAS**, on September 15, 2004, Defendants have moved to dismiss this complaint for failure to state a cause of action against them, and the motion will be fully submitted on February 16, 2005, after oral argument scheduled on that date;

**WHEREAS**, by Order dated September 2, 2004, this Court ordered discovery to proceed pending determination of Defendants' motion to dismiss;

**WHEREAS**, this Court has jurisdiction over the pending case, and is a competent court of law and equity;

3

**WHEREAS**, the Committee is a party and is authorized by Fed. R. Civ. P. 45 to take discovery of non-party witnesses concerning any non-privileged matter that is relevant to the claims or defenses of any party;

## THE TESTIMONY OF THE WITNESS IS MATERIAL AND NECESSARY

**WHEREAS**, the complaint alleges that TI was the parent (directly or indirectly) of each of the Debtors; and BCE was the parent of TI, and the indirect parent of all of the Debtors;

**WHEREAS**, the complaint alleges that BCE, as part of its effort to dominate and control every aspect of TI's and the Debtors' businesses, caused TI and the Debtors to appoint Deloitte & Touche, BCE's long time auditors, as their own auditors. Deloitte & Touche replaced Arthur Anderson as TI's and the Debtors' auditor. The Committee asserts that Deloitte & Touche audited BCE's, TI's, and the Debtors' financial statements for the years ending 2000 and 2001, and is, thus, intimately familiar with their financial affairs during the relevant time period (January 1, 2000 through December 31, 2002), and, in particular, the cash flow situation of TI and the Debtors. Additionally, the Committee asserts that in representation letters dated January 23, 2002 and February 27, 2002 provided to Deloitte & Touche in connection with its audit of BCE's and TI's financial statements, TI stated that BCE had committed to contribute Cdn$1.0 billion to support the working capital and debt repayment requirements of TI and the Debtors over the next twelve months. The Committee asserts that BCE subsequently changed its mind regarding the funding commitment and negotiated changes to the representation letters previously provided to Deloitte & Touche. The Committee asserts that BCE and Deloitte & Touche agreed to make changes to the representation letters in order to make it appear that BCE's Cdn$1 billion funding obligation was contingent, rather than firm. The Committee asserts that Ginette Nantel was instrumental in the alteration of the letters of representation. The

4

Committee asserts that on April 24, 2002, a new representation letter was issued, and eight (8) days later BCE announced that it was terminating the funding of the GlobeSystem;

**WHEREAS,** the Committee asserts that Arthur Andersen was the auditor for TI and/or the Debtors for the years ending 1998 and 1999, and that Deloitte & Touche hired *en masse* some of the former Arthur Andersen partners in Canada. Thus, the Committee believes Deloitte & Touche and its employees and/or partners are in possession of information regarding the transfer of auditors, including the reasons therefore, as well the Debtors' and TI's financial condition just prior to their acquisition by BCE.

**WHEREAS,** the evidence that would be supplied by Deloitte & Touche and Ginette Nantel is not otherwise obtainable;

**WHEREAS,** Deloitte & Touche and Ginette Nantel have knowledge of material facts for the prosecution of this action and their testimony and response to document requests is vital.

### THE QUEBEC SUPERIOR COURT HAS JURISDICTION OVER THE WITNESSES AND THE DOCUMENTS REQUESTED

**WHEREAS,** Deloitte & Touche does business in Montréal, Québec, Canada, and is believed to have audited the financial statements of BCE, TI and/or the Debtors from 2000 to 2002. At the time of those alleged audits, Deloitte & Touche's address was 1, Place Ville-Marie, Montréal, Québec, Canada H3B 4T9. Ginette Nantel is at the same business address. Deloitte & Touche has a professional responsibility to maintain work papers and other documents pertaining to client audits for a period of seven years. Upon information and belief, Deloitte & Touche is still at this address and the documents and records requested in Schedule A are available in Quebec. Thus, the evidence sought is within the jurisdiction of the appropriate judicial authority in the Province of Quebec.

**WHEREAS**, this Court is satisfied that Deloitte & Touche has yet to voluntarily comply with requests to give deposition testimony on the topics set forth herein or produce the documents identified on Schedule A;

**WHEREAS**, this Court is satisfied that Ginette Nantel has knowledge of material facts necessary for the prosecution of this case, and her oral testimony is vital;

**WHEREAS**, this Court is satisfied that it appears necessary that the documents listed on the annexed Schedule A be produced to the Committee and that Deloitte & Touche designate one or more officers, directors, managing agents, or other agents and employees who consent to testify on its behalf and are knowledgeable as to the subject matters and documents listed on the annexed Schedule A;

## APPROPRIATE FEES ARE HEREBY TENDERED TO THE COURT

**WHEREAS**, the Committee agrees to tender into the Superior Court of Quebec such sums as shall be determined by that court to be sufficient to defray the traveling costs of the person before whom the deposition shall be taken;

**WHEREAS**, the Committee agrees to tender into the Superior Court of Quebec such sums as necessary under Article 281.1 of the Quebec Code of Civil Procedure in order to defray the traveling costs of the witnesses, as well as their expenses and loss of time, and the indemnity allowed to witnesses summoned to give evidence at a trial; and

**WHEREAS**, the Committee agrees to provide a translator should that be deemed necessary;

**WE THEREFORE REQUEST** that in the interest of justice you issue an order by your proper and usual process:

1. Summoning Deloitte & Touche and Ginette Nantel to appear before you or before a duly appointed person capable of administering an oath to give testimony under oath by questions and answers upon oral deposition, and that such depositions continue from day to day until completed;

2. Giving John P. Amato, of Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, and George J. Wade and Daniel Schimmel, of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069, at least 30 days advance notice of the taking of the deposition and affording them the opportunity to participate in such deposition to the extent permitted by Quebec and Canadian law.

3. Directing that a stenographic written record be made of the depositions by an independent court reporter, and that the depositions be videotaped by a competent professional.

4. Ordering Deloitte & Touche and Ginette Nantel to produce to Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, photocopies of the documents specified on Schedule A hereto at least twenty-five (25) business days prior to said deposition; and

**IT IS FURTHER REQUESTED** that you or such duly appointed person cause the depositions to be reduced to writing and cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned to John P. Amato, Esq., Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, under cover duly sealed and addressed to the Clerk of the United States District Court for the District of Delaware, United States of America, for return thereto.

7

WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this ____ day of February, 2005.

_____
Chief Judge Sue L. Robinson
United States District Judge

[Seal of the United States District Court]

_____
Dr. Peter T. Dalleo
Clerk of the Court
United States District Court
District of Delaware

8