# EXHIBIT 2

# TO MOTION

# ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                Plaintiffs,

            v.                    Civ. No. 04-CV-1266 (SLR)

BCE INC., *et al.*,

                Defendants.

------------------------------------------------------------------------x

## ORDER GRANTING THE ISSUANCE OF A LETTER OF REQUEST
## TO THE APPROPRIATE QUÉBEC AUTHORITIES

This matter coming before the Court on the Motion of the Official Committee of

Unsecured Creditors of Teleglobe Communications Corporation, *et al.*, for an Order Granting the

Issuance of a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, (the

"Motion") directing Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a

Samson Belair/Deloitte & Touche s.e.n.c.r.l, to submit to a deposition (videotaped) in the within

adversary proceeding.

The Court having reviewed the Motion and having determined that the relief sought in

the Motion is in the best interests of the Committee; and after due deliberation and sufficient

cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED.

2.      A Letter of Request will be issued to the appropriate authorities in Montreal,

Quebec, Canada to Nantel and in accordance with the form annexed hereto as Ex. 1.

Dated: Wilmington, Delaware
        _____ ___, 2005

                                  _____
                                    The Honorable Sue L. Robinson, Chief Judge
                                    United States District Judge

# EXHIBIT 1

# TO ORDER

# LETTER OF REQUEST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

.

-----------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

                                    Plaintiffs,

                    v.

BCE INC., *et al.*,

                                    Defendants.              Civ. No. 04-CV-1266 (SLR)
-----------------------------------------------------------------------x

## LETTER OF REQUEST RE: GINETTE NANTEL

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE
APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF QUEBEC, CANADA:

**GREETINGS** to our neighboring Judicial Officers with whom we have the utmost

feelings of goodwill;

**WHEREAS**, a spirit of comity has long existed between Canada and the United States of

America regarding mutual assistance in judicial proceedings to further the interests of justice;

**WHEREAS**, the purpose of this Letter of Request is to obtain the assistance of the

appropriate judicial authority in the Province of Quebec, Canada, in order to obtain a deposition

of Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a Samson Belair/Deloitte

& Touche s.e.n.c.r.l. ("Deloitte & Touche"), a purpose for which Letters of Request could be

issued under the Canada Evidence Code and Quebec's Special Procedure Act. The evidence

secured pursuant to this Letter of Request maybe used at the trial of the above-captioned matter

and in related proceedings in advance of the trial;

**WHEREAS**, the United States District Court for the District of Delaware is ready and

willing to assist Canada in a similar case or with a similar request in the future. In this regard,

under United States law, pursuant to 28 U.S.C. §1782(a), a federal district court such as this one

may order any person found in its district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal upon the application of any interested person;

**WHEREAS**, on May 15, 2002, Teleglobe Inc. ("TI"), Teleglobe Financial Holdings Ltd., Teleglobe Canada Limited Partnership, and Teleglobe Canada Management Services Inc. and the eleven (11) Debtors described below commenced insolvency proceedings under the Canadian Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice in Toronto, Ontario;

**WHEREAS**, on May 28, 2002, the following subsidiaries of TI filed petitions for reorganization in United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors");

**WHEREAS**, on June 11, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of the Debtors (the "Committee");

**WHEREAS**, by order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157 (d).

## A CIVIL MATTER IS PENDING IN A
## COURT OF COMPETENT JURISDICTION

**WHEREAS**, on May 26, 2004, the Debtors and the Committee commenced an adversary proceeding against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants");

**WHEREAS**, that action is pending in the United States District Court for the District of Delaware and bears case number Civ. No. 04-CV-1266 (SLR);

## NATURE AND STATUS OF THE ACTION

**WHEREAS**, the complaint alleges, *inter alia*, that (1) BCE materially breached its agreement (the "BCE Funding Agreement") with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem") by failing to provide said funding; and (2) Defendants breached their fiduciary duties to the Debtors and the Committee by, *inter alia*, continuing the build out of the GlobeSystem at a time when the Debtors were insolvent or in the vicinity of insolvency;

**WHEREAS**, by Order dated September 2, 2004, this Court ordered discovery to proceed pending determination of Defendants' planned motion to dismiss this complaint for failure to state a cause of action against them;

**WHEREAS,** on September 15, 2004, Defendants moved to dismiss this complaint. By Order dated March 23, 2005, Defendants' motion was denied and discovery in the case is proceeding;

**WHEREAS**, this Court has jurisdiction over the pending case, and is a competent court of law and equity;

WHEREAS, the Committee is a party and is authorized by Fed. R. Civ. P. 45 to take discovery of non-party witnesses - such as Nantel - concerning any non-privileged matter that is relevant to the claims or defenses of any party;

### THE TESTIMONY OF THE WITNESS IS MATERIAL AND NECESSARY

WHEREAS, the Committee asserts that Deloitte & Touche audited BCE's, TI's, and the Debtors' financial statements for the years ending 2000 and 2001, and, thus, Nantel, a Deloitte & Touche audit partner, is intimately familiar with the financial affairs of these companies during the relevant time period (January 1, 2000 through December 31, 2002), including, *inter alia*, their financing arrangements, goodwill accounting, cash flow situation, and solvency.

