# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
CURTIS J. CROWTHER
MARGARET M. DiBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
ALISON G.M. GOODMAN
SEAN T. GREECHER
KARA S. HAMMOND
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
JOSEPH A. MALFITANO
GLENN C. MANDALAS
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6707
DIRECT FAX: (302) 576-3318
pmorgan@ycst.com

August 4, 2005

**BY HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:    Teleglobe Communications Corporation, *et al.* v. BCE Inc., *et al.*
       C.A. No. 04-CV-1266

Dear Chief Judge Robinson:

We write in response to Ms. Gaza's letter to the Court of August 1, 2005 concerning the Debtors' requested "2900 folder" search.

First, to put this issue in proper context, Plaintiffs requested a search of approximately 4400 folders in May 2005 after Defendants had already conducted two broad electronic searches of their custodians' files. Those two searches are set forth in detail in the Declaration of Mr. Felsky, filed with the Court on May 9, 2005. In summary, in the initial search (entitled Search 1), Defendants searched for documents that contained the terms Teleglobe (or a variation of that term) and a list of 147 search terms. In the second "negative" search (entitled Refined Search 2), Defendants searched for responsive documents that related to Teleglobe without referring to that company by name. At the hearing held on April 25, 2005, the Court and the parties discussed those searches, and the Court noted that it was "astounding" that "people in business can talk about a transaction without identifying the parties to the transaction." (See 4/25/05 Hearing Tr. at 16.) Indeed, of the 32,064 documents we reviewed that were captured by Refined Search 2, only 6% were responsive.

After Defendants conducted Search 1 and Refined Search 2, Plaintiffs requested that BCE run several additional "negative" searches. Specifically, Plaintiffs requested that we conduct such searches in (1) 3500 unidentifiable server folders to which the custodians had

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Sue L. Robinson
August 4, 2005
Page 2

access ("Tab A"), (2) 420 hard drive folders ("Tab B"), and (3) close to 500 identifiable custodian server folders ("Tab C"). After consulting with our IT expert, Martin Felsky, we determined that the requested folder searches would not be practicable, as this would require a manual retrieval and search of each of the over 4000 individual folders selected – a process that would be costly and time-consuming and would require a substantial amount of attorney review time to filter out the responsive documents. We informed the Plaintiffs that we would be willing, in the spirit of compromise, to run the requested Tab B and Tab C searches—which we have since conducted—but that we were unwilling to conduct the Tab A search unless Plaintiffs could reduce the selected folders to a more manageable number. Mr. Felsky's Supplemental Declaration, filed on August 1, 2005 ("Felsky Supplemental Declaration") (D.I. 145), sets forth the additional "negative" searches that Defendants have conducted in Tab B and Tab C since Mr. Felsky's original Declaration was filed.

Plaintiffs subsequently reduced the number of Tab A folders from 3500 to 2900 – a number that, though slightly reduced, failed to eliminate any of the problems that we had previously identified. On July 22, 2005, Ms. Gaza sent to Mr. Schimmel a list of search terms and insisted that BCE run those searches in those 2900 folders in Tab A. We consulted with Mr. Felsky to determine whether the search method proposed by Ms. Gaza at the July 7, 2005 hearing could be used to run searches effectively and efficiently in the 2900 folders and avoid some of the cost and time issues that we had previously raised. As the Court may recall, during the July 7 hearing, Ms. Gaza suggested that there might be a way to combine all the folders into one central folder upon which the searches could be conducted and thus avoid the problem of having to search each of the 2900 folders manually. When we raised this new proposed search method with Mr. Felsky, however, he informed us that such a method would not be practicable in our case, since it would only work using raw data, whereas the data we had in our possession was processed data residing in a database that could not be moved around in the way that Ms. Gaza had suggested. This is described in the Felsky Supplemental Declaration at ¶¶ 11-15.

In addition, Mr. Felsky noted that the Debtors' proposed search terms were still too broad, consisting merely of a string of terms located in certain proximity to each other. (See Felsky Supplemental Declaration at ¶ 14.) Thus, even if the data in the 2900 folders could be manipulated in the way that Ms. Gaza suggested, the proposed searches indeed are much broader and far less contextual than the search phrases previously applied in the Refined Search 2 and would capture a large number of irrelevant documents. Nevertheless, all of the documents captured in that fourth search would be subject to a costly and time-consuming attorney review to determine their responsiveness. Given the demonstrated diminishing returns from the searches already performed and the fact that Defendants had already conducted three separate "negative" searches, it was clear that the requested search would not be a fruitful endeavor.[1]

---

[1] The Debtors make much of the fact that approximately 645 of the 2900 folders contain the word "Teleglobe" or some derivation thereof. However, Search 1 was already performed on the full text of documents as well as on folder names, such that the document would already have been retrieved and produced if the word "Teleglobe" (or any variants) appeared in a folder name, or a document in that folder contained any of the search terms. Accordingly, Plaintiffs' application only calls for a fourth "negative" search.

# Young Conaway Stargatt & Taylor, LLP

The Honorable Sue L. Robinson
August 4, 2005
Page 3

To the extent that the Court determines that a search of these 2900 folders should be conducted, we believe that the list of search terms and phrases applied in the Refined Search 2 and attached as Exhibit C to Mr. Felsky's original Declaration (resubmitted to the Court on August 1, 2005 as Exhibit A to the Felsky Supplemental Declaration) would be the more effective search.

We are prepared to discuss this issue in more detail at the discovery conference scheduled for August 10, 2005 at 5:00 p.m. Should the Court have any questions or require any additional information in the meantime, we are available at the Court's convenience.

Respectfully,

Pauline K. Morgan

Pauline K. Morgan

PKM:dw
Enclosure

cc:    Kevin Gross, Esq. (by Hand Delivery)
       John P. Amato, Esq. (by Facsimile)
       C. Malcolm Cochran, IV, Esq. (by Hand Delivery)
       Anne Shea Gaza, Esq. (by Hand Delivery)
       George Wade, Esq. (by Facsimile)
       Jaculin Aaron, Esq. (by Facsimile)
       Daniel Schimmel, Esq. (by Facsimile)

DB01:1784978.2                                                        059825.1001