IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

        Plaintiffs,

v.                                           Civ. No. 04-CV-1266 (SLR)

BCE INC., *et al.*,

        Defendants.
------------------------------------------------------------------------x

## ORDER GRANTING THE ISSUANCE OF A LETTER OF REQUEST
## TO THE APPROPRIATE QUÉBEC AUTHORITIES

This matter coming before the Court on the Motion of the Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.*, for an Order Granting the Issuance of a Letter of Request to the appropriate authorities in Montréal, Québec, Canada, (the "Motion") directing Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a Samson Belair/Deloitte & Touche s.e.n.c.r.l, to submit to a deposition (videotaped) in the within adversary proceeding.

The Court having reviewed the Motion and having determined that the relief sought in the Motion is in the best interests of the Committee; and after due deliberation and sufficient cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED.

2.    A Letter of Request will be issued to the appropriate authorities in Montreal, Quebec, Canada to Nantel and in accordance with the form annexed hereto as Ex. 1.

Dated: Wilmington, Delaware
         Aug. 4, 2005

                                                                       /s/ Sue L. Robinson
                                                      The Honorable Sue L. Robinson, Chief Judge
                                                      United States District Judge

# EXHIBIT 1

# TO ORDER

# LETTER OF REQUEST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, *et al.*,

        Plaintiffs,

v.

BCE INC., *et al.*,

        Defendants.           Civ. No. 04-CV-1266 (SLR)
----------------------------------------------------------------x

### LETTER OF REQUEST RE: GINETTE NANTEL

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF QUEBEC, CANADA:

**GREETINGS** to our neighboring Judicial Officers with whom we have the utmost feelings of goodwill;

**WHEREAS**, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

**WHEREAS**, the purpose of this Letter of Request is to obtain the assistance of the appropriate judicial authority in the Province of Quebec, Canada, in order to obtain a deposition of Ginette Nantel ("Nantel"), a partner of Deloitte & Touche LLP a/k/a Samson Belair/Deloitte & Touche s.e.n.c.r.l. ("Deloitte & Touche"), a purpose for which Letters of Request could be issued under the Canada Evidence Code and Quebec's Special Procedure Act. The evidence secured pursuant to this Letter of Request maybe used at the trial of the above-captioned matter and in related proceedings in advance of the trial;

**WHEREAS**, the United States District Court for the District of Delaware is ready and willing to assist Canada in a similar case or with a similar request in the future. In this regard, under United States law, pursuant to 28 U.S.C. §1782(a), a federal district court such as this one

may order any person found in its district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal upon the application of any interested person;

**WHEREAS**, on May 15, 2002, Teleglobe Inc. ("TI"), Teleglobe Financial Holdings Ltd., Teleglobe Canada Limited Partnership, and Teleglobe Canada Management Services Inc. and the eleven (11) Debtors described below commenced insolvency proceedings under the Canadian Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice in Toronto, Ontario;

**WHEREAS**, on May 28, 2002, the following subsidiaries of TI filed petitions for reorganization in United States Bankruptcy Court for the District of Delaware under Chapter 11 of Title 11 of the United States Code: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc. (collectively, the "Debtors");

**WHEREAS**, on June 11, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of the Debtors (the "Committee");

**WHEREAS**, by order of the District Court dated September 8, 2004, the automatic reference of this proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157 (d).

## A CIVIL MATTER IS PENDING IN A
## COURT OF COMPETENT JURISDICTION

WHEREAS, on May 26, 2004, the Debtors and the Committee commenced an adversary proceeding against BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (collectively, the "Defendants");

WHEREAS, that action is pending in the United States District Court for the District of Delaware and bears case number Civ. No. 04-CV-1266 (SLR);

## NATURE AND STATUS OF THE ACTION

WHEREAS, the complaint alleges, *inter alia*, that (1) BCE materially breached its agreement (the "BCE Funding Agreement") with the Debtors to provide the funding necessary to enable the Debtors to meet their cash needs through the completion of a certain telecommunications system that the Debtors were building (the "GlobeSystem") by failing to provide said funding; and (2) Defendants breached their fiduciary duties to the Debtors and the Committee by, *inter alia*, continuing the build out of the GlobeSystem at a time when the Debtors were insolvent or in the vicinity of insolvency;

