# EXHIBIT C



Not Reported in F.Supp.2d                                                                                               Page 1

Not Reported in F.Supp.2d, 2002 WL 1331885
**(Cite as: Not Reported in F.Supp.2d)**

C
Not Reported in F.Supp.2d, 2002 WL 1331885
Briefs and Other Related Documents
Only the Westlaw citation is currently available
United States District Court, N.D. Texas, Dallas Division.
INLINE CORPORATION,
Plaintiff-counterdefendant,
v.
TRICON RESTAURANTS INTERNATIONAL, et al., Defendants-counterplaintiffs.
No. Civ.A. 3:00-CV-0990-.

June 14, 2002.

*MEMORANDUM OPINION AND ORDER*

FITZWATER, J.
**\*1** Defendant Packaging Resources, Inc ("PRI") moves for leave to amend its answer to assert additional affirmative defenses and to file a counterclaim, and plaintiff-counterdefendant Inline Corporation ("Inline") moves for leave to amend its complaint and its reply FN1 to the counterclaim of certain defendants. The court grants both motions.

> FN1. Inline actually entitles its reply as an "answer." This is improper. Fed.R.Civ.P. 7(a) provides:
> There shall be a complaint and an answer; *a reply to a counterclaim denominated as such;* an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
> *Id.* (emphasis added). Accordingly, the court will refer throughout this memorandum opinion and order to Inline's existing and proposed pleading as a "reply."

I

The background facts of this case are set out in the court's January 10, 2001 memorandum opinion and order and need not be recounted at length. FN2 Inline filed this suit on May 9, 2000 against Tricon Restaurants International, Kentucky Fried Chicken Corporation, Pizza Hut, Inc., and Taco Bell Corp ("the Tricon Defendants"). It amended its complaint on August 23, 2000, adding PRI as a defendant. Inline alleged that defendants were liable for breach of contract, breach of warranty, and negligence concerning services that Inline provided in affixing promotional game pieces to product packaging used in fast food restaurants.

> FN2. Although in the context of that opinion-a ruling on Rule 12(b)(6) motions to dismiss-the court viewed the facts favorably to Inline as the nonmovant, it need not recount them under a different standard in the present decision.

The Tricon Defendants and PRI filed motions to dismiss, and the court on January 10, 2001 granted the motions in part, dismissing counts II, V, and VI. The court dismissed one of Inline's contract claims and its warranty and negligence actions but declined to dismiss three breach of contract counts. Following the court's decision, the Tricon Defendants filed an answer and counterclaim on January 25, 2001. PRI filed its answer on February 5, 2001. Inline filed its reply FN3 to the Tricon Defendants' counterclaim on February 15, 2001.

> FN3. *See supra* note 1.

The court filed a scheduling order on September 12,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                     Page 2
Not Reported in F.Supp.2d, 2002 WL 1331885
**(Cite as: Not Reported in F.Supp.2d)**

2000 that established October 1, 2001 as the deadline to file motions for leave to amend. In an order filed April 27, 2001 the court set the case for trial on the April 3, 2002 docket. On September 5, 2001 the court granted defendants' motion for continuance, reset the trial to the October 7, 2002 docket, and extended all unexpired deadlines for six months, effectively extending to April 1, 2002 the deadline for filing motions for leave to amend. On March 11, 2002 the court granted in part Inline's motion for continuance. It retained the October 7, 2002 trial docket setting but extended certain pretrial deadlines, including the deadline for parties to file motions for leave to amend pleadings, which it deferred to May 1, 2002.

On April 30, 2002 PRI filed a motion for leave to file amended pleading, in which it requests leave to amend its answer to assert new affirmative defenses and to file a compulsory counterclaim for usury. Inline opposes PRI's motion. On May 1, 2002 Inline filed a motion to amend complaint and to amend reply to the Tricon Defendants' counterclaim. The Tricon Defendants oppose Inline's motion.

