## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TELEGLOBE COMMUNICATIONS | ) Jointly Administered |
| CORPORATION, *et al.*, | ) Bankr. Case No. 02-11518 (MFW) |
| | ) |
| Debtors. | ) |
| TELEGLOBE COMMUNICATIONS | ) |
| CORPORATION, *et al.*, | ) **FILED UNDER SEAL** |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 04-CV-1266 (SLR) |
| | ) |
| BCE INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1.  Teleglobe Communications Corporation and its above-captioned reorganized debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors of the Debtors (together with the Debtors, the "Plaintiffs") hereby move the Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting Plaintiffs leave to file an amended complaint in the form attached hereto as Exhibit A (the "Amended Complaint").[1] The grounds for this motion are set forth below.

### I. BACKGROUND

2.  On May 26, 2004, Plaintiffs filed their complaint in the United States Bankruptcy Court for the District of Delaware (the "Complaint"). The Complaint asserts several causes of

---

[1] Pursuant to Local Rule 15.1, a black-lined copy of the Amended Complaint reflecting changes from the original complaint filed on May 26, 2004 is attached hereto as Exhibit B.

action arising out of or related to the breach by the Debtors' ultimate parent, BCE Inc. ("BCE"), of its funding commitment to the Debtors. The Complaint also asserts that the Debtors' fiduciaries breached their duties to the Debtors by failing to protect the Debtors and by allowing BCE to breach its commitments to the Debtors with impunity.

3.  The parties are currently completing document production and are conducting depositions. Fact discovery was originally set to close on September 30, 2005, but was subsequently extended, at the Defendants' request, through October 17, 2005. (July 7, 2005 Conference transcript at 38-39). Trial is scheduled to commence on June 19, 2006.

4.  Pursuant to the Court's Scheduling Order, the parties are permitted to file motions to join parties and to amend the pleadings on or before September 30, 2005. (*See* D.I. 43 at 2). Accordingly, Plaintiffs now move this Court to allow them to file the Amended Complaint to more specifically identify the factual underpinnings for the causes of action as they relate to goodwill and BCE's commitment to fund the GlobeSystem.[2]

5.  The proposed Amended Complaint, which relies in part on documents designated as "confidential" by Defendants, was sent to Defendants for review on August 2, 2005. Defendants have requested that paragraphs 202-209 of the Amended Complaint be filed under seal. While Plaintiffs do not agree that these allegations should be sealed, we are filing this motion with the attachments under seal at Defendant's request.

## II. ARGUMENT

### A. Leave To Amend Should Be Freely Granted

6.  Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "should be freely given when justice so requires." This Court has recognized that "absent any apparent or declared

---

[2] Although Plaintiffs also seek to make other minor changes in the Complaint, those changes are not discussed here because of the minor nature of those changes.

reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave [to amend one's pleadings] should, as rules require, be freely given." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp.2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

7. The Third Circuit noted, in *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), *cert. denied*, 469 U.S. 871 (1984), that *Foman* "reflects the general presumption in favor of allowing a party to amend pleadings." The *Boileau* court also noted that "the commentaries on Rule 15 amendments support not only a liberal interpretation of this rule, but specifically address the liberal use of Rule 15 to amend complaints so as to state additional causes of action." *Id.* (citations omitted). Indeed, the Third Circuit has explained that absent a clear reason such as delay, bad faith or prejudice, it is an abuse of discretion for a district court to deny leave to amend. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Because none of the factors outlined above apply here, Plaintiffs' motion should be granted.

**B.   Defendants Will Not Suffer Any Prejudice From The Proposed Amendments**

8. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The burden to demonstrate prejudice squarely rests on the party opposing the amendment. *Kiser v. General Electric Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). The filing of a motion to amend by the court-ordered deadline, however, creates a "presumption of timeliness." *Inline Corp. v. Tricon Restaurants Int'l*, C.A. No. 3: 00-CV-0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (Ex. C).

9. Plaintiffs' motion is timely made and will result in no prejudice to Defendants. The amendments are being made at an early stage of the case, within the September 30, 2005 deadline ordered by the Court for amending pleadings, and with trial still ten months away. (D.I. 43). Furthermore, the proposed amendments do not seek to introduce additional causes of action; instead, they merely amplify and clarify the factual allegations asserted in the Complaint. Moreover, the proposed Amended Complaint was first provided to counsel for Defendants on August 2, 2005, prior to many of the depositions noticed by both sides in this case having been taken. As set forth more fully in the Amended Complaint, Plaintiffs seek to amend the Complaint to allege that BCE failed to appropriately write down the overvalued goodwill assets booked on Teleglobe Inc.'s balance sheet, which allegations bear directly upon Teleglobe's solvency, and to elaborate upon BCE's commitment to provide funding for the Debtors. (*See* Ex. A, the Amended Complaint ¶¶ 153-216).

10. Given the timeliness of the motion, the fact that it was provided almost a month ago to Defendants, the amount of time left for discovery, and the length of time remaining before trial, the proposed amendments will not delay this case. In this regard, Plaintiffs have already requested, and Defendants have already agreed to provide, discovery on the issues Plaintiffs seek to expound upon in the Amended Complaint. In fact, Defendants have already produced documents relating to such issues, and witnesses have already been deposed on these issues. Even if additional discovery is sought, there is still ample opportunity for further discovery, as the cut-off date for fact discovery is not until October 17, 2005. Therefore, Plaintiffs request that the Court grant their motion and allow them to file the Amended Complaint.

III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that they be permitted to file the Amended Complaint attached hereto as Exhibit A.

| | |
|---|---|
| /s/ Gregory V. Varallo | /s/ Kevin A. Gross |
| Gregory V. Varallo (No. 2242) | Kevin A. Gross (No. 209) |
| C. Malcolm Cochran, IV (No. 2337) | Joseph A. Rosenthal (No. 234) |
| Russell C. Silberglied (No. 3462) | kgross@rmgglaw.com |
| Chad M. Shandler (No. 3796) | rmgg@rmgglaw.com |
| Anne Shea Gaza (No. 4093) | Rosenthal, Monhait, Gross & Goddess, P.A. |
| varallo@rlf.com | 1401 Mellon Bank Center |
| cochran@rlf.com | P.O. Box 1070 |
| silberglied@rlf.com | Wilmington, Delaware 19801 |
| shandler@rlf.com | Telephone: (302) 656-4433 |
| gaza@rlf.com | Facsimile: (302) 658-7567 |
| Richards, Layton & Finger P.A. | |
| One Rodney Square | -and- |
| Wilmington, Delaware 19810 | |
| Telephone: (302) 651-7700 | John P. Amato |
| Facsimile: (302) 651-7701 | Mark S. Indelicato |
| Attorneys for Teleglobe Communications | Zachary G. Newman |
| Corporation, *et al.* | Jeffrey L. Schwartz |
| | Robert J. Malatak |
| | Hahn & Hessen LLP |
| | 488 Madison Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 478-7200 |
| | Facsimile: (212) 478-7400 |
| | Attorneys for Official Committee of Unsecured Creditors of Teleglobe Communications Corporation, *et al.* |