# EXHIBIT 7

**Cossette, Martin (6011706)**

| | |
|---|---|
| **From:** | Cossette, Martin (6011706) |
| **Sent:** | August 2, 2005 4:08 PM |
| **To:** | 'ffilippelli@deloitte.ca' |
| **Cc:** | 'Daniel Schimmel'; Gray, David (EX11446) |
| **Subject:** | Documents required by BCE |

Francesca:

As previously discussed with Pierre Brodeur and Amy Provisionato, and as discussed with you today, in connection with the Teleglobe-related action launched by certain Teleglobe US subsidiaries and a committee of their creditors against BCE, we need D&T to search its files and provide us with a copy of the following ASAP:

1. Any documents provided to D&T by BCE relating to the good will write-down that was taken by BCE in 2002.
2. Any documents relating to Teleglobe or its subsidiaries provided to D&T by BCE in connection with the preparation of the 2002 Annual Reports of BCE
3. Any other documents relating to Teleglobe or its subsidiaries provided to D&T by BCE between January 1, 2000 and December 31, 2002 or that was created during that timeframe.

Despite numerous reminders, this request has been outstanding for some time now and really needs to be resolved quickly. Please provide me with a timeframe and cost estimate for your review as soon as possible.

Thanks for your help in this matter.

Regards,

Martin

Martin Cossette
Conseiller Juridique/Legal Counsel
Bell Canada
Bureau 3700
1000, rue de La Gauchetière Ouest
Montréal, Québec H3B 4Y7
(514) 391-5213
Fax: (514) 391-3768

02/08/2005

# EXHIBIT 8

## Cossette, Martin (6011706)

**From:**    Cossette, Martin (6011706)

**Sent:**    August 3, 2005 11:31 AM

**To:**    'Filippelli, Francesca (CA - Toronto)'

**Cc:**    'pbrodeur@deloitte.ca'

**Subject:** RE: Documents required by BCE

Again, I need this to be done quickly and cannot wait until August 15 for you guys to start working on this.

Pierre: Anything you could do to push this process forward would be appreciated. I need a timeframe for the other side ASAP and would need you to look into this matter this week.

Thanks.

Martin

Martin Cossette
Conseiller Juridique/Legal Counsel
Bell Canada
Bureau 3700
1000, rue de La Gauchetière Ouest
Montréal, Québec  H3B 4Y7
(514) 391-5213
Fax: (514) 391-3768


-----Original Message-----
**From:** Filippelli, Francesca (CA - Toronto) [mailto:ffilippelli@deloitte.ca]
**Sent:** August 3, 2005 11:02 AM
**To:** Cossette, Martin (6011706)
**Subject:** RE: Documents required by BCE

Hi Martin;

Amy Provvisionato is away on vacation - returning on Monday, August 15, 2005.  Unfortunately, I will be unable to assist you in this regard unless I consult with Amy as Amy is handling this client.

I will advise Amy once she returns of your request.

Many thanks,
**Francesca Filippelli**
Corporate Paralegal

| Deloitte & Touche LLP | Direct: (416) 601-6721 |
|---|---|
| 2 Queen Street East Suite 1200 | Fax: (416) 874-3804 |
| Toronto, ON M5C 3G7 | Email: ffilippelli@deloitte.ca |

# EXHIBIT 9

## Cossette, Martin (6011706)

**From:**    Cossette, Martin (6011706)
**Sent:**    August 9, 2005 5:35 PM
**To:**    'pbrodeur@deloitte.ca'
**Cc:**    'Daniel Schimmel'
**Subject:** Teleglobe-related documents

Pierre:

This is a follow-up on your voicemail and various conversations we had during the last couple of weeks.

As you know, we have asked D&T to provide us with all documents provided to D&T by BCE relating to the good will write-down that was taken by BCE in 2002, all documents relating to Teleglobe or its subsidiaries provided by BCE to D&T in connection with the preparation of the 2002 Annual Reports of BCE and any other documents relating to Teleglobe or its subsidiaries provided to D&T by BCE between Jan. 1, 2000 and Dec. 31, 2002 or that was created during that timeframe. I reiterate that we need these documents to produce them in the Teleglobe-related lawsuit outstanding in Delaware.

I understand from your voicemail that D&T refuses to produce these documents to BCE and that it is D&T's position that it is not required at law to do so.

Could you please confirm that position in writing by reply of this email.

Regards,

Martin

Martin Cossette
Conseiller Juridique/Legal Counsel
Bell Canada
Bureau 3700
1000, rue de La Gauchetière Ouest
Montréal, Québec  H3B 4Y7
(514) 391-5213
Fax: (514) 391-3768

09/08/2005

# EXHIBIT 10



**BY EMAIL**

August 18, 2005

Ken Fredeen, General Counsel
**DELOITTE & TOUCHE LLP**
2 Queen Street East
P.O. Box 8
Toronto, ON  M5C 3G7

Martin Cossette
Legal Counsel

Dear Sir:

        In the context of the lawsuit that was brought against BCE in Ontario in 2002 by certain members of the Teleglobe Lending Syndicate, BCE asked for a copy of Deloitte & Touche's files regarding the work it did for BCE in 2000, 2001 and 2002. BCE was informed by Deloitte & Touche that it would not give BCE a copy of, nor allow BCE to review, its files.

