IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Teleglobe Comm. *et al.*, ) <br> ) <br> Debtors. ) <br> _____) <br> ) <br> Teleglobe USA Inc. *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BCE Inc. *et al.*, ) <br> ) <br> Defendants. ) | Chapter 11 <br> Jointly Administered <br><br> Bankr. Case No. 02-11518 (MFW) <br><br><br><br><br> Civ. Action No. 04-1266 (SLR) |

## LIMITED OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants respectfully submit this Limited Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (the "Motion"). Defendants waive their Answering Brief and hereby state as follows in opposition to Plaintiffs' Motion.

### Introduction

1. Plaintiffs have had such a hard time coming up with a coherent theory of their own case that they now want to try someone else's case. By their Motion, filed just six weeks before the discovery cutoff, Plaintiffs seek leave to file an amended complaint (the "Proposed Amended Complaint") to add, among other things, detailed allegations about the claims and assertions of banks who are already pursuing their own lawsuit against defendant BCE Inc. ("BCE") in Canada.

2. Defendants have generally viewed with equanimity Plaintiffs' various attempts to try out new theories and arguments, but their latest effort is different because of the wrench that it throws into the discovery works. There were some twenty banks in the lending syndicate, and the Proposed Amended Complaint purports to quote documents from the files of twelve of those institutions. Plaintiffs have not sought depositions of any of the banks.

Defendants are thus left to guess at who the relevant witnesses will be, or take a large number of additional depositions in six weeks.

3. Moreover, the banks' claims against BCE turn on alleged promises and undertakings that BCE made specifically to them to induce them to renew certain credit facilities. Thus, the banks' counsel bluntly informed the Debtors in a letter dated April 19, 2002 that they did not want to meet with the Debtors' other creditors because their positions were so different: "In view of the commitments and other assurances that the Banks have received from BCE and Teleglobe, the Banks have a position which is distinct from that of the bondholders."

4. Plaintiffs, obviously, cannot and do not seek to vindicate the individual rights of specific creditors of the Debtors against BCE. So what does the banks' evidence have to do with this case? Not much. At most, the statements alleged in the Proposed Amended Complaint would show that BCE, in order to induce the banks to renew the credit facilities, made representations to them that BCE intended to continue to support Teleglobe. The probative value of those allegations with respect to Plaintiffs' claim that BCE entered into a contract with Teleglobe and the Debtors to provide them with financing is at best very slight. Indeed, it is no more probative on that issue than the public statements of BCE about its intention to support Teleglobe (and, of course, which are to be read in light of BCE's and Teleglobe's repeated public disclosures that BCE's legal obligation to support Teleglobe was limited to the $100 million plus $900 million that it in fact funded).

5. Evidence about the alleged statements made to the banks would be merely cumulative in the best of circumstances. But BCE would be entitled to pursue discovery and present at trial the evidence showing that the banks knew very well that BCE had not entered into a binding legal obligation with the banks or anyone else to fund Teleglobe beyond the $1 billion mentioned above. Aside from the burdens this would impose on the discovery process, it is completely impractical and unrealistic to think that these issues could be squeezed into a two-

week trial. The logical consequence of Plaintiffs' proposed amendment is a trial-within-a-trial of issues that are already being litigated in Canada on behalf of different parties.

6. For these reasons, Defendants urge the Court to deny Plaintiffs' Motion with respect to the additional allegations regarding the banks (and VarTec, as discussed further below). Should the Court be inclined to allow this eleventh-hour amendment, Defendants request that it do so only if Defendants are allowed an adequate opportunity to take discovery of the banks and VarTec, and the Plaintiffs are required to identify the bank witnesses that they are going to call at trial so we need not take potentially 12 to 20 unnecessary depositions.

## Statement of Facts

7. Plaintiffs filed their complaint on May 26, 2004 [Adv. Proc. No. 04-53733 (MFW), D.I. 1]. The discovery cutoff is October 17, 2004, and the trial date is June 19, 2006. Plaintiffs filed their Motion [D.I. 161 and 162] on August 30, 2005. The Proposed Amended Complaint adds a variety of allegations on various subjects, but Defendants' Limited Opposition relates only to the new allegations regarding the banks (¶¶ 115-121) and VarTec (¶¶ 76, 122-124). The original complaint contained a brief reference to letters sent to two of the banks (¶ 100), and a general allegation that BCE's statements to the banks were consistent with its public statements (¶ 102).

