IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § | |
| TELEGLOBE COMMUNICATIONS CORPORATION, ET AL., | § § § § | CASE NO. 02-11518 (MFW) (Jointly Administered) |
| DEBTORS. | § § § | |
| Teleglobe USA Inc. et al., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIV. ACTION NO. 04-1266 (SLR) |
| BCE Inc. et al., | § § § | |
| Defendants. | § | |

**INTERVENOR VARTEC TELECOM, INC.'S OBJECTION TO DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**STEVENS & LEE P.C.**
Joseph H. Huston, Jr. (No. 4035)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street
Suite 700
Wilmington, DE 19801
Telephone:  (302) 425-3310, -3304
Telecopy:   (302) 371-7972, -8512

-and-

**HUGHES & LUCE L.L.P.**
Craig W. Budner
Beth W. Bivans
1717 Main Street, Ste. 2800
Dallas, Texas 75201
Telephone:  (214) 939-5500
Telecopy:   (214) 939-5849

**ATTORNEYS FOR VARTEC TELECOM, INC.**

i

## **TABLE OF CONTENTS**

**I.     SUMMARY OF ARGUMENT** .................................................................................................1

**II.    FACTUAL BACKGROUND** ..................................................................................................1

**III.   ARGUMENT** ...........................................................................................................................3

**IV.   CONCLUSION** .......................................................................................................................5

09/16/05/SL1 572820v1/018574.00001

# TABLE OF CITED AUTHORITIES

**Cases**

*Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1399 (D. Del. 1984) .................... 3

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994) ............................................. 3

*Shingara v. Skiles*, -- F.3d --, 2005 WL 2024890, at *3 (3d Cir. Aug. 24, 2005) ......................... 3

**INTERVENOR VARTEC TELECOM, INC.'S OBJECTION TO
DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Intervenor VarTec Telecom, Inc. ("VarTec"), in support of its Objection to Defendants' ("BCE") Limited Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (the "Opposition"), states the following:

### I.   SUMMARY OF ARGUMENT

VarTec objects to BCE's attempts through the Opposition to effectively relitigate the Court's July 8, 2005 ruling on VarTec's Motion for Protective Order. BCE mistakenly asserts that four new paragraphs in Teleglobe's amended complaint require this Court to permit unfettered discovery against VarTec. However, BCE makes no showing of good cause for vacating the Court's prior ruling on VarTec's Protective Order. More importantly, BCE is still unable to articulate, even given the "new allegations," grounds for obtaining discovery from VarTec. This Court should deny BCE's request to vacate the Protective Order.

### II.   FACTUAL BACKGROUND

VarTec intervened in this adversary proceeding for the limited purpose of obtaining a protective order over documents BCE requested of Teleglobe relating to a confidential arbitration proceeding between Teleglobe and VarTec (the "Arbitration Documents"). After briefing and argument, the Court granted, in part, VarTec's motion for protection.[1] The Court found good cause for protecting the Arbitration Documents, which are largely irrelevant to Teleglobe's dispute with BCE and include privileged and proprietary information with the

---

[1] The Court ordered VarTec to produce a limited category of documents, including arbitration transcript references to BCE. These documents were produced following the Court's ruling. The rest of the Arbitration Documents remain protected from production by the Court's order.

1

propensity to prejudice VarTec in various other litigation matters.  The Court agreed that BCE's need for the documents was outweighed by the potential for irreparable prejudice to VarTec.

On August 30, 2005, Teleglobe apparently filed a Motion for Leave to File an Amended Complaint (the "Motion for Leave").[2]  BCE then objected to the Amended Complaint based on Teleglobe's addition of "new allegations," in part involving VarTec.  BCE now asks the Court for certain conditions if the Motion for Leave is granted, namely that the Court (1) extend discovery with respect to VarTec for a reasonable time, (2) vacate the Protective Order, and (3) declare that BCE is "not otherwise barred from obtaining discovery from VarTec." *Id.* ¶ 12.

Although BCE is seeking relief that will directly impact VarTec and, in effect, seeks to vacate VarTec's Protective Order, BCE did not serve VarTec with copies of its Opposition.  In fact, the Opposition was only brought to VarTec's attention on September 15, 2005, and then only by counsel for Teleglobe.  VarTec respectfully requests that all future pleadings mentioning VarTec's Protective Order be served on VarTec's counsel and that VarTec be permitted to participate in any future argument or briefing on any matter which might directly or indirectly affect the Protective Order.

VarTec has access to the public versions only of the Motion for Leave and the proposed Amended Complaint, as both were filed under seal.  The public version of the Amended Complaint, however, includes the so-called "new allegations" regarding VarTec in paragraphs 76, 122-124.[3]

Despite BCE's exaggerated response to them, however, Teleglobe's "new allegations" appear to be nothing more than one stylistic change (¶ 76) and a description of VarTec's own allegations against BCE in the securities fraud litigation pending in federal district court in D.C.

