## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

---------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

---------------------------------------------------------------------x

## DEFENDANTS' MOTION FOR AN ORDER GRANTING THE ISSUANCE OF
## LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE
## PURSUANT TO FED. R. CIV. P. 28(B)

Defendants BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge

Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans,

9/16/05
174

Stephen P. Skinner and Arnold H. Steinberg (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 28(b) to issue the attached Order (Exhibit 2) and Letters of Request seeking international judicial assistance from the appropriate authorities in the Province of Ontario, Canada to conduct the depositions of the following witnesses: Credit Suisse First Boston Canada and its former representative, Peter Chauvin (Exhibit 3); Deutsche Bank Canada and its representatives Paul Jurist and Rob Johnston (Exhibit 4); and Bank of Nova Scotia and its representative John Faris (Exhibit 5) (collectively referred to as the "Bank Witnesses.")

In Support of this Motion, the Defendants respectfully represent as follows:

## BACKGROUND

1.   This action was commenced on May 26, 2004, when the Plaintiffs, comprising the Debtors and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

2.   In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

3.  By order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d).

4.  Factual discovery in this matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

## THE BANK WITNESSES POSSESS INFORMATION RELEVANT TO THIS ACTION AND SUCH INFORMATION CANNOT BE OBTAINED IN THE ABSENCE OF LETTERS OF REQUEST

5.  As set forth in more detail in the accompanying Declaration of George J. Wade, dated September 16, 2005, annexed hereto as Exhibit 1, and to which the Court is respectfully referred, the Bank Witnesses are members of Teleglobe's Lending Syndicate who participated in the 364-day Credit Facility that was negotiated in July 2000 and subsequently extended and renewed in July 2001.

6.  Defendants have no alternative but to request this Court to issue Letters of Request to the appropriate Canadian authorities because the Bank Witnesses cannot be served with a subpoena to compel their deposition. Thus, Letters of Request are necessary to enable the Defendants to conduct an examination of these Bank Witnesses in Canada.

## THE LAWS OF ONTARIO PROVIDE FOR THE TYPE OF DISCOVERY SOUGHT BY THE LETTERS OF REQUEST

7.  This Motion is made in accordance with Section 60 of the Ontario Evidence Act, Revised Statutes of Ontario 1990, c. E.23, s. 60 (2004). That statute provides that where it appears that a court or tribunal of competent jurisdiction in a foreign country has duly authorized, for a purpose for which a letter of request could be issued under the rules of court, the obtaining of the testimony of a witness outside of the jurisdiction of the foreign court and within the local jurisdiction, in or in relation to an action, suit or proceeding pending before the

foreign tribunal, such foreign court may order the examination of such witness and command the attendance of such witness for examination.  Id.

8.      Section 46 of the Canada Evidence Code also permits the Provincial courts to order the examination of a witness under oath in connection with a case pending before a foreign tribunal.

9.      Thus, the type of discovery sought in the Letters of Request falls within that permitted under the laws of the appropriate Canadian courts.

## RELIEF REQUESTED

10.    Defendants therefore seek, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, the entry of an order issuing Letters of Request to the appropriate authorities in the Province of Ontario, Canada, directing the Bank Witnesses to submit to oral depositions under oath.  Defendants waive the filing of an opening brief, as Defendants do not believe that such a brief is necessary given the nature of this Motion.  D. Del. L. R. 7.1.2.

**WHEREFORE,** the Defendants respectfully request that the Court enter an order substantially in the form annexed hereto as Exhibit 2 issuing the requested Letters of Request, and granting such other and further relief as may be just and proper.

Dated:  Wilmington, Delaware
         September 16, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Pauline K. Morgan*

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

-and-

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. Wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Attorneys for Defendants

**Rule 7.1.1 Certification**

Defendants and Plaintiffs have reasonably conferred on the matters set forth in

this motion in compliance with D. Del. L. R. 7.1.1.


