IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                              )    Chapter 11
                                                   )
TELEGLOBE COMMUNICATIONS                           )
CORPORATION, *et al.*,                             )    Jointly Administered
                                                   )    Bankr. Case No. 02-11518(MFW)
                                                   )
                                                   )
                        Debtors.                   )
---------------------------------------------------------x
TELEGLOBE COMMUNICATIONS                           )
CORPORATION,                                       )
*et al.*,                                          )    C.A. No. 04-1266 (SLR)
                                                   )
                                                   )
                        Plaintiffs,                )
                                                   )
            v.                                     )
                                                   )
BCE INC., *et al.*,                                )
                                                   )
                        Defendants.                )
---------------------------------------------------------x

**PLAINTIFFS' REPLY TO THE "LIMITED OPPOSITION OF DEFENDANTS
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT"**

Teleglobe Communications Corporation and its above-captioned reorganized debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors of the Debtors (together with the Debtors, the "Plaintiffs") hereby reply to the "Limited Opposition of Defendants to Plaintiffs' Motion for Leave to File an Amended Complaint" (the "Objection") and respectfully state as follows.[1]

**Introduction**

1.   This Court's scheduling order, entered October 15, 2004, contemplated that parties may amend their pleadings up to and including the original discovery cut off date:

---

[1] The Plaintiffs hereby incorporate by reference the facts set forth in Plaintiffs' Motion for Leave to File an Amended Complaint (the "Motion to Amend").

September 30, 2005. Plaintiffs did not wait until that deadline. Rather, on August 4, 2005 -- two full months before the deadline, and 2 1/2 months before the Court-extended discovery cut-off -- Plaintiffs sent a draft amended complaint to the Defendants for their consent. The draft amended complaint does not contain a single new Count nor legal theory. Rather, it merely adds <u>facts</u>, in an effort to put Defendants on notice that Plaintiffs believe that these facts support their case and to permit BCE to take discovery of them if they so chose.

2. After delaying its response for six weeks, Defendants now complain that the amended complaint's timing prejudices its ability to take discovery. This protestation rings hollow for two fundamental reasons. <u>First</u>, while Defendants complain that it takes a long time to arrange for depositions of bankers located in Canada, they neglect to inform the Court that they have not moved the Court to issue Letters Rogutory nor taken any other steps whatsoever in those six weeks to get that process started. <u>Second</u>, many if not all of the individuals that Defendants now are suggesting should be deposed <u>have already been deposed by BCE</u> in the Canadian bank litigation; BCE has already deposed at least ten bankers in that litigation. Thus, it is not as if BCE has to spend time "learning" what to ask these potential deponents. Moreover, Plaintiffs have no objection to BCE's use in this case of the depositions taken in the bank litigation, nor to Defendants trying to arrange to take additional depositions of these or other bankers. (<u>See</u> letter from Gregory V. Varallo to George Wade dated September 12, 2005, attached hereto as Ex. A). Thus, it is far from clear that these depositions even are necessary.[2]

---

[2] Defendants suggest that Plaintiffs should be required to identify now, as a *quid pro quo* for being permitted to amend the Complaint, the bankers that we intend to call at trial. Trial is scheduled for <u>nine</u> <u>months</u> from now, and discovery is ongoing. It should come as no surprise that Plaintiffs have not even made preliminary, much less final determinations as to who their trial witnesses will be, and we suspect Defendants have not, either. This request, like the others, is simply an attempt to extract something to which Defendants are not entitled in exchange for a routine event contemplated by the Scheduling Order -- the filing of the Amended Complaint.

2

3.  Rather, Defendants appear to be using the Motion as another excuse for seeking delay of the trial date as deadlines keep getting extended. Indeed, the Court will recall that Plaintiffs asked for an extension of the discovery cutoff until mid-November, 2005, at the Court's July 8, 2005, discovery conference. Having failed in that attempt, Defendants have been looking for any excuse possible to extend the discovery cutoff, and are using this simple motion to amend a complaint as a second bite at the apple.

