## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

-----------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

-----------------------------------------------------------------------x

**DEFENDANTS' CORRECTED[1] MOTION FOR AN ORDER GRANTING THE ISSUANCE OF
A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
PURSUANT TO FED. R. CIV. P. 28(B)**

Defendants BCE Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner and Arnold H. Steinberg (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 28(b) to issue the attached Order (Exhibit 2) and Letter of Request seeking international judicial assistance from the appropriate authorities in Québec, Canada to conduct the deposition of Toronto Dominion Bank by its representative Yves Bergeron (Exhibit 3) (collectively referred to as the "Bank Witnesses.")

In Support of this Motion, the Defendants respectfully represent as follows:

### BACKGROUND

1. This action was commenced on May 26, 2004, when the Plaintiffs, comprising the Debtors and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

2. In their Complaint, the Plaintiffs alleged, *inter alia*, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the

---

[1]    By this Corrected Motion, the Defendants remove the following persons from the list of Bank Witnesses for whom Letters of Request are sought in Defendants' Motion for An Order Granting the Issuance of Letters of Request for Judicial Assistance, filed with the Court on Friday, September 16, 2005: Bank of Montreal and its former representative, Glenn Rourke; and Royal Bank of Canada and its representative Rod Smith.

build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

    3. By order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d).

    4. Factual discovery in this matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

### THE BANK WITNESSES POSSESS INFORMATION RELEVANT TO THIS ACTION AND SUCH INFORMATION CANNOT BE OBTAINED IN THE ABSENCE OF A LETTER OF REQUEST

    5. As set forth in more detail in the accompanying Declaration of George J. Wade, dated September 19, 2005, annexed hereto as Exhibit 1, and to which the Court is respectfully referred, Toronto Dominion Bank was a member of Teleglobe's Lending Syndicate that participated in the 364-day Credit Facility that was negotiated in July 2000 and subsequently extended and renewed in July 2001.

    6. Defendants have no alternative but to request this Court to issue the attached Letter of Request to the appropriate Canadian authorities because the Bank Witnesses cannot be served with a subpoena to compel their deposition. Thus, a Letter of Request is necessary to enable the Defendants to conduct an examination of these Bank Witnesses in Canada.

### THE LAWS OF QUÉBEC PROVIDE FOR THE TYPE OF DISCOVERY SOUGHT BY THE LETTER OF REQUEST

    7. This Motion is made in accordance with Section 9 of Québec's Special Procedure Act, entitled "Evidence Taken in Québec at the Request of a Court of Another British

Possession or of a Foreign Country." Revised Statutes of Québec c. P-27, s.9 (2003). That statute provides that upon the request of a court of a foreign jurisdiction in which a civil case is pending, the Superior Court of Québec, or one of the judges thereof, may order that a witness in the province of Quebec appear and be examined under oath.

      8.      Section 46 of the Canada Evidence Act also permits the Provincial courts to order the examination of a witness under oath in connection with a case pending before a foreign tribunal.

      9.      Thus, the type of discovery sought in the Letter of Request falls within that permitted under the laws of the appropriate Canadian courts.

## **RELIEF REQUESTED**

      10.     Defendants therefore seek, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, the entry of an order issuing a Letter of Request to the appropriate authorities in Québec, Canada, directing the Bank Witnesses to submit to an oral deposition under oath. Defendants waive the filing of an opening brief, as Defendants do not believe that such a brief is necessary given the nature of this Motion. D. Del. L. R. 7.1.2.

**WHEREFORE,** the Defendants respectfully request that the Court enter an order substantially in the form annexed hereto as Exhibit 2 issuing the requested Letter of Request, and granting such other and further relief as may be just and proper.

Dated:  Wilmington, Delaware
        September 19, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pauline K. Morgan /MBW

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

-and-

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. Wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Attorneys for Defendants

## Rule 7.1.1 Certification

Defendants and Plaintiffs have reasonably conferred on the matters set forth in this motion in compliance with D. Del. L. R. 7.1.1.

