## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **TELEGLOBE COMMUNICATIONS** | : | **Jointly Administered** |
| **CORPORATION, et al.,** | : | **Case No. 02-11518 (MFW)** |
|  | : |  |
| Debtors. | : |  |

----------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
| **TELEGLOBE COMMUNICATIONS** | : |  |
| **CORPORATION, et al.,**[1] | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **C.A. No. 04-CV-1266 (SLR)** |
|  | : |  |
| **BCE INC., MICHAEL T. BOYCHUK,** | : |  |
| **MARC A. BOUCHARD, SERGE FORTIN,** | : |  |
| **TERENCE J. JARMAN, STEWART VERGE,** | : |  |
| **JEAN C. MONTY, RICHARD J. CURRIE,** | : |  |
| **THOMAS KIERANS, STEPHEN P. SKINNER,** | : |  |
| **and H. ARNOLD STEINBERG,** | : |  |
|  | : |  |
| Defendants. | : |  |

----------------------------------------------------------x

### NOTICE OF DEPOSITIONS

To:  Gregory V. Varallo                         John P. Amato
     C. Malcolm Cochran                         Mark S. Indelicato
     Russell C. Silberglied                     Jeffrey L. Schwartz
     RICHARDS, LAYTON & FINGER, P.A.            HAHN & HESSEN LLP
     One Rodney Square                          488 Madison Avenue
     920 N. King Street                         New York, NY 10022
     Wilmington, DE 19801                       Tel.   (212) 478-7200
     Tel.   (302) 651-7700                      Fax.   (212) 478-7400
     Fax.   (302) 651-7701

---

[1]    The Debtors are the following eleven entities:  Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc.

059825.1001

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants BCE Inc., Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (the "Defendants"), by and through their undersigned counsel, will take the depositions upon oral examination of the following non-party witnesses pursuant to subpoenas *duces tecum*, copies of which are attached hereto. The identities of the deponents, dates, times and locations are as follows:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Kerry Brouk | October 17, 2005<br>10:00 a.m. | Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022 |
| Monica Lewis | October 18, 2005<br>10:00 a.m. | Hanson Renaissance Court Reporting<br>400 Renaissance Center, Suite 2160<br>Detroit, MI 48243 |
| Jeffrey Armitage | October 20, 2005<br>10:00 a.m. | McCorkle Court Reporters<br>300 North LaSalle Street<br>Suite 300, Chicago IL 60601 |

You are invited to attend and cross-examine.

Dated:  September 21, 2005
Wilmington, Delaware

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Pauline K. Morgan*

Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600
-and-

SHEARMAN & STERLING LLP
Stuart J. Baskin
George J. Wade
Jaculin Aaron
Daniel Schimmel
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

Teleglobe Comm. *et al.*,*

                                    Debtors.

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States Bankruptcy Court
District of Delaware

---------------------------------------------------------- x

Teleglobe USA Inc. *et al.*,

                                    Plaintiffs,

                    v.

BCE Inc. *et al.*,

                                    Defendants.

**SUBPOENA**

Civ. No. 04-CV-1266 (SLR)

Pending in the United States District Court
District of Delaware

---------------------------------------------------------- x

*See Rider A for full caption

TO:    **Kerry Brouk**
       BANK OF TOKYO/MITSUBISHI
       1251 Avenue of the Americas,
       New York, NY 10020-1104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

**X YOU ARE COMMANDED to appear for deposition upon oral examination and give testimony as to each subject-matter described in the annexed Rider at the place, on the date, and at the time specified below, or at any agreed upon adjourned date and time. The deposition will be taken before a notary public or some other person qualified to administer oaths.**

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000 | October 17, 2005<br>10:00 a.m. |

**X YOU ARE COMMANDED to produce and permit inspection and copying of documents or objects at the place, date, and time specified below.**

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000 | October 10, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
|  | September 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**George Wade, Esq. (GW-6389), Shearman & Sterling LLP, Counsel for the Defendants, 599 Lexington Avenue, New York, NY 10022 (212) 848-4000**

# RIDER A

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE

INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

                                       Debtors.

---------------------------------------------------------------------------------- x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

                                       Plaintiffs,

                           v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

                                       Defendants.

---------------------------------------------------------------------------------- x

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

## SUBPOENA

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court
District of Delaware

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Rule 45, Fed.RCiv.P., Parts (c) and (d) .

