IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) Chapter 11<br>)<br>TELEGLOBE COMMUNICATIONS CORPORATION, )<br>a Delaware Corporation, et al., )<br>                   Debtors. ) Case No.: 02-11518(MFW)<br>_____)<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF TELEGLOBE COMMUNICATIONS )<br>CORPORATION, TELEGLOBE USA, INC., AND THEIR )<br>AFFILIATED DEBTOR ENTITIES, )<br>)<br>                   Plaintiffs. )<br>     v. ) Civil Case No. 04-1266(SLR)<br>)<br>BCE INC., MICHAEL T. BOYCHUK, )<br>MARC A. BOUCHARD, SERGE FORTIN, )<br>TERENCE J. JARMAN, STEWART VERGE, )<br>JEAN C. MONTY, RICHARD J. CURRIE, )<br>THOMAS KIERANS, STEPHEN P. SKINNER, )<br>and H. ARNOLD STEINBERG, )<br>)<br>                   Defendant ) | |

**NOTICE OF DEPOSITIONS PURSUANT
TO SERVICE OF THIRD-PARTY SUBPOENAS**

PLEASE TAKE NOTICE that the Official Committee of Unsecured Creditors of the Debtors, by its counsel Rosenthal, Monhait, Gross & Goddess, P.A., and Hahn & Hessen LLP, issued subpoenas for the production of documents and to take depositions from the third-party witnesses listed below.

Copies of these subpoenas were sent to counsel for BCE, Inc. and the co-plaintiffs via first class mail.

| Name of Witness | Date Served | Deposition Date |
|---|---|---|
| James W. Callaway | 9/29/05 | 10/12/05 @ 10:00 a.m. |
| James S. Kahan | 9/29/05 | 10/12/05 @ 2:00 p.m. |

The depositions will take place at Hoffman Reporting and Video Services, 206 East Locust Street, San Antonio, TX 78212.

Dated: September 30, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

By
Kevin Gross (I.D. No. 209)
Citizens Bank Building
919 Market Street, Suite 1401
Wilmington, DE 19801
(302)656-4433

Attorneys for The Official Committee
of Unsecured Creditors

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

---

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered
Pending in the United States
Bankruptcy Court
District of Delaware

**SUBPOENA IN AN ADVERSARY PROCEEDING**

C.A. No. 04-CV-1266 (SLR)
Pending in the United States
District Court
District of Delaware

TO:   JAMES W. CALLAWAY
      c/o SBC Communications, Inc.
      175 E Houston Street
      San Antonio, Texas 78205-2255

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear for deposition at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Hoffman Reporting & Video Services<br>206 East Locust Street<br>San Antonio, Texas 78212 | October 12, 2005 *<br>10:00 a.m.<br>* to be continued on 10/20/05 if necessary |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: copies of all calendars, schedules and/or date books for January through April 2002.

| PLACE | DATE AND TIME |
|---|---|
| Hoffman Reporting & Video Services<br>206 East Locust Street<br>San Antonio, Texas 78212 | October 9, 2005<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE *[signature]* | DATE<br>September 29, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John P. Amato, Esq. (JA-4997), Hahn & Hessen LLP, Counsel for the Official Committee of the Unsecured Creditors, 488 Madison Avenue, 14th Floor, New York, NY 10022   (212) 478-7200

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES. if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| In re<br><br>TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,<br><br>Debtors.<br>------x | Chapter 11<br>Case No. 02-11518 (MFW)<br>Jointly Administered<br>Pending in the United States Bankruptcy Court<br>District of Delaware |
| TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,<br><br>Defendants.<br>------x | **SUBPOENA IN AN ADVERSARY PROCEEDING**<br><br>C.A. No. 04-CV-1266 (SLR)<br>Pending in the United States District Court<br>District of Delaware |

TO:   **JAMES S. KAHAN**
c/o SBC Communications, Inc.
175 E Houston Street
San Antonio, Texas 78205-2255

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear for deposition at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Hoffman Reporting & Video Services<br>206 East Locust Street<br>San Antonio, Texas 78212 | October 12, 2005 *<br>2:00 p.m.<br>* to be continued on 10/20/05 if necessary |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: copies of all calendars, schedules and/or date books for January through April 2002.

| PLACE | DATE AND TIME |
|---|---|
| Hoffman Reporting & Video Services<br>206 East Locust Street<br>San Antonio, Texas 78212 | October 9, 2005<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ John P. Amato* CL | DATE<br>September 29, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John P. Amato, Esq. (JA-4997), Hahn & Hessen LLP, Counsel for the Official Committee of the Unsecured Creditors, 488 Madison Avenue, 14th Floor, New York, NY 10022   (212) 478-7200

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES. if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 30th day of September, 2005, I caused a copy of the foregoing to be served upon the following persons by first class mail:

George J. Wade, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069

Frank Perch, Esq.
Office of the United States Trustee
844 King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801

Pauline K. Morgan, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Gregory V. Varallo, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899 - 0551

Kevin Gross