IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
In re                                            Chapter 11

TELEGLOBE COMMUNICATIONS                         Jointly Administered
CORPORATION, et al.,                             Case No. 02-11518 (MFW)

                 Debtors.
---------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS
CORPORATION, et al.,                             C.A. No. 04-CV-1266 (SLR)

                 Plaintiffs,

         v.

BCE INC., et al.,

                 Defendants.
---------------------------------------------------------------x
```

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Charles Childers at the Offices of Laurie Webb & Associates, 517 South Ninth Street, Las Vegas, Nevada 89101, on November 10, 2005, at 10:00 a.m. (See Exhibit A) Mr. Childers is also required to produce documents responsive to the document request incorporated in the annexed subpoena, on November 3, 2005, at 10:00 a.m., at the Offices of Laurie Webb & Associates, 517 South Ninth Street, Las Vegas, Nevada 89101.

The deposition will continue day to day (excluding Saturdays, Sundays and legal holidays) until complete.

The deposition is being taken for pretrial discovery, for use at trial, and for such other purposes as may be permitted by law. The deposition will be conducted by oral examination, and will be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths. The deposition will also be recorded by audio-visual means.

You are invited to attend and cross examine.

Dated: October 25, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

By: /s/ Kevin Gross
Kevin Gross, Esq. (DSBA#209)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433

and

Gregory V. Varallo, Esq. (DSBA #2242)
RICHARDS LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7772

and

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-2400

Attorneys for the Official Committee
of Unsecured Creditors of Teleglobe
Communications Corporation, *et al.*

# EXHIBIT A

Case 1:04-cv-01266-SLR    Document 197    Filed 10/25/2005    Page 3 of 10

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA – LAS VEGAS

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

------------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

------------------------------------------------------------------x

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

**SUBPOENA IN AN ADVERSARY PROCEEDING**

C.A. No. 04-CV-1266 (SLR)
Pending in the United States
District Court
District of Delaware

TO: **CHARLES CHILDERS**
10433 Orkiney Drive
Las Vegas, NV 89143

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

**X** YOU ARE COMMANDED to appear for deposition at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Laurie Webb & Associates – Court Reporting<br>517 South Ninth Street<br>Las Vegas, NV 89101<br>702-386-9322 | November 10, 2005<br>10:00 a.m. |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: copies of all calendars, schedules and/or date books for January through April 2002.

| PLACE | DATE AND TIME |
|---|---|
| Laurie Webb & Associates – Court Reporting<br>517 South Ninth Street<br>Las Vegas, NV 89101<br>702-386-9322 | November 3, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | October 24, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Malatak, Esq. (RM-6292), Hahn & Hessen LLP, Counsel for the Official Committee of the Unsecured Creditors, 488 Madison Avenue, 14th Floor, New York, NY 10022   (212) 478-7200

PROOF OF SERVICE

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                   SIGNATURE OF SERVER

                                                               _____
                                                               ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES. if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER TO SUBPOENA

### Definitions and Instructions

A.  "You" means the recipient of this Subpoena.

B.  "BCE" means BCE Inc., its former and present subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

C.  "TI" means Teleglobe, Inc., its former and present directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

D.  The term "Debtors" means, collectively and individually, Teleglobe Holdings (U.S.) Corp., Teleglobe Holding Corp., Teleglobe Marine (U.S.) Inc., Teleglobe Submarine Inc., Teleglobe Investment Corp., Teleglobe Communications Corp., Optel Telecommunications, Inc., Teleglobe USA Inc., Teleglobe Telecom Corp., Teleglobe Luxembourg LLC, and Teleglobe Puerto Rico Inc., their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

E.  "GlobeSystem" means the telecommunications network buildout program planned and/or deployed by TI and the Debtors between about 1999 and 2002.

F.  This Subpoena applies to all documents in your possession, custody and/or control, regardless of the location of such documents.

G.  Unless otherwise specified, this Subpoena calls for the production of all documents created between January 1, 2000 and December 31, 2002, or which otherwise relate to this period regardless of when created.

H.  The following definitions shall apply:

   (1)  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

   (2)  "Concerning" means relating to, referring to, describing, evidencing or constituting.

I.  The following rules of construction apply:

   (1)  The terms "all" and "each" shall be construed as all and each.

   (2)  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) The use of the singular form of any word includes the plural and vice versa.

J. You should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, personal digital assistants, workstations, mainframes, servers, backup disks and tapes, archive disks and tapes, and any other forms of online or offline storage, whether physically located on your premises or at any other facility.

K. Each document is to be produced in its entirety, without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

L. Documents that are stapled, clipped or otherwise attached or fastened together in their original condition shall be produced in such form. Documents that are segregated or separated from other documents by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained in your files, and shall not be shuffled or otherwise rearranged.

M. If any document requested herein is withheld under a claim of privilege, or is not provided for whatever reason, you are requested at the time of responding to these Requests to (a) describe in detail the claim of privilege or other reason used to withhold the document; and (b) identify each document by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. You are further requested to provide all portions of any documents that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

N. In the event that any document called for by this Subpoena has been destroyed, or discarded or otherwise lost, the following information shall be provided for each such document: (i) all authors and addresses; (ii) any indicated or blind copies; (iii) the document's date, subject matter and number of pages; (iv) the date of the document's destruction or discard and the reason therefor; and (v) whether any copies of the document presently exist, and if so, the name of the custodian of each copy.

O. If no documents exist that are responsive to a particular request listed below, You shall so state in writing.

P. Each request in this Subpoena shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production.

Q. Each request in this Subpoena shall be answered separately and fully.

## Subpoenaed Documents and
## Subject Matter of Deposition Testimony

Kindly produce documents and give testimony concerning, without limitation, the following matters:

1. All actual and projected sources of funding for GlobeSystem, TI, and the Debtors, including public and private debt and equity markets, contributions from BCE, income from TI's or the Debtors' operations, strategic partnering, or vendor financing.

2. BCE's financial support of, financial commitment to, or financing of TI, the Debtors, and their respective operations, including, but not limited to, GlobeSystem.

3. TI's and the Debtors' reliance on BCE for funding or financial support.

4. The financing or funding of GlobeSystem, including, but not limited to budgets, forecasts, and management presentations.

5. Budgets, projections, forecasts, and management presentations concerning (1) sales and/or revenues for TI and/or the Debtors; and/or (2) the financing or funding of GlobeSystem.

6. Any briefings, discussions, meetings, presentations, or other communications between You and Fox Cable Network.

7. Any evaluations or analyses of restructuring or refinancing possibilities for TI and/or the Debtors.

8. BCE's decision to cease funding TI's and the Debtors' operations.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA – LAS VEGAS
-----------------------------------------------------------------x
In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

Debtors.
-----------------------------------------------------------------x
TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

C.A. No. 04-CV-1266 (SLR)

Pending in the United States
Bankruptcy Court
District of Delaware

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.
-----------------------------------------------------------------x

## SUBPOENA IN AN ADVERSARY PROCEEDING

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200
Attorneys FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF THE
ABOVE-CAPTIONED DEBTORS

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 25th day of October, 2005, I caused a copy of the foregoing to be served upon the following counsel in the manner indicated:

<u>Hand Delivery</u>
Pauline K. Morgan, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

<u>First Class Mail</u>
George J. Wade, Esq
Daniel Schimmel, Esq.
SHEARMAN & STERLING LLP
Attorneys for BCE, Inc.
599 Lexington Avenue
New York, New York 10022-6069

_____
Kevin Gross