# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TELEGLOBE COMMUNICATIONS | ) | Jointly Administered |
| CORPORATION, *et al.*, | ) | Bank. Case No. 02-11518 (MFW) |
| | ) | |
| Debtors, | ) | |
| | | |
| TELEGLOBE COMMUNICATIONS | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 04-CV-1266 (SLR) |
| v. | ) | |
| | ) | |
| BCE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL DECISION ON PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS TO PRODUCE
DOCUMENTS WITHHELD ON THE BASIS OF PRIVILEGE

Gregory V. Varallo, Esquire, C. Malcolm Cochran, IV, Esquire, Russell C. Silberglied, Esquire, Chad M. Shandler, Esquire, and Evan O. Williford, Esquire, of RICHARDS LAYTON & FINGER, Attorneys for the Debtors

Kevin Gross, Esquire, of ROSENTHAL, MONHAIT, GROSS, & GODDESS, P.A., Attorneys for the Unsecured Creditors Committee

Pauline K. Morgan, Esquire, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Attorneys for the Defendants

Collins J. Seitz, Jr., Special Master

On December 1, 2005, the Special Master issued a preliminary decision on plaintiffs' (Debtors) motion to compel production of documents. Based on the record submitted at the time, I found that the Debtors had not established grounds to abrogate the attorney client privilege or work product immunity.

For purposes of the December 1, 2005 decision, the Special Master assumed that the defendants' privilege logs only listed documents reflecting legal advice provided by BCE attorneys exclusively to BCE. This assumption was based on defendants' statement that the only documents withheld from production and subject to the motion are documents that "involve the provision of legal advice *solely* to BCE." Answering Brief, p. 1 (emphasis in original).

The Debtors asked for verification that the documents on defendants' privilege logs generated from November 1, 2001 to and including April 23, 2002, relate to legal advice provided exclusively to BCE. The Special Master asked Debtors' counsel to select fifty documents from defendants' privilege logs for *in camera* review to confirm defendants' statement. In the December 1, 2005 decision, the Special Master also required defendants to produce to Debtors all documents reflecting work performed by Davies Ward Phillips & Vineberg, LLP

2

("Davies Ward") after April 8, 2002 – the date that Davies Ward purportedly began to represent separately Teleglobe, Inc.'s ("Teleglobe") interests.[1]

The Special Master has now reviewed the documents submitted for *in camera* inspection, as well as the Davies Ward documents accompanying defendants' December 7, 2005 letter to the Special Master.[2] I find as follows:

(1) After Debtors' counsel selected fifty documents for review, the defendants over the next month withdrew their privilege assertion for six of the documents.[3]

(2) At least three of the selected documents remain on the privilege log, but do not involve any request for, or provision of, legal advice.[4]

(3) Several of the documents submitted for *in camera* review support Debtors' argument that BCE's in-house counsel provided advice to both Teleglobe and to

---

[1] See defendants' answering brief at 5 ("On April 8, 2002, BCE issued a public statement that it was reconsidering its options with respect to the continued funding of Teleglobe. Following that announcement, Teleglobe was represented by its own separate outside legal counsel. This separate legal representation consisted of both Canadian counsel for Teleglobe (Davies Ward Phillips & Vineberg, LLP as well as U.S. counsel (Jones Day) to advise on matters affecting the U.S. subsidiaries." From this statement the Special Master assumed that Davies Ward's BCE representation terminated on April 8, and Davies Ward thereafter "separately" represented Teleglobe after April 8, 2002. That statement has turned out to be incorrect.

[2] On December 7, 2005, defendants produced additional documents from the privilege log involving Davies Ward's representation of Teleglobe, but continue to withhold documents generated by Davies Ward between April 8-10, 2002, and documents after April 10, 2002 where Davies Ward continued to represent BCE on "other matters" purportedly unrelated to the decision to cease long term funding of Teleglobe

[3] R1, R24, R87, R110, R161, T2883.

[4] R457 (cover page withheld, no legal advice); R458 (cover page withheld, no legal advice); R735 (no legal advice);

3

BCE on matters related directly or indirectly to consideration of alternatives to continued funding of Teleglobe.[5]

(4) Along with defendants' December 7, 2005 letter to the Special Master, defendants produced additional documents from the privilege log generated by Davies Ward between April 10 to May 10, 2002 relating to advice provided to Teleglobe.[6] Defendants have also stated that Davies Ward did not "separately represent" Teleglobe after April 8, 2002, but instead continued to represent BCE on other matters while representing Teleglobe on funding issues. *Id.*

From the foregoing, one can only conclude that the Debtors have raised serious concerns about (1) the reliability of defendants' privilege log, and whether there has been substantial over-designation of documents as privileged; (2) whether BCE's in house and outside counsel represented both BCE and Teleglobe relating to the decision to cease long term funding of Teleglobe; (3) whether the documents withheld from production qualify as privileged; and (4) whether the withheld documents reflect the provision of legal advice solely to BCE.

As a result, the Special Master orders as follows:

---

[5] R82 (advice provided to both BCE and Teleglobe regarding timing of release of annual reports); R130 (advice regarding release of Teleglobe's 2001 MD&A's); R464 (legal advice provided to both Teleglobe and BCE directors regarding fiduciary duties). *See also* R145 (originally withheld and then produced as BCE-AD 0221263 on May 16, 2005 – Michel Lalande, BCE in house counsel memo to file entitled "Proposal for Teleglobe Inc. Financing.").

[6] As stated in the letter: "[u]pon further review, a few documents may reflect work performed for Teleglobe, some may well have been shared with Teleglobe, and a few should not have been withheld." December 7, 2005 Letter, page 2.

4

(1) On or before December 16, 2005, defendants' attorneys shall perform a thorough review of their privilege log, and produce all documents on the log between November 1, 2001 to and including April 23, 2002, that should have been produced earlier or should now be produced in accordance with the standards set forth in the Special Master's December 1, 2005 decision. This includes documents or parts of documents that do not involve a request for, or provision of, legal advice.

(2) On or before December 16, 2005, defendants shall provide an updated privilege log for documents that continue to be withheld for the time period between November 1, 2001 to and including April 23, 2002.

(3) On or before December 16, 2005, defendants shall submit to the Special Master for *in camera* review all documents that continue to be withheld for the time period between November 1, 2001 to and including April 23, 2002.

(4) The Special Master's fees and expenses for conducting the additional review and issuing a supplemental decision shall be paid exclusively by the defendants.

Dated: December 9, 2005

_____
Special Master

5