IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------x
In re:                                        :     Chapter 11
                                              :
TELEGLOBE COMMUNICATIONS                      :     Jointly Administered
CORPORATION, et al.,                          :     Case No. 02-11518 (MFW)
                                              :
                      Debtors.                :
---------------------------------------------------x
                                              :
TELEGLOBE COMMUNICATIONS                      :
CORPORATION, et al.                           :
                                              :
                      Plaintiffs,             :
                                              :
         v.                                   :     C.A. No. 04-CV-1266 (SLR)
                                              :
BCE INC., et al.,                             :
                      Defendants.             :
---------------------------------------------------x
```

**DECLARATION OF MARK SHAPIRO**

I, Mark Shapiro, depose and say that:

1.      I am currently a Managing Director of Lehman Brothers Inc., 745 Seventh

Avenue, New York, New York 10019. I submit this declaration in support of Defendants'

Objections to Special Master's Final Decision on Plaintiffs' Motion to Compel Defendants to

Produce Documents Withheld on the Basis of Privilege. My statements are based on my personal

knowledge.

2.      Before joining Lehman Brothers in September 2002, I was a partner in the law

firm of Shearman & Sterling ("Shearman").

3.      Sometime in March 2002, my partner Stuart Baskin told me that Martine

Turcotte, the Chief Legal Officer of BCE Inc. ("BCE"), had retained Shearman to advise BCE in

connection with the distressed financial condition of its wholly owned subsidiary, Teleglobe Inc.

1

("Teleglobe"). From the inception of that matter, I understood clearly that my client was BCE, not Teleglobe and certainly not any of Teleglobe's subsidiaries. It was clear that the interests of BCE and Teleglobe could diverge, and to that effect, our legal advice was to BCE about the restructuring or liquidation of Teleglobe and the consequences to BCE.

4.      In the course of Shearman's representation of BCE, I prepared or supervised the preparation of the documents listed on pp. 41-43 & nn. 42-46 in the Special Master's Final Decision on Plaintiffs' Motion to Compel Defendants to Produce Documents Withheld on the Basis of Privilege (Feb. 22, 2006) ("SM Dec."). All of the documents are privileged legal advice prepared at the request of and for BCE.

5.      The Special Master is correct (SM Dec. at 42 nn. 42 & 43) that the draft memorandum and bullet points dated April 3, 2002 are addressed to "Teleglobe Inc." But Teleglobe was the *subject* of the legal advice, not the *recipient* of it. My assistant, Constance Hayes, e-mailed the memoranda and bullet points to attorneys who I understood to be representing my client, BCE, not Teleglobe or its subsidiaries.

6.      What is more, the substance of the advice makes clear that my client was BCE and not Teleglobe or its subsidiaries. In the bullet points referenced by the Special Master on p. 42 n.43, Shearman advised BCE with respect to the debtor-in-possession or DIP financing that BCE might provide. As it turned out, BCE did negotiate and provide a DIP financing in which Teleglobe was the borrower. This DIP facility was negotiated by Shearman, on behalf of BCE, and by other law firms, on behalf of Teleglobe. Similarly, Shearman advised BCE regarding potential litigation against it. BCE's legal exposure if it ceased funding Teleglobe was of interest only to BCE. I do not recall why the memorandum was addressed "Memorandum To: Teleglobe Inc." The memorandum was not prepared for or sent to Teleglobe.

2

7.      The Special Master also observed that Shearman provided comments on BCE's and Teleglobe's disclosures. *See* SM Dec. at 42 nn. 44-45. The April 10, 2002 e-mail message to which the Special Master referred (SM Dec. at 42 n.44) is one in which I advised on BCE's disclosures and simply commented that the Teleglobe disclosure on the same subject should be consistent. Moreover, BCE had its own interest in attempting to ensure that the Teleglobe disclosure was accurate, since the disclosure related to BCE's own actions and because BCE faced potential liability for its subsidiary's disclosures under the securities laws. The comments Shearman provided with respect to Teleglobe's disclosures were provided to BCE to assist BCE in protecting its own legal interests. None of my comments advised Teleglobe about its disclosure obligations.

8.      The Special Master is correct that the memorandum to which he refers on p. 43 n.46 was prepared "exclusively for BCE's benefit." SM Dec. at 43.

9.      Shearman represented BCE, not Teleglobe or its U.S. subsidiaries.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2006.

Mark Shapiro

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2006, I electronically filed a true and correct copy of

foregoing Declaration of Mark Shapiro was filed with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

Gregory V. Varallo, Esq.
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070

I further certify that on March 14, 2006, I caused a copy of the foregoing Declaration of

Mark Shapiro on the to be served upon the following non-registered participants in the manner

indicated below:


BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022


/s/ Margaret B. Whiteman
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*