# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: . Case No. 02-11518 (MFW)
. Adv. No.
.
TELEGLOBE COMMUNICATIONS .
CORPORATION, a Delaware . 824 Market Street
corporation, et al., . Wilmington, Delaware 19801
.
Debtors. .
. March 31, 2004
. . . . . . . . . . . . . . 11:30 a.m.

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors: Richards Layton & Finger, PA
By: MARK D. COLLINS, ESQ.
ROBERT STEARN, JR., ESQ.
MICHAEL J. MERCHANT, ESQ.
One Rodney Square
Wilmington, DE 19899

For BCE, Inc.: Young Conaway Stargatt &
Taylor, LLP
By: PAULINE K. MORGAN, ESQ.
The Brandywine Building
1000 West Street, 17th Flr
Wilmington, DE 19899

Audio Operator: Jason Smith

Proceedings recorded by electronic sound recording, transcript
Produced by transcription service

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609) 586-2311   Fax No. (609) 587-3599

05/06/2004 09:18 FAX 3026587567   ROSENTHAL MONHAIT → HAHN HESSEN   @076/080
Case 1:04-cv-01266-SLR   Document 237-2   Filed 03/21/2006   Page 3 of 5

75

1 review documents that relate to our own privilege. They're our
2 documents, we should get to see them.
3     MR. WADE: With respect to the confidentiality
4 agreement, Your Honor, and I forgot to say this when I was up,
5 we have no objection to including Mr. Cook and the Teleglobe
6 general counsel within the ambit of that confidentiality
7 agreement, we just have no problem with that.
8     THE COURT: Was Mr. Brunette left out intentionally?
9     MR. WADE: Pardon?
10    THE COURT: Was Mr. Brunette left out intentionally
11 of that statement?
12    MR. WADE: No, no.
13    THE COURT: Oh, okay.
14    MR. WADE: I, frankly, never thought about it.
15    THE COURT: So, he may review them, as well?
16    MR. WADE: Yes.
17    MR. STEARN: So, I just want to make it clear on
18 behalf of the debtor, the debtor gets the privilege log and are
19 we also going to get the common interest documents? I'm sorry,
20 Your Honor, I'm addressing counsel. I apologize.
21    MR. WADE: Yes, you can have access to those.
22    MR. STEARN: Thank you.
23    MR. AMATO: Your Honor, just the last couple of
24 points is that the main case that BCE relies upon that its
25 privilege should be upheld is the unreported decision of in

76

1 <u>Grimes v. LCC International</u> it's a court of chancery of
2 Delaware, New Castle, a 1999 case. There's a clear paragraph
3 that deals precisely with the dilemma that we've got here, that
4 I think BCE's own case demonstrates that we're supposed to get
5 these documents.

6 The Court said, "Conceivably, there may be documents
7 that do not disclose in any clear cut way which of Mr.
8 DiLeeso's (phonetic) three hats he was wearing at the time he
9 generated or received the communication in question." That's
10 the class of documents that we clearly have here, because BCE
11 itself is saying that these were documents that were relevant
12 to our inquiry that are on the list.

13 The Court proceeds, "Where Mr. DiLeeso's capacity is
14 not readily ascertainable from the document, it will be
15 difficult to determine whether the document is subject to the
16 privilege. To the extent the special master encounters such
17 documents, the question becomes how they should be treated. In
18 my view, any doubt about the status of this indeterminate
19 category of documents should be resolved against the claim of
20 privilege. I so conclude, because it was the defendants who
21 would have created the problem by placing Mr. DiLeeso in
22 multiple and potentially conflicting fiduciary roles. Having
23 created that conflict and its resulting ambiguity, and having
24 been in a position to prevent the conflict from arising in the
25 first place the defendants as fiduciaries of MicroCell's

77

1  (phonetic) minority stockholders cannot be allowed to benefit
2  from the ambiguity by asserting a privilege that would not
3  otherwise have been available."
4      THE COURT: All right, I'm not getting into that.
5  All right, I will direct the common interest documents to be
6  produced. I'll let the parties revise the privilege log with
7  respect to the other documents and if they cannot agree upon
8  what to do about those documents I'll consider it at a later
9  time and determine whether or not that issue should go to
10 mediation. But, I think it's clear that there is a dispute or
11 soon to be suit on this and there appears to be no reason not
12 to produce the common interest documents.
13     MR. AMATO: And the BCE board minutes, Judge?
14     THE COURT: I will not direct those at this time. I
15 think redaction, or the ability to redact non-responsive
16 information is not so clearly inappropriate.
17     MR. AMATO: Just for the record, Your Honor, is this
18 without prejudice to any claims that we or the debtors may have
19 during the course of any litigation that may be prosecuted to
20 again seek those documents and have those issues resolved at
21 that time?
22     THE COURT: I'm not deciding anything with respect to
23 them.
24     MR. AMATO: Thank you, Your Honor. I just want to
25 make sure that I've reserved all rights concerning that.