# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TELEGLOBE COMMUNICATIONS | ) | Case No. 02-11518 (MFW) |
| CORPORATION, a Delaware corporation, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: April 28, 2004 at 11:30 a.m.** |
| | ) | |
| | ) | **RE: Docket No. 2169** |

## OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND COMPELLING DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004

BCE Inc. ("BCE"), through its counsel, Young Conaway Stargatt & Taylor, LLP and Shearman & Sterling LLP, submits this memorandum of law in opposition to the Application of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[1] for an Order Authorizing and Compelling Discovery Pursuant to Bankruptcy Rule 2004 (the "Application"). For the reasons set forth below, BCE respectfully requests that this Court deny the Committee's application.

### PRELIMINARY STATEMENT

1.      BCE has cooperated with the Committee in good faith and provided it with sufficient information to determine whether to file a litigation.

2.      In the first meeting between counsel to the Committee and counsel to BCE, held on September 8, 2003, counsel to BCE agreed to produce the files of nine individuals

---

[1]     The Debtors consist of the following entities: Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc. and Teleglobe Submarine Inc.

**B.    BCE Properly Withheld Documents Protected under the Common Interest Privilege**

30.    The Committee improperly seeks to compel the production of 98 documents designated by BCE as protected under the common interest privilege.[9] The Committee argues that, because Messrs. Lalande, Masse, and Ryan were also corporate officers of the Debtors, the privilege does not exist. (Application ¶¶ 20-23.) This argument has no basis for two reasons.

31.    First, the Committee's application is not ripe. The common interest privilege protects legal advice where the parties are "linked by a common legal interest and are jointly consulting an attorney concerning a mutual concern." Purizer Corp. v. Battelle Mem'l Ins., No. 01 C 6360, 2002 WL 1400263, at *1 (N.D. Ill. June 27, 2002) (quotation omitted). As denoted on BCE's privilege log, BCE attorneys consulted with attorneys, officers, or employees of Teleglobe Inc. or its subsidiaries to discuss or provide legal advice in matters where BCE and Teleglobe Inc. (or its subsidiaries) shared a common legal interest. These documents are therefore protected under the common interest privilege.

32.    The Committee's own cases demonstrate that such common interest privilege will continue to exist until the Debtors file a litigation against BCE: "where the same attorney represents two parties having a common interest, and each party communicates with the attorney, the communications are privileged from disclosure at the instance of a third person. Those communications are not privileged, however, in a subsequent controversy between the two original parties." Simpson, 494 F.2d at 855; see also Valente, 68 F.R.D. at 368. As described above, supra at n.8, the Debtors have not filed such a litigation.

---

[9]    These documents are denoted as "AC/CI" on the privilege log.

33.    Second, at this time, the Committee has no standing to make this

Application because it does not stand in the Debtors' shoes. In re Tenn. Valley Steel Corp., 183

B.R. 795, 799-800 (Bankr. E.D. Tenn. 1995). "Numerous courts in applying § 1109(b) qualify a

creditors' committee's standing by applying the following three-part test: (1) the creditors'

committee must assert a colorable claim; (2) the debtor must have unjustifiably refused to pursue

the claim; and (3) the creditors' committee must have obtained the permission of the bankruptcy

court to initiate the action on behalf of the debtor." Id. None of these requirements has been

met.

### a.    The Committee has failed to identify any colorable claims

34.    First, the Committee has failed to assert or even clearly identify any

claims it might assert. The only statement in the Application that remotely resembles a possible

claim is that BCE had allegedly "committed" to fund the completion of GlobeSystem, that the

Debtors relied on such a "commitment" and incurred "billions of dollars of debt to build or . . .

fund GlobeSystem," and that the Debtors incurred damages when BCE announced that it would

cease its long-term support of Teleglobe Inc., on April 24, 2002. (Application ¶ 14.) Such a

claim is not colorable.[10]

35.    In May 1999 (over a year prior to BCE's acquisition of 77 percent of

Teleglobe Inc.), Teleglobe Inc. announced the development of the GlobeSystem network and

that the completion of GlobeSystem would require US$5 billion. In June 1999, Teleglobe Inc.

raised approximately US$1.75B for that purpose, with US$3.25B still needed to complete the

network. Since that time, all securities filings of Teleglobe Inc. in the United States and Canada

---

[10]    Alternatively, a creditors' committee may also sue on behalf of debtors where the trustee or the debtor in
possession consents to such an action, but the suit must be necessary and beneficial to the resolution of bankruptcy
proceedings. In re Commodore Int'l Ltd., 262 F.3d 96 (2d Cir. 2001) (holding that action had to be dismissed since
creditors' committee's suit was neither necessary nor beneficial). For the reasons described in this section, the
Committee has not, and cannot, make a showing that such a lawsuit would be necessary and beneficial.

19