IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Teleglobe Comm. Corp., *et al.*, | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors | ) Banker. Case No. 02-11518 (MFW) |
| Teleglobe Comm Corp., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 04-CV-1266 (SLR) |
| BCE Inc., *et al.*, | ) |
| Defendants. | ) |

### MOTION TO EXCLUDE EXPERT DECLARATION OF STEPHEN GILLERS

For the reasons that follow, the Plaintiffs move to exclude the expert Declaration of Stephen Gillers (D.I. 236):

1. The Defendants have attempted to submit new argument and new evidence on their appeal from the Special Master's Final Decision (D.I. 213) in the form of an expert declaration from law professor Stephen Gillers, which purports to tell this Court how it should apply the law of attorney-client privilege. The Defendants' attempt to supplement the record on appeal not only runs afoul of applicable case law,[1] it directly contravenes the Court's explicit instructions from the March 7, 2006 teleconference during which the Court ordered the Defendants to base their appeal on the evidence considered by the Special Master. See 3/07/06 Tr. at 13-14 (D.I. 221).

2. In addition, the Defendants' decision to wait until the briefing was completed

---

[1] See Nilssen v. Motorola, Inc., C.A. No. 96-C-5571, 2002 WL 206007, at *11 (N.D. Ill. Feb. 8, 2002) (precluding party objecting to special master's decision from submitting new evidence); Robinson v. Cent. Loan and Finance Corp., 609 F.2d 170, 174 (5th Cir. 1980) (same).

before submitting the expert declaration -- giving the Plaintiffs no chance to respond -- is a clear example of unconscionable "sandbagging."[2] This Court has not tolerated such unseemly tactics in the past, and should deal with the Defendants' legal maneuvering in the same fashion.[3]

3. Finally, the Court should exclude the expert declaration because it impermissibly attempts to usurp the function of the Court by rendering opinions on the interpretation of the law. This Court has routinely struck expert opinions that seek to invade the province of the Court, and even has gone so far to issue a standing order that prohibits expert legal opinions in patent cases.[4] The same result should occur here.

The expert declaration of Stephen Gillers should be excluded.

/s/ Gregory V. Varallo

Gregory V. Varallo (No. 2242)
varallo@rlf.com
C. Malcolm Cochran, IV (No. 2377)
cochran@rlf.com
Russell C. Silberglied (No. 3462)
silberglied@rlf.com
Chad M. Shandler (No. 3796)
shandler@rlf.com
Richards, Layton & Finger
One Rodney Square
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Teleglobe Comm. Corp., et al.

Dated: March 23, 2006

---

[2] The Court should disregard any argument from the Defendants that the expert declaration was submitted in response to the Plaintiffs' Motion to Affirm and Adopt the Special Master's Final Report. The only material reviewed by Mr. Gillers in rendering his opinion was the Special Master's Final Report (D.I. 236 at ¶ 2), which aptly demonstrates that the declaration is intended to address the conclusions reached in the Final Report.

[3] See Watkins v. New Castle County, 374 F. Supp. 2d 379, 394 (D. Del. 2005); see also Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc., C.A. No. 00-589, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002); Local Rule 7.1.3(c)(2).

[4] See, e.g., Watkins v. New Castle County, 374 F. Supp. 2d at 393 (holding that expert testimony which renders legal conclusions should be excluded); Hill v. Equitable Bank, Nat'l Ass'n, C.A. No. 82-220, 1987 WL 8593, at *1-2 (D. Del. Mar. 3, 1987) (holding that expert testimony that renders opinions on the law "invade[s] the province of the Court").

2

RLF1-2994824-1

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006, I hand delivered and electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Pauline K. Morgan, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Joseph A. Rosenthal , Esq.
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19801

I hereby certify that on March 23, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

John Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

George J. Wade, Esq.
Daniel Schimmel, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-2973482-1