IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                                           :     Chapter 11
                                                                 :
TELEGLOBE COMMUNICATIONS                                         :     Jointly Administered
CORPORATION, *et al.*,                                           :     Case No. 02-11518 (MFW)
                                                                 :
                       Debtors.                :
---------------------------------------------------------x
                                                                 :
TELEGLOBE COMMUNICATIONS                                         :
CORPORATION, *et al.*                                            :
                                                                 :
                       Plaintiffs,             :
                                                                 :
                    v.                       :     C.A. No. 04-CV-1266 (SLR)
                                                                 :
BCE INC., *et al.*,                                              :
                       Defendants.             :
---------------------------------------------------------x

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
EXPERT DECLARATION OF STEPHEN GILLERS**

      Under Federal Rule of Evidence 702, expert testimony is admissible if it is helpful. *See* FED. R. EVID. 702 ("assist the trier of fact"). On a critical question before this Court – namely, whether a client loses its separate privilege merely because its documents pass through attorneys who jointly represent another client in addition to it – the opinion of Professor Stephen Gillers of New York University Law School, who is perhaps the leading expert on the law governing lawyers, is of enormous assistance and should be admitted.

      Plaintiffs move to exclude Professor Gillers' testimony because it is expert legal testimony and because it is supposedly untimely. *See* Plaintiffs' Motion to Exclude Declaration of Stephen Gillers (Mar. 23, 2006) ("Motion"). Neither reason provides a basis for exclusion. *First*, the prevailing practice is to admit expert legal testimony such as that offered by Professor

Gillers on the law governing lawyers. *Second*, Professor Gillers' testimony is appropriate additional authority in support of an argument fully briefed in defendants' opening objections and in response to the expanded argument in plaintiffs' motion to adopt the Special Master's final decision.

    1.    Courts in Delaware and this Circuit routinely admit expert legal testimony in connection with bench proceedings involving the law governing lawyers. *See, e.g., United States v. Gordon*, 334 F. Supp. 2d 581, 587-93 (D. Del. 2004) (expert legal testimony in connection with *pro hac vice* motion); *In re TCW/Camil Holding L.L.C.*, 330 B.R. 117, 129 (D. Del. 2005) (expert legal testimony on standard of care for malpractice claim); *In re BCI Pancake House, Inc.*, 270 B.R. 15, 25-26 (Bankr. D. Del. 2001) (expert legal testimony on professional responsibility); *see also, e.g., Beilowitz v. General Motors Corp.*, 226 F. Supp. 2d 565, 569-70 & 569 n.2 (D.N.J. 2002) (expert legal opinion from law professor on sufficiency of consent to eliminate conflict of interest); *Apple Corps Ltd. v. International Collectors Soc'y*, 15 F. Supp. 2d 456, 475 (D.N.J. 1998) (expert legal testimony on rules of professional conduct); *In re Prudential Ins. Co. of America Sales Practices Litigation*, 962 F. Supp. 572, 591 n.47 (D.N.J. 1997) (expert legal testimony from ethics professor on challenge to award of attorney's fee), *vacated in part on other grounds*, 148 F.3d 283 (3d Cir. 1998); *Georgine v. Amchem Products, Inc.*, 157 F.R.D. 246, 297-99 (E.D. Pa. 1994) (expert legal testimony from several law professors on conflicts of interest and other ethics issues in settlement of class-action litigation), *rev'd on other grounds*, 83 F.3d 610 (3d Cir. 1996), *aff'd sub nom. Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997); *Cohen v. Wolgin*, No. Civ. A. 87-2007, 1991 WL 24752, at *4 n.4 (E.D. Pa. Feb. 21, 1991) (unpublished memorandum and order) (stating that expert legal testimony will be considered); *In re Labrum & Doak, LLP*, 227 B.R. 391, 398 (Bankr. E.D. Pa. 1998) (expert

legal testimony in action by unsecured creditors of bankrupt law firm to recover post-dissolution legal fees earned by former partners). *See generally* Note, Expert Legal Testimony, 97 HARV. L. REV. 797, 805 n.47 (1984).

