## EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS' SUPPLEMENTAL BRIEF

**Exhibit B:** Plaintiffs argue that the documents listed in this exhibit constitute "communications between non-lawyers" under circumstances in which it is questionable whether legal inquiries or advice was being relayed. (Pl. Suppl. Br. at 8.) The following table demonstrates the privileged nature of these communications and identifies those documents from the list that have been produced to plaintiffs because of prior disclosure to third parties.

| Exhibit B to Pl. Suppl. Br.: "Communications between Non-Lawyers" | |
|---|---|
| 1. Drafts of BCE support letter to lenders | **July 2004 log:** 111 (reflects legal advice of counsel regarding Teleglobe refinancing) |
| 2. Non-lawyer conveying or seeking legal advice from lawyer | **July 2004 log:** 152, 156 and 415 (reflect legal advice of counsel regarding application of CBCA to proposed transaction) <br><br> 512 (reflects legal advice of counsel on CRTC/regulatory law) <br><br> **Feb. 2005 log:** 86 (reflects legal advice of counsel on CCAA) <br><br> **Sept. 2005 log:** 1826 (reflects legal advice of counsel regarding application of CBCA to proposed transaction) <br><br> 3967 (reflects legal advice of counsel regarding the timing of the filing of BCE's financial statements) <br><br> 4317 (attaching preliminary legal review prepared by counsel) |
| 3. Drafts of April 24 press release, reflecting legal advice of counsel | **Sept. 2005 log:** 919, 1243, 1766, 3190, 3191, 3846, 3888 |
| 4. Litigation sections of April 23, 2002 BCE board presentation drafts (redacted), reflecting legal advice of counsel | **Sept. 2005 log:** 4272, 4273, 4274, 4275, 4276, 4277, 4278, 4279, 5130, 5136, 5137 |
| 5. Redaction information described incorrectly on log | **Sept. 2005 log:** 830 (redacted portion consists of communication from A. Russo, Bell Sr. Counsel, forwarding draft employment agreement from Davies Ward and reflecting legal advice rendered on behalf of BCE) |

1

**EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
SUPPLEMENTAL BRIEF**

| Exhibit B to Pl. Suppl. Brf.: Communications between Non-Lawyers | |
|---|---|
| 6. Produced on January 19, 2006 | **Sept 2005 log:**<br>838 (draft Q1 report excerpt)<br>1214 (draft 2001 AR)<br>1764 (draft Q1 report excerpt)<br>2158 (draft Q1 report excerpt)<br>2168 (draft Q3 2001 report)<br>3437 (draft of AR excerpt)<br>3438 (draft of AR excerpt) |
| 7. Previously produced | **Sept. 2005 log:**<br>1002—produced as BCE-AD 0549393-0549471 (1/8/06)<br>2189—produced as BCE-AD 0551641-0551652 (1/11/06)<br>2191—produced as BCE-AD 0551677-0551735 (1/08/06)<br>2192—produced as BCE-AD 0551736-0551794 (1/08/06)<br>2193—produced as BCE-AD 0551795-0551934 (12/22/05)<br>2293—produced as BCE-AD 0552754-0552765 (1/11/06)<br>2301—produced as BCE-AD 0552772-0552790 (1/11/06)<br>2328—produced as BCE-AD 0552794-0552910 (1/08/06)<br>2337—produced as BCE-AD 0552981-0552992 (1/11/06)<br>2338—produced as BCE-AD 0552993-0553004 (1/11/06)<br>2339—produced as BCE-AD 0553005-0553016 (1/11/06)<br>2340—produced as BCE-AD 0553082-0553140 (1/08/06)<br>2341—produced as BCE-AD 0553141-0553201 (1/08/06)<br>2374—produced as BCE-AD 0553205-0553277 (1/08/06)<br>2376—produced as BCE-AD 0553351-0553421 (1/08/06)<br>2396—produced as BCE-AD 0553498-0553568 (1/08/06)<br>4117—produced as BCE-AD 0557250-0557370 (1/08/06)<br>4150—produced as BCE-AD 0557770-0557890 (1/08/06) |
| 8. Draft letter reflecting legal advice of BCE's counsel | **Sept. 2005 log:**<br>1528 (draft Stikeman letter) |

## EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS' SUPPLEMENTAL BRIEF

**Exhibit C:** Plaintiffs argue that the documents listed in this exhibit, which they characterize as "documents prepared or received by Lalande that refer or relate to changes made to the Teleglobe and/or BCE AIF," should be produced because they purportedly demonstrate that Mr. Lalande "represented Teleglobe, and perhaps both BCE and Teleglobe" in connection with the April 2002 amendments to those documents. (Pl. Suppl. Br. at 13.) The following table demonstrates that these documents do not establish any such joint representation.

| Exhibit C to Pl. Suppl. Br.: "Documents Prepared or Received by Lalande that Refer or Relate to Changes Made to the Teleglobe and/or BCE AIF" | |
| --- | --- |
| 1. Changes to draft annual report in April 2002 to reflect BCE's intention regarding Teleglobe's funding | **July 2004 log:**<br>14 (draft of changes prepared by Lalande; not shared w/ auditors)<br>66 (draft of changes prepared by Lalande; not shared w/ auditors)<br>126 (draft of changes prepared by Ricciuto; not shared w/ auditors)<br>127 (draft of changes prepared by Ricciuto; not shared w/ auditors)<br>695 (draft of changes prepared by Ricciuto; not shared w/ auditors)<br><br>**Feb. 2005 log:**<br>236 (Lalande receives email from S&S on changes to BCE draft only)<br><br>**Sept. 2005 log:**<br>274 (Lalande cc'ed on email to S&S regarding changes to BCE draft AR and Teleglobe draft AR)<br>288 (Lalande receives email from S&S on changes to BCE draft only)<br>1094 (Lalande sends email from S&S on changes to BCE draft only)<br>2564 (Lalande receives email from S&S on changes to BCE draft only)<br>2565 (Lalande receives email from S&S on changes to BCE draft only)<br>2569 (Lalande receives email from S&S on changes to BCE draft only)<br>3105 (Lalande receives email from S&S on changes to BCE draft only) |

3

**EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
SUPPLEMENTAL BRIEF**

| | |
|---|---|
| **Exhibit C to Pl. Suppl. Brf.: "Documents Prepared or Received by Lalande that Refer or Relate to Changes Made to the Teleglobe and/or BCE AIF"** | |
| | **Sept. 2005 log (Cont'd):** <br> 3505 (Lalande receives email from S&S on changes to BCE draft only) <br> 3507 (Lalande receives email from S&S on changes to BCE draft only) <br> 3517 (Lalande receives email from S&S on changes to BCE draft only) <br> 3518 (Lalande receives email from S&S on changes to BCE draft only) |
| 2. Produced on January 19, 2006 | **July 2004 log:** <br> 124 (draft Teleglobe and BCE annual reports shared with auditors) <br><br> **Sept. 2005 log:** <br> 4540 (draft of April 2002 changes to BCE AR that was shared with auditors) |
| 3. Other drafts/documents | **July 2004 log:** <br> 130: 4/2/02 email from Lalande to S&S/Davies Ward requesting legal advice on behalf of BCE re timing of TI's AR filing and potential changes to text <br> 133: undated draft excerpt of BCE MD&A preceding April 2002 changes <br> 134: 2/22 Lalande comments to BCE AR draft dated 2/21 <br><br> **Sept. 2005 log:** <br> 3177: 4/2/02 email from Lalande reflecting legal advice regarding the filing of financial statements of companies in the BCE group in order to minimize certain risks to BCE and Bell Canada <br> 4376: 2/22 Lalande comments to BCE AR draft dated 2/21 <br> 4399: 2/22 Lalande comments to BCE AR draft dated 2/21 |

