# EXHIBIT 1F

**REDACTED**

# EXHIBIT 1G



FOREIGN JURISDICTIONS

Subject: FOREIGN JURISDICTIONS
Date: Sun, 14 Apr 2002 18:30:56 -0400
From: "TURCOTTE, MARTINE" <martine.turcotte@bell.ca>    Internal
Organization: BCE
To: "Richard M. Cieri" <rmcieri@JonesDay.com>, Jay Swartz <JSwartz@dwpv.com>,
    Sean Dunphy <SDunphy@stikeman.com>, mark shapiro <mshapiro@shearman.com>,
    Andrew Tenzer <ATenzer@Shearman.com>
CC: "LALANDE, MICHEL" <michel.lalande@bell.ca>,
    PATRICK PICHETTE <patrick.pichette@bceteleglobe.com>,
    john brunette <jbrunett@teleglobe.com>

As I have asked at our meeting in New York last week, I would expect
that at tomorrows' meeting at E&Y, we will have a list of the countries
which do not have a restructuring legislation and where Teleglobe is
doing business. This is getting CRITICAL in order to present a business
case for interim financing as the amounts required can be substantially
different.

Patrick Pichette has to prepare such cash flow requirements to be
presented to BCE for the April 16 meeting. This is also going to be
part of the BCE board decision as to how much funding it is prepared to
put up and for what uses. The BCE board presentation is due April 18
with a board on April 23.
--
Martine Turcotte
Chief Legal Officer / Chef principal du service juridique
BCE Inc.
1000, de La Gauchetière Ouest
bureau 3700
Montréal, Qc  H3B 4Y7
Tel.:   (514) 870-4637
Fax.:   (514) 870-4877
Email:  martine.turcotte@bell.ca

Executive Assistant: Diane Valade (514) 870-4638

1 of 1                                                             4/15/02 5:55 AM

# EXHIBIT 1H

Subject: Rescheduling Outside an Insolvency under French Law
Date: Tue, 16 Apr 2002 10:27:28 -0400
From: "Gregory A. Bauer" <gabauer@JonesDay.com>
To: martine.turcotte@bell.ca, michel.lalande@bell.ca, patrick.pichette@teleglobe.com, jbrunett@bcetelcglobc.com, ben.j.babcock@ca.eyi.com, said.armutcuoglu@lazard.com, marc.drouin@lazard.com, dferland@dwpv.com, jswartz@dwpv.com, vmercier@email.mobile.bell.ca
CC: "Robert J. Graves" <rjgraves@JonesDay.com>, "Rachel L. Rawson" <rlrawson@JonesDay.com>

See below re: restructuring in France. Best regards.

Gregory Bauer
Jones Day Reavis & Pogue
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Main: (216) 586-3939
Direct: (216) 586-1219
Fax: (216) 579-0212

----- Forwarded by Gregory A. Bauer/JonesDay on 04/16/02 10:24 AM -----

```
                     Jean-Norbert
                     Pontier              To:    Gregory A. Bauer/JonesDay@JonesDay,
Robert J.                                        Graves/JonesDay@JonesDay
                     Extension 5.4634     cc:    Philippe Billot/JonesDay@JonesDay
                     04/16/02 08:29       Subject:   Rescheduling Outside an
Insolvency under French Law
                     AM
```

Greg, Bob

I understand from your last email that our friends in Canada are seeking guidance as to the feasibility of filing a plan of reorganization under which the company remains in control and keep the business intact in each of their foreign jurisdictions.

French law contains mechanisms for protecting undertakings which are in financial difficulties, but which are not yet the subject of insolvency proceedings. These may affect the enforcement of the security granted by the French subsidiary as well as the terms of any secured debts.

1.   Règlement Amiable (Voluntary Arrangement)

The règlement amiable (volontary arrangement) is a procedure aimed at assisting undertakings in difficulty through the intervention of a conciliateur (mediator) appointed by the Commercial Court.

The method used is to induce the main creditors and the debtor to reach an agreement providing for a rescheduling of and/or reduction in the debts. During the negotiation of the voluntary arrangement and while the arrangement is in force, the creditors, as parties to the voluntary arrangement agreement, may be prohibited from taking any further security for the payment of any debt mentioned in the voluntary arrangement or commencing any legal proceedings whatsoever against the debtor or its

1 of 2                                                                    4/16/02 11:51 AM

BCE-SUP   120713

assets. The court may also decide to apply the provisions of Article 1244-1 et seq. of the French Civil Code (see below Mandatory Rescheduling).

The voluntary arrangement does not involve interference by any third party in the normal management of the undertaking, which remains in the hands of the existing directors and shareholders.

A failure by the undertaking with any of its financial commitments under the voluntary arrangement leads to insolvency proceedings, which can be commenced at the request of the undertaking itself, by any of the creditors party to the arrangement or by the procureur de la République (state prosecutor), or on the order of the commercial court.

2. Mandatory Rescheduling

Article 1244-1 et seq. of the French Civil Code provides as follows.

(a) A court may grant time to a debtor in respect of payment obligations or reschedule payments due by that debtor, subject to a two-year time limit.

(b) The court may also order that the amounts in respect of which time has been granted or the payment of which has been rescheduled will bear interest at a lower rate than the contractual rate. However, the court may not impose a rate which is less than the official legal rate (taux légal). The court may also order that certain payments shall be applied to the repayment of principal.

(c) A court order under Article 1244-1 of the French Civil Code will suspend any enforcement measures which are pending and any contractual interest or penalty for late payment will not be due during the period ordered by the court.

I hope the above description will be helpful. Please feel free to send it to the client before the scheduled conference call.

Regards,

Jean-Norbert Pontier
Avocat à la Cour

Jones, Day, Reavis & Pogue
120 rue du Faubourg Saint-Honoré
75008 Paris (France)
Phone: + 33 1 56 59 39 39
Fax: + 33 1 56 59 39 38
e-mail: jnpontier@jonesday.com

==========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
==========

# EXHIBIT 1I



TELEGLOBE BOARD

Subject: TELEGLOBE BOARD
Date: Tue, 16 Apr 2002 12:19:06 -0400
From: "LALANDE, MICHEL" <michel.lalande@bell.ca>
Organization: Bell Canada Enterprises
To: Marc Ryan <marc.ryan@bell.ca>, Vincent Mercier <vmercier@dwpv.com>
CC: Turcotte <martine.turcotte@bell.ca>, Sean Dunphy <SDunphy@stikeman.com>, Mark Shapiro <mshapiro@shearman.com>, mbarbeau@stikeman.com, "john.brunette@teleglobe.com" <john.brunette@teleglobe.com>

Regardless of the outcome of the April 23 Board meetings, we need to make sure that the approval of a loan agreement and related security agreements for any BCE advance that would be made prior to a filing be put on the Teleglobe Board agenda for April 23 (BCE Board?). Stikeman is preparing the relevant documentation which will be submitted to DWPV.

Regards,

Michel

--
Michel Lalande
Vice-President - General Counsel
Vice-président - Chef du service juridique
BCE Inc.
1000, rue de La Gauchetière ouest
Bureau 3700
Montréal (Québec)
H3B 4Y7

Tel.: (514) 391-8386
Mobile: (514) 247-8386
Fax: (514) 391-8389
e-mail: michel.lalande@bell.ca

Executive Assistant (Maria Roussopoulos): (514) 391-8387

1 of 1

4/16/02 12:19 PM

BCE-SUP    121918