# EXHIBIT 6

Court File No. 02-CL-4528

## ONTARIO

## SUPERIOR COURT OF JUSTICE

## COMMERCIAL LIST

THE HONOURABLE                          TUESDAY, THE 8TH

MR. JUSTICE FARLEY                      DAY OF FEBRUARY, 2005

IN THE MATTER OF the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36

AND IN THE MATTER OF a Plan of Compromise or Arrangement of TELEGLOBE INC. and the other Applicants listed on Schedule "A"

Applicants

## SANCTION ORDER

**THIS MOTION**, made by Kroll Restructuring Ltd. in its capacity as Interim Receiver as appointed pursuant to the Order of this Court made February 19, 2003 (the "Interim Receivership Order") in respect of the Canadian applicants listed on Schedule "A" hereto (collectively, the "Canadian Debtors") for an order approving the plan of compromise or arrangement of the Canadian Debtors dated January 26, 2005, as amended, and attached as Schedule "B" to this Order (the "Plan"), and certain other relief, was heard this day at 393 University Avenue, Toronto, Ontario

**ON READING** the Notice of Motion and the Thirty-Third Report of the Monitor and upon hearing submissions of counsel to the Monitor and the Interim Administrator, the Interim Receiver, the Teleglobe Lending Syndicate, the Ad Hoc Bondholder Committee, BCE Inc. and others;

- 2 -

AND ON BEING ADVISED that those persons on the Service List were served with the notice of motion and motion record herein, and on being satisfied that circumstances exist that make this Order appropriate:

## DEFINITIONS

1.    THIS COURT ORDERS that any capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Plan.

## SERVICE

2.    THIS COURT ORDERS AND DECLARES that there has been good and sufficient service and notice of the Plan to all Creditors.

3.    THIS COURT ORDERS that there has been good and sufficient service of the Meeting Materials, the Creditors Materials, the Bondholder Materials and the Bank Materials (all as defined in the Meeting Order) to all Creditors in connection with the Meeting, and that the Meeting was duly called, held and conducted in conformity with the CCAA and all other Orders of this Court.

4.    THIS COURT ORDERS AND DECLARES that there has been good and sufficient service of notice of this Sanction Hearing, and this motion is properly returnable today and further service of the Notice of Motion and the Motion Record upon any interested party is unnecessary and is hereby dispensed with.

- 3 -

## SANCTION OF PLAN

5.    **THIS COURT ORDERS AND DECLARES** that being satisfied that:

(a)    The Plan has been approved by the requisite majorities of the Unsecured Creditors' Class created under the Plan in conformity with Section 6 of the CCAA and the terms of the Meeting Order and Claims Procedure Order;

(b)    The Canadian Debtors have complied with all statutory requirements of the CCAA and have not done or purported to do anything which is not authorized by the CCAA;

(c)    The Canadian Debtors have adhered to the Orders of this Court; and

(d)    The Plan, including without limitation, the Plan Administration Agreement, the Sale Proceeds Allocation Agreement and the Litigation Protocol, is both substantively and procedurally fair, reasonable and in the best interests of the Creditors and the Canadian Debtors,

the Plan shall be and is hereby sanctioned and approved pursuant to Section 6 of the CCAA

6.    **THIS COURT ORDERS** that the Plan Administration Agreement (as amended), the Sale Proceeds Allocation Agreement and the Litigation Protocol, together with all of the terms, provisions and releases therein, are hereby authorized, approved, validated and enforced.

7.    **THIS COURT DECLARES** that from and after the Plan Implementation Date, the compromises effected by the Plan are approved, binding and effective upon all Creditors, including the Unsecured Creditors, and all other Persons affected by the Plan.

## PLAN IMPLEMENTATION

8.    **THIS COURT ORDERS** that the Canadian Debtors, the Interim Receiver, the Plan Administrator and/or the Plan Committee, the Monitor and the Interim Administrator, as the case may be, are authorized and directed to take all actions necessary or appropriate to enter into or implement the Plan in accordance with its terms, and enter into, implement and consummate all

- 4 -

of the steps, transactions and agreements contemplated pursuant to the Plan, including without limitation, the completion of all corporate litigation and financial transactions and the execution and implementation of the Plan Administration Agreement, the Sale Proceeds Allocation Agreement and the Litigation Protocol.

