# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6707
DIRECT FAX:   302-576-3318
pmorgan@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

KAREN E. LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 3, 2006

**BY HAND DELIVERY**

The Honorable Sue L. Robinson, Chief Judge
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

      Re:    *Teleglobe Communications Corporation, et al. v. BCE Inc., et al.*,
            C.A. No. 04-CV-1266 (SLR)

Dear Chief Judge Robinson:

      At the oral argument last Tuesday, March 28, 2006, this Court invited plaintiffs to submit a letter on selective waiver. What the Court received instead is remarkable. Plaintiffs used the opportunity to reargue their case for an across-the-board waiver, while at the same time continuing to ignore the legal argument that is dispositive of this motion.

      Plaintiffs submitted a 10-page single-spaced letter and almost 200 pages of documents purportedly on "a much more comprehensive selective waiver issue." Letter from C. Malcolm Cochran, IV to the Hon. Sue Robinson 1 (Mar. 30, 2006) ("Plaintiffs' Letter"). On inspection, the "more comprehensive" waiver issue turns out to be nothing more than plaintiffs' old prospective-waiver argument dressed up in selective-waiver clothing.

      Contrary to plaintiffs' contention, no waiver issue – selective or prospective – prevents this Court from reaching the dispositive legal issue that resolves the parties' privilege dispute. Defendants produced certain BCE Inc. ("BCE")/Teleglobe Inc. ("Teleglobe") joint

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson, Chief Judge
April 3, 2006
Page 2

privilege documents in bankruptcy court to resolve a discovery dispute. Defendants did not produce privileged documents in bankruptcy court to advance their litigation in this Court. Indeed, this litigation had not even been commenced at that time. Because defendants did not use the privilege as a sword, they are not deprived of the privilege as a shield. Even if defendants had used certain privileged documents as a sword, the shield would be removed only as to privileged documents on the same subject matter. Since defendants have not revealed any documents on BCE's decision to cease funding and the legal consequences thereof, the selective waiver would not reach documents on that subject matter.

**BCE's Refusal to Consent Prevents Disclosure of BCE/Teleglobe Joint Privilege Documents to Plaintiffs**

The documents on defendants' privilege log cannot be disclosed to plaintiffs because both parties to the BCE/Teleglobe joint privilege must consent to reveal joint-privilege documents to third parties such as the plaintiffs and BCE does not consent. The law is firmly settled that "[o]ne co-client does *not* have the authority to waive the privilege with respect to another co-client's communications to their common lawyer." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 75, cmt. e (1998) (emphasis added); *see* Defendants' Objections to Special Master's Final Decision 13-14 (citing six cases, including one from the District of Delaware and one bankruptcy proceeding in which the joint privilege holders were adverse). Plaintiffs offer no contrary authority. In their response, they invoke the exception to the joint privilege that applies "when the former co-clients become adverse." Plaintiffs' Response 11 (Mar. 21, 2006). But that exception by its terms applies to litigation between the former co-clients – BCE and Teleglobe – not to litigation between one of the former co-clients and third parties such as plaintiffs. When former clients such as BCE and Teleglobe become adverse, their privileged communications remain confidential as against such third parties.

It is undisputed that plaintiffs are third parties outside of any BCE/Teleglobe joint privilege. The Special Master found "a broad legal representation of both BCE and *Teleglobe*," not BCE and *plaintiffs*. Final Decision on Plaintiffs' Motion to Compel Defendants to Produce Documents Withheld on the Basis of Privilege 31 (Feb. 22, 2006) ("SM Dec.") (emphasis added); *see id.* at 4, 5 n.1 (distinguishing Teleglobe Inc. ("Teleglobe") from plaintiffs). Although we disagree with the Special Master's finding that BCE's in-house lawyers and outside counsel jointly represented BCE and Teleglobe, if that finding is correct, it follows that plaintiffs are third parties who are not entitled to documents within the BCE/Teleglobe joint privilege.

**BCE Has Not Forfeited Its Privilege by Selective Use of the Attorney-Client Privilege**

The selective-waiver doctrine holds that a party who discloses certain privileged documents to advance its litigation position must disclose to the opposing party the remaining privileged documents on the same subject matter as a matter of fundamental fairness. As one evidence treatise explains:

> The courts have identified a common denominator in waiver by implication: in each case, the party asserting the privilege placed

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson, Chief Judge
April 3, 2006
Page 3

> protected information in issue *for personal benefit through some affirmative act*, and the court found that to allow the privilege to protect against disclosure of that information would have been manifestly unfair to the opposing party.