WHEREAS, the evidence that would be supplied by Nantel is not otherwise obtainable;

WHEREAS, Nantel has knowledge of material facts for the prosecution of this action and her testimony is vital.

### THE QUEBEC SUPERIOR COURT HAS JURISDICTION OVER NANTEL

WHEREAS, Nantel, as a Deloitte & Touche partner, does business in Montréal, Québec, Canada. Thus, the evidence sought is within the jurisdiction of the appropriate judicial authority in the Province of Quebec.

WHEREAS, this Court is satisfied that Nantel has yet to voluntarily comply with requests to give deposition testimony on the topics described above;

WHEREAS, this Court is satisfied that Nantel has knowledge of material facts necessary for the prosecution of this case, and her oral testimony is vital;

### APPROPRIATE FEES ARE HEREBY TENDERED TO THE COURT

WHEREAS, the Committee agrees to tender into the Superior Court of Quebec such sums as necessary under Article 281.1 of the Quebec Code of Civil Procedure in order to defray

the traveling costs of Nantel, as well as her expenses and loss of time, and the indemnity allowed to witnesses summoned to give evidence at a trial; and

**WHEREAS,** the Committee agrees to provide a translator should that be deemed necessary;

**WE THEREFORE REQUEST** that in the interest of justice you issue an order by your proper and usual process:

1.    Summoning Nantel to appear before you or before a duly appointed person capable of administering an oath to give testimony under oath by questions and answers upon oral deposition, and that such depositions continue from day to day until completed;

2.    Giving John P. Amato, of Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, and George J. Wade and Daniel Schimmel, of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069, at least 30 days advance notice of the taking of the deposition and affording them the opportunity to participate in such deposition to the extent permitted by Quebec and Canadian law.

3.    Directing that a stenographic written record be made of the depositions by an independent court reporter, and that the depositions be videotaped by a competent professional; and

**IT IS FURTHER REQUESTED** that you or such duly appointed person cause the depositions to be reduced to writing and cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned to John P. Amato, Esq., Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, under cover duly sealed and addressed to the

Clerk of the United States District Court for the District of Delaware, United States of America, for return thereto.

 **WITNESS**, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this _____ day of _____ 2005.


                _____
                Chief Judge Sue L. Robinson
                United States District Judge

[Seal of the United States District Court]


                _____
                Dr. Peter T. Dalleo
                Clerk of the Court
                United States District Court
                District of Delaware

# EXHIBIT  B

# TO DECLARATION

**COUR SUPÉRIEURE**

CANADA
PROVINCE DE QUÉBEC
DISTRICT DE MONTRÉAL

N° :      500-17-024842-059

DATE :   7 JUILLET 2005

_____

SOUS LA PRÉSIDENCE DE : L'HONORABLE HÉLÈNE POULIN, J.C.S.

_____

**TELEGLOBE COMMUNICATIONS,
CORPORATION, TELEGLOBE USA INC.,
OPTEL TELECOMMUNICATIONS, INC.,
TELEGLOBE HOLDINGS (US),
CORPORATION, TELEGLOBE MARIEN,
(US) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP.,
TELEGLOBE LUXEMBOURG LLC,
TELEGLOBE PUERTO RICO INC., and
TELEGLOBE SUBMARINE INC.,**

     Débiteurs

-et-

**TELEGLOBE COMMUNICATIONS
CORPORATION et al.,**
     Demandeurs

c.

**BCE INC. et al.,**
     Défendeurs

-et-

**SAMSON BÉLAIR/DELOITTE & TOUCHE LLP,**
     Requérante

JP1504

JUGEMENT

[1]    Invoquant que le jugement prononcé par madame la juge Diane Marcelin, j.c.s., le 17 mars 2005, accueillant une requête pour interrogatoire hors de cour de tiers au litige et production de documents, affecterait ses droits, Deloitte & Touche LLP **(Deloitte)** demande au Tribunal de le rétracter.

[2]    Teleglobe Communications Corporation et al. **(Teleglobe)** conteste la requête.