WHEREAS, by Order dated September 2, 2004, this Court ordered discovery to proceed pending determination of Defendants' planned motion to dismiss this complaint for failure to state a cause of action against them;

WHEREAS, on September 15, 2004, Defendants moved to dismiss this complaint. By Order dated March 23, 2005, Defendants' motion was denied and discovery in the case is proceeding;

WHEREAS, this Court has jurisdiction over the pending case, and is a competent court of law and equity;

**WHEREAS,** the Committee is a party and is authorized by Fed. R. Civ. P. 45 to take discovery of non-party witnesses - such as Nantel - concerning any non-privileged matter that is relevant to the claims or defenses of any party;

### THE TESTIMONY OF THE WITNESS IS MATERIAL AND NECESSARY

**WHEREAS,** the Committee asserts that Deloitte & Touche audited BCE's, TI's, and the Debtors' financial statements for the years ending 2000 and 2001, and, thus, Nantel, a Deloitte & Touche audit partner, is intimately familiar with the financial affairs of these companies during the relevant time period (January 1, 2000 through December 31, 2002), including, *inter alia*, their financing arrangements, goodwill accounting, cash flow situation, and solvency.

**WHEREAS,** the evidence that would be supplied by Nantel is not otherwise obtainable;

**WHEREAS,** Nantel has knowledge of material facts for the prosecution of this action and her testimony is vital.

### THE QUEBEC SUPERIOR COURT HAS JURISDICTION OVER NANTEL

**WHEREAS,** Nantel, as a Deloitte & Touche partner, does business in Montréal, Québec, Canada. Thus, the evidence sought is within the jurisdiction of the appropriate judicial authority in the Province of Quebec.

**WHEREAS,** this Court is satisfied that Nantel has yet to voluntarily comply with requests to give deposition testimony on the topics described above;

**WHEREAS,** this Court is satisfied that Nantel has knowledge of material facts necessary for the prosecution of this case, and her oral testimony is vital;

### APPROPRIATE FEES ARE HEREBY TENDERED TO THE COURT

**WHEREAS,** the Committee agrees to tender into the Superior Court of Quebec such sums as necessary under Article 281.1 of the Quebec Code of Civil Procedure in order to defray

the traveling costs of Nantel, as well as her expenses and loss of time, and the indemnity allowed to witnesses summoned to give evidence at a trial; and

**WHEREAS,** the Committee agrees to provide a translator should that be deemed necessary;

**WE THEREFORE REQUEST** that in the interest of justice you issue an order by your proper and usual process:

1. Summoning Nantel to appear before you or before a duly appointed person capable of administering an oath to give testimony under oath by questions and answers upon oral deposition, and that such depositions continue from day to day until completed;

2. Giving John P. Amato, of Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, and George J. Wade and Daniel Schimmel, of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069, at least 30 days advance notice of the taking of the deposition and affording them the opportunity to participate in such deposition to the extent permitted by Quebec and Canadian law.

3. Directing that a stenographic written record be made of the depositions by an independent court reporter, and that the depositions be videotaped by a competent professional; and

**IT IS FURTHER REQUESTED** that you or such duly appointed person cause the depositions to be reduced to writing and cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned to John P. Amato, Esq., Hahn & Hessen, LLP, 488 Madison Avenue, New York, New York 10022, under cover duly sealed and addressed to the

Clerk of the United States District Court for the District of Delaware, United States of America, for return thereto.

**WITNESS**, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this ___4th___ day of ___August,___ 2005.

                                                         _____
                                                         Chief Judge Sue L. Robinson
                                                         United States District Judge

[Seal of the United States District Court]

                                                         _____
                                                         Dr. Peter T. Dalleo
                                                         Clerk of the Court
                                                         United States District Court
                                                         District of Delaware