II

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When, as here, a party files a motion to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-America, Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D.Tex Feb 7,

2002) (Fitzwater, J.) The standards for determining whether leave should be granted under Rule 13(f) to allege an omitted counterclaim are similar to those under Rule 15(a). *See* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1479 at 573-74 (1990) ("However, several courts have ruled that the same liberal standards that apply when leave to amend is requested under Rule 15(a) should govern when leave to add an omitted counterclaim is requested under Rule 13(f). Thus, little seems to turn on whether the amendment is made under Rule 13(f) or Rule 15(a) because using the latter provision's permissive approach would permit the counterclaim to be added in almost every case under Rule 13(f)." (footnote omitted))

*2 Having reviewed the grounds set forth in the motions and in the opposing parties' responses, the court is persuaded that leave to amend should be granted. Neither PRI nor Inline has engaged in undue delay. Both parties filed their motions by the court-ordered deadline. Nor has there been a showing of bad faith or dilatory motive. The prejudice that the parties opposing the motions maintain they will incur is insufficient to justify denying leave. PRI requests leave to assert a compulsory counterclaim for usury, a companion affirmative defense of usury, and the affirmative defenses of lack of privity of contract, failure to mitigate damages, contractual bar or limitation of damages, and offset. The court is not convinced that allowing a compulsory counterclaim and affirmative defenses of this type will result in extensive or expensive additional discovery or pleadings. And although Inline's claim for tortious interference with contract will add a tort claim to a case now based only on contract causes of action, the tort claim is related to a breach of contract cause of action that has been present in the litigation since Inline filed its first amended complaint. In count I, Inline alleged that the Tricon Defendants breached their contract with Inline "by instructing PRI to withhold payments to Inline for the amounts which are due and owing." P 1st Am Compl ¶ 38. In its proposed tortious interference claim, Inline asserts that the Tricon Defendants interfered with Inline's contract with PRI by demanding that PRI stop paying Inline on the remaining invoices. *See* Proposed 2d Am Compl. ¶ 57.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                 Page 3
Not Reported in F.Supp.2d, 2002 WL 1331885
(Cite as: Not Reported in F.Supp.2d)

The court declines to deny leave to amend based on contentions that the new claims or defenses would be futile. "[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. 'The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.' " *Poly-America,* 2002 WL 206454, at *1-*2 (quoting *Sells v. Six Flags Over Tex., Inc.,* Civil Action No. 3:96-CV-1574-D, at 2 (N.D.Tex. Oct. 17, 1996) (Fitzwater, J.)). The summary judgment motion deadline has not elapsed, and these claims and defenses can be addressed by summary judgment motion. Moreover, nothing prevents a party from moving to dismiss the new claims or defenses under Rule 12(b)(6) if there are grounds to do so.

### III

Accordingly, the court grants PRI's April 30, 2002 motion for leave to file amended pleading FN4 and grants Inline's May 1, 2002 motion to amend complaint and motion to amend reply. The clerk of court shall file Inline's second amended complaint and its amended reply today. The court notes that, by its motion, PRI seeks leave to amend its answer to a first amended complaint that will now be superseded by a second amended complaint. Rather than direct the clerk of court to file the amended answer and counterclaim that PRI has submitted with its motion, the court will permit PRI to file, no later than June 28, 2002, an amended answer and counterclaim that is responsive to Inline's second amended complaint. PRI is entitled to assert in the amended answer the affirmative defenses and counterclaim that the court has addressed today and any other affirmative defenses that are now available due to new allegations contained in Inline's second amended complaint. Inline is entitled to file a timely reply to the counterclaim. FN5

    FN4. Inline's alternative request for additional discovery costs and expenses, *see* Inline Resp. at 7, is denied.

    FN5. If an extension of the discovery deadline is needed in view of this decision, the parties may obtain such relief by agreed order, as they did on June 11, 2002 when the court allowed them to take the deposition of Donna Kahre after the July 1, 2002 discovery deadline, or they may seek appropriate relief by motion.

*3 SO ORDERED.

N.D.Tex.,2002.
Inline Corp. v. Tricon Restaurants Intern
Not Reported in F.Supp.2d, 2002 WL 1331885

Briefs and Other Related Documents (Back to top)

• 3:00cv00990 (Docket) (May. 09, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.