        In August 2004, a subpoena was served on Deloitte & Touche by the plaintiffs in a lawsuit pending against BCE and certain former directors and officers of Teleglobe and certain of its subsidiaries in the United States District Court for the District of Delaware. Over the past several months, BCE has given and reiterated on several occasions, in writing and by telephone, instructions to Deloitte & Touche to produce documents from its files in connection with that litigation.

        Specifically, in March 2005, BCE instructed Deloitte & Touche to produce from its files any documents provided to Deloitte & Touche by BCE: (i) that are responsive to the subpoena that the Plaintiffs in the Delaware action served on Deloitte & Touche, (ii) relate to the goodwill write-down that was taken by BCE in 2002, or (iii) in connection with the preparation of the 2002 Annual Report of BCE.

        Following the Québec Court decision rendered in July 2005 rejecting the Plaintiffs' subpoena, BCE reiterated its requests on two occasions.  We again requested that Deloitte & Touche search its files and provide BCE with a copy of any documents provided by BCE to Deloitte and Touche: (i) relating to the goodwill write-down that was taken by BCE in 2002, (ii) relating to Teleglobe or its subsidiaries that were provided in connection with the preparation of the 2002

BCE Inc.
Bureau 3700
1000, rue de La Gauchetière Ouest
Montréal (Québec) H3B 4Y7

**Telephone: (514) 391-5213**
Facsimile: (514) 391-3768
martin.cossette@bell.ca

Annual Report of BCE, and (iii) any other documents relating to Teleglobe or its subsidiaries provided to Deloitte & Touche by BCE between January 1, 2000 and December 31, 2002 or that were created during that timeframe.

Please provide us with a timeframe for Deloitte & Touche to comply with our instructions. Should Deloitte & Touche refuse to comply with our instructions, we ask for a written answer detailing Deloitte's position and legal basis for refusing to comply. We would appreciate your response by Monday, August 22, 2005.

Yours truly,

Martin Cossette
Legal Counsel

2

# EXHIBIT 11

AUG-29-2005  03:25PM  FROM-DELOITTE & TOUCHE (FINANCE&LEGAL)         416 598 5462        T-631  P.001/003  F-751

# Deloitte.

Deloitte & Touche LLP
2 Queen Street East
Suite 1200
P.O. Box 8
Toronto ON  M5C 3G7
Canada

Tel: 416-874-3940
Fax: 416-874-3804
www.deloitte.ca

# Fax

| | |
|---|---|
| **To:** | **Office:** |
| Mr. Martin Cossette | Bell Canada |
| Conseiller Juridique/Legal Counsel | |
| **Fax No:** | **Copies:** |
| 514-391-3768 | |
| **From:** | **Date:** |
| Kenneth J. Fredeen | August 29, 2005 |
| **Number of pages including this page:** | To confirm receipt, or if you did not receive all pages, please call Lina Molinaro at 416-874-3678 |
| 2 | |

**Subject:**
Request to Forward Copies of Documents regarding Teleglobe (the "Request")

**Confidentiality Notice:** The information contained in this fax transmission is private and confidential. If you receive this transmission in error, please let us know by telephone immediately so that we can arrange for its return to us. Thank you for your co-operation.

Please see attached.

Audit.Tax.Consulting.Financial Advisory.

Member of
Deloitte Touche Tohmatsu

AUG·28·2005  03:25PM    FROM-DELOITTE & TOUCHE (FINANCE&LEGAL)        416 599 5462        T-831  P.002/003  F-736

# Deloitte.

Deloitte & Touche LLP
2 Queen Street East
Suite 1200
P.O. Box 8
Toronto ON  M5C 3G7
Canada

Tel: 416-874-3524
Fax: 416-874-3804
www.deloitte.ca

August 26, 2005

SENT BY FACSIMILE AND REGULAR MAIL

Mr. Martin Cossette
Conseiller Juridique/Legal Counsel
Bell Canada
1000 De La Gauchetière St. West
Suite 3700
Montreal, QC  H3B 4Y7

Dear Mr. Cossette:

**RE:    REQUEST TO FORWARD COPIES OF DOCUMENTS REGARDING
        TELEGLOBE**

We are writing further to your letter of August 18, 2005 addressed to Ken Fredeen in relation to the above.   We wish to advise that Deloitte & Touche LLP ("Deloitte") is not prepared to provide you with the documents you have requested.   BCE does not have any legal or contractual right to the documents in issue.

Moreover, we draw your attention to the judgment of Honourable Justice Hélène Poulin, J.C.S, dated July 7, 2005.  In this judgment, the Quebec Superior Court revoked, *inter alia*, a request to order Deloitte to produce documents, including those now requested by BCE.  This request was made by the Plaintiffs in the context of the same lawsuit, referred to in the second paragraph of your letter (the "**US Proceedings**").

The Plaintiffs should not be allowed to do indirectly what the Court has decided they cannot do directly, i.e. conduct a "fishing expedition" in the files of Deloitte by requesting all documents remitted by BCE to Deloitte.

We also assume that BCE already has in its possession and has produced in the litigation the documents that you are now requesting from Deloitte.    Furthermore, the document request would require considerable manpower and financial resources.

Audit.Tax.Consulting.Financial Advisory.

Member of
Deloitte Touche Tohmatsu

August 26, 2005
Page 2

In any event, any copies of documents provided by BCE to Deloitte in the accomplishment of
Deloitte's mandate became the property of Deloitte and form part of Deloitte's file and working
papers.