8. The original complaint's references to VarTec related to BCE's alleged control of Teleglobe (¶ 73), not to statements made by BCE to VarTec as alleged in the Proposed Amended Complaint (¶ 124). It was on this basis that VarTec successfully sought and obtained a protective order [Docket Entry dated July 8, 2005] from this Court preventing Defendants from obtaining any discovery concerning VarTec except as to the issue of control. Accordingly, BCE has not been able to obtain any discovery relating to VarTec except with respect to that limited issue. VarTec is pursuing its own lawsuit against BCE in the United States District Court for the District of Columbia.

9. BCE is currently a defendant in a lawsuit in Canada brought by a number of banks who were members of Teleglobe's lending syndicate. That lawsuit was filed on July 12, 2002 before the Ontario Superior Court of Justice, and is currently in discovery. Depositions have been taken, but they have not been videotaped and they are "discovery" depositions rather than depositions for use at trial. BCE was entitled to depose only one witness from each bank. The choice of the particular individuals being deposed was not open to BCE but rather had to be agreed upon between BCE and the banks, or, if no agreement, decided by the banks.

10. Plaintiffs provided a copy of their Proposed Amended Complaint to Defendants on or about August 4, 2005. Defendants' counsel advised Plaintiffs' counsel that Defendants would not object to their filing of the Proposed Amended Complaint so long as a sufficient time for discovery of the banks was allowed via a limited extension of the discovery cutoff to December 15, 2005. Plaintiffs refused, offering only an extension until November 15, 2005, or just twenty business days. Plaintiffs unreasonably refused to budge from this position, for no apparent reason other than to make sure that Defendants would not have enough time for discovery from the banks. The deposition schedule from now until the discovery cutoff is quite full, with double-tracking of depositions on some days. Because the bankers are located in Canada, additional time would be required to go through the Canadian courts if Plaintiffs did not obtain the banks' agreement to appear voluntarily.

### Argument

11. Plaintiffs want to have it both ways. They want to pursue their late Amended Complaint, but they also want to restrict the ability of the Defendants to get discovery on the newly added allegations. The case law of this Circuit makes clear that late amendments are generally disfavored, especially where this results in significant prejudice to the non-moving party. *Cureton v. NCAA*, 252 F.3d 267, 273 (3rd Cir. 2001) ("[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend … Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and

preparation to defend against new facts or new theories.") Nonetheless, Defendants were willing not to object as long as they were not unduly prejudiced. Rather than try to work this out on a reasonable basis — with no prejudice to them — Plaintiffs instead have tried to seize a tactical advantage.

12. As discussed above, Plaintiffs' new allegations are of extremely limited probative value — and are clearly not worth the time and effort they would involve in discovery, trial preparation, and trial. But if Plaintiffs want to pursue them, they should not try to take advantage of the combination of a late filing, a looming discovery cutoff, and an overcrowded deposition schedule. If the Court is inclined to allow the amendment, it should be on the conditions that (i) discovery with respect to the banks and VarTec be extended for a reasonable period, (ii) the protective order in this case with respect to VarTec be vacated, and (iii) Defendants are not otherwise barred from obtaining discovery from VarTec.

13. Moreover, to prevent discovery from spinning out of control on this issue, the Court should condition the allowance of the amendment on the requirement that Plaintiffs identify the bank witnesses they are going to call at trial, so that Defendants do not have to take the depositions of twenty or more bank witnesses. In addition, Defendants would reserve the right to seek the depositions of a limited number of bank witnesses, whether identified by Plaintiffs or not.

### Conclusion

14. For all of the foregoing reasons, Defendants respectfully urge the Court to deny Plaintiffs' Motion with respect to the additional allegations regarding the banks and VarTec. Should the Court be inclined to allow the proposed amendment, Defendants respectfully request that it be on the conditions that (i) discovery with respect to the banks and VarTec be extended for a reasonable period, (ii) the protective order in this case with respect to VarTec be vacated, (iii) Defendants not otherwise be barred from obtaining discovery from VarTec, (iv) Plaintiffs

identify the bank witnesses that they intend to call at trial, and (v) Defendants be allowed to take the depositions of a limited number of bank witnesses, whether identified by Plaintiffs or not.

Dated: September 9, 2005
Wilmington, Delaware

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*/s/ Pauline K. Morgan*

YOUNG CONAWAY STARGATT & TAYLOR LLP
Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2005, I electronically filed a true and correct copy of foregoing Limited Opposition Of Defendants To Plaintiffs' Motion For Leave To File An Amended Complaint with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Gregory V. Varallo, Esq.
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Kevin A. Gross, Esq.
Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070

I further certify that on September 9, 2005, I caused a copy of the foregoing Limited Opposition Of Defendants To Plaintiffs' Motion For Leave To File An Amended Complaint on the to be served upon the following non-registered participants in the manner indicated below:

BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022


_____
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*