---

[2]    Opposition ¶ 7.

[3]    *Id.* ¶ 7.

(¶¶ 122-124). Teleglobe has added no new independent allegations, causes of action, or bases for damages against BCE, but instead apparently uses VarTec's claims in a separate lawsuit solely for illustrative purposes. Nevertheless, it is on the basis of these "new allegations" that BCE now asks to completely vacate the Protective Order and resume unfettered discovery.

### III.  ARGUMENT

Although BCE's Opposition is styled as a "Limited Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint," the practical relief sought by the pleading is to vacate the Protective Order sought and obtained by VarTec. Therefore, the Court should analyze the Opposition as it would a Motion to Vacate VarTec's Protective Order. *See Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1399 (D. Del. 1984) (reciting the rule that pleadings are to be judged by their contents rather than their label or title). In deciding whether to vacate an existing protective order, the Third Circuit employs a "good cause" standard similar to the standard required to obtain the protective order originally. *Shingara v. Skiles*, __ F.3d __, 2005 WL 2024890, at *3 (3d Cir. Aug. 24, 2005), *quoting Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994) (enunciating the standard for modifying an existing order of confidentiality). The party seeking to vacate the protective order must present a valid reason for vacating the order, and then the Court must perform a balancing test to determine if good cause still exists to maintain the order. *Pansy*, 23 F.3d at 790.

As VarTec noted in its original motion, the Third Circuit's balancing test weighs BCE's need for information against the harm to VarTec in compelling uncontrolled disclosure. *See Pansy*, 23 F.3d at 787. Since the time the Court entered the Protective Order, nothing substantive has changed in either party's position. The D.C. District Court has yet to rule on VarTec's motion to lift the discovery stay in VarTec's case against BCE, meaning VarTec has no

avenue to obtain reciprocal discovery from BCE for the indefinite future; VarTec remains at risk of waiving its privileges in other pending litigation matters if the Arbitration Documents are disclosed here; re-review and production of the non-privileged Arbitration Documents would still place an undue burden on the bankrupt VarTec; and, most importantly, BCE is still unable to articulate a *need* for the documents covered by the Protective Order with respect to the claims brought by Teleglobe.

BCE's requested relief in the Opposition is solely based on Teleglobe's purported "new allegations" involving VarTec. However, it is clear that Teleglobe is not attempting to add new allegations of wrongdoing against BCE, but is merely illustrating the claims at issue in VarTec's case against BCE. The "new allegations" do not alter Teleglobe's causes of action against BCE, nor do they alter the themes of Teleglobe's case – namely that the Defendants misrepresented or breached their commitment to fund Teleglobe's GlobeSystem project, breached their fiduciary duties to Teleglobe by failing to obtain a written guarantee of funding, and breached their duties to Teleglobe's creditors by continuing the GlobeSystem project when Teleglobe was in the "zone of insolvency." In fact, BCE actually concedes in the Opposition that Teleglobe's new allegations are "of extremely limited probative value – and are clearly not worth the time and effort they would involve in discovery."[4]

Furthermore, even if the inclusion of VarTec's claims against BCE had a material effect on Teleglobe's case here, the *vast* majority of Arbitration Documents still *do not relate in any way* to Teleglobe's allegations against BCE. Therefore, to vacate or modify the Protective Order

---

[4] Opposition ¶ 12. However, quite ironically, BCE asks for unfettered discovery of VarTec and complete relief from the Protective Order later in that same paragraph.

4

based on Teleglobe's "new allegations" would prejudice VarTec in the same manner previously recognized by the Court.

### IV.  CONCLUSION

VarTec respectfully requests the Court to DENY Defendants' request to vacate or modify the Protective Order, DENY the request to extend discovery against VarTec, and DENY the request that BCE not otherwise be barred from obtaining discovery from VarTec. VarTec further requests the Court (a) to direct all parties to serve VarTec with all pleadings or motions that would have the effect, directly or indirectly, of modifying or vacating the Protective Order, and (b) to permit VarTec to participate in further briefing and oral argument, if any, on such issues without the necessity of a further motion for leave to intervene. VarTec further requests the Court to grant any additional relief, at law or in equity, to which it may justly be entitled.

Respectfully submitted,

**STEVENS & LEE P.C.**

*/s/ Joseph H. Huston, Jr.*

Joseph H. Huston, Jr. (No. 4035)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street
Suite 700
Wilmington, DE 19801
Telephone: (302) 425-3310, -3304
Telecopy:   (302) 371-7972, -8512

     --and--

**HUGHES & LUCE L.L.P.**

Craig W. Budner
Beth W. Bivans
1717 Main Street, Ste. 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Telecopy:   (214) 939-5849

*Attorneys for Intervenor VarTec Telecom, Inc.*

6