Dated: Wilmington, Delaware
September 16, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*Pauline K. Morgan*

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

-and-

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. Wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Attorneys for Defendants

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

-----------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

-----------------------------------------------------------------------x

## DECLARATION OF GEORGE J. WADE IN SUPPORT OF THE DEFENDANTS'
## MOTION FOR LETTERS OF REQUEST

      1.  I am a member of the law firm of Shearman & Sterling LLP, counsel for BCE

Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart

Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner and Arnold H. Steinberg (collectively, "Defendants"), and an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, and duly admitted pro hac vice in the United States District Court for the District of Delaware.

　　　　2.  I am fully familiar with the facts and circumstances set forth herein, and submit this Declaration in support of the Defendants' Motion for an Order granting the issuance of Letters of Request to the appropriate judicial authorities in the Province of Ontario, Canada, for the purpose of directing the attendance and deposition of the following witnesses: Credit Suisse First Boston Canada and its former representative, Peter Chauvin; Deutsche Bank Canada and its representatives Paul Jurist and Rob Johnston; and Bank of Nova Scotia and its representative John Faris (collectively referred to as the "Bank Witnesses").

　　　　3.  The Bank Witnesses possess information relating to the claims asserted in this action, and there exists no alternative source for this information.  As non-U.S. entities and operating in Canada, the Bank Witnesses are beyond this Court's subpoena power.  Therefore, the Defendants respectfully submit this Motion seeking Letters of Request to the appropriate Canadian judicial authorities in order that the Defendants may be permitted to take the depositions of the Bank Witnesses in Canada.

## BACKGROUND

　　　　4.  On May 26, 2004, the Plaintiffs, comprising the Debtors and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), commenced the instant action against the Defendants.

　　　　5.  In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of

the Debtors' global network project known as the "GlobeSystem;"(2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

## THE BANK WITNESSES POSSESS INFORMATION RELEVANT TO THIS ACTION AND SUCH INFORMATION CANNOT BE OBTAINED IN THE ABSENCE OF A LETTER OF REQUEST

6.   The Bank Witnesses were members of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, and which was later extended and renewed in July 2001 to provide financing through July 2002.

7.   In their Complaint, the Plaintiffs allege that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with the members of this Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002.

8.   The Complaint alleges that during the course of these negotiations, BCE knowingly provided incorrect financial projections to the Lending Syndicate representatives to induce them to extend Teleglobe's Credit Facility.

9.   The Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized.

10. Because the Bank Witnesses participated in the negotiations with BCE to extend and renew Teleglobe's Credit Facilities, they possess knowledge concerning the material facts alleged above.

## AFFIRMATIVE REPRESENTATIONS

11. The Defendants agree to tender to the appropriate Canadian judicial authorities any fees that the Bank Witnesses would be entitled to at trial. The Defendants also agree to provide a translator for the Bank Witnesses should this become necessary.

12. The Defendants also offer to tender to the appropriate Canadian judicial authorities such amounts as shall be sufficient to defray the travel costs of the hearing examiner, as well as any additional amounts deemed necessary by the appropriate Canadian judicial authorities.

13. The Defendants agree that the proposed depositions of the Bank Witnesses will be conducted in accordance with the applicable procedural rules set forth by the courts of the Province of Ontario, Canada. The Defendants do request, however, that the depositions be videotaped.

14. The issuance of the proposed Letters of Request is not contrary to the public policy of the Canadian courts.

**WHEREFORE,** the Defendants respectfully request that the Court enter an order substantially in the form annexed hereto as Exhibit 2, issuing the requested Letters of Request to the appropriate judicial authorities in the Province of Ontario, Canada, in order to permit the Defendants to conduct the discovery necessary for the proper defense of the claims asserted in this action.

Dated: Wilmington, Delaware
       September 16, 2005

George J. Wade

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

-----------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

-----------------------------------------------------------------------x

## ORDER

AND NOW, this _____ day of _____, 2005, the following is ordered:

The application of Defendants BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner and Arnold H. Steinberg for Letters of Request seeking assistance from the appropriate judicial authority in the Province of Ontario, Canada for the taking of the depositions of Credit Suisse First Boston Canada and its former representative, Peter Chauvin; Deutsche Bank Canada and its representatives Paul Jurist and Rob Johnston; and Bank of Nova Scotia and its representative John Faris, is hereby granted. The executed Letters of Request with the seal of the Court are attached. The Defendants shall forward the Letters of Request and any and all necessary translations and copies to the appropriate authorities.