## Argument

4.  The objection starts from exactly the wrong premise in arguing that "late amendments are generally disfavored." (Objection at ¶14). Instead, as set forth in the Motion to Amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "should be freely given when justice so requires." This Court has recognized that "absent any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave [to amend one's pleadings] should, as rules require, be freely given." *Davis v. Correctional Medical Systems*, 2005 WL 94686 *1 (D. Del. April 25, 2005) ("[M]otions to dismiss are liberally granted."); *Melody v. Carroll*, 2003 WL 22077736 *2 (D. Del. August 29, 2003) ("A court must freely grant permission to amend a pleading "whenever justice so requires""); *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp.2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, absent a clear reason such as delay, bad faith or prejudice, it is an abuse of discretion for a district court to deny leave to amend. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

5. It is hard to contemplate how Defendants can argue that providing Defendants with a copy of the proposed amendment two months <u>before</u> the Court ordered deadline in this case constitutes "delay" under the <u>Alvin</u> test. Accordingly, Defendants' reliance on *Cureton v. NCAA*, 252 F.3d 267, 273 (3rd Cir. 2001), for the proposition that "late amendments are generally disfavored" in the Third Circuit, is misguided. *In Cureton*, Plaintiffs waited three years, and until the Third Circuit instructed the District Court to enter summary judgment in favor of the Defendant, to file their motion to amend. Nevertheless, the Court stated that "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." Here, of course, Plaintiffs provided the Defendants with a copy of the amended complaint *two months before* the Court's September 30 deadline to amend the pleadings. *Cureton* is simply irrelevant.

6. On the merits, the Motion to Amend is not complex. Since Plaintiffs have not added any new legal theories and instead are giving Defendants notice of what they intend to prove at trial, this amended complaint should be freely embraced by Defendants, and by this Court. Indeed, Defendants really do not argue otherwise; for the most part, they stick to arguing about the discovery cutoff.

7. To be sure, Defendants do half-heartedly argue that the contemporaneous writings of <u>12</u> unaffiliated bankers, on the very same page of a 38 page presentation, indicating that defendant Boychuk informed the banks of BCE's commitment to fund any Teleglobe shortfalls, is not even probative of BCE's having committed and contracted to do exactly that. The fact that BCE does not attempt to exclude this very graphic evidence of a commitment demonstrates that BCE's argument is not at all persuasive and certainly not something that the Court should consider on a motion to amend the complaint.

8.   Defendants' request to re-visit the protective order entered in favor of VarTec Telecom is an even more transparent attempt to use this simple motion as an excuse for re-litigating issues which Defendants have already lost. Defendants point to all of four paragraphs in the amended complaint that even mention VarTec: ¶¶ 76, 122-24 (Objection at 7). As the blackline submitted with the Motion to Amend makes clear, only one, stylistic word was changed in the proposed amendment to paragraph 76. Moreover, while paragraphs 122-24 do talk about, among other things, statements BCE is alleged to have made to VarTec, these paragraphs merely report what VarTec has alleged in its complaint against BCE. What possible discovery could Defendants need in connection with what VarTec's complaint against BCE says? Notably, Defendants did not even bother to serve their request to lift the VarTec protective order on counsel for VarTec.

9.   In short, there is nothing at all remarkable about the plain vanilla motion to amend that is before the Court. Accordingly, Defendants' attempt to extort an extension of the discovery cutoff or un-do a protective order in exchange for granting the motion to extend should be rejected.

## Conclusion

For the foregoing reasons and the reasons set forth in the motion, Plaintiffs respectfully request that the Court grant their Motion to Amend and deny Defendants' attempts to side step the discovery deadlines previously imposed by this Court.

Dated: September 16, 2005
Wilmington, Delaware

/s/ Karen M. McKinley
Gregory V. Varallo (No. 2242)
C. Malcolm Cochran, IV (No. 2337)
Russell C. Silberglied (No. 3462)
Chad M. Shandler (No. 3796)
Karen M. McKinley (No. 4372)
varallo@rlf.com
cochran@rlf.com
silberglied@rlf.com
shandler@rlf.com
mckinley@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
Wilmington, Delaware 19810
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Attorneys for Teleglobe Communications
Corporation, et al.

/s/ Kevin A. Gross
Kevin A. Gross (No. 209)
Joseph A. Rosenthal (No. 234)
kgross@rmgglaw.com
rmgg@rmgglaw.com
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, Delaware 19801
Telephone: (302) 656-4433
Facsimile: (302) 658-7567

    -and-

John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
Robert J. Malatak
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Attorneys for Official Committee of Unsecured
Creditors of Teleglobe Communications
Corporation, et al.