Dated:  Wilmington, Delaware
        September 19, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Pauline K. Morgan /MBW*

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

-and-

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. Wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Attorneys for Defendants

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

-------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

-------------------------------------------------------------------x

## DECLARATION OF GEORGE J. WADE IN SUPPORT OF THE DEFENDANTS' CORRECTED MOTION FOR A LETTER OF REQUEST

    1. I am a member of the law firm of Shearman & Sterling LLP, counsel for BCE

Inc. ("BCE"), Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart

Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner and Arnold H. Steinberg (collectively, "Defendants"), and an attorney duly admitted to practice law in the United States District Court for the Southern District of New York and duly admitted pro hac vice to the United States District Court for the District of Delaware.

2.  I am fully familiar with the facts and circumstances set forth herein, and submit this Declaration in support of the Defendants' Corrected Motion for an Order granting the issuance of a Letter of Request to the appropriate judicial authorities in Québec, Canada, for the purpose of directing the attendance and deposition of Toronto Dominion Bank by its representative Yves Bergeron (collectively referred to as the "Bank Witnesses").

3.  The Bank Witnesses possess information relating to the claims asserted in this action, and there exists no alternative source for this information. As non-U.S. persons residing and operating in Canada, the Bank Witnesses are beyond this Court's subpoena power. Therefore, the Defendants respectfully submit this Corrected Motion seeking a Letter of Request to the appropriate Canadian judicial authorities in order that the Defendants may be permitted to take the deposition of the Bank Witnesses in Canada.

## BACKGROUND

4.  On May 26, 2004, the Plaintiffs, comprising the Debtors and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), commenced the instant action against the Defendants.

5.  In their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;"(2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the

build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

## THE BANK WITNESSES POSSESS INFORMATION RELEVANT TO THIS ACTION AND SUCH INFORMATION CANNOT BE OBTAINED IN THE ABSENCE OF A LETTER OF REQUEST

6. Toronto Dominion Bank was a member of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, and which was later extended and renewed in July 2001 to provide financing through July 2002.

7. In their Complaint, the Plaintiffs allege that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with the members of this Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002.

8. The Complaint alleges that during the course of these negotiations, BCE knowingly provided incorrect financial projections to the Lending Syndicate representatives to induce them to extend Teleglobe's Credit Facility.

9. The Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized.

10. Because the Bank Witnesses participated in the negotiations with BCE to extend and renew Teleglobe's Credit Facilities, they possess knowledge concerning the material facts alleged above.

## AFFIRMATIVE REPRESENTATIONS

11. The Defendants agree to tender to the appropriate Canadian judicial authorities any fees that the Bank Witnesses would be entitled to at trial. The Defendants also agree to provide a translator for the Bank Witnesses should this become necessary.

12. The Defendants also offer to tender to the appropriate Canadian judicial authorities such amounts as shall be sufficient to defray the travel costs of the hearing examiner, as well as any additional amounts deemed necessary by the appropriate Canadian judicial authorities pursuant to Article 281.1 of the Québec Code of Civil Procedure.

13. The Defendants agree that the proposed deposition of the Bank Witnesses will be conducted in accordance with the applicable procedural rules set forth by the courts of Québec. The Defendants do request, however, that the deposition be videotaped.

14. The issuance of the proposed Letter of Request is not contrary to the public policy of the Canadian courts.

**WHEREFORE,** the Defendants respectfully request that the Court enter an order substantially in the form annexed hereto as Exhibit 2, issuing the requested Letter of Request to the appropriate judicial authorities in Québec, Canada, in order to permit the Defendants to conduct the discovery relevant to the claims asserted in this action.

Dated: Wilmington, Delaware
      September 19, 2005

George J. Wade

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

---------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

---------------------------------------------------------------x

## ORDER

AND NOW, this _____ day of _____, 2005, the

following is ordered:

The application of Defendants BCE Inc. ("BCE"), Michael T. Boychuk, Marc A.

Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie,

Thomas Kierans, Stephen P. Skinner and Arnold H. Steinberg for a Letter of Request seeking

assistance from the appropriate judicial authority in Québec, Canada for the taking of the

deposition of Toronto Dominion Bank by its representative Yves Bergeron is hereby granted. The

executed Letter of Request with the seal of the Court is attached. The Defendants shall forward

the Letter of Request and any and all necessary translations and copies to the appropriate

authorities.