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the patty or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES.  if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)　　　If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER TO SUBPOENA

## DEFINITIONS

2.    The term "Complaint" means the Complaint filed by the Plaintiffs in this action on or about May 26, 2004, including any amendments thereto.

3.    The term "Debtors" means, individually and collectively, plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc., their predecessors or successors in interest, and their present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

4.    The term "Committee" means the Official Committee of Unsecured Creditors of Debtors, and each member thereof.

5.    The terms "Plaintiffs," mean collectively the Debtors and the Committee.

6.    The term "Teleglobe" means Teleglobe Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

7.    The term "BCE" means defendant BCE Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

8.    The term "communication" means any meeting, conversation, discussion, conference, consultation, correspondence, message, statement, or any other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

9.    The term "concerning" means concerning, relating to, referring to, reflecting, evidencing, describing, constituting, containing, or involving the matter discussed. The term includes, but is not limited to, documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any document called for by each request.

10.    The term "document" shall have the broadest meaning permitted by Fed. R. Civ. P. 34(a) and includes, without limitation, all contracts, agreements, forms, slips, correspondence, drafts, letters, communications, electronic mails, telegrams, telephone messages, notices, notes, memoranda, reports, studies, analyses, working papers, summaries, statistical statements, financial statements, financial analyses, opinions, forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets, summaries, books, journals, ledgers, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, inter- and intra-office memos and communications, faxes and telexes, and any other tangible thing by or on which information or data is stored or can be obtained, whether in computer storage, carded, punched, taped, or coded form or stored electro-statistically, electro-magnetically, or otherwise; and any other data compilation from which information can be obtained.

The term "document" shall also include all contemporaneously or subsequently created non-identical duplicates or copies and all drafts, preliminary versions or revisions of documents, whether completed or not, by whatever means made, and includes every "document" which is no longer identical by virtue of any notation or modification of any kind.

11.    The term "identify" as used in connection with a communication, discussion, statement, decision, transaction, occurrence or act means to (a) state the date, time, place, manner and substance of such communication, (b) identify all persons who participated in, spoke, listened to, or had access to transcripts or summaries of such communication or copies thereof, (c) identify each such person's function, role, or knowledge, and (d) identify all documents which memorialize, commemorate, summarize, record, or directly refer or relate, in whole or in part, to such communication.

12.    The terms "person" or "persons" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts, estates, and all other entities.

13.    The terms "all," "any," "each," and "every" shall be construed as all, any, each and every to bring within the scope of the request or requests all information that might otherwise be construed to be outside of its scope.

14.    The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside of its scope.

15.    The term "including" means "including, but not limited to."

16.    All references to the singular shall be deemed to include the plural and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

## INSTRUCTIONS

      1.      Unless otherwise indicated, the documents requested to be inspected in this Subpoena include all documents your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody or control if you have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as your attorneys.

      2.      All documents are to be produced in their entirety, without abbreviation or redaction, and including both front and back thereof. Requests for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

      3.      For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

     (a)  the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

     (b)  (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

      If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

      4.      Each paragraph and subparagraph of this Notice for discovery and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

      5.      If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

      6.      For any document requested herein which was formerly in your possession, custody or control but which has been lost or destroyed:

    (a) describe in detail the nature of the document and its contents;

    (b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

    (c) specify the date on which the document was prepared or transmitted;

    (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

    (e) specify in detail all efforts that were made to maintain or preserve the document after April 24, 2002.

       7.    With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

       8.    These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that they obtain or discover additional information after the time of their initial response.

       9.    Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from January 1, 2000 through December 31, 2002.

       10.    Each request in this Subpoena shall be answered separately and fully.

**Subpoenaed Documents and**
**Subject Matter of Deposition Testimony**

Please produce documents and provide testimony concerning the following matters:

1.  The negotiations and procurement of the Facility A 364-Day Revolving Credit Agreement among Teleglobe, Bank of Montreal and certain lenders dated as of or about July 24, 2000, the Facility B 364-Day Revolving Agreement among Teleglobe Holdings (U.S.) Corporation, Excel Communications, Inc. and certain lenders dated as of or about July 24, 2000, any and all amendments and renewals thereof, and all agreements related thereto.

2.  Teleglobe's and/or the Debtors' ability to obtain financing.

3.  All actual and projected sources of funding for GlobeSystem, Teleglobe, and the Debtors, including but not limited to public and private debt and equity markets, contributions from BCE, income from Teleglobe's or the Debtors' operations, strategic partnering, or vendor financing.