The two cases cited by plaintiffs involve patent and securities claims tried to juries. *See* Motion 4 n.2. Unlike a jury trial, the expert legal witness here cannot tell jurors how to vote or invade the province of the court. Instead, Professor Gillers can render unique assistance to this Court by testifying on an issue in the field in which he is perhaps the leading expert. What is more, Professor Gillers' opinions have more than a good faith basis in the law. They state what he believes under penalty of perjury to be true. This Court should admit Professor Gillers' testimony so that it is available for its consideration.

2.   Professor Gillers' testimony is not untimely on review of a special master's decision and is not improper rebuttal.

a.   Federal Rule 53 expressly contemplates supplemental submissions on review of a special master's decision. *See* FED. R. CIV. P. 53(g)(1) ("In acting on a master's order . . . the court must afford an opportunity to be heard and may receive evidence . . . ."). Plaintiffs' cases (Motion 1 n.1) both date before the 2003 revision to Rule 53, which expanded the provision for supplemental submissions beyond *trial* masters in non-jury actions to *pretrial* masters such as the Special Master appointed in this case.[1]

b.   Moreover, defendants are entitled to submit additional authority in support of arguments raised in their opening objections to rebut contentions in plaintiffs' motion to adopt the Special Master's final decision. In their opening objections, defendants contend that

---

[1] *See Nilssen v. Motorola, Inc.*, No. 96 C 5571, 2002 WL 206007, at *11 (N.D. Ill. Feb. 8, 2002); *Robinson v. Central Loan & Finance Corp.*, 609 F.2d 170, 172 (5th Cir. 1980) (applying "special truth in lending procedure" that brings "a measure of finality in the actions taken by the special master" because TILA cases "represent 28% of all case being filed" in the district court).

"documents from BCE's outside attorneys are privileged regardless of whether they were shared with BCE's in-house attorneys." Defendants' Objections to Special Master's Final Decision 10 (Mar. 14, 2006)) (formatting omitted); *see id.* at 10-11 & n.6. In their motion to adopt the Special Master's final decision, plaintiffs insisted *three times* that defendants are "preclud[ed]" from asserting the privilege merely because documents from BCE's outside counsel passed through in-house lawyers who represent Teleglobe as well. Plaintiffs' Motion to Affirm and Adopt Special Master's Reports and Orders 7 (Mar. 14, 2006); *see id.* at 17, 18. Accordingly, Defendants properly submit Professor Gillers' declaration in their response as additional authority to rebut plaintiffs' contention. *See* Defendants' Response to Plaintiffs' Motion to Affirm and Adopt Special Master's Reports and Orders 7 (Mar. 21, 2006).[2]

For the foregoing reasons, plaintiffs' Motion to Exclude Expert Declaration of Stephen Gillers should be denied.

                                      Respectfully submitted,

                                      YOUNG CONAWAY
                                      STARGATT & TAYLOR, LLP

                                      */s/ Pauline K. Morgan*

                                      Pauline K. Morgan (No. 3650)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      P.O. Box 391
                                      Wilmington, DE 19899
                                      (302) 571-6600
                                      pmorgan@ycst.com

                                      -and-

---

[2] Because Professor Gillers states that he read the Special Master's final decision (*see* D.I. 236 ¶ 2), plaintiffs infer that the decision was the "only material" he read (Motion 2 n.2). Not so. Professor Gillers also had defendants' objections and plaintiffs' motion to affirm before he prepared his declaration. Since Professor Gillers is a disinterested expert addressing a question of importance to this Court, and not an advocate rebutting plaintiffs' motion, he did not need to refer to either party's initial submissions in his declaration.

> SHEARMAN & STERLING LLP
> Stuart J. Baskin
> George J. Wade
> Jaculin Aaron
> 599 Lexington Avenue
> New York, NY 10022
> (212) 848-4000
>
> Counsel for the Defendants

Dated: March 27, 2006
      Wilmington, DE

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2006, I electronically filed a true and correct copy of foregoing document was filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Gregory V. Varallo, Esq.
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801

Joseph A. Rosenthal, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE  19899-1070

I further certify that on March 27, 2006, I caused a copy of the foregoing document on the to be served upon the following non-registered participants in the manner indicated below:

BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

/s/ Margaret B. Whiteman
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*