4

**EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
SUPPLEMENTAL BRIEF**

| Exhibit C to Pl. Suppl. Brf.: "Documents Prepared or Received by Lalande that Refer or Relate to Changes Made to the Teleglobe and/or BCE AIF" | |
|---|---|
| 4. Documents mischaracterized by plaintiffs either because Lalande is not an author or recipient of the document, or the document does not involve BCE's public securities filings. | **Sept. 2005 log:**<br>1096 (re BCE's statements to third parties; Lalande seeks BCE's outside counsel's legal advice regarding BCE's potential liability to lenders, not in connection with the AIFs)<br>1097 (re BCE's public statements; Lalande provides facts to outside counsel in order to obtain advice regarding BCE's potential liability to lenders)<br>3598 (Not sent to Lalande. Memo from Davies Ward re annual reports)<br>3600 (Not sent to Lalande. Email from Boychuk to Turcotte re $1B intention to fund)<br>4174 (Not sent to Lalande. 4/5 memo from Davies Ward re annual reports)<br>4175 (Not sent to Lalande. 4/5 memo from Davies Ward re annual reports)<br>4249 (Not sent to Lalande. 4/5 memo from Davies Ward re annual reports)<br>4250 (Not sent to Lalande. 4/5 memo from Davies Ward re annual reports)<br>4360 (Not sent to Lalande. 4/5 memo from Davies Ward re annual reports) |

NYDOCS04/447937.7

## EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS' SUPPLEMENTAL BRIEF

**Exhibit D:** Plaintiffs characterize the documents listed in this exhibit as "documents generated or received by Davies Ward referring or relating to April 2002 amendments to AIF, or BCE's commitment to fund (or control) Teleglobe." (Pl. Suppl. Br. at 19.) Plaintiffs argue that Davies Ward jointly represented Teleglobe and BCE beginning prior to April 8, 2002 through April 23, 2002 and beyond, and advised both companies during that time on identical amendments to their respective AIFs. (Id.) Plaintiffs contend that since the amendments "dealt with BCE's commitment to fund, and control of, Teleglobe," (Id. at 18) all documents generated or received by Davies Ward that relate or refer to these subjects should be produced. The following table demonstrates that the documents listed were not the subject of any joint representation of Teleglobe and BCE by Davies Ward.

| Exhibit D to Pl. Suppl. Br.: "Documents Generated or Received by Davies Ward Referring or Relating to April 2002 amendments to AIF, or BCE's Commitment to Fund (or Control) Teleglobe" | |
|---|---|
| 1. Documents generated or received by Davies Ward on behalf of BCE prior to April 8 and reflecting work performed for BCE | **July 2004 Log:** <br> 32 (2/20 memorandum regarding Companies' Creditors Arrangement Act) <br> 130 (4/2 communication regarding contents of Teleglobe draft securities filings) <br> 141 (4/4 communication evaluating BCE liability for statements on Teleglobe website) <br> 143 (4/2 memorandum regarding BCE options for investment in Teleglobe) <br> 245 (4/1 memorandum regarding BCE options for investment in Teleglobe) <br> 247 (4/1 communication regarding BCE options for investment in Teleglobe) <br> 248 (3/31 communication regarding BCE options for investment in Teleglobe) <br> 249 (3/30 communication regarding BCE options for investment in Teleglobe) <br><br> **Feb. 18, 2005 Log:** <br> 89 (2/20 memorandum regarding Companies' Creditors Arrangement Act) <br> 102 (2/20 memorandum regarding Companies' Creditors Arrangement Act) <br><br> **Sept. 2005 Log:** <br> 265 (3/27 email regarding BCE public statements) <br> 266 (4/1 communication regarding BCE options for investment in Teleglobe) |