9.    **THIS COURT ORDERS** that, subject to the performance by the Interim Receiver, the Plan Administrator and the Plan Committee of their respective obligations under the Plan, and except to the extent expressly provided otherwise by the Plan or hereunder, no Person who is a party to any obligation or agreement shall, following the Plan Implementation Date, accelerate, terminate, rescind, refuse to perform or otherwise repudiate its obligations under, or enforce or exercise any right (including any right of set-off, dilution or other remedy) or make any demand under or in respect of any such obligation or agreement, by reason of:

    (a)    any event that occurred on or prior to the Plan Implementation Date that would have entitled any other Person thereto to enforce those rights or remedies (including defaults or events of default arising as a result of the insolvency of the Canadian Debtors);

    (b)    the fact that the Canadian Debtors have sought or obtained relief under the CCAA and have commenced or completed the CCAA Proceedings or that the reorganization has been implemented by the Canadian Debtors;

    (c)    any compromises or arrangements effected pursuant to the Plan; or

    (d)    the effect on the Canadian Debtors of the completion of any of the transactions contemplated by the Plan or the reorganization.

10.    **THIS COURT ORDERS** that the substantive consolidation of the Canadian Debtors in the Plan is only for the purposes of treating the Unsecured Creditors' Claims under the Plan and shall not affect the legal and corporate structures of the Canadian Debtors or cause any of the Canadian Debtors to be liable for any claim for which it otherwise is not liable.

- 5 -

11.    **THIS COURT ORDERS AND DECLARES** that as of the Plan Implementation Date, the Plan shall enure to the benefit of and be binding upon the Creditors and all other Persons affected thereby and their respective heirs, administrators, executors, legal personal representatives, successors and assigns.

12.    **THIS COURT ORDERS** that all notes, certificates, agreements and other instruments evidencing Claims shall be cancelled and shall be null and void in the manner and at the time provided for in Section 10.6 of the Plan and any holder thereof shall only be entitled to any compensation or participation as expressly provided for in the Plan, this Order, the Meeting Order and the Claims Procedure Order.

13.    **THIS COURT ORDERS** that upon satisfaction of the conditions set out in Section 9.1 of the Plan, the Monitor shall file with the Court a certificate which states that all conditions precedent set out in Section 9.1 of the Plan have been satisfied or waived by the Interim Receiver, as the case may be, and that the Plan Implementation Date has occurred.

14.    **THIS COURT ORDERS** that as soon as practicable after the Plan Implementation Date, the Monitor and/or Interim Administrator, as the case may be, shall disburse to the Plan Administrator on behalf of the U.S. Debtors, the funds allocated to the U.S. Debtors pursuant to the Sale Proceeds Allocation Agreement.

15.    **THIS COURT ORDERS** that as soon as practicable after the Plan Implementation Date, the Monitor and/or Interim Administrator, as the case may be, shall, from the funds allocated to the Canadian Debtors pursuant to the Sale Proceeds Allocation Agreement, disburse to the Plan Administrator an amount for the Operating Reserve and Litigation Reserve and shall establish

- 6 -

the Post-Filing Claims Reserve and the Monitor shall continue to hold the remaining funds pending the first distribution under the Plan proposed and made by the Plan Administrator.

16. **THIS COURT ORDERS**, subject to paragraph 36 of this Order, that as of the Plan Implementation Date, all Creditors are forever stayed from exercising any rights or remedies against any of the Canadian Debtors in respect of any Claims, apart from the right to receive distributions in respect of the Claims in accordance with the Plan, the Meeting Order and the Claims Procedure Order.

17. **THIS COURT ORDERS**, subject to paragraph 36 of this Order, that without limiting the provisions of the Claims Procedure Order, a Creditor that did not receive notice of the claims process established by the Claims Procedure Order or file a Proof of Claim in accordance with the provisions of the Claims Procedure Order shall be and is hereby forever barred from making any Claim against the Canadian Debtors and shall not be entitled to any distribution under the Plan, and that such Claim is forever extinguished.

## APPOINTMENT OF PLAN ADMINISTRATOR/PLAN COMMITTEE

18. **THIS COURT ORDERS** that, effective on the Plan Implementation Date, the appointment of Ms. Kathy Morgan as the Plan Administrator in accordance with Section 6.1 of the Plan and the Plan Administration Agreement and the constitution of the Plan Committee, comprising Provident Investment Management, LLC, Stonehill Capital Management LLC, JPMorgan Chase Bank, N.A. and DK Acquisition Partners L.P., in accordance with Section 7.1 of the Plan and the Plan Administration Agreement, are hereby approved.

19. **THIS COURT ORDERS** that, effective on the Plan Implementation Date, the Plan Administrator and the Plan Committee shall have all of the rights, authority, powers and duties

- 7 -

given to them pursuant to the Plan, the Plan Administration Agreement, the Sale Proceeds Allocation Agreement and the Litigation Protocol, as agents of the holders of Allowed Claims (within the meaning of the Plan Administration Agreement), and subject to the terms thereof.