3 JOSEPH M. MCLAUGHLIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 503.41[1], at 503-104.7 (2006) (emphasis added). "Implying a subject matter waiver in such a case ensures fairness because it disables litigants from using the attorney-client privilege as both a sword and a shield. Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)* (hereinafter "*XYZ Corp.*"), 348 F.3d 16, 24 (1st Cir. 2003).

In this case, defendants did not disclose BCE/Teleglobe joint-privilege documents in the bankruptcy court to advance their litigation position in this Court. Indeed, defendants did not voluntarily disclose the BCE/Teleglobe joint-privilege documents at all. As plaintiffs admit, defendants listed BCE/Teleglobe joint-privilege documents on its privilege log and objected to their production. *See* Plaintiffs' Letter at 2 ("BCE opposed discovery"); *id.* at 3 (quoting BCE's opposition to motion to compel). At the bankruptcy-court hearing, defendants' counsel maintained his clients' objection and explained that Teleglobe could not unilaterally consent to disclosure to plaintiffs – BCE's consent was also required:

> THE COURT: Well, why shouldn't [I] grant the motion at least as to the common interest documents?
>
> MR. WADE: I would argue that you really shouldn't, because there's – BCE still has its part of that privilege and to have Teleglobe going off and waiving on behalf of both of them is really quite unfair to BCE.

Tr. 74:7-12 (Mar. 31, 2004), Plaintiffs' Notice of Lodging, Vol. C, Exh. M. To resolve the discovery dispute over the BCE/Teleglobe joint-privilege documents logged in the bankruptcy court, defendants' counsel agreed to their production (*see id.* at 75:17-21) and that production was so ordered (*see id.* at 77:4-9). Defendants thus did not voluntarily disclose the BCE/Teleglobe joint-privilege documents in the bankruptcy court. They logged the documents as privileged, objected to their disclosure, and agreed to produce the specific logged documents only to terminate the discovery dispute.

What is more, plaintiffs make no allegation that defendants used the BCE/Teleglobe joint-privilege documents to advance their litigation position. Plaintiffs are correct that "many [of those documents] have been used in the depositions." Plaintiffs' Letter at 5. But those documents were used not by defendants, but by *plaintiffs*. *See, e.g.*, Boychuk 9/1/05 Tr. at 608-09; Currie 9/30/05 Tr. at 53-59; Daher 4/5/05 Tr. at 293-98; Kierans 9/9/05 Tr. at 229-31; Lalande 8/4/05 Tr. at 352, 353, 383-85, 410; Monty 10/25/05 Tr. at 427-30; Ryan 9/14/05 Tr. at 241-50; Sabia 10/11/05 Tr. at 83-85; Skinner 9/8/05 Tr. at 266-279; Turcotte 9/21/05 Tr. at

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson, Chief Judge
April 3, 2006
Page 4

121-25, 220-27, 268; Walker 6/24/05 Tr. at 187-90. Contrary to plaintiffs' assumption, the selective-waiver doctrine does not permit them to use defendants' privileged documents in order to bootstrap their way to additional privileged documents on the theory that they are entitled to "the rest of the story." Plaintiffs' Letter at 2. "The only prejudice that appears to arise is the prejudice that results whenever a party is deprived of information it would rather have." *Stratagem Development Corp. v. Heron Intern. N.V.*, 153 F.R.D. 535, 545 (S.D.N.Y. 1994) (quoting *Byrnes v. IDS Realty Trust*, 85 F.R.D. 679, 689 (S.D.N.Y. 1980)).

Because defendants did not voluntarily disclose the BCE/Teleglobe joint-privilege documents in bankruptcy court and did not use them to advance their litigation position in this Court, defendants have not drawn the privilege as a sword and therefore should not be deprived of the privilege as a shield. The federal district court in *Stratagem* refused to apply the selective-waiver doctrine on facts similar to those before this Court. In *Stratagem*, the defendant disclosed 144 documents to third parties before litigation. The court explained that the defendant "ha[d] not sought to utilize the 144 Documents in this litigation, but rather, ha[d] merely disclosed them in response to Stratagem's broad discovery requests. In fact, it is Stratagem, not Heron, that wishes to use this material. Thus it cannot be said that [Heron] is using the privilege as both a sword and a shield." *Id.* at 545 (citation omitted).[1] So too, here, defendants have "not sought to utilize" the BCE/Teleglobe joint-privilege documents in this litigation but "merely disclosed them in response to [plaintiffs'] broad discovery requests" in bankruptcy court. *Id.* "[I]t is [plaintiffs], not [defendants], that wish[] to use this material. Thus it cannot be said that [defendants are] using the privilege as both a sword and a shield." *Id.*

In any event, even if defendants had disclosed BCE/Teleglobe joint-privilege documents favorable to their litigation position – which they have not – the remedy would be limited to disclosure of the remaining privileged documents on the same subject matter, not privileged documents on other subject matters. *See Hoechst Celanese Corp. v. National Union Fire Ins. Co.*, No. Civ. A. 89C-SE-35, 1995 WL 411805, at *3 (Del. Super. Mar. 17, 1995) ("The 'rule of partial disclosure' limits the waiver to the subject matter of the disclosed communication.") (emphasis added and citation omitted).