## LES FAITS, LES PRÉTENTIONS DES PARTIES ET LA QUESTION EN LITIGE

[3]    Dans le cadre d'une poursuite que Teleglobe intente aux États-Unis contre BCE inc. **(BCE)**, madame la juge Sue H. Robinson, juge en chef de la Cour de district pour le district du Delaware, délivre une «Letter of Request» le 11 février 2005. Par le biais de cet écrit, cette dernière vise principalement, comme lui permet de le faire l'article 9 de la *Loi sur certaines procédures*[1], à obtenir la collaboration de la Cour supérieure du Québec afin de forcer Deloitte, de même que sa représentante Ginette Nantel, à se soumettre à un interrogatoire hors de cour et à produire des documents qui pourront par la suite être utilisés aux États-Unis dans le cadre de l'affaire plus haut citée.

[4]    Forte de la lettre rogatoire, le 17 mars suivant, Teleglobe présente une «Motion for an Order to Appear for Examination and to Produce Documents» que madame la juge Diane Marcelin entend et accueille le jour même[2]. C'est de ce jugement que Deloitte demande maintenant la rétractation.

[5]    Pour appuyer son argumentation, Deloitte plaide principalement que:

-    le jugement prononcé le 17 mars 2005 va au-delà de ce que la «Letter of Request» lui permet d'accorder, contrevenant ainsi à l'article 9 de la *Loi sur certaines procédures*[3] qui prévoit que:

> «9. Lorsque, sur requête à cette fin, il est prouvé à la Cour supérieure ou à l'un des juges de cette cour, chargé d'administrer la justice dans le district, qu'un tribunal de toute autre province du Canada, ou de toute autre possession britannique, ou d'un pays

---

[1]    *Loi sur certaines* procédures, L.R.Q., c. P-27.
[2]    Voir le jugement daté du 17 mars 2005.
[3]    Supra, note 1.

commerciale, désire avoir le témoignage de quelque partie ou témoin qui se trouve dans le district, le tribunal ou ce juge peut ordonner que la partie ou le témoin soit interrogé sous serment, par questions écrites ou autrement, devant toute personne dénommée au dit ordre, <u>et peut assigner, par le même ordre ou par un ordre subséquent, cette partie ou ce témoin à comparaître pour rendre témoignage et lui enjoindre de produire tous écrits ou documents mentionnés dans l'ordre, ou tous autres écrits ou documents relatifs à l'affaire et qui sont en sa possession.</u>»

(La soussignée souligne);

- cette décision va à l'encontre de la *Loi sur les dossiers d'entreprises*[4] dont l'article 2 prohibe le transport des documents relatifs à une entreprise et qui se lit comme suit:

   «**2.** Sous réserve de l'article 3, nul ne peut, à la suite ou en vertu d'une réquisition émanant d'une autorité législative, judiciaire ou administrative extérieure au Québec, transporter ou faire transporter, ou envoyer ou faire envoyer, d'un endroit quelconque au Québec à un endroit situé hors de celui-ci, aucun document ou résumé ou sommaire d'un document relatif à une entreprise.»

- la description des documents est vague et imprécise, ce qui constituerait une demande abusive et déraisonnable conduisant à une véritable partie de pêche;

- ses comptables, qui sont tenus au secret professionnel, ne peuvent pas témoigner relativement aux questions soulevées dans la lettre rogatoire.

[6]   Pour contrer les prétentions de Deloitte, Teleglobe allègue au contraire que:

- la «Letter of Request» a été obtenue en vertu d'une disposition légale ayant pour but de demander la collaboration d'un tribunal québécois;

- Deloitte n'est pas justifiée de s'opposer au témoignage de Ginette Nantel puisqu'il lui sera toujours loisible de formuler en temps et lieu des objections quant aux questions qui lui seront posées;

- Kathy Morgan, mandataire autorisée de Teleglobe, a renoncé au secret professionnel par lequel était liée Deloitte. En conséquence elle ne peut plus prétendre devoir le respecter;

---

[4]   *Loi sur les dossiers d'entreprises*, L.R.Q., c. D-12.

qui lui en fait la demande.

[7]     Qu'en est-il ?

## *LA DISCUSSION ET LA DÉCISION*

[8]     Dans le cadre de la présente affaire, comme Deloitte n'était pas partie aux procédures intentées en première instance, la requête ne lui a pas été signifiée. Son absence n'est toutefois pas sans remède, nous apprend la jurisprudence, puisqu'elle peut se pourvoir contre le jugement par voie de tierce opposition[5] afin d'en obtenir la rétractation, ce qu'elle a décidé de faire.