We trust that this letter is responsive to your letter of August 18, 2005.

Yours very truly,

Amy Provvisionato
Legal Counsel
Deloitte & Touche LLP

# EXHIBIT 12

**Daniel Schimmel**

08/29/2005 08:48 PM

To: Paula Howell/NY/NA/ShS@ShSDomain
cc: Jaculin Aaron/NY/NA/ShS@ShSDOMAIN
Subject: Teleglobe U.S. Unsecured Creditors Lawsuit

Daniel Schimmel
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4608
Fax:    (646) 848-4608
----- Forwarded by Daniel Schimmel/NY/NA/ShS on 08/29/2005 08:48 PM -----

**Daniel Schimmel**

03/09/2005 06:51 PM

To: Linda C Kao/NY/NA/ShS@ShSDOMAIN, Michael S
    Carucci/NY/NA/ShS@ShSDOMAIN, Vassili
    Boutchatski/NY/NA/ShS@ShSDOMAIN
cc:
Subject: Teleglobe U.S. Unsecured Creditors Lawsuit

Daniel Schimmel
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4608
Fax:    (646) 848-4608
----- Forwarded by Daniel Schimmel/NY/NA/ShS on 03/09/2005 06:58 PM -----



**martin.cossette@bell.c
a**

03/09/2005 06:56 PM

To: RYalden@osler.com
cc: DSchimmel@Shearman.com
Subject: Teleglobe U.S. Unsecured Creditors Lawsuit

Dear Robert:

I write to you in connection with the above referenced action. We instruct Osler, Hoskin & Harcourt LLP to forward to my attention a copy of any documents that Osler received from BCE that are responsive to the attached subpoena that the the Official Committee of Creditors of Teleglobe Communications Corporation and other debtors (Committee) served on Osler, to the extent those documents were created in the period January 1, 2000 through May 28, 2002, and subject to all applicable privileges. We also request that Osler forward to my attention all other responsive non privileged documents created during that time period, subject to all applicable privileges. I don't now exactly in which files such documents would be located but would ask you to have Oslers' files searched diligently and provide me with the responsive documents referred to above as soon as possible.

Call me should you wish to discuss.

Regards,

Martin

Martin Cossette
Conseiller Juridique/Legal Counsel
Bell Canada
Bureau 3700
1000, rue de La Gauchetière Ouest
Montréal, Québec  H3B 4Y7
(514) 391-5213
Fax: (514) 391-3768



Subpoena.pdf

# EXHIBIT 13

Court File No. 05CV-286177PD2

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N:

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
### TELEGLOBE COMMUNICATIONS CORPORATION

Applicant

– and –

### ANDREW KINGISSEPP AND OSLER, HOSKIN & HARCOURT LLP

Respondents

### AFFIDAVIT OF ANDREW KINGISSEPP
### (Sworn June 3, 2005)

I, Andrew Kingissepp, of the City of Toronto, in the Province of Ontario, barrister and solicitor, MAKE OATH AND SAY AS FOLLOWS:

1.　　　　I am a respondent in this application and a tax partner of the respondent, Osler, Hoskin & Harcourt, LLP ("Osler") and as such have personal knowledge of the matters hereinafter deposed to except where stated to be based on information and belief and where so stated I verily believe the information to be true.

2.　　　　This affidavit is filed in response to the applicant's application record. For the reasons set out below, the respondents take the position that the applicant has already received from the files of Osler any documents responsive to the application which are not privileged and no further documentary disclosure should therefore be made. Further, there is little point in my attending an examination on this matter as my knowledge of any of the matters in issue arises from privileged communications with representatives of Osler's client in the matter, BCE Inc. ("BCE"). Further, any information which I may have that is relevant to the proceedings in the United States is also likely available from BCE.

TOR_P2Z:1336725.2

- 2 -

**Osler's Retainer**

3.          I have reviewed the affidavit of Robert J. Malatak sworn March 17, 2005 and the exhibits attached thereto (the "Malatak Affidavit").

4.          Contrary to the allegations in paragraph 20 of the Malatak Affidavit, Osler did not act as legal counsel for Teleglobe Inc. ("Teleglobe") in relation to the request made to the Canada Customs and Revenue Agency (the "CCRA") for an advance tax ruling. Osler's client on this matter was BCE.

5.     .    I have reviewed Osler's file and conferred with the following lawyers at Osler who are also involved on this retainer: Steve Suarez, Rupert Chartrand and Shelley Obal. Based upon that review and those communications, I can confirm that Osler's client in this matter was BCE. At no time during Osler's work on this matter did we receive instructions from Teleglobe, nor did we provide any legal advice directly to Teleglobe. Teleglobe did not provide Osler with a retainer, did not provide any payment to Osler for work done and did not correspond with Osler on this matter.

6.          The legal work performed on this retainer was directed at obtaining an advance tax ruling from the CCRA which would allow BCE to implement a transaction whereby it could utilize Teleglobe's tax losses (the "Transaction"). The purpose of Osler's advice on the Transaction was therefore to benefit BCE, although the advance tax ruling, if granted, would have confirmed that there would be no unintended income tax consequences for Teleglobe should the Transaction proceed.