Date: _____

_____
United States District Judge

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

-------------------------------------------------------------------x

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

-------------------------------------------------------------------x

C.A. No. 04-CV-1266 (SLR)

## LETTER OF REQUEST
## RE: CREDIT SUISSE FIRST BOSTON CANADA AND PETER CHAUVIN

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE
APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF ONTARIO, CANADA:

GREETINGS to our neighboring Judicial Officers;

WHEREAS, the above-captioned action is pending in the United States District Court for the District of Delaware, in which TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC. (the "Debtors") and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the Debtors (the "Committee" and collectively with the Debtors, the "Plaintiffs"), and BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG (collectively, the "Defendants") are the parties;

WHEREAS, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

WHEREAS, the United States District Court for the District of Delaware presents its compliments to the judicial authorities in the Province of Ontario, Canada and requests judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter;

WHEREAS, the purpose of this Letter of Request is to compel the appearance of the below-named entities at depositions to give evidence pertinent to the Defendants' defenses in this matter;

WHEREAS, the entities whose depositions are sought by this Letter of Request are as follows: Credit Suisse First Boston Canada, 1 First Canadian Place, Suite 3000, Toronto, Ontario M5X 1C9, and its former representative, Peter Chauvin, now at BMO Nesbitt Burns, 4th Floor, 1 First Canadian Place, P.O. Box 150, Toronto, Ontario M5X 1H3;

WHEREAS, the judicial assistance sought is necessary in the interests of justice and will be used at the trial of the above-captioned matter and in related pre-trial proceedings;

WHEREAS, the United States District Court for the District of Delaware stands ready and willing to assist the judicial authorities of Canada with a similar request in the future, pursuant to 28 U.S.C. §1782.

## NATURE AND STATUS OF PROCEEDING

WHEREAS, on May 26, 2004, the Plaintiffs brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

WHEREAS, In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

WHEREAS, by order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d);

WHEREAS, factual discovery in the matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

### THE TESTIMONY SOUGHT IS RELEVANT TO THE PENDING ACTION

WHEREAS, the Credit Suisse First Boston Canada, acting through its former representative, Peter Chauvin, was a member of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, which was later extended and renewed in July 2001 to provide financing through July 2002.

WHEREAS, the Complaint alleges that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with members of Teleglobe's Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002;

WHEREAS, the Complaint alleges that BCE knowingly provided incorrect financial projections to the lending syndicate representatives to induce them to extend Teleglobe's Credit Facility;

WHEREAS, the Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized;

WHEREAS, the Defendants assert that Credit Suisse First Boston Canada, as a member of Teleglobe's Lending Syndicate, and its former representative, Peter Chauvin, have knowledge of material facts alleged in this matter;

WHEREAS, the testimony sought from Credit Suisse First Boston Canada and its former representative, Peter Chauvin, is not otherwise obtainable;

## THE ONTARIO SUPERIOR COURT OF JUSTICE HAS JURISDICTION OVER THE ENTITIES WHOSE TESTIMONY IS SOUGHT

WHEREAS, Credit Suisse First Boston Canada currently does business in Ontario, Canada and did so at the time of the events alleged in the Complaint;

WHEREAS, the Court is satisfied that Credit Suisse First Boston Canada and its former representative, Peter Chauvin, have knowledge of material facts at issue in this action;

WHEREAS, the Defendants stand ready and willing to reimburse the appropriate judicial authorities of Ontario, Canada, for all costs incurred in executing this Court's request for judicial assistance;

WHEREAS, the Defendants agree to tender to the appropriate judicial authorities of Ontario, Canada such amounts as necessary in order to defray the travel costs of the witnesses, as well as to reimburse them for their expenses and loss of time, and any other indemnity as the appropriate judicial authorities may deem just and proper;

WHEREAS, WE THEREFORE REQUEST, in the interest of justice, that you issue an order by your proper and usual process, and in accordance with the laws and procedures of your Courts:

1. Summoning Credit Suisse First Boston Canada and its former representative, Peter Chauvin to appear before you, or before a duly appointed person capable of administering an oath, for the purpose of giving testimony under oath by questions and answers upon oral deposition, and that such depositions be scheduled as close to October 1, 2005 as possible and continue from day to day until completed;

2. Providing advance notice of the taking of the deposition to C. Malcolm Cochran IV of Richards, Layton & Finger P.A., One Rodney Square, Wilmington, Delaware 19810, USA, and to George J. Wade of Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022-6069, USA, and affording counsel for both parties the opportunity to attend and participate in such depositions to the extent permitted by Ontario and Canadian law.

3. Directing that a verbatim record of the deposition be made by stenographic means by a certified court reporter, and that the deposition be videotaped by an audio-visual professional;

WHEREAS, IT IS FURTHER REQUESTED that you or such duly appointed person cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned, under cover and duly sealed, through the appropriate diplomatic channels to the Clerk of the United States District Court for the District of Delaware, U.S. Courthouse, 844 King Street, Wilmington, Delaware 19801, United States of America.

WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this _____ day of _____ 2005.

_____
Chief Judge Sue L. Robinson
United States District Judge

[Seal of the United States District Court]

_____
Dr. Peter T. Dalleo
Clerk of the Court
United States District Court
District of Delaware

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL                                    Chapter 11
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE          Case No. 02-11517 (MFW)
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,    Jointly Administered
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

---------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS          C.A. No. 04-CV-1266 (SLR)
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

---------------------------------------------------------------------x

## LETTER OF REQUEST
## RE: DEUTSCHE BANK CANADA AND PAUL JURIST AND ROB JOHNSTON

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE
APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF ONTARIO, CANADA:

GREETINGS to our neighboring Judicial Officers;

WHEREAS, the above-captioned action is pending in the United States District Court for the District of Delaware, in which TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC. (the "Debtors") and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the Debtors (the "Committee" and collectively with the Debtors, the "Plaintiffs"), and BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG (collectively, the "Defendants") are the parties;

WHEREAS, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

WHEREAS, the United States District Court for the District of Delaware presents its compliments to the judicial authorities in the Province of Ontario, Canada and requests judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter;

WHEREAS, the purpose of this Letter of Request is to compel the appearance of the below-named entities at depositions to give evidence pertinent to the Defendants' defenses in this matter;

WHEREAS, the entities whose depositions are sought by this Letter of Request are as follows: Deutsche Bank Canada and its representatives, Paul Jurist and Rob Johnston, 222 Bay Street, Suite 1100, Toronto, Ontario M5K 1H6;

WHEREAS, the judicial assistance sought is necessary in the interests of justice and will be used at the trial of the above-captioned matter and in related pre-trial proceedings;

WHEREAS, the United States District Court for the District of Delaware stands ready and willing to assist the judicial authorities of Canada with a similar request in the future, pursuant to 28 U.S.C. §1782.

## NATURE AND STATUS OF PROCEEDING

WHEREAS, on May 26, 2004, the Plaintiffs brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

WHEREAS, In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

WHEREAS, by order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d);

WHEREAS, factual discovery in the matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

## THE TESTIMONY SOUGHT IS RELEVANT TO THE PENDING ACTION

WHEREAS, Deutsche Bank Canada, acting through its representatives, Paul Jurist and Rob Johnston, was a member of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, which was later extended and renewed in July 2001 to provide financing through July 2002.