Date: _____          _____
                                          United States District Judge

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

Chapter 11

Case No. 02-11517 (MFW)
Jointly Administered

------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION,
TELEGLOBE USA INC., OPTEL
TELECOMMUNICATIONS, INC., TELEGLOBE
HOLDINGS (U.S.) CORPORATION, TELEGLOBE
MARINE (U.S.) INC., TELEGLOBE HOLDING CORP.,
TELEGLOBE TELECOM CORPORATION,
TELEGLOBE INVESTMENT CORP., TELEGLOBE
LUXEMBOURG LLC, TELEGLOBE PUERTO RICO
INC., TELEGLOBE SUBMARINE INC., and the
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A.
BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN,
STEWART VERGE, JEAN C. MONTY, RICHARD J.
CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER,
and H. ARNOLD STEINBERG,

Defendants.

C.A. No. 04-CV-1266 (SLR)

------------------------------------------------------------------x

## LETTER OF REQUEST
## RE: TORONTO DOMINION BANK AND YVES BERGERON

FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE, TO THE
APPROPRIATE JUDICIAL AUTHORITY IN THE PROVINCE OF QUÉBEC, CANADA:

GREETINGS to our neighboring Judicial Officers;

WHEREAS, the above-captioned action is pending in the United States District Court for the District of Delaware, in which TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC. (the "Debtors") and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the Debtors (the "Committee" and collectively with the Debtors, the "Plaintiffs"), and BCE INC., MICHAEL T. BOYCHUK, MARC A.BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG (collectively, the "Defendants") are the parties;

WHEREAS, a spirit of comity has long existed between Canada and the United States of America regarding mutual assistance in judicial proceedings to further the interests of justice;

WHEREAS, the United States District Court for the District of Delaware presents its compliments to the judicial authorities in the Province of Québec, Canada and requests judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter;

WHEREAS, the purpose of this Letter of Request is to compel the appearance of the below-named entities at a deposition to give evidence pertinent to the Defendants' defenses in this matter;

WHEREAS, the entity whose deposition is sought by this Letter of Request is Toronto Dominion Bank, by its representative, Yves Bergeron, 500 St. Jacques St. West, 9th Floor, Montreal, Québec H2Y 1S1;

WHEREAS, the judicial assistance sought is necessary in the interests of justice and will be used at the trial of the above-captioned matter and in related pre-trial proceedings;

WHEREAS, the United States District Court for the District of Delaware stands ready and willing to assist the judicial authorities of Canada with a similar request in the future, pursuant to 28 U.S.C. §1782.

## NATURE AND STATUS OF PROCEEDING

WHEREAS, on May 26, 2004, the Plaintiffs brought an adversary proceeding against the Defendants while the Debtors' bankruptcy proceeding was pending in the United States Bankruptcy Court for the District of Delaware.

WHEREAS, in their Complaint, the Plaintiffs alleged, inter alia, that (1) BCE had breached an alleged commitment to Teleglobe Inc. ("Teleglobe") and the Debtors to provide sufficient funding to the Debtors to enable them to meet their cash flow needs through the completion of the Debtors' global network project known as the "GlobeSystem;" (2) that BCE had misrepresented its intention to fund the Debtors' cash flow needs through the completion of the build-out of the GlobeSystem network; and (3) that BCE and the individual Defendants had breached their fiduciary duties to the Debtors and their creditors by acting only in the interest of BCE at a time when the Debtors were insolvent and/or in the vicinity or zone of insolvency.

WHEREAS, by order of the District Court dated September 8, 2004, the automatic reference of the adversary proceeding to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d);

WHEREAS, factual discovery in the matter is currently ongoing and has been ordered by this Court to be completed by October 17, 2005.

## THE TESTIMONY SOUGHT IS RELEVANT TO THE PENDING ACTION

WHEREAS, Toronto Dominion Bank, acting through its representative, Yves Bergeron, was a member of a Lending Syndicate that participated in a Credit Facility to provide financing to Teleglobe in July 2000, which was later extended and renewed in July 2001 to provide financing through July 2002.