4.  BCE's financial support of Teleglobe and/or the Debtors.

5.  Any representations, promises, disclosures, or other statements made by BCE to You regarding Teleglobe, the Debtors, and/or GlobeSystem.

6.  Teleglobe's and/or the Debtors' solvency.

7.  Any evaluations or analyses of Teleglobe's loan covenants, credit facilities, and/or credit ratings.

8.  BCE's decision to cease long-term funding of Teleglobe.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

in re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS. INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Chapter 11<br>Case No. 02-1 1518 (MFW)<br>Jointly Administered<br><br>Pending in the United States<br>Bankruptcy Court<br>District of Delaware

                                    Debtors.

---------------------------------------------------------------------------- x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS. INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE
COMMUNICATIONS CORPORATION, et al.,

Civ.  No. 04-CV-1266 (SLR)<br><br>Pending in the United States<br>District Court<br>District of Delaware

                                    Plaintiffs,

                            v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE
FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY,
RICHARD J. CURRIE. THOMAS KIERANS, STEPHEN P. SKINNER, and H.
ARNOLD STEINBERG,

                                    Defendants.

---------------------------------------------------------------------------- X


## SUBPOENA IN AN ADVERSARY PROCEEDING


**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
P.O. BOX 391
WILMINGTON, DELAWARE 19899
(302) 571-6672

-and-

**SHEARMAN & STERLING LLP**
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEFENDANTS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | |
| Teleglobe Comm. *et al.*,* | Chapter 11 |
| | Case No. 02-1 1518 (MFW) |
| Debtors. | Jointly Administered |
| | |
| | Pending in the United States Bankruptcy Court |
| | District of Delaware |
| ------------------------------------------------------- x | |
| Teleglobe USA Inc. *et al.*, | |
| | |
| Plaintiffs, | **SUBPOENA** |
| | |
| v. | |
| | |
| BCE Inc. *et al.*, | Civ. No. 04-CV-1266 (SLR) |
| | Pending in the United States District Court |
| Defendants. | District of Delaware |
| ------------------------------------------------------- x | |

*See Rider A for full caption

TO:    **Monica Lewis**
       COMERICA BANK
       Comerica Tower at Detroit Center
       500 Woodward Ave.
       MC3328
       Detroit, MI 48226, USA

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear for deposition upon oral examination and give testimony as to each subject-matter described in the annexed Rider at the place, on the date, and at the time specified below, or at any agreed upon adjourned date and time. The deposition will be taken before a notary public or some other person qualified to administer oaths.

| PLACE | DATE AND TIME |
|---|---|
| Hanson Renaissance Court Reporting | October 18, 2005 |
| 400 Renaissance Center | 10:00 a.m. |
| Suite 2160 | |
| Detroit, MI 48243 | |

X YOU ARE COMMANDED to produce and permit inspection and copying of documents or objects at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP | October 10, 2005 |
| 599 Lexington Avenue | 9:00 a.m. |
| New York, New York 10022 | |
| (212) 848-4000 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND ~~TITLE~~ | DATE |
|---|---|
| *[signature]* | September 20, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**George Wade, Esq. (GW-6389), Shearman & Sterling LLP, Counsel for the Defendants, 599 Lexington Avenue, New York, NY 10022 (212) 848-4000**

## RIDER A

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

-------------------------------------------------------------------------- x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

-------------------------------------------------------------------------- x

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

## SUBPOENA

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court
District of Delaware

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.RCiv.P., Parts (c) and (d) .

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES. if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3X(B)(iii) of this

rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)     If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER TO SUBPOENA

## DEFINITIONS

1.    "You" means the recipient of this Subpoena.

2.    The term "Complaint" means the Complaint filed by the Plaintiffs in this action on or about May 26, 2004, including any amendments thereto.

3.    The term "Debtors" means, individually and collectively, plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc., their predecessors or successors in interest, and their present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

4.    The term "Committee" means the Official Committee of Unsecured Creditors of Debtors, and each member thereof.

5.    The terms "Plaintiffs," mean collectively the Debtors and the Committee.

6.    The term "Teleglobe" means Teleglobe Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

7.    The term "BCE" means defendant BCE Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

8.    The term "communication" means any meeting, conversation, discussion, conference, consultation, correspondence, message, statement, or any other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

9.    The term "concerning" means concerning, relating to, referring to, reflecting, evidencing, describing, constituting, containing, or involving the matter discussed. The term includes, but is not limited to, documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any document called for by each request.