NYDOCS04/447937.7

## EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
## LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
## SUPPLEMENTAL BRIEF

| | |
|---|---|
| **Exhibit D to Pl. Suppl. Brf.: "Documents Generated or Received by Davies Ward Referring or Relating to April 2002 amendments to AIR or BCE's Commitment to Fund (or Control) Teleglobe"** | |
| | **Sept. 2005 Log (Cont'd):**<br>267 (4/1 communication regarding BCE options for investment in Teleglobe)<br>268 (4/1 communication regarding BCE options for investment in Teleglobe)<br>269 (3/31 communication regarding BCE options for investment in Teleglobe)<br>270 (3/31 communication regarding BCE options for investment in Teleglobe)<br>278 (4/3 email and memorandum regarding U.S. insolvency laws)<br>1094 (4/2 email regarding BCE litigation risks as a result of filing financial statements of companies in the BCE group)<br>2885 (4/2 email regarding BCE litigation risks as a result of filing financial statements of companies in the BCE group)<br>4174, 4175 and 4249 (4/5 memorandum regarding amendments to annual reports of BCE)<br>4250 (4/5 memorandum regarding amendments to annual reports of BCE)<br>4539 (4/1 memorandum regarding BCE options for investment in Teleglobe)<br>4799 (4/5 communication regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments) |
| 2. Documents generated or received by Davies Ward on behalf of BCE between April 8 and April 10, and reflecting work performed for BCE | **Sept. 2005 Log:**<br>287 (4/8 email regarding potential litigation strategy)<br>1635 (4/8 email regarding tax consequences for BCE of Teleglobe restructuring)<br>3598 (4/8 memorandum regarding amendments to annual reports of BCE)<br>3740 (4/8 memorandum regarding impact of insolvency proceedings on payment of professionals)<br>4354 (4/10 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada credit facilities)<br>4360 (4/8 memorandum regarding amendments to annual reports of BCE)<br>4608, 4609 (4/10 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada credit facilities) |

NYDOCS04/447937.7

**EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
SUPPLEMENTAL BRIEF**

| Exhibit D to Pl. Suppl. Br.: "Documents Generated or Received by Davies Ward Referring or Relating to April 2002 amendments to AIP, or BCE's Commitment to Fund (or Control) Teleglobe" | |
|---|---|
| 3. Documents generated by Davies Ward post April 10 reflecting legal advice provided solely for BCE and on matters separate and distinct from those on which Davies Ward advised Teleglobe | **July 2004 Log:**<br>160 (4/12 memorandum regarding effect of write-off of Teleglobe interest on BCE and Bell Canada debt instruments)<br>181 (4/22 memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>185, 272 (4/12 memorandum regarding fiduciary duties of BCE board members)<br>203 (4/12 handwritten notes of counsel regarding BCE options for investment in Teleglobe)<br>713 (4/12 memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br><br>**Feb. 18, 2005 Log:**<br>260 (4/12 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada credit facilitites)<br><br>**Sept. 2005 Log:**<br>401 (4/22 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3483 (4/22 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3484 (4/22 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3490 (4/21 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3491 (4/21 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3492 (4/20 email regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3493 (4/20 email regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments) |

## EXPLANATION OF PRIVILEGED STATUS OF DOCUMENTS
## LISTED AT EXHIBITS B, C AND D TO PLAINTIFFS'
## SUPPLEMENTAL BRIEF

| Exhibit D to Pl. Suppl. Brf.: Documents Generated or Received by Davies Ward Referring or Relating to April 2002 amendments to AIF, or BCE's Commitment to Fund (or Control) Teleglobe | |
|---|---|
| | **Sept. 2005 Log (Cont'd):**<br>3494 (4/19 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3495 (4/19 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3503 (4/12 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>3504 (4/12 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments)<br>4605 (4/12 memorandum regarding fiduciary duties of BCE's board members)<br>4606 (4/12 email and memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada credit facilities)<br>4649 (4/12 memorandum regarding fiduciary duties of BCE's board members)<br>4784 (4/22 memorandum regarding effect of Teleglobe restructuring on BCE and Bell Canada debt instruments) |
| 4. Previously produced | **Feb. 18, 2005 Log:**<br>214—produced as BCE-AD 0547815-0547816 (12/16/05)<br><br>**Sept. 2005 Log:**<br>342—produced as BCE-AD 0559921 (12/22/05) |