## DISCHARGE OF MONITOR/INTERIM ADMINISTRATOR

20.    **THIS COURT ORDERS** that Ernst & Young Inc. shall be discharged from its duties as Monitor of the Applicants and as Interim Administrator of the Canadian Debtors effective as of the Plan Implementation Date; provided that the foregoing shall not apply in respect of matters to be completed pursuant to the Plan after the Plan Implementation Date or in respect of matters requested by the Plan Administrator and agreed by the Monitor or Interim Administrator.

21.    **THIS COURT ORDERS** that no action or other proceeding shall be commenced against the Monitor and/or the Interim Administrator in any way arising from or related to its capacity or conduct as Monitor and/or Interim Administrator except with prior leave of this Court on prior notice to the Monitor and/or the Interim Administrator and upon further order securing, as security for costs, the solicitor and his own client costs of the Monitor and/or Interim Administrator in connection with any proposed action or proceeding.

22.    **THIS COURT ORDERS AND DECLARES** that all actions and conduct of the Monitor and Interim Administrator are hereby approved and that the Monitor and the Interim Administrator have satisfied all of their obligations up to and including the date of this Order and that the Monitor and Interim Administrator shall not be liable for any act or omission on the part of the Monitor or Interim Administrator, including with respect to any reliance thereof, including without limitation, any act or omission pertaining to the discharge of duties under the Plan or as requested by the Plan Administrator or with respect to any other duties or obligations in respect

- 8 -

of the implementation of the Plan, save and except for any claim or liability arising out of any gross negligence or wilful misconduct on the part of the Monitor and/or Interim Administrator. Subject to foregoing, any claims against the Monitor and/or the Interim Administrator in connection with the performance of its duties, as Monitor and/or Interim Administrator are hereby stayed, extinguished and forever barred.

## DISCHARGE OF INTERIM RECEIVER

23.    **THIS COURT ORDERS** that Kroll Restructuring Ltd., shall be discharged from its duties as Interim Receiver of the Canadian Debtors effective as of the Plan Implementation Date; provided that the foregoing shall not apply in respect of matters to be completed pursuant to the Plan after the Plan Implementation Date.

24.    **THIS COURT ORDERS** that no action or proceeding shall be commenced against the Interim Receiver in any way arising from or related to its capacity or conduct as Interim Receiver except with prior leave of this Court on notice to the Interim Receiver and upon further order securing, as security for costs, the solicitor and his own client costs of the Interim Receiver in connection with any proposed action or proceeding.

25.    **THIS COURT ORDERS AND DECLARES** that all actions and conduct of the Interim Receiver are hereby approved and that the Interim Receiver has satisfied all of its obligations up to and including the date of this Order and that the Interim Receiver shall not be liable for any act or omission on the part of the Interim Receiver, including with respect to any reliance thereof, including without limitation, any act or omission pertaining to the discharge of duties under the Plan or as requested by the Plan Administrator or with respect to any other duties or obligations in respect of the implementation of the Plan, save and except for any claim or

- 9 -

liability arising out of any gross negligence or wilful misconduct on the part of the Interim Receiver. Subject to the foregoing, any claims against the Interim Receiver in connection with the performance of its duties as Interim Receiver are hereby stayed, extinguished and forever barred.

26.    **THIS COURT ORDERS** that, as of the Plan Implementation Date, the Plan Administrator shall, as agent for the holders of the Allowed Claims (within the meaning of the Plan Administration Agreement), have all of the powers, rights and authorities of the Interim Receiver set forth or provided for in the Plan, the Plan Administration Agreement, the Sale Proceeds Allocation Agreement, the Litigation Protocol and the Interim Receivership Order, including without limitation, the powers set forth in paragraph 8 of the Interim Receivership Order.

27.    **THIS COURT ORDERS AND APPROVES** the transfer by the Interim Receiver to the Plan Administrator of the actions commenced in respect of the Canadian Debtors' Claims, including without limitation, the redemption action commenced by the Interim Receiver on February 24, 2003 against certain former officers and directors of Teleglobe Inc. (Court File No. 03-CL-4884) or which may be commenced prior to the Plan Implementation Date, and upon any such transfer, the Plan Administrator shall replace the Interim Receiver as Plaintiff in such actions and any such transfer shall in no way directly or indirectly prejudice any rights or claims in respect of such actions.

## CLAIMS OFFICER

28.    **THIS COURT ORDERS** that the appointment of Mr. Gordon Marantz or any other Person appointed by the Monitor as Claims Officer shall automatically cease when all Unresolved Claims are finally resolved, unless otherwise agreed with the Plan Administrator,

- 10 -

except only with respect to matters to be completed pursuant to the Plan after the Plan Implementation Date, including the resolution of Unresolved Claims.