---

[1] Other courts hold likewise. *See Lehman Bros. Commercial Corp. v. Minmetals Intern.*, No. 94 Civ. 8301, 1996 WL 345915, at *2 (S.D.N.Y. 1996) (disclosure of privileged documents in pre-litigation settlement discussions did not result in subject-matter waiver because disclosure was outside a "trial setting" and did not result in prejudice to the opposing party; "[b]ecause Lehman has not sought to use the Great Wall Opinion in this action, the Court agrees with Magistrate Judge Buchwald that Non-Ferrous has suffered no legal detriment justifying an implied subject matter waiver of all undisclosed privileged communications relating to the transactions' legality.") (citations omitted); *North River Ins. Co. v. Columbia Cas. Co.*, No. 90 CIV. 2518, 1995 WL 562176, at *3 (S.D.N.Y. Sep. 21, 1995) (no subject matter waiver where document disclosed to opposing side before suit "in a last ditch attempt to avoid litigation"); *cf. XYZ Corp.*, 348 F.3d at 25 ("Where a party has not thrust a partial disclosure into ongoing litigation, fairness concerns neither require nor permit massive breaching of the attorney-client privilege."); *Murray v. Gemplus Intern., S.A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003) ("The Court finds most persuasive the argument that when one party intentionally discloses privileged material with the aim, in whole or in part, of *furthering that party's case*, the party waives its attorney-client privilege with respect to the subject-matter of the disclosed communications.") (emphasis added and citation omitted).

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Sue L. Robinson, Chief Judge
April 3, 2006
Page 5

Defendants have consistently withheld as privileged documents on the subject matter of BCE's decision to cease funding Teleglobe and the legal ramifications of that decision. In their letter, plaintiffs do not identify a single document on that subject matter disclosed by defendants. It follows that even if defendants had selectively disclosed BCE/Teleglobe joint-privilege documents on other subject matters, the selective-waiver doctrine would not require disclosure of privileged documents on the subject matter of BCE's decision to cease funding Teleglobe and the legal ramifications of that decision.[2]

\* \* \* \* \*

For the foregoing reasons, BCE did not waive its privilege against disclosure of any BCE/Teleglobe joint-privilege documents in this Court. Although defendants believe that the law is clear that BCE did not selectively or prospectively waive its privilege against disclosure of BCE/Teleglobe joint-privilege documents, if the Court has any doubts on that score, it should resolve them against waiver. *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 86(3) (1998) ("[a] person invoking a waiver of or exception to the [attorney-client] privilege must assert it and, if the assertion is contested, demonstrate each element of the waiver or exception").

BCE's refusal to consent prevents disclosure of those documents to plaintiffs. Accordingly, the motion to compel should be denied.

Respectfully submitted,

Pauline K. Morgan

PKM:mbw
cc:   Joseph Rosenthal, Esq. (by Hand Delivery)
      John P. Amato, Esq. (by email)
      C. Malcolm Cochran, IV, Esq. (by Hand Delivery)
      Anne Shea Gaza, Esq. (by Hand Delivery)
      George Wade, Esq. (by email)
      Jaculin Aaron, Esq. (by email)
      Daniel Schimmel, Esq. (by email)

---

[2] Although the foregoing points of law address the selective-waiver doctrine and dispose of the parties' privilege dispute, we expressly disagree with the numerous (mis)characterizations of defendants' arguments and the record lest our silence be misconstrued as tacit agreement. In particular, defendants made no "concession" that "common BCE/Teleglobe counsel" represented BCE, Teleglobe, and the plaintiffs on an all-encompassing matter involving "whether the Teleglobe enterprise (including the U.S. Debtors) would be funded, restructured, or abandoned by BCE." Plaintiffs' Letter at 1. Although the Court need not resolve that dispute to deny plaintiffs' motion to compel, defendants vigorously disputed the alleged joint representation before the Special Master and in this Court.