[9]     Son recours est-il fondé ?

-       l'étendue du jugement prononcé le 17 mars 2005

[10]    La preuve a révélé que ce jugement accorde plus que ce que la lettre rogatoire ne lui permet de faire. En effet, alors que ni la requête présentée à madame la juge Robinson ni la «Letter of Request» que cette dernière délivre le 11 février 2005 ne font référence à Kathy Morgan, madame la juge Marcelin donne acte à la renonciation au secret professionnel que cette dernière aurait formulée à l'égard des dossiers de Deloitte le 15 mars 2005 (P-2), ce qu'elle n'avait pas la compétence de faire.

[11]    Plus précisément, il appert du dossier que la conclusion qui cerne l'étendue des témoignages et l'identification des documents et qui constitue l'élément-clé de son jugement précise ce qui suit:

> «(...) as long as these questions relate to matters included in the Waiver of Privilege and professional secrecy of Kathy Morgan to Deloitte & Touche dated March 15, 2005 (...)»

[12]    Dans l'affaire *Asbestos*[6], le juge Beauregard écrit ce qui suit:

> «(...) Le tribunal québécois ne pouvait pas rendre un jugement qui accordait plus que ce qui avait été ordonné par le tribunal étranger.»

---

[5]  *Nesmith c. Benesh*, [1983] R.J.Q. 549 (C.A.), *Ram Laminating Products inc. c. Unit Structures inc.*, [1990] R.D.J. 330 (C.A.), p. 33 et *Osborne c. Spokane (Cité de)*, J.E. 86-509 (C.S.).
[6]  *Asbestos Corporation ltd. c. Eagle-Picher Industries inc.*, [1984] R.D.J. 253 (C.A.), p.259.

analysera cependant les autres moyens soulevés par Deloitte

-       l'article 2 de la *Loi sur les dossiers d'entreprises*

[14]    Tel qu'il appert de l'article 2 plus haut cité et des dispositions de la même loi qui définissait les mots «document» et «entreprise»[7], nul ne peut, entre autres à la suite d'une lettre rogatoire, transporter ou envoyer hors du Québec des documents relatifs à une entreprise.

[15]    La jurisprudence enseigne que:

-       est prohibée la production de dépositions et de documents s'ils sont recueillis à la suite de la délivrance de lettres rogatoires dans le but d'être utilisés dans une instance judiciaire pendante devant un tribunal étranger[8], cette interdiction s'adressant à tous;

-       cette prohibition vise également tout document, résumé ou sommaire de document relatifs à une entreprise d'affaires au Québec qui ne peuvent servir hors du Québec de même que tout ce qui s'y rapporte[9];

-       de plus l'interdiction couvre non seulement les documents de nature comptable et financière mais tout rapport, tout écrit et toute pièce faisant partie des dossiers et archives d'une entreprise et réfère autant aux documents internes qu'à ceux ayant fait l'objet d'une circulation externe[10];

        Le contenu de tels documents ne saurait davantage être révélé par un interrogatoire ou par un autre moyen[11];

---

[7] «1. Dans la présente loi, les mots suivants désignent:
    «document»:
    *a)* «document»: un compte, un bilan financier, un état des recettes et des dépenses, un état des profits et pertes, un état de l'actif et du passif, un inventaire, un rapport et tout autre écrit ou pièce faisant partie des dossiers ou archives d'une entreprise d'affaires;
    «entreprise»;
    *b)* «entreprise»: toute entreprise d'affaires au Québec;»

[8] *Ram Laminating Products inc. c. Unit Structures inc.*, [1990] R.D.J. 330 (C.A.), p. 33 et *Osborne c. Spokane (Cité de)*, J.E. 86-509 (C.S.)

[9] *Pelnar c. Insurance Company of North America*, [1985] R.D.I. 354 (C.A.)

[10] *Supra*, note 9.

[11] *Supra*, note 9.

la signature qu'il porte et le sujet dont il traite puisqu'il s'agit là d'informations qui font partie de son contenu[12].

Case 1:04-cv-01266-SLR   Document 262   Filed 05/20/05   Page 1 of 29

[16]    En conséquence, le Tribunal conclut que l'article 9 de la *Loi sur certaines procédures* doit céder le pas à l'article 2 de la *Loi sur les dossiers d'entreprises*. «Avant d'exercer sa discrétion en vertu de l'article 9 de la *Loi sur certaines procédures* et de venir en aide au tribunal étranger, le tribunal québécois doit s'assurer que l'aide au tribunal étranger n'est pas défendue par une loi de son pays[13]».