7.          The request for the advance tax ruling set out in Osler's letter to the CCRA dated March 7, 2002, a copy of which appears at Exhibit "E" to the Malatak Affidavit (the "Ruling Request"), referenced both BCE and Teleglobe as Osler's clients because, as a technical matter, a ruling was being sought from the CCRA which would speak to certain income tax consequences for Teleglobe as well as those for BCE. However, Osler had no interaction with Teleglobe in the course of our work for BCE on this matter, and such interaction would not have been necessary (if ever) until the matter had proceeded to a point much closer to the CCRA actually granting an advance tax ruling, which never occurred.

- 3 -

8.          The Ruling Request indicates that on February 7, 2002 an authorization in favour of Osler from both BCE and Teleglobe was delivered to the CCRA at a meeting held to discuss the advance tax ruling.   However, this consent, which BCE appears to have obtained from Teleglobe and delivered to the CCRA, was simply a procedural requirement to initiating discussions with the CCRA on the potential for obtaining an advance ruling, and did not result in any interaction between Osler and Teleglobe.   To the extent that any interaction with Teleglobe occurred, this took place between BCE and Teleglobe.

**Production of Documents**

9.          I understand that, at the request of BCE, Osler has provided to BCE and its U.S. counsel three categories of documents from the Osler file on this matter:

   (a)     correspondence and documentary records of communications between Osler and third parties including the CCRA;

   (b)     documents provided to Osler; and

   (c)     documents reflecting communications from BCE to Osler.

10.         It is my understanding that BCE's U.S. counsel has produced to the U.S. counsel for the applicant in the U.S. proceedings, non-privileged documents from the Osler file as referenced in paragraph 9 hereof.   Attached hereto and marked as Exhibit "A" hereto are copies of correspondence between Randy Pepper, the litigation partner at Osler involved in responding to this application, and Marvin Huberman, Canadian counsel for the applicant, referencing the U.S. documentary disclosure.

11.         The balance of the Osler file on this matter consists of lawyer work product including drafts of the Ruling Request, records of our privileged communications with representatives of BCE, memoranda and internal correspondence between Osler lawyers and legal research.   All of these documents were prepared for the purpose of providing or documenting the provision of legal advice to BCE and are therefore privileged.

**Proposed Examination**

12.         Regarding my proposed examination, I fail to see what purpose would be served in my attending such an examination.   In this regard, it is not apparent from the Malatak

- 4 -

Affidavit that the Transaction is in issue in the U.S. proceedings. Indeed, the Transaction did not occur. Further, paragraph 20 of the Malatak Affidavit states as follows:

> "Thus, Osler is likely to have documents and information bearing on BCE's financial support of, and financial commitment to fund, the Debtors and their operations. Osler is also likely to have information concerning the Debtors' solvency or insolvency"

To the extent that I have, or Osler has, any documents or information touching these issues, the documents and information came from representatives of BCE for the purpose of providing legal advice on the Transaction and would be privileged. Obviously, BCE is the more appropriate source for this information and documentation. In the circumstances, I would have no ability to answer any questions related to these issues without breaching the solicitor-client privilege attaching to these communications.

SWORN BEFORE ME at the City of
Toronto on June 3, 2005

_____
Commissioner for Taking Affidavits
Neil Paris

_____
Andrew Kingissepp

This is Exhibit A referred to in the Affidavit

of Andrew Kingissepp, sworn June 3 , 2005.


COMMISSIONER FOR TAKING AFFIDAVITS

# EXHIBIT 14



HAHN&HESSEN LLP
ATTORNEYS

Robert J. Malatak

Direct Dial: (212) 478-7316
Email: rmalatak@hahnhessen.com

June 21, 2005

**VIA OVERNIGHT DELIVERY**

Daniel Schimmel, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069

Re:    *Teleglobe Communications Corp., et al. v. BCE Inc., et al.*
       *C.A. No. 04-CV-1266*

Dear Mr. Schimmel:

As you know, plaintiffs are actively pursuing discovery from Osler, Hoskin & Harcourt LLP ("Osler") through the Ontario Superior Court of Justice, based on the firm's March 7, 2002 request to the Canada Customs and Revenue Agency for an advance income tax ruling concerning a certain transaction contemplated by BCE Inc. ("BCE") and Teleglobe Inc. ("Teleglobe") (the "Ruling Request"). Osler is vigorously opposing plaintiffs' discovery efforts, and, in doing so, recently filed the Affidavit of Andrew Kingissepp, sworn to June 3, 2005 (the "Kingissepp Affidavit"), a copy of which is annexed hereto as Exhibit A.

As articulated in the Kingissepp Affidavit, Osler's opposition is twofold: first, Osler claims to have acted as counsel for only BCE, not Teleglobe, in connection with the Ruling Request, and, thus, any relevant documents it has in its possession which are subject to the attorney-client privilege cannot be produced because the privilege belongs to BCE, not Teleglobe; and second, to the extent any relevant non-privileged documents exist, BCE has already produced them to plaintiffs in the Delaware action, or they can otherwise be obtained from BCE. While we believe these objections are without merit and will address them accordingly with the Ontario Superior Court, we also intend to bring this issue to Judge Robinson's attention at our July 7th discovery conference.