WHEREAS, the Complaint alleges that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with members of Teleglobe's Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002;

WHEREAS, the Complaint alleges that BCE knowingly provided incorrect financial projections to the lending syndicate representatives to induce them to extend Teleglobe's Credit Facility;

WHEREAS, the Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized;

WHEREAS, the Defendants assert that Deutsche Bank Canada, as a member of Teleglobe's Lending Syndicate, and its representatives, Paul Jurist and Rob Johnston, have knowledge of material facts alleged in this matter;

WHEREAS, the testimony sought from Deutsche Bank Canada and its representatives, Paul Jurist and Rob Johnston, is not otherwise obtainable;

## THE ONTARIO SUPERIOR COURT OF JUSTICE HAS JURISDICTION OVER THE ENTITIES WHOSE TESTIMONY IS SOUGHT

WHEREAS, Deutsche Bank Canada currently does business in Ontario, Canada and did so at the time of the events alleged in the Complaint;

WHEREAS, the Court is satisfied that Deutsche Bank Canada and its representatives, Paul Jurist and Rob Johnston, have knowledge of material facts at issue in this action;

WHEREAS, the Defendants stand ready and willing to reimburse the appropriate judicial authorities of Ontario, Canada, for all costs incurred in executing this Court's request for judicial assistance;

WHEREAS, the Defendants agree to tender to the appropriate judicial authorities of Ontario, Canada such amounts as necessary in order to defray the travel costs of the witnesses, as well as to reimburse them for their expenses and loss of time, and any other indemnity as the appropriate judicial authorities may deem just and proper;

WHEREAS, WE THEREFORE REQUEST, in the interest of justice, that you issue an order by your proper and usual process, and in accordance with the laws and procedures of your Courts:

1. Summoning Deutsche Bank Canada and its representatives, Paul Jurist and Rob Johnston to appear before you, or before a duly appointed person capable of administering an oath, for the purpose of giving testimony under oath by questions and answers upon oral deposition, and that such depositions be scheduled as close to October 1, 2005 as possible and continue from day to day until completed;

2. Providing advance notice of the taking of the deposition to C. Malcolm Cochran IV of Richards, Layton & Finger P.A., One Rodney Square, Wilmington, Delaware

19810, USA, and to George J. Wade of Shearman & Sterling LLP, 599 Lexington Avenue, New

York, NY 10022-6069, USA, and affording counsel for both parties the opportunity to attend and

participate in such depositions to the extent permitted by Ontario and Canadian law.

     3.  Directing that a verbatim record of the deposition be made by stenographic

means by a certified court reporter, and that the deposition be videotaped by an audio-visual

professional;

     WHEREAS, IT IS FURTHER REQUESTED that you or such duly appointed

person cause a copy of each deposition transcript, with all exhibits marked and attested, to be

returned, under cover and duly sealed, through the appropriate diplomatic channels to the Clerk

of the United States District Court for the District of Delaware, U.S. Courthouse, 844 King

Street, Wilmington, Delaware 19801, United States of America.

     WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States

District Court for the District of Delaware, this _____ day of _____ 2005.

 

_____

Chief Judge Sue L. Robinson
United States District Judge

[Seal of the United States District Court]

_____

Dr. Peter T. Dalleo
Clerk of the Court
United States District Court
District of Delaware

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

-----------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

-----------------------------------------------------------------------x

## LETTER OF REQUEST
## RE: BANK OF NOVA SCOTIA AND JOHN FARIS

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE
APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF ONTARIO, CANADA:

GREETINGS to our neighboring Judicial Officers;

NYDOCS04/438802.3

WHEREAS, the above-captioned action is pending in the United States District Court for the District of Delaware, in which TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC. (the "Debtors") and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the Debtors (the "Committee" and collectively with the Debtors, the "Plaintiffs"), and BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG (collectively, the "Defendants") are the parties;

WHEREAS, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

WHEREAS, the United States District Court for the District of Delaware presents its compliments to the judicial authorities in the Province of Ontario, Canada and requests judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter;

WHEREAS, the purpose of this Letter of Request is to compel the appearance of the below-named entities at depositions to give evidence pertinent to the Defendants' defenses in this matter;

WHEREAS, the entities whose depositions are sought by this Letter of Request are as followings: Bank of Nova Scotia, and its representative, John Faris.

WHEREAS, the judicial assistance sought is necessary in the interests of justice and will be used at the trial of the above-captioned matter and in related pre-trial proceedings;

WHEREAS, the United States District Court for the District of Delaware stands ready and willing to assist the judicial authorities of Canada with a similar request in the future, pursuant to 28 U.S.C. §1782.