WHEREAS, the Complaint alleges that BCE misrepresented its funding commitment to Teleglobe and the Debtors during the course of its negotiations with members of Teleglobe's Lending Syndicate when it sought to extend the July 2001 Credit Facility to July 2002;

WHEREAS, the Complaint alleges that BCE knowingly provided incorrect financial projections to the lending syndicate representatives to induce them to extend Teleglobe's Credit Facility;

WHEREAS, the Complaint also alleges that BCE represented to Teleglobe's lenders that it would make up any shortfall in funding for Teleglobe regardless of whether efforts to secure other sources of funding ever materialized;

WHEREAS, the Defendants assert that Toronto Dominion Bank, as a member of Teleglobe's Lending Syndicate, and its representative, Yves Bergeron, have knowledge of material facts alleged in this matter;

WHEREAS, the testimony sought from Toronto Dominion Bank, and its representative, Yves Bergeron, is not otherwise obtainable;

## THE QUÉBEC SUPERIOR COURT HAS JURISDICTION OVER THE PERSONS WHOSE TESTIMONY IS SOUGHT

WHEREAS, Toronto Dominion Bank currently does business in Québec, Canada and did so at the time of the events alleged in the Complaint;

WHEREAS, the Court is satisfied that Toronto Dominion Bank, and its representative, Yves Bergeron, have knowledge of material facts at issue in this action;

WHEREAS, the Defendants stand ready and willing to reimburse the appropriate judicial authorities of Québec, Canada, for all costs incurred in executing this Court's request for judicial assistance;

WHEREAS, the Defendants agree to tender to the appropriate judicial authorities of Québec, Canada such amounts as necessary under Article 281.1 of the Québec Code of Civil Procedure in order to defray the travel costs of the witnesses, as well as to reimburse them for their expenses and loss of time, and any other indemnity as the appropriate judicial authorities may deem just and proper;

WHEREAS, WE THEREFORE REQUEST, in the interest of justice, that you issue an order by your proper and usual process, and in accordance with the laws and procedures of your Courts:

1.  Summoning Toronto Dominion Bank, by its representative, Yves Bergeron, to appear before you, or before a duly appointed person capable of administering an oath, for the purpose of giving testimony under oath by questions and answers upon oral deposition, and that such deposition be scheduled as close to October 1, 2005 as possible and continue from day to day until completed;

2.  Providing advance notice of the taking of the deposition to C. Malcolm Cochran IV of Richards, Layton & Finger P.A., One Rodney Square, Wilmington, Delaware

19810, USA, and to George J. Wade of Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022-6069, USA, and affording counsel for both parties the opportunity to attend and participate in such deposition to the extent permitted by Québec and Canadian law.

     3. Directing that a verbatim record of the deposition be made by stenographic means by a certified court reporter, and that the deposition be videotaped by an audio-visual professional;

     WHEREAS, IT IS FURTHER REQUESTED that you or such duly appointed person cause a copy of each deposition transcript, with all exhibits marked and attested, to be returned, under cover and duly sealed, through the appropriate diplomatic channels to the Clerk of the United States District Court for the District of Delaware, U.S. Courthouse, 844 King Street, Wilmington, Delaware 19801, United States of America.

     WITNESS, the Honorable Sue L. Robinson, Chief Judge of the United States District Court for the District of Delaware, this _____ day of _____ 2005.

 

                               _____
                               Chief Judge Sue L. Robinson
                               United States District Judge

[Seal of the United States District Court]

                               _____
                               Dr. Peter T. Dalleo
                               Clerk of the Court
                               United States District Court
                               District of Delaware

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2005, I electronically filed a true and correct copy of foregoing Defendants' Corrected Motion for an Order Granting the Issuance of Letters of Request for Judicial Assistance Pursuant to Fed. R. Civ. P. 28(b) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Gregory V. Varallo, Esq. | Kevin A. Gross, Esq. |
| Mark D. Collins, Esq. | Joseph A. Rosenthal, Esq. |
| C. Malcolm Cochran, IV, Esq. | Rosenthal, Monhait, Gross & Goddess, P.A. |
| Robert J. Stern, Jr., Esq. | 1401 Mellon Bank Center |
| Kelly E. Farnan, Esq. | P.O. Box 1070 |
| Anne S. Gaza, Esq. | Wilmington, DE  19899-1070 |
| Richards, Layton & Finger, P.A. | |
| 920 N. King Street | |
| Wilmington, DE  19801 | |

I further certify that on September 19, 2005, I caused a copy of the foregoing Defendants'

Corrected Motion for an Order Granting the Issuance of Letters of Request for Judicial

Assistance Pursuant to Fed. R. Civ. P. 28(b) on the to be served upon the following non-

registered participants in the manner indicated below:

BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

*/s/ Margaret B. Whiteman*
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*