10. The term "document" shall have the broadest meaning permitted by Fed. R. Civ. P. 34(a) and includes, without limitation, all contracts, agreements, forms, slips, correspondence, drafts, letters, communications, electronic mails, telegrams, telephone messages, notices, notes, memoranda, reports, studies, analyses, working papers, summaries, statistical statements, financial statements, financial analyses, opinions, forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets, summaries, books, journals, ledgers, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, inter- and intra-office memos and communications, faxes and telexes, and any other tangible thing by or on which information or data is stored or can be obtained, whether in computer storage, carded, punched, taped, or coded form or stored electro-statistically, electro-magnetically, or otherwise; and any other data compilation from which information can be obtained.

The term "document" shall also include all contemporaneously or subsequently created non-identical duplicates or copies and all drafts, preliminary versions or revisions of documents, whether completed or not, by whatever means made, and includes every "document" which is no longer identical by virtue of any notation or modification of any kind.

11. The term "identify" as used in connection with a communication, discussion, statement, decision, transaction, occurrence or act means to (a) state the date, time, place, manner and substance of such communication, (b) identify all persons who participated in, spoke, listened to, or had access to transcripts or summaries of such communication or copies thereof, (c) identify each such person's function, role, or knowledge, and (d) identify all documents which memorialize, commemorate, summarize, record, or directly refer or relate, in whole or in part, to such communication.

12. The terms "person" or "persons" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts, estates, and all other entities.

13. The terms "all," "any," "each," and "every" shall be construed as all, any, each and every to bring within the scope of the request or requests all information that might otherwise be construed to be outside of its scope.

14. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside of its scope.

15. The term "including" means "including, but not limited to."

16. All references to the singular shall be deemed to include the plural and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

## INSTRUCTIONS

1.      Unless otherwise indicated, the documents requested to be inspected in this Subpoena include all documents your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody or control if you have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as your attorneys.

2.      All documents are to be produced in their entirety, without abbreviation or redaction, and including both front and back thereof. Requests for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

3.      For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

(a) the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

(b) (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

4.      Each paragraph and subparagraph of this Notice for discovery and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

5.      If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

6.      For any document requested herein which was formerly in your possession, custody or control but which has been lost or destroyed:

(a) describe in detail the nature of the document and its contents;

(b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

(c) specify the date on which the document was prepared or transmitted;

(d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

(e) specify in detail all efforts that were made to maintain or preserve the document after April 24, 2002.

7. With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

8. These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that they obtain or discover additional information after the time of their initial response.

9. Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from January 1, 2000 through December 31, 2002.

10. Each request in this Subpoena shall be answered separately and fully.

**Subpoenaed Documents and**
**Subject Matter of Deposition Testimony**

Please produce documents and provide testimony concerning the following matters:

    1.  The negotiations and procurement of the Facility A 364-Day Revolving Credit Agreement among Teleglobe, Bank of Montreal and certain lenders dated as of or about July 24, 2000, the Facility B 364-Day Revolving Agreement among Teleglobe Holdings (U.S.) Corporation, Excel Communications, Inc. and certain lenders dated as of or about July 24, 2000, any and all amendments and renewals thereof, and all agreements related thereto.

    2.  Teleglobe's and/or the Debtors' ability to obtain financing.

    3.  All actual and projected sources of funding for GlobeSystem, Teleglobe, and the Debtors, including but not limited to public and private debt and equity markets, contributions from BCE, income from Teleglobe's or the Debtors' operations, strategic partnering, or vendor financing.

    4.  BCE's financial support of Teleglobe and/or the Debtors.

    5.  Any representations, promises, disclosures, or other statements made by BCE to You regarding Teleglobe, the Debtors, and/or GlobeSystem.

    6.  Teleglobe's and/or the Debtors' solvency.

    7.  Any evaluations or analyses of Teleglobe's loan covenants, credit facilities, and/or credit ratings.

    8.  BCE's decision to cease long-term funding of Teleglobe.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

------------------------------------------------------------------------ x

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

                                             Debtors.

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

------------------------------------------------------------------------ x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE
COMMUNICATIONS CORPORATION, et al.,

                                             Plaintiffs,

                          v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE
FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY,
RICHARD J. CURRIE. THOMAS KIERANS, STEPHEN P. SKINNER, and H.
ARNOLD STEINBERG,

                                             Defendants.