9

**TAB 3**

| Documents Incorrectly Alleged To Reflect Work Performed for Teleglobe | |
|---|---|
| Document.[1] | Reason the work was performed for BCE |
| July 2004 privilege log: Doc. 077.<br><br>September 2005 privilege log: Doc. 713. | The document was prepared in connection with BCE's analysis of whether it should continue to fund Teleglobe. BCE had its own separate interest in analyzing the circumstances under which its subsidiary would default under its credit facilities and the consequence of such default. |
| July 2004 log: Doc. 079.<br><br>September 2005 privilege log: Doc. 712. | The document was prepared in connection with BCE's analysis of whether it should continue to fund Teleglobe. BCE had its own separate interest in determining whether Teleglobe's lenders could assign or sell their participation to third parties because BCE was engaged in analyses regarding its potential exposure to claims in connection with the possible termination of its funding to Teleglobe, and BCE had an interest in ascertaining whether third parties could acquire the lenders' interests in the Credit Facilities and bring claims against BCE. |
| July 2004 privilege log: Doc. 081. | The redacted portion identifies several legal issues that Mr. Lalande considered on behalf of BCE in connection with a proposed loan from BCE to Teleglobe. Among other things, Mr. Lalande considered whether BCE was required to seek consent of a third party under a separate agreement between BCE and that third party. His note also identified other issues that BCE needed to consider, such as with respect to corporate governance. |
| July 2004 privilege log: Doc. 083. | The document was prepared in connection with BCE's analysis of whether it should continue to fund Teleglobe. That analysis, entitled "Preliminary Review Presentation," was prepared by BCE's counsel for the CEO of BCE and Chairman of BCE's board of directors, reflecting legal advice regarding BCE's alternatives, risks, and exposure. |

---

[1]   The documents are discussed in the order in which they are listed on the last paragraph of page 22 of plaintiffs' supplemental brief, except where separate log entries refer to the same document, or refer to the same transaction, in which case they are grouped together.

| | |
|---|---|
| July 2004 log:  Doc. 088. | The redacted portion of this memorandum addressed BCE's own concerns and legal interests regarding a proposed transaction in which Teleglobe would borrow funds from BCE in late 2001.  That document is discussed on page 11 of BCE's supplemental brief to the Special Master, and in any event the memorandum was not prepared in connection with BCE's decision to cease long-term funding of Teleglobe. |
| July 2004 privilege log:  Doc. 101. | That document relates to the communications between BCE and Teleglobe's lenders regarding the form of support that BCE might provide to those lenders in connection with the extension of Teleglobe's Credit Facilities in 2002.  The memorandum has been de-privileged because it was prepared by the lenders, but redacted to the extent it contains handwritten comments of Mr. Lalande seeking legal advice regarding a law firm's ability to represent the lenders and a possible term of an agreement between BCE and the lenders. |
| July 2004 privilege log:  Docs. 106-09. | The drafts of BCE's letter of support were redacted.  The work on BCE's letter of support was performed solely for BCE.  Further, those documents were not prepared in connection with BCE's decision to cease funding.  See BCE's supplemental brief to the Special Master at 12-13. |
| July 2004 privilege log:  Doc. 114. | This document was prepared in connection with the negotiation of renewal of the Credit Facilities in 2002 and reflects Mr. Lalande's analysis of the terms of BCE's draft letter of support.  See BCE's supplemental brief to the Special Master at 12-13. |
| July 2004 log:  Docs. 143, 247.<br><br>September 2005 log:  Docs. 266-71. | These documents were prepared in connection with BCE's analyses, in late March and early April 2002, of whether it should continue to fund Teleglobe.  The memorandum analyzed whether BCE could provide further funding to Teleglobe while protecting such further investment. |
| July 2004 privilege log:  Doc. 147. | The memorandum was prepared in connection with BCE's evaluation of its alternatives regarding Teleglobe, in April 2002.  It analyzed whether BCE should recognize tax losses in connection with its investment in Teleglobe. |