**CHARGES**

29.    **THIS COURT ORDERS** that, subject to paragraph 30, the Charges on the assets of the Applicants provided for in the Initial Order and any subsequent Orders in these proceedings, including the Directors' Charge, the Administrative Charge and the CCAA Lender's Charge (each as defined in the Initial Order) shall be fully and finally terminated, discharged and released on the Plan Implementation Date.

30.    **THIS COURT ORDERS** that the Monitor shall continue to hold a charge, as provided in the Administrative Charge (as defined in the Initial Order), until the first date of distribution to Creditors under the Plan or such further date as provided for pursuant to an Order of this Court.

31.    **THIS COURT ORDERS AND DECLARES** that, notwithstanding any of the terms of the Plan or this Order, the Applicants or Plan Administrator shall not be released or discharged from their obligations to pay the fees and expenses of the Monitor, Interim Administrator or the Interim Receiver and its respective counsel.

**PRESERVATION OF MATERIAL DOCUMENTS**

32    **THIS COURT ORDERS** that from and after the Plan Implementation Date, the Plan Administrator shall be responsible for keeping and preserving the material books and records of the Canadian Debtors and any other material documentation relating to or in connection with the Canadian Debtors.

**STAY OF PROCEEDINGS**

- 11 -

33.     **THIS COURT ORDERS** that, subject to further order of this Court, the Stay Period establish in the Initial Order, as extended, shall be and is hereby further extended until the earlier of the Plan Implementation Date and the date which is 60 Business Days after the date of this Order, or such later date as may be fixed by this Court.

## RETENTION OF JURISDICTION

34.     **THIS COURT ORDERS** that this Court retain jurisdiction in respect of any matter in dispute arising out of anything relating to the interpretation or implementation of the Plan, including without limitation, pursuant to Section 7.3 of the Plan Administration Agreement and Article VII of the Litigation Protocol.

## GENERAL

35.     **THIS COURT ORDERS** that, the terms of this Order are nonseverable and mutually dependent.

36.     **THIS COURT ORDERS** that nothing in the releases or compromises effected in the Plan shall be construed as impairing any defence, including by way of set-off, that any party may have had based on any facts in existence as at the Filing Date, to any litigation brought or which may hereafter be brought by or on behalf of the Canadian Debtors or any Creditors of the Canadian Debtors (including, for greater certainty, litigation by the Plan Administrator or the Interim Receiver).

37.     **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada and abroad and as against all Persons against whom it may otherwise be enforceable.

- 12 -

38.    **THIS COURT ORDERS** that, notwithstanding (a) the pendency of the CCAA
Proceedings and the declarations of insolvency made therein, (b) the pendency of any motions
for bankruptcy orders hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada)
in respect of the Canadian Debtors and any bankruptcy orders issued pursuant to any such
motions, and (c) the provisions of any federal or provincial statute; any actions, steps or
proceedings entered into or taken by the Canadian Debtors, or any agreements entered into, as
part of the implementation of the Plan shall: (i) constitute legal, valid and binding obligations
and shall be enforceable against the Canadian Debtors in accordance with the terms thereof; and
(ii) do not constitute conduct meriting an oppression remedy, settlements, fraudulent preferences,
fraudulent conveyances or other challengeable or reviewable transactions under any applicable
law, federal, provincial or otherwise.

39.    **THIS COURT ORDERS** the aid and recognition of any court and of any judicial,
regulatory or administrative body in any province or territory of Canada (including the assistance
of any court in Canada pursuant to Section 17 of the CCAA), and the Federal Court of Canada
and any judicial, regulatory or administrative tribunal or other court constituted pursuant to the
Parliament of Canada, the legislature of any province or otherwise and any court or any
regulatory or administrative body of the United States of America and the states or other
subdivisions of the United States of America or any other nation or state to act in aid of and to be
complementary to this court in carrying out the terms of this order where required.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO :

FEB 0 9 2005

PER/PAR

JOSEPH P VAN TASSEL
REGISTRAR

- 13 -

## SCHEDULE "A"

## LIST OF CCAA APPLICANTS

### Canadian Applicants

Teleglobe Financial Holdings Ltd.
Teleglobe Canada Limited Partnership
Teleglobe Management Services Inc
Teleglobe Marine, Inc
Teleglobe Marine, L.P.
Teleglobe Canada Management Services Inc.
3692795 Canada Inc.
Teleglobe Vision Call Center Services, General Partnership

### U.S. Applicants

Teleglobe Holdings (U.S.) Corporation
Teleglobe Telecom Corporation
Teleglobe Luxembourg LLC
Teleglobe Holding Corp.
Teleglobe Investment Corp.
Teleglobe Communications Corporation
Teleglobe USA Inc.
Optel Telecommunications Inc.
Teleglobe Marine (U.S.) Inc.
Teleglobe Puerto Rico Inc.
Teleglobe Submarine Inc