[17]    Vu ce qui précède, le Tribunal est d'avis que l'article 2 de la *Loi sur les dossiers d'entreprises* s'applique à l'Annexe A jointe à la «Letter of Request».

[18]    Puisque les documents qui y sont nommés de même que leur contenu ne peuvent être ni produits ni communiqués ni exhibés ni copiés[14] ni d'aucune façon révélés, l'ordonnance rendue le 17 mars 2005 va à l'encontre de l'article 2 plus haut cité et doit être rétractée.

-       les documents sont vagues et imprécis

[19]    Deloitte allègue subsidiairement que les documents mentionnés dans l'ordonnance sont vagues et imprécis. Selon elle, demander de les obtenir équivaudrait à pratiquer une expédition de pêche. Le Tribunal partage cette opinion[15]. Comme l'écrivait le juge Chevalier dans l'affaire *Nacan*[16]:

> «[...] la façon extrêmement générale et globale dont est rédigée la liste des écrits dont on veut prendre connaissance me paraît indiquer clairement qu'il s'agit pour l'appelante d'aller à la pêche et de pratiquer une fouille exhaustive dans la documentation interne de l'intimée,... pour le cas où elle pourrait y trouver matière à servir sa cause.»

[20]    En l'espèce, l'ordonnance vise la production de tous les documents mentionnés à l'Annexe A et plus précisément ceux auxquels réfère Kathy Morgan dans la lettre qu'elle signe le 15 mars 2005. Cette demande concerne en somme tous les documents qui ont été remis à Deloitte bien qu'elle ne précise ni le sujet ni l'objet ni le lien qu'ils pourraient avoir avec les allégations des procédures intentées aux États-Unis. Cette

---

[12]    Supra, note 9.
[13]    Supra, note 6.
[14]    *Walsh c. Gaitan & Cusack*, [1993] R.D.J. 621 (C.A.).
[15]    *Polaris Industries inc. c. Rasidescu*, J.E. 99-471 (C.S.).
[16]    *Commercial Union Assurance Company of Canada c. Nacan Products Limited*, [1991] R.D.J. 399 (C.A.).

archives d'une compagnie pour y retracer des documents qui pourraient ressembler à ceux dont on réclame la production[18] ».

[21]    En conséquence de ce qui précède, le Tribunal est d'avis que le jugement prononcé le 17 mars 2005 par madame la juge Marcelin doit être rétracté, d'autant plus que Teleglobe demande de recevoir les documents pertinents 25 jours ouvrables avant la date fixée pour l'interrogatoire, ce qui laisse supposer qu'elle devra elle-même effectuer un exercice de triage.  Il serait dans les circonstances déraisonnable d'obliger Deloitte à consacrer un nombre imposant d'heures de travail à ce dossier afin de trouver et de produire des documents qui pourraient ne pas avoir la moindre pertinence avec le litige   et, qui plus est, alors que Teleglobe a vraisemblablement déjà en sa possession la grande majorité des documents qu'elle réclame.

-       le secret professionnel

[22]    Deloitte plaide enfin que comme les comptables sont tenus au secret professionnel[19] et que ce droit, qui appartient au domaine extrapatrimonial[20], ne peut pas être cédé, Kathy Morgan ne pouvait pas y renoncer pour Teleglobe.  De plus, insiste-t-elle, comme cette question n'a pas été soumise au tribunal américain, la Cour supérieure n'avait donc pas la juridiction pour l'aborder et en décider dans le cadre de l'article 9 de la *Loi sur certaines procédures*.

[23]    Sans décider si madame Morgan avait la capacité de renoncer au privilège de confidentialité au nom de Teleglobe, compte tenu de l'ensemble des éléments plus haut présentés, le Tribunal, qui estime qu'il n'y a pas lieu de discuter de cet argument, réitère cependant que le jugement dont Deloitte demande la rétractation n'aurait pas dû trancher cette question puisque la lettre rogatoire n'en faisait pas mention.

### POUR CES MOTIFS, LE TRIBUNAL:

[24]    **ACCUEILLE** la requête en rétractation;

[25]    **RÉTRACTE** le jugement prononcé par madame la juge Diane Marcelin, j.c.s., le 17 mars 2005 et **REJETTE** en conséquence la «Motion of the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation et al. for an Order to Appear for Examination and to Produce Documents»;

---

[17]   Supra, note 15.

[18]   Supra, note 15.

[19]   Article 9 de la *Charte des droits et libertés de la personne*, L.R.Q., c. C-12 et 48 du *Code de déontologie des comptables agréés*, R.R.Q. c. C-48, r. 2.01.