With respect to point one, it is clear that Osler represented both BCE and Teleglobe in connection with the Ruling Request as evidenced by the fact that Osler identifies itself in the Ruling Request as BCE's and Teleglobe's counsel. Moreover, BCE admitted that Osler was BCE's and Teleglobe's counsel when it produced, in response to Judge Walrath's April 28, 2004 order, several memos prepared by Osler concerning the Ruling Request and related correspondence (*see* BCE-SUP126909-126928; BCE-SUP127036-127063; BCE-SUP121629-121655; BCE-SUP121603-121629; BCE-SUP121656-121705; BCE-SUP122597). With respect

June 21, 2005
Page 2

to point two, aside from the six previously referenced documents, we are not aware of the documents to which Osler refers as having been produced by, or otherwise available from, BCE.

        In light of the foregoing, we request that you:

1)     Provide us with any evidence that you have which demonstrates that Osler did not represent Telglobe, in connection with the Ruling Request, as Osler represented to the Canadian taxing authorities; and

2)     Identify the documents to which Osler refers, including (a) the documents that BCE produced that are responsive to plaintiffs' discovery demands to Osler ("Osler Discovery Demands") (*see* Exhibit B, annexed hereto), and (b) the documents responsive to the Osler Discovery Demands that BCE has not yet produced, and if any such documents exist, BCE should produce the same forthwith.

        Please call me should you have any questions.

                          Very truly yours,

                          Robert J. Malatak

RJM/asm
Enclosures
cc:    Gregory V. Varallo, Esq. (w/o enclosures)
       John P. Amato, Esq. (w/o enclosures)

# EXHIBIT 15

# SHEARMAN & STERLING LLP

FAX: 212-848-7179
TELEX: 667290 WUI
www.shearman.com

599 LEXINGTON AVENUE
NEW YORK, N.Y. 10022-6069
212 848-4000

ABU DHABI
BEIJING
BRUSSELS
DÜSSELDORF
FRANKFURT
HONG KONG
LONDON
MANNHEIM
MENLO PARK
MUNICH
NEW YORK
PARIS
ROME
SAN FRANCISCO
SINGAPORE
TOKYO
TORONTO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER:

212-848-4190

WRITER'S EMAIL ADDRESS:
gwade@shearman.com

July 6, 2005

Via Facsimile and U.S. Mail

Robert J. Malatak, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022

Re: *Teleglobe Communications Corporation, et al. v. BCE Inc., et al.*

Dear Mr. Malatak:

We are in receipt of your letter dated June 21, 2005, regarding the discovery you are pursuing from Osler, Hoskin & Harcourt LLP ("Osler"). BCE Inc. ("BCE") has produced to the plaintiffs all non-privileged documents that Osler has provided to BCE that are responsive to plaintiffs' discovery demands to Osler. Those documents bear the bates numbers BCE-AD 0135236-0135439 and BCE-AD 0333791-0333922. BCE has no additional responsive, non-privileged documents from Osler's files in its possession.

The Affidavit of Andrew Kingissepp, sworn to June 3, 2003 (the "Affidavit"), attached to your letter as Exhibit A, indicates that Osler did not act as legal counsel to Teleglobe Inc. ("Teleglobe") in relation to the request made to the Canada Customs and Revenue Agency (the "CCRA") for a tax ruling. (Affidavit at ¶4.) If there is a disagreement about the validity of Osler's position, that disagreement is to be resolved under Canadian law and by a Canadian court in Ontario.

Very truly yours,

George J. Wade

cc:    C. Malcolm Cochran, IV, Esq.
       Gregory V. Varallo

*Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.*

NYDOCS04/433555.1

# EXHIBIT 16

May 25, 2005.

The application is adjourned in accordance with the terms set out in the e-mail of Randy A. Pepper dated May 24, 2005, subject to attending on June 24, 2005 if necessary to set a further return date for the application.

DUNNET.

June 24, 2005

Adjourned on consent to Aug 26, 2005 and on the following terms.

1. There will be a revised cost time-table as follows:

    July 20 - Respondents deliver a detailed schedule of privileged documents

    July 29 - Applicant delivers its responding affidavit

    Aug 10 and 11 - Cross-examinations on affidavits

    Aug 22 - Applicant delivers its factum

    Aug 24 - Respondents deliver their factum

    Aug 26 - Hearing of the application

2. The delivery of a detailed schedule of privileged documents by the Respondents to the applicants is conditional upon:

    (1) a written request for that schedule being given by the applicant 14 days before the delivery thereof, and

    (2) written confirmation being given by counsel for the Applicant that the Applicant will pay to Cdo the reasonable costs incurred in the preparation of the schedule

Powell, J

TELEGLOBE
Applicant

-and-

OSLER, HOSKIN & HARCOURT LLP
Respondent

Court File No. 05CV-286177PD2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

PROCEEDING COMMENCED AT TORONTO

**APPLICATION RECORD**

**TEPLITSKY, COLSON**
Barristers
70 Bond Street
Suite 200
Toronto, Ontario
M5B 1X3

Marvin J. Huberman (29043I)
Tel : (416) 365-9320
Fax: (416) 365-7702

Solicitors for the Applicant

# EXHIBIT 17

05-CV-238/77
PD2

August 26/05

M.J. Huberman - applicant
R. Pepper - respondent

Order to go as per draft
endorsement attached hereto

[signature]