## NATURE AND STATUS OF PROCEEDING

WHEREAS, on May 26, 2004, the Plaintiffs brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

WHEREAS, In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

WHEREAS, by order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d);

WHEREAS, factual discovery in the matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

## THE TESTIMONY SOUGHT IS RELEVANT TO THE PENDING ACTION

WHEREAS, Bank of Nova Scotia, acting through its representative, John Faris, was a member of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, which was later extended and renewed in July 2001 to provide financing through July 2002.

WHEREAS, the Complaint alleges that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with members of Teleglobe's Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002;

WHEREAS, the Complaint alleges that BCE knowingly provided incorrect financial projections to the lending syndicate representatives to induce them to extend Teleglobe's Credit Facility;

WHEREAS, the Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized;

WHEREAS, the Defendants assert that Bank of Nova Scotia, as a member of Teleglobe's Lending Syndicate, and its representative, John Faris, have knowledge of material facts alleged in this matter;

WHEREAS, the testimony sought from Bank of Nova Scotia, and its representative, John Faris, is not otherwise obtainable;

## THE ONTARIO SUPERIOR COURT OF JUSTICE HAS JURISDICTION OVER THE ENTITIES WHOSE TESTIMONY IS SOUGHT

WHEREAS, Bank of Nova Scotia currently does business in Ontario, Canada and did so at the time of the events alleged in the Complaint;

WHEREAS, the Court is satisfied that Bank of Nova Scotia, and its representative, John Faris, have knowledge of material facts at issue in this action;

WHEREAS, the Defendants stand ready and willing to reimburse the appropriate judicial authorities of Ontario, Canada, for all costs incurred in executing this Court's request for judicial assistance;

WHEREAS, the Defendants agree to tender to the appropriate judicial authorities of Ontario, Canada such amounts as necessary in order to defray the travel costs of the witnesses, as well as to reimburse them for their expenses and loss of time, and any other indemnity as the appropriate judicial authorities may deem just and proper;

WHEREAS, WE THEREFORE REQUEST, in the interest of justice, that you issue an order by your proper and usual process, and in accordance with the laws and procedures of your Courts:

1. Summoning Bank of Nova Scotia, and its representative, John Faris, to appear before you, or before a duly appointed person capable of administering an oath, for the purpose of giving testimony under oath by questions and answers upon oral deposition, and that such depositions be scheduled as close to October 1, 2005 as possible and continue from day to day until completed;

2. Providing advance notice of the taking of the deposition to C. Malcolm Cochran IV of Richards, Layton & Finger P.A., One Rodney Square, Wilmington, Delaware 19810, USA, and to George J. Wade of Shearman & Sterling LLP, 599 Lexington Avenue, New

York, NY 10022-6069, USA, and affording counsel for both parties the opportunity to attend and participate in such depositions to the extent permitted by Ontario and Canadian law.

   3.  Directing that a verbatim record of the deposition be made by stenographic means by a certified court reporter, and that the deposition be videotaped by an audio-visual professional;

   WHEREAS, IT IS FURTHER REQUESTED that you or such duly appointed person cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned, under cover and duly sealed, through the appropriate diplomatic channels to the Clerk of the United States District Court for the District of Delaware, U.S. Courthouse, 844 King Street, Wilmington, Delaware 19801, United States of America.

   WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this _____ day of _____ 2005.


              _____
              Chief Judge Sue L. Robinson
              United States District Judge

[Seal of the United States District Court]


              _____
              Dr. Peter T. Dalleo
              Clerk of the Court
              United States District Court
              District of Delaware

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I electronically filed a true and correct copy of foregoing Defendants' Motion for an Order Granting the Issuance of Letters of Request for Judicial Assistance Pursuant to Fed. R. Civ. P. 28(b) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Gregory V. Varallo, Esq.
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Kevin A. Gross, Esq.
Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070

I further certify that on September 16, 2005, I caused a copy of the foregoing Defendants'

Motion for an Order Granting the Issurance of Letters of Request for Judicial Assistance

Pursuant to Fed. R. Civ. P. 28(b) on the to be served upon the following non-registered

participants in the manner indicated below:


BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022


Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*


059825.1001