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court
District of Delaware

------------------------------------------------------------------------ X

## SUBPOENA IN AN ADVERSARY PROCEEDING

YOUNG CONAWAY STARGATT & TAYLOR, LLP
BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
P.O. BOX 391
WILMINGTON, DELAWARE 19899
(302) 571-6672

-and-

SHEARMAN & STERLING LLP
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEFENDANTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In re

Teleglobe Comm. *et al.*,*

                                        Debtors.

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

--------------------------------------------------------------- x

Teleglobe USA Inc. *et al.*,

                                        Plaintiffs,

                    v.

BCE Inc. *et al.*,

                                        Defendants.

Pending in the United States Bankruptcy Court
District of Delaware

**SUBPOENA**

Civ. No. 04-CV-1266 (SLR)
Pending in the United States District Court
District of Delaware

--------------------------------------------------------------- X

*See Rider A for full caption

TO:    **Jeffrey Armitage**
       BANK OF AMERICA
       231 South La Salle Street
       Chicago, IL 60604

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

**X YOU ARE COMMANDED to appear for deposition upon oral examination and give testimony as to each subject-matter described in the annexed Rider at the place, on the date, and at the time specified below, or at any agreed upon adjourned date and time. The deposition will be taken before a notary public or some other person qualified to administer oaths.**

| PLACE | DATE AND TIME |
|---|---|
| McCorkle Court Reporters<br>300 North LaSalle Street<br>Suite 300, Chicago IL 60601 | October 20, 2005<br>10:00 a.m. |

**X YOU ARE COMMANDED to produce and permit inspection and copying of documents or objects at the place, date, and time specified below.**

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000 | October 12, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | September 20, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**George Wade, Esq. (GW-6389), Shearman & Sterling LLP, Counsel for the Defendants, 599 Lexington Avenue, New York, NY 10022 (212) 848-4000**

# RIDER A

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

------------------------------------------------------------------------------- x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

------------------------------------------------------------------------------- x

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

## SUBPOENA

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court
District of Delaware

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

_____

**Rule 45, Fed.R.Civ.P., Parts (c) and (d) .**

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES. if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in order to attend trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)    If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER TO SUBPOENA

## DEFINITIONS

1.　　"You" means the recipient of this Subpoena.

2.　　The term "Complaint" means the Complaint filed by the Plaintiffs in this action on or about May 26, 2004, including any amendments thereto.

3.　　The term "Debtors" means, individually and collectively, plaintiffs Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., and Teleglobe Submarine Inc., their predecessors or successors in interest, and their present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

4.　　The term "Committee" means the Official Committee of Unsecured Creditors of Debtors, and each member thereof.

5.　　The terms "Plaintiffs," mean collectively the Debtors and the Committee.

6.　　The term "Teleglobe" means Teleglobe Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

7.　　The term "BCE" means defendant BCE Inc., its predecessors or successors in interest, and its present or former subsidiaries, affiliates, divisions, business units, directors, officers, employees, attorneys, agents and representatives, and all persons acting or who have acted on their behalf.

8.　　The term "communication" means any meeting, conversation, discussion, conference, consultation, correspondence, message, statement, or any other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

9.　　The term "concerning" means concerning, relating to, referring to, reflecting, evidencing, describing, constituting, containing, or involving the matter discussed. The term includes, but is not limited to, documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any document called for by each request.

10.     The term "document" shall have the broadest meaning permitted by Fed. R. Civ. P. 34(a) and includes, without limitation, all contracts, agreements, forms, slips, correspondence, drafts, letters, communications, electronic mails, telegrams, telephone messages, notices, notes, memoranda, reports, studies, analyses, working papers, summaries, statistical statements, financial statements, financial analyses, opinions, forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets, summaries, books, journals, ledgers, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, inter- and intra-office memos and communications, faxes and telexes, and any other tangible thing by or on which information or data is stored or can be obtained, whether in computer storage, carded, punched, taped, or coded form or stored electro-statistically, electro-magnetically, or otherwise; and any other data compilation from which information can be obtained.

The term "document" shall also include all contemporaneously or subsequently created non-identical duplicates or copies and all drafts, preliminary versions or revisions of documents, whether completed or not, by whatever means made, and includes every "document" which is no longer identical by virtue of any notation or modification of any kind.