| | |
|---|---|
| July 2004 privilege log: Doc. 149. | The memorandum was prepared in connection with BCE's analysis of whether it should continue to fund Teleglobe. It reflects the advice of BCE's Chief Legal Officer regarding such further funding.<br><br>The first page of this document has been produced as BCE-AD 0545547. |
| July 2004 privilege log: Doc. 150. | This document is a draft opinion of counsel to BCE and was prepared in connection with a proposed tax loss monetization transaction. The document does not involve BCE's decision to cease funding. See supplemental brief to the Special Master at 9-10. |
| July 2004 log: Doc. 155. September 2005 log: Doc. 2896, 2899. | These documents were not prepared in connection with BCE's decision to cease funding, but with a possible short-term loan of BCE to Teleglobe following April 23, 2002. See BCE's supplemental brief to the Special Master at 11. The documents reflect the legal advice of BCE's counsel regarding those contracts, including a draft demand credit facility agreement, and a draft security agreement.<br><br>BCE has produced document 2897 because it reflects a communication regarding those contracts with Davies Ward in its capacity as counsel for Teleglobe. |
| July 2004 privilege log: Doc. 156. | The memorandum was not prepared in connection with BCE's decision to cease funding in April 2002. It analyzed a proposed tax loss monetization transaction. See BCE's supplemental brief to the Special Master at 9-10.<br><br>BCE has produced the second and third pages of the document as at BCE-SUP120226-27. |
| July 2004 privilege log: Doc. 203. | The draft memorandum from Davies Ward was produced to plaintiffs, but not Mr. Lalande's handwritten comments which discussed whether BCE could obtain security on Teleglobe's assets in connection with further funding and examined certain terms of the Credit Facilities on behalf of BCE. The work was performed by BCE as part of its analysis of whether it could provide further funding to Teleglobe while protecting such further investment. |

| | |
|---|---|
| July 2004 privilege log: Docs. 211-13. | Those analyses were prepared by BCE's outside U.S. counsel in connection with BCE's decision to cease funding. They addressed BCE's objectives with respect to Teleglobe and also advised BCE (as parent corporation and shareholder) about the options available to Teleglobe and the process Teleglobe should follow in evaluating those options. BCE had its own separate interest in understanding those options. Teleglobe was represented by Jones Day at the time the analyses were prepared. |
| September 2005 log: Docs. 260, 262. | Those documents were prepared by BCE's Chief Legal Officer in connection with BCE's evaluation of its alternatives with respect to Teleglobe. The documents discussed BCE's alternatives with respect to Teleglobe and were prepared for BCE. |
| September 2005 log: Doc. 263 | The document was prepared in connection with BCE's decision to cease funding. Mr. Lalande's e-mail discussed whether the proposed tax loss monetization transaction (which was initiated in February and early March 2002) should proceed in light of Project X. |
| September 2005 log: Docs. 317, 1261, 2878. | The redacted portion was prepared by Martin Cossette, BCE's in-house counsel, and sets forth analyses of TGO's credit facilities, for the purpose of analyzing issues related to BCE's ability to provide further funding to Teleglobe while protecting such investment. |
| September 2005 log: Doc. 388. | This analysis was performed for BCE by Mr. Cossette, BCE's in-house counsel, and conveys legal advice regarding a method by which BCE could provide short-term funding to Teleglobe following April 23, 2002, while protecting such investment. |
| September 2005 log: Docs. 1152, 1153. | The redacted portion was not prepared in connection with BCE's decision to cease funding, but consists of a draft BCE board resolution dated November 28, 2001 regarding BCE's financial assistance to Teleglobe. That draft resolution was prepared for BCE. See BCE's Supplemental Brief to the Special Master at 9. |