[20]   *Laprairie Shopping Ltd. (Syndic de)*, [1998] R.J.Q. 448 (C.A.).

HÉLÈNE POULIN, J.C.S.

Me Gordon Levine
Me Gérald Kadestin
KUGLER KANDESTIN
Procureurs des demandeurs

Me Martin Desrosiers
Me Karim Renno
OSLER, HOSKIN & HARCOURT
Procureurs de la requérante

Date d'audience :  4 JUILLET 2005

# EXHIBIT C

# TO DECLARATION

# SUPERIOR COURT

CANADA
PROVINCE OF QUEBEC
DISTRICT OF MONTREAL

Nº:        500-17-024842-059


DATE:      JULY 7, 2005

---

**IN THE PRESENCE OF:   THE HONOURABLE HÉLÈNE POULIN, J.S.C.**

---

**TELEGLOBE COMMUNICATIONS
CORPORATION, TELEGLOBE USA INC.,
OPTEL TELECOMMUNICATIONS, INC.,
TELEGLOBE HOLDINGS (US) CORPORATION,
TELEGLOBE MARINE (US) INC.,
TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP.,
TELEGLOBE LUXEMBOURG LLC,
TELEGLOBE PUERTO RICO INC., and
TELEGLOBE SUBMARINE INC.,**

　　　　Debtors

-and-

**TELEGLOBE COMMUNICATIONS
CORPORATION et al.,**
　　　　Plaintiffs
vs.

**BCE INC et al.,**
　　　　Defendants

-and-

**SAMSOM BÉLAIR/DELOITTE & TOUCHE LLP,**
　　　　Petitioner

---

## JUDGMENT

---

[1]    Arguing that the judgment rendered by Madam Justice Diane Marcelin, JCS, on March 17, 2005, which granted a motion to examine out of court a third party and to produce documents, would affect its rights, Deloitte & Deloitte LLP (**Deloitte**) is asking this Court to revoke same.

[2]    Teleglobe Communications Corporation et al. (**Teleglobe**) is contesting the Motion.

## *THE FACTS, THE PARTIES' CONTENTIONS AND THE ISSUE IN DISPUTE*

[3]    In a proceeding instituted by Teleglobe in the United States against BCE Inc. (**BCE**), Madam Justice Sue H. Robinson, Chief Justice of the District Court for the District of Delaware, delivered a "Letter of Request" on February 11, 2005. Through this procedure, Madam Justice Robinson essentially sought to obtain, pursuant to section 9 of the *Special Procedure Act*[1], the cooperation of the Quebec Superior Court to oblige Deloitte, as well as its representative Ginette Nantel, to be examined out of Court and to produce documents that could later be used in the United States in the above-mentioned proceeding.

[4]    Based on the letter of request, on March 17, 2005, Teleglobe presented a "Motion for an Order to Appear for Examination and to Produce Documents" that Madam Justice Marcelin heard and granted on that same day[2]. It is this judgment that Deloitte seeks to revoke.

[5]    To support its argument, Deloitte essentially avers that:

-    the judgment rendered on March 17, 2005 awarded more than what the "Letter of Request" asked for, in violation of section 9 of the *Special Procedure Act*[3], which stipulates that:

> "**9**. When, upon petition to that effect, it is shown to the Superior Court or to one of the judges thereof, charged with the administration of justice in the district, that a court of any other Province of Canada, or of any other British possession, or of a foreign country, before which

---

[1] *Special Procedure Act*, R.S.Q., chapter P-27.
[2] See the judgment dated March 17, 2005.
[3] *Supra*, note 1.

any civil or commercial case is pending, desires to have the evidence of any party or witness in the district, such court or judge may order that such party or witness may be examined under oath, either by means of question in writing or otherwise, before any person mentioned in the said order, <u>and may summon</u>, by the same or by a subsequent order, <u>such party or witness to appear for examination, and may order him to produce any writing or document mentioned in the order, or any other writing or document relating to the matter, and which may be in his possession</u>."

(Emphasis added);

- this judgment violates section 2 of the *Business Concerns Records Act*[4], which prohibits the removal of a document relating to any business concern and which reads as follows:

"**2**. Subject to section 3, no person shall, pursuant to or under any requirement issued by any legislative, judicial or administrative authority outside Québec, remove or cause to be removed, or send or cause to be sent, from any place in Québec to a place outside Québec, any document or résumé or digest of any document relating to any concern."

- the description of the documents is vague and imprecise, which would constitute an abusive and unreasonable demand leading to a "fishing expedition";

- Deloitte's accountants must respect professional secrecy and cannot testify on the issues mentioned in the letter of request.