TELEGLOBE
Applicant

-and-

OSLER, HOSKIN & HARCOURT LLP
Respondent

Court File No. 05CV-286177PD2

ONTARIO
SUPERIOR COURT OF JUSTICE

PROCEEDING COMMENCED AT TORONTO

APPLICATION RECORD

TEPLITSKY, COLSON
Barristers
70 Bond Street
Suite 200
Toronto, Ontario
M5B 1X3

Marvin J. Huberman (29043I)
Tel: (416) 365-9320
Fax: (416) 365-7702

Solicitors for the Applicant

---

Aug. 26/05

ORDER TO GO ADJOURNING THE APPLICATION ON THE FOLLOWING UNOPPOSED TERMS:

1. APPLICATION ADJOURNED SINE DIE AND COUNSEL FOR THE PARTIES WILL ENDEAVOUR TO AGREE ON A REVISED CASE TIME-TABLE & FAILING SUCH AGREEMENT COUNSEL WILL RE-ATTEND AT 9:30 BEFORE A JUDGE TO FINALIZE SUCH A TIMETABLE

2. THE NEW HEARING DATE, ONCE AGREED WILL BE PRESENTED TO THE APPLICANTS

(OVER)

3. Counsel for the Respondents noted his clients' position that the Applicants' delay of their application is inconsistent with that the Applicants' unwillingness to engage in inappropriate forum shopping on the issue now in dispute. Counsel for the Applicant disagrees.

# EXHIBIT 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X

In re                                                                              :

                                                                                   :  Chapter 11
TELEGLOBE COMMUNICATIONS CORPORATION,                                              :  Case No. 02-11518 (MFW)
TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS,                                         Jointly Administered
INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION,
TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING                                     :  Pending in the United States
CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE                                        Bankruptcy Court for the
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC,                                         :  District of Delaware
TELEGLOBE PUERTO RICO INC. and TELEGLOBE
SUBMARINE INC.,                                                                    :

                              Debtors.                                             :

------------------------------------------------------------------------------- X

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS,                                       :
INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION,
TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING                                     :
CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC,                                         :
TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE
INC., and the OFFICIAL COMMITTEE OF UNSECURED                                       :
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,                                                               :

                                                                                   :  Civ. No. 04-CV-1266 (SLR)
                              Plaintiffs,
                                                                                   :  Pending in the United States
                                                                                      District Court for the District of
                       v.                                                          :  Delaware

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD,                                     :
SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE,
JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS,                                   :
STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,
                              Defendants.                                           :

------------------------------------------------------------------------------- X


## OBJECTIONS AND RESPONSES OF NON-PARTY
## DAVIES WARD PHILLIPS & VINEBERG LLP TO OCTOBER 15, 2004
## SUBPOENA DUCES TECUM OF PLAINTIFF OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS OF THE ABOVE-CAPTIONED DEBTORS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Davies Ward

Phillips & Vineberg LLP, 625 Madison Avenue, New York, New York ("DWPV") by its

undersigned counsel, hereby objects and responds to the October 15, 2004 subpoena duces tecum

("Subpoena") of Plaintiff Official Committee of the Unsecured Creditors of the Above-Captioned Debtors ("Committee").[1]

## GENERAL OBJECTIONS

These general objections (the "General Objections") are incorporated into each specific response and objection hereinafter set forth, whether generally or as to each or any specific request (each, a "Request"), as if fully set forth therein, and need not be repeated in each specific response or objection. The assertion of the same or additional objections to any particular response to the individual Requests does not waive other General Objections, set forth below, that are not specifically repeated in the response.

1.    DWPV objects to each Request to the extent that it is unduly burdensome, oppressive, or excessive in number and detail required.

2.    DWPV objects to each Request or part thereof to the extent that it is vague, ambiguous, or excessively broad, or would unreasonably require DWPV to speculate as to the nature or scope of the information sought thereby.

3.    DWPV objects to each Request to the extent that it would result in DWPV, a nonparty, incurring substantial costs and expenses.  DWPV states that it will maintain records of all costs and expenses incurred in the course of responding to and complying with the Subpoena and will present such records to counsel for the Committee for reimbursement.

4.    DWPV objects to each Request to the extent that it requires the production of documents that are not in its possession, custody, or control.

5.    DWPV objects to each Request or part thereof to the extent that it calls for documents or information that relate to matters not raised by the pleadings, not material and necessary to the prosecution or defense of this action, not reasonably calculated to lead to the discovery of admissible evidence, or that are not relevant to the claim or defense of any party.

6.    DWPV objects to each Request to the extent that it requests information that is protected from disclosure by any applicable privilege, protection or immunity, including but not limited to privileges, protections, or immunities prescribed by applicable Canadian federal or provincial law or United States federal or state law, and including but not limited to attorney-client privilege or attorney work product doctrine (collectively "Privileged Material"). Inadvertent production of such information shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to any other information.

7.    DWPV objects to each Request to the extent that it calls for the production of documents that are subject to any express or implied confidentiality agreement, provision, or obligation that is binding on DWPV.

---

[1]   DWPV reserves all rights, objections, and challenges with respect to the ad testificandum portion of the Subpoena, the response date for which was adjourned without a new date.

8.     DWPV objects to each Request to the extent that it calls for the production of proprietary information that is owned and/or controlled by other parties and that should be obtained, if at all, from those parties.

9.     DWPV objects to each Request to the extent that it calls for the production of documents that are in the possession, custody, or control of another person or entity and that can be produced by such person or entity without incurring the costs, expenses, and burdens that would be imposed on DWPV by such Request.