11.     The term "identify" as used in connection with a communication, discussion, statement, decision, transaction, occurrence or act means to (a) state the date, time, place, manner and substance of such communication, (b) identify all persons who participated in, spoke, listened to, or had access to transcripts or summaries of such communication or copies thereof, (c) identify each such person's function, role, or knowledge, and (d) identify all documents which memorialize, commemorate, summarize, record, or directly refer or relate, in whole or in part, to such communication.

12.     The terms "person" or "persons" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts, estates, and all other entities.

13.     The terms "all," "any," "each," and "every" shall be construed as all, any, each and every to bring within the scope of the request or requests all information that might otherwise be construed to be outside of its scope.

14.     The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside of its scope.

15.     The term "including" means "including, but not limited to."

16.     All references to the singular shall be deemed to include the plural and all references to the plural shall be deemed to include the singular. All references to the masculine gender shall be deemed to include the feminine and neuter.

# **INSTRUCTIONS**

1.     Unless otherwise indicated, the documents requested to be inspected in this Subpoena include all documents your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody or control if you have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as your attorneys.

2.     All documents are to be produced in their entirety, without abbreviation or redaction, and including both front and back thereof.  Requests for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

3.     For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

> (a) the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

> (b) (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

4.     Each paragraph and subparagraph of this Notice for discovery and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

5.     If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

6.     For any document requested herein which was formerly in your possession, custody or control but which has been lost or destroyed:

    (a) describe in detail the nature of the document and its contents;

    (b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

    (c) specify the date on which the document was prepared or transmitted;

    (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

    (e) specify in detail all efforts that were made to maintain or preserve the document after April 24, 2002.

7.    With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

8.    These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that they obtain or discover additional information after the time of their initial response.

9.    Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from January 1, 2000 through December 31, 2002.

10.    Each request in this Subpoena shall be answered separately and fully.

**Subpoenaed Documents and**
**Subject Matter of Deposition Testimony**

Please produce documents and provide testimony concerning the following matters:

1.  The negotiations and procurement of the Facility A 364-Day Revolving Credit Agreement among Teleglobe, Bank of Montreal and certain lenders dated as of or about July 24, 2000, the Facility B 364-Day Revolving Agreement among Teleglobe Holdings (U.S.) Corporation, Excel Communications, Inc. and certain lenders dated as of or about July 24, 2000, any and all amendments and renewals thereof, and all agreements related thereto.

2.  Teleglobe's and/or the Debtors' ability to obtain financing.

3.  All actual and projected sources of funding for GlobeSystem, Teleglobe, and the Debtors, including but not limited to public and private debt and equity markets, contributions from BCE, income from Teleglobe's or the Debtors' operations, strategic partnering, or vendor financing.

4.  BCE's financial support of Teleglobe and/or the Debtors.

5.  Any representations, promises, disclosures, or other statements made by BCE to You regarding Teleglobe, the Debtors, and/or GlobeSystem.

6.  Teleglobe's and/or the Debtors' solvency.

7.  Any evaluations or analyses of Teleglobe's loan covenants, credit facilities, and/or credit ratings.

8.  BCE's decision to cease long-term funding of Teleglobe.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------------------------x

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

                    Debtors.

-----------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA
INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS
(U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE
HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE
INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE
PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE
COMMUNICATIONS CORPORATION, et al.,

                    Plaintiffs,

                v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE
FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY,
RICHARD J. CURRIE. THOMAS KIERANS, STEPHEN P. SKINNER, and H.
ARNOLD STEINBERG,

                    Defendants.

-----------------------------------------------------------------------X

Chapter 11
Case No. 02-1 1518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

Civ. No. 04-CV-1266 (SLR)

Pending in the United States
District Court
District of Delaware


# SUBPOENA IN AN ADVERSARY PROCEEDING


YOUNG CONAWAY STARGATT & TAYLOR, LLP
BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
P.O. BOX 391
WILMINGTON, DELAWARE 19899
(302) 571-6672

-and-

SHEARMAN & STERLING LLP
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2005, I electronically filed a true and correct copy of foregoing Notice of Depositions with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Gregory V. Varallo, Esq.
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801

Kevin A. Gross, Esq.
Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE  19899-1070

I further certify that on September 21, 2005, I caused a copy of the foregoing Notice of

Depositions on the to be served upon the following non-registered participants in the manner

indicated below:

BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

*/s/ Margaret B. Whiteman*
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*