**TAB F**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Teleglobe Comm. *et al.*, | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Bankr. Case No. 02-11518 (MFW) |
| _____ | ) | |
| | ) | |
| Teleglobe USA Inc. *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-1266 (SLR) |
| | ) | |
| BCE Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DANIEL SCHIMMEL

I, DANIEL SCHIMMEL, declare as follows:

1.  I am an attorney with the law firm of Shearman & Sterling LLP ("Shearman & Sterling"), counsel for BCE Inc. ("BCE") and the other named defendants in this action. I have knowledge of the facts set forth in this declaration, which I submit in support of the Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion to Compel Documents Withheld for Privilege.

2.  In January 2006, we learned that representatives of BCE's auditors, Samson Belair/Deloitte & Touche s.e.n.c.r.l ("Deloitte"), were present in BCE's offices from approximately January 15, 2002 to the end of February 2002 in order to work on Deloitte's audit of BCE and that drafts of BCE's and Bell Canada's annual reports were handed to the auditors at the time. Therefore, we have produced the drafts identified on BCE's privilege logs that were created after January 15, 2002.

3.    Shearman & Sterling also learned that certain drafts of the April 2002 amendment of the annual report, and certain excerpts of drafts of the annual report were shared with Deloitte, and we have de-designated and produced those documents from the privilege logs. In addition, Shearman & Sterling learned that representatives of Deloitte were handed drafts of the quarterly reports, as well as drafts of other public securities filings, and we have de-designated and produced those documents from the privilege logs.

4.    Certain of my colleagues compared the documents that BCE de-designated and produced to the plaintiffs in December 2005 with documents previously produced. They advised me that they determined that over 300 of these documents had already been produced to the plaintiffs in earlier productions under different bates numbers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2006

_____
Daniel Schimmel

**TAB G**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Teleglobe Comm. *et al.*, | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Bankr. Case No. 02-11518 (MFW) |
| —————————————————— | ) | |
| | ) | |
| Teleglobe USA Inc. *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-1266 (SLR) |
| | ) | |
| BCE Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF PAULINE K. MORGAN
### IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
### PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD FOR PRIVILEGE

Pauline K. Morgan, pursuant to Rule 9011 of the Federal Rules of Bankruptcy

Procedure and 28 U.S.C. § 1746, declares as follows:

1.    I am a member of the Bar of the State of Delaware and a member of the

firm of Young Conaway Stargatt & Taylor, LLP, located at 1000 West Street, 17th Floor,

Wilmington, Delaware, attorneys for defendants BCE, Inc. ("BCE"), Michael T. Boychuk, Marc

A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie,

Thomas Kierans, Stephen P. Skinner, and H. Arnold Steinberg (the "Defendants"). I submit this

declaration in support of the Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion

to Compel Documents Withheld for Privilege.

2.    Attached hereto as Exhibit A is a copy of three pages excerpted from

BCE's 2001 annual report as approved by the BCE board on February 27, 2002, and a copy of

three pages from BCE's 2001 annual report as filed with SEDAR.

059825.1001

3.    Attached hereto as Exhibit B is a copy of a cover email from Michel Lalande to members of the legal staff of TCC and others, attaching a draft of Teleglobe's 2001 annual information form, and an internal TCC email forwarding that draft.

4.    Attached hereto as Exhibit C is a copy of the Affidavit of Andrew Kingissepp, sworn to on June 3, 2005.

5.    Attached hereto as Exhibit D is a copy of the signed and notarized errata sheets for the transcripts of the deposition of Michel Lalande, dated September 12, 2005.

6.    Attached hereto as Exhibit E is an excerpt from the transcript of the deposition of Jean Monty, dated April 27, 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2006.

Pauline K. Morgan

**EXHIBIT A**



**EXHIBIT B**