[6]    In response to Deloitte's contentions, Teleglobe argues that:

- the "Letter of Request" was obtained pursuant to a legal provision that has the objective of seeking the cooperation of a Quebec Court;

- Deloitte's opposition to the examination of Ginette Nantel is unjustified since it will always be possible for Deloitte to object at the appropriate time to questions that will be asked;

- Kathy Morgan, an authorized mandatary of Teleglobe, has waived professional secrecy. As a consequence, Deloitte cannot argue that it is subject thereto;

---

[4] *Business Concerns Records Act*, R.S.Q., chapter D-12.

-      in any event, Deloitte cannot refuse to give back to a client  its own file.

[7]     What is the answer?

## DISCUSSION AND JUDGMENT

[8]     In the present case, since Deloitte was not a party to the proceedings initially instituted, it had not been served with the motion. However, the case law teaches us that its absence is not without any remedy, since Deloitte, through an opposition by a third party[5] may demand that the judgment be revoked, a path it chose to follow.

[9]     Is Deloitte's recourse well-founded?

-      The scope of the judgment rendered on March 17, 2005

[10]    The evidence has revealed that this judgment awarded more than what was permitted by the letter of request. While neither the motion presented to Madam Justice Robinson nor the "Letter of Request" that she delivered on February 11, 2005 made reference to Kathy Morgan, Madam Justice Marcelin gave acte to the waiver to professional secrecy that Madam Morgan would have formulated regarding Deloitte's files on March 15, 2005 (P-2), something that she had no jurisdiction to do.

[11]    More precisely, it appears from the file that the conclusion that relates to the scope of the examinations and the identification of the documents, which constitutes the core of her judgment, provides for the following:

> "(,,,) as long as these questions relate to matters included in the Waiver of Privilege and professional secrecy of Kathy Morgan to Deloitte & Touche dated March 15, 2005 (...)"

[12]    In the case of *Asbestos*[6], Justice Beauregard wrote the following:

> "The Quebec Court could not render a judgment that allowed more than what had been ordered by the foreign Court."

[13]    This argument alone would be sufficient to revoke the judgment. The Court will nevertheless analyze the other grounds raised by Deloitte.

---

[5] *Nesmith* v. *Benesh*, [1983] R.J.Q. 549 (C.A), *Ram Laminating Products inc.* v. *Unit Structures inc.*, [1990] R.D.J. 330 (C.A.) p. 33 and *Osborne* v. *Spokane (City of)*, J.E. 86-509 (S.C.).
[6] *Asbetos Corporation ltd* v. *Eagle-Picher Industries inc.*, [1984] R.D.J. 253 (C.A.), p. 259.

- section 2 of the *Business Concerns Records Act*

[14]    As it appears from section 2 quoted above and from the provisions of this same statute that define "documents" and "concern"[7], no person shall, notably pursuant to letters rogatory, remove or send outside of Quebec documents relating to any business concern.

[15]    According to the case law:

- the production of transcripts and documents obtained pursuant to the issuance of letters rogatory is prohibited from being used in proceedings pending in front of a foreign Court[8], this prohibition being applicable to all;

- this prohibition covers any document, résumé or digest of any document relating to any concern, all of which cannot be used outside of Quebec, as well as anything that relates to such document, résumé or digest[9];

- Moreover, the prohibition not only covers documents of a financial nature, but also any report, writing or material forming part of the records and archives of a business record, and it refers to internal documents as well as documents that have circulated externally[10];

    The content of such documents could also not be otherwise revealed by an examination or by any other means[11];

- The date of a document, the place of its execution, the names of its signatories and its subject-matter cannot be divulged, since this is information that forms part of its content[12];

[16]    Accordingly, the Court concludes that section 9 of the *Special Procedure Act* must give way to section 2 of the *Business Concerns Records Act*. "Before exercising its discretion pursuant to section 9 of the *Special Procedure Act* and to

---

[7] "1. In this act, the following words mean:
    "document";
    (a) "document": any account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report and any other writing or material forming part of the records or archives of a business concern;
    "concern";
    (b) "concern": any business concern in Québec;"
[8] *Ram Laminating Products inc.* v. *Unit Structures inc.*, [1990] R.D.J. 330 (C.A.), p. 33 and *Osborne* v. *Spokane (City of)*, J.E. 86-509 (S.C.).
[9] *Pelnar* v. *Insurance Company of North America*, [1985] R.D.I. 354 (C.A.).
[10] Supra, note 9.
[11] Supra, note 9.
[12] Supra, note 9.

help a foreign Court, the Quebec Court must make sure that the help to the foreign Court is not prohibited by a law of its country[13]".