10.     DWPV objects to each Request to the extent that it requires information that is protected from disclosure by the law of a foreign nation or subdivision thereof, including but not limited to Canada.

11.     DWPV objects to each Request to the extent that it requests information, the production of which would subject DWPV to criminal or civil liability in any applicable jurisdiction, including but not limited to Canada and the Provinces of Ontario or Quebec.

12.     DWPV objects to each Request to the extent that it requests information, the production of which would violate principles of international comity.

13.     DWPV objects to each of the instructions and definitions in the Subpoena to the extent they are inconsistent with or require more than any of the instructions or definitions set forth in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

14.     DWPV objects to the time period set forth in Definition and Instruction "F", on the ground that it is unduly burdensome, costly, and not designed to result in the production of documents that relate to matters raised by the pleadings, that are material and necessary to the prosecution or defense of this action, that are reasonably calculated to lead to the discovery of admissible evidence, or that are relevant to the claim or defense of any party.

15.     DWPV objects to each Request to the extent that it is not limited in any way by date.

16.     The objection, failure to object, or agreement to produce responsive documents or things does not constitute a representation by DWPV that any such documents or things exist or are within its possession, custody, or control.

17.     DWPV objects to all Requests or portions thereof to the extent that they require DWPV to search its computer and electronic files for documents, including but not limited to correspondence, which documents DWPV also maintains in hard copy form pursuant to DWPV practice and policy, on the ground that such Requests would be duplicative and unduly burdensome.

18.     DWPV objects to all Requests or portions thereof to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.  In responding, DWPV does not admit any factual or legal premise of any Request.

3

19.    To the extent that a particular Request calls for the production of documents or things that contain information of which only a part is responsive or discoverable, DWPV objects and reserves the right not to produce documents or things in response to such Request except on a redacted basis.

20.    In providing these objections and responses to the Subpoena, DWPV does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a.    all objections as to competence, relevance, materiality, admissibility in evidence or other use of the Subpoena or any portions thereof, or responses or objections by DWPV thereto, or any documents produced pursuant thereto, including, but not limited to, with respect to any motions, hearings, or trials in this action;

    b.    all objections as to vagueness, ambiguity, and undue burden;

    c.    all rights to object on any ground to the use of any of said documents, things, requests, responses, or objections, or the subject matter thereof, in these or any other or subsequent proceedings;

    d.    all rights to object on any ground to any request for further production or responses to these or any other requests for documents or things, or any other discovery requests in, or relating to, this action; and

    e.    all rights to move for an order to quash or a protective order.

21.    The objections, limitations and responses contained herein are subject to and without waiver of any right of DWPV to:  (a) make additional or supplementary objections to the Subpoena; or (b) revise, correct, supplement, or clarify the content of these objections and responses.

## OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving any of the General Objections, DWPV objects as follows to the specific requests set forth in the Subpoena.

**Request Number 1.**  **Produce all documents (including, but not limited to, all versions thereof and all communications related thereto) concerning (a) the Issues and Activities List attached hereto; (b) the categories and issues listed therein; and (c) Project X.**

DWPV objects to this Request on the ground that it is vague, ambiguous, overbroad, unduly burdensome, and calls for the production of documents that are neither relevant to the claims or defenses of any party, nor are reasonably calculated to the discovery of admissible evidence.  DWPV further objects to this Request on the ground that it calls for the production of Privileged Material, including but not limited to documents subject to a privilege controlled by TI and/or some/all of the Debtors (as those terms are defined in the Subpoena), none of which have provided DWPV with an express waiver of such privilege.  Notwithstanding and subject to the foregoing Specific and General Objections, DWPV will undertake reasonable efforts to

4

produce documents, if any, in its possession, custody, or control that are responsive to this Request.

**Request Number 2.** **Documents (a) prepared for on behalf of; (b) received from; (c) sent or otherwise made available to; or (d) concerning the Debtors.**

DWPV objects to this Request on the ground that it is vague, ambiguous, overbroad, unduly burdensome, and calls for the production of documents that are neither relevant to the claims or defenses of any party, nor are reasonably calculated to the discovery of admissible evidence. DWPV further objects to this Request on the ground that it would be unduly costly for DWPV to search its voluminous files covering a three-year span for each and every document that in some manner may "concern" any of eleven corporate entities. DWPV further objects to this Request on the ground that it calls for the production of Privileged Material, including but not limited to documents subject to a privilege controlled by TI and/or some/all of the Debtors (as those terms are defined in the Subpoena), none of which have provided DWPV with an express waiver of such privilege.

Dated: New York, New York
November 5, 2004

LANKLER SIFFERT & WOHL LLP

By:  _____
John S. Siffert (JS-2922)
Lee Renzin (LR-7732)

500 Fifth Avenue
New York, New York 10010
(212) 921-8399

*Counsel for non-party*
*Davies Ward Phillips & Vineberg LLP*

**TO:**

**<u>Counsel for Plaintiff Official Committee of Unsecured Creditors</u>**

John P. Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue, 14th Floor
New York, New York 10022

*By Hand*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE
USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.)
INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM
CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and
TELEGLOBE SUBMARINE INC.,

                                        Debtors.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

---

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE
USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.)
INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM
CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC.,
TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

                                        Plaintiffs,

                    v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE
FORTIN, TERENCE J. IARMAN, STEWART VERGE, JEAN C.
MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P.
SKINNER, and H. ARNOLD STEINBERG,

                                        Defendants.