[17]    In light of the foregoing, the Court is of the opinion that section 2 of the *Business Concerns Records Act* applies to the Schedule "A" annexed to the "Letter of Request".

[18]    Since the documents that are mentioned and their contents cannot be produced, communicated, disclosed, copied[14] or otherwise revealed, the Order rendered on March 17, 2005 goes against the above-quoted section 2 and must be revoked.

-        The documents are vague and imprecise

[19]    Deloitte subsidiarily argues that the documents mentioned in the Order are vague and imprecise. According to Deloitte, to ask for these documents would constitute a "fishing expedition", The Court shares this opinion[15]. As justice Chevalier wrote in the *Nacan*[16] case:

> "The list of documents that the appellant is seeking to obtain is drawn up in an extremely general and global way that clearly indicates that it wishes to go "fishing" and to perform an exhaustive exploration in the internal documentation of the respondent, in case it might find something to serve its case."

[20]    In the present case, the Order asks for the production of all the documents mentioned in Schedule "A" and, more precisely, of the ones to which Kathy Morgan refers to in the letter she signed on March 15, 2004. In essence, this request relates to all the documents sent to Deloitte, although it does not specify their content, their object, nor the connection they might have with the allegations of the proceedings instituted in the United States. This demand is abusive[17]. "One cannot force a witness to go through all the archives of a company to retrace documents that might look like the ones that are asked to be produced[18]".

[21]    As a result, the Court is of the opinion that the judgment rendered on March 17, 2005 by Madam Justice Marcelin must be revoked, especially when one considers that Teleglobe asks to receive the relevant documents 25 business days before the date of the examination, a fact that suggests that Teleglobe itself will have to go through a triage process. It would be, in these

[13] Supra, note 6.
[14] *Walsh* v. *Gaitan & Cusack*, [1993] R.D.J. 621 (C.A.).
[15] *Polaris industries inc.* v. *Rasidescu*, J.E. 99-471 (S.C.).
[16] *Commercial Union Assurance Company of Canada* v. *Nacan Products Limited*, [1991] R.D.J. 399 (C.A.).
[17] Supra, note 15.
[18] Supra, note 15.

circumstances, unreasonable to oblige Deloitte to devote a significant number of hours to this file in order to locate and produce documents that might not have any connection with the dispute, especially when Teleglobe probably already has in its possession the vast majority of the documents it seeks to obtain.

- Professional secrecy

[22]    Finally, Deloitte argues that since accountants have the obligation to respect professional secrecy[19] and that this right is of an extrapatrimonial nature[20] which cannot be assigned, it follows that Kathy Morgan did not have the authority to waive same on behalf of Teleglobe. Furthermore, because of the fact that this question had not been raised in front of the American Court, the Superior Court had no jurisdiction to address the issue in the context of section 9 of the *Special Procedure Act*.

[23]    Without deciding if Madam Morgan had the authority to waive the privilege of confidentiality on behalf of Teleglobe, considering the elements discussed above, the Court, which is of the opinion that it is not necessary to discuss this argument, reiterates that the judgment from which Deloitte seeks the revocation should not have dealt with this matter since the letters rogatory did not make any mention of it.

### FOR THESE REASONS, THE COURT:

[24]    **GRANTS** the Motion in revocation;

[25]    **REVOKES** the judgment rendered by Madam Justice Diane Marcelin, j.s.c., on March 17, 2005 and consequently **REJECTS** the "Motion of the Official Committee of Unsecured Creditors of Teleglobe Communications corporation et al. for an Order to Appear for Examination and to Produce Documents";

[26]    **With costs.**


HÉLÈNE POULIN, J.C.S.

Me Gordon Levine
Me Gerald Kandestin
KUGLER KANDESTIN
Attorneys for Plaintiffs

---

[19] Section 9 of the *Charter of human rights and freedoms*, R.S.Q., chapter C-12 and 48 of the *Code of ethics of chartered accountants*, c. C-48, r.2.01.
[20] *Laprairie Shopping Ltd. (Syndic de)*, [1998] R.J.Q. 448 (C.A.).

Me Martin Desrosiers
Me Karim Renno
OSLER, HOSKIN & HARCOURT
Attorneys for Petitioner

Date of hearing: July 4, 2005

# CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 2nd day of August, 2005, I caused a copy of

the foregoing to be served upon the following counsel in the manner indicated:

Federal Express

George J. Wade, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, New York  10022-6069

Hand Delivery

Pauline K. Morgan, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box  391
Wilmington, DE  18788

Hand Delivery

Gregory V. Varallo, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0551

Kevin Gross