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court, District of
Delaware

---

OBJECTIONS AND RESPONSES OF NON-PARTY
DAVIES WARD PHILLIPS & VINEBERG LLP TO OCTOBER 15, 2004
SUBPOENA DUCES TECUM OF PLAINTIFF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE ABOVE-CAPTIONED DEBTORS

LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110
Telephone (212) 921-8399
Attorneys for Non-party Davies Ward Phillips & Vineberg LLP
    John S. Siffert (JS-2922)
    Lee Renzin (LR-7732)

# EXHIBIT 19

# RICHARDS, LAYTON & FINGER
### A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RUSSELL C. SILBERGLIED
DIRECTOR

DIRECT DIAL NUMBER
302-651-7545
SILBERGLIED@RLF.COM

July 15, 2005

VIA FACSIMILE

Lee Renzin, Esq.
Lankler Siffert & Wohl LLP
33rd Floor, 500 Fifth Avenue
New York, NY 10110-3398

Re:   Teleglobe Communications, Corp., et al. v. BCE, Inc., et al.

Dear Lee:

We have received the additional fifteen boxes.  Thank you for your assistance.

I understand that, in response Teleglobe's demand that its documents be returned and/or to the Creditors Committee's subpoena to Davies Ward, you attempted to produce all documents where Davies Ward was acting as counsel solely to one of the Teleglobe entities, and you withheld as privileged documents whereby Davies Ward purported to represent BCE. Furthermore, pursuant to the affidavit of Mr. Mercier dated November 3, 2004, I take it that documents concerning Teleglobe's future and restructuring options dated between February 2002 and April 10, 2002 were withheld on privilege grounds because Davies Ward purportedly commenced representing Teleglobe in connection with the restructuring options on April 10, 2002.

We have now learned that on April 5, 2002, a meeting was held between and among J-P. Bisnaire of Davies Ward and the following BCE and/or Teleglobe employees: Martine Turcotte, Marc Ryan, Ildo Ricciuto, Siim Vanesilja, Pierre Lessard and Steve Skinner. Apparently, the meeting concerned Teleglobe's disclosures on its Annual Financial Information. Thus, it appears that, at a minimum, any advice that Davies Ward provided at this meeting was on behalf of BCE and Teleglobe jointly, or alternatively, that the advice was provided for the benefit of Teleglobe rather than BCE.  We ask that you immediately return to Ms. Morgan and/or produce all documents on this and similar subjects.

Lee Renzin, Esq.
July 15, 2005
Page 2

Very truly yours,

*Russell C. Silberglied*

Russell C. Silberglied

RCS/lam
cc:     V. V. Cooke, Esq. (via facsimile)
        Robert J. Malatak, Esq. (via facsimile)

# EXHIBIT 20

# LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

33ʳᵈ FLOOR
500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

August 22, 2005

**By Overnight Courier**

Russell Silberglied, Esq.
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Re:    **Teleglobe Comm. Corp., et al. v. BCE Inc., et al.**

Dear Russell:

I am writing in response to your letter of July 15, 2005, in which you request additional documents from Davies Ward Phillips & Vineberg LLP ("DWPV"). I apologize for the delay in our response, which was due to conflicting vacation schedules.

As you are aware, DWPV has endeavored to cooperate with document requests made pursuant to ongoing litigations in both the United States and Canada. DWPV has complied with the directions of the Ontario Superior Court of Justice with respect to the production of Teleglobe documents. DWPV has also produced documents in response to the October 15, 2004 subpoena served by the U.S. Committee for the Unsecured Creditors. Finally, DWPV has returned Teleglobe documents in response to Ms. Morgan's request, pursuant to her authority as Plan Administrator. These several productions include: (1) all non-privileged BCE and Teleglobe documents that relate to "Project X"; (2) Teleglobe documents, including but not limited to documents previously identified as privileged, and including documents pertaining to matters other than "Project X"; and (3) a log of privileged BCE documents.

As set out in the Affidavit of Vince Mercier, DWPV did not represent Teleglobe or provide legal advice to Teleglobe on the matter at issue until on or about April 10, 2002. Until that time, DWPV acted solely in the capacity of counsel to BCE. All legal advice provided by DWPV – including advice regarding BCE's interest in Teleglobe – was provided on behalf of BCE exclusively. To the extent documents exist that pertain to the matter referred to in your letter, such documents are BCE documents and, if privileged, identified on the BCE privilege log.

LANKLER SIFFERT & WOHL LLP

Russell Silberglied, Esq.
Page 2
August 22, 2005


        Accordingly, DWPV is not in a position to produce such documents without the
consent of BCE.  We suggest that you direct your request to Canadian and/or U.S.
counsel for BCE.  Of course, should BCE instruct DWPV to produce BCE privileged
documents in DWPV's possession, DWPV will comply with that request as expeditiously
as possible.

        Please feel free to contact me if you wish to discuss this matter further.

                                        Very truly yours,

                                        Lee Renzin


cc:     Daniel Schimmel, Esq.
        Jaculin Aaron, Esq.
        Shearman & Sterling LLP
        599 Lexington Avenue
        New York, NY 10022-6069