IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Teleglobe Comm. Corp., *et al.*, | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors | ) Banker. Case No. 02-11518 (MFW) |
| Teleglobe Comm Corp., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 04-CV-1266 (SLR) |
| BCE Inc., *et al.*, | ) |
| Defendants. | ) |

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM CALLING AS WITNESSES AT TRIAL ANY PERSONS WHO WERE NOT IDENTIFIED AS POTENTIAL WITNESSES UNTIL AFTER THE CLOSE OF FACT DISCOVERY**

Plaintiffs hereby bring this motion *in limine*, pursuant to the Court's Discovery Plan and Scheduling Order, to preclude the Defendants from calling as witnesses at trial in this matter any persons who were not identified as potential witnesses until <u>after</u> the close of fact discovery. The grounds for this motion are as follows:

1. Plaintiffs seek the Court's assistance to prevent the Defendants from engaging in yet another form of sandbagging, which, unfortunately, has become the hallmark of the Defendants' defense to the claims asserted against them in this action.

2. The Discovery Plan and Scheduling Order entered by the Court in this matter on October 15, 2004 established September 20, 2005 as the fact discovery cut-off. (D.I. 43, ¶ 2(b). By agreement amongst the parties, the fact discovery cut-off was extended until January 31, 2006. No further extensions were discussed by the parties.

3. On August 24, 2004, the Defendants served their initial disclosures pursuant to

Fed. R. Civ. P. 26(a) and Bankruptcy Rule 7026(a)(1) (Ex. A hereto). In these disclosures, the Defendants identified 18 persons as "likely to have discoverable information." (Id.). The Defendants amended and supplemented their initial disclosures on August 8, 2005. (Ex. B hereto). The first amendment and supplement to the Defendants' Rule 26(a) disclosures identified approximately 123 individuals as potential witnesses in this case. On or about March 1, 2006 -- one full month after the close of fact discovery -- the Defendants amended and supplemented their initial disclosures for a second time. (See Ex. C hereto). The second amendment and supplement to the Defendants' Rule 26(a) initial disclosures identified an additional 32 individuals not previously identified by Defendants as persons "likely to have discoverable information that Defendants may use to support their defenses." (Id.). Of these 32 new individuals, at least 13 were "late game" surprises that the Defendants sprung on the Plaintiffs after fact discovery had officially closed.[1]

4. Plaintiffs were concerned about the Defendants newly identified witnesses and took swift action. Specifically, the Plaintiffs sent the Defendants a letter on March 6, 2006 requesting that they promptly inform the Plaintiffs whether any of their new witnesses would be called to testify at trial. (See 3/06/06 Letter, Ex. D hereto). Plaintiffs further requested that the Defendants make these new trial witnesses available for deposition. (Id). Rather than comply with the Plaintiffs' rather modest request, the Defendants responded by providing a litany of excuses for their late identification of certain witnesses and refused to inform the Plaintiffs which, if any, of the new witnesses would be called to testify at trial (See 3/10/06 Letter, Ex. E hereto). Defendants stonewalled Plaintiffs from learning which of these new witnesses might be

---

[1] Of the 32 witnesses, some 19 were known to Plaintiffs prior to Defendants' submission of their second supplemental initial disclosures (although not previously identified by Defendants). Approximately 13, however, were entirely new names, unknown to Plaintiffs and never deposed.

2

called to testify at trial despite acknowledging in their March 10 letter that some of the new witnesses "might be able to fill in the gaps in the factual record if necessary." (Id.).

5.  Plaintiffs are therefore left in a situation where (a) fact discovery has closed; (b) Defendants identified several potential new trial witnesses after the close of fact discovery; (c) Defendants have refused to identify which of these potential new witnesses may be called to testify at trial; and (d) Defendants have refused to make their new trial witnesses available for deposition. The prejudice that would inure to the Plaintiffs if any these newly identified witnesses are permitted to testify at trial is obvious. To avoid such an unjust result, the Plaintiffs respectfully request that the Court issue an order *in limine* precluding the Defendants from calling as witnesses at the trial in this matter any individual who was not identified as a potential witness until after the close of the January 31, 2006 fact discovery cut-off.

/s/ Gregory V. Varallo

Gregory V. Varallo (No. 2242)
varallo@rlf.com
C. Malcolm Cochran, IV (No. 2377)
cochran@rlf.com
Russell C. Silberglied (No. 3462)
silberglied@rlf.com
Chad M. Shandler (No. 3796)
shandler@rlf.com
Richards, Layton & Finger
One Rodney Square
Wilmington, Delaware 19899
(302) 651-7700

Dated: May 23, 2006

Attorneys for Teleglobe Comm. Corp., *et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: Teleglobe Comm. Corp., *et al.*, ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors ) | Banker. Case No. 02-11518 (MFW) |
| --- | |
| Teleglobe Comm Corp., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 04-CV-1266 (SLR) |
| ) | |
| BCE Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RULE 7.1.1 CERTIFICATION**

The undersigned counsel certifies that counsel for the defendants oppose the relief sought in the attached motion.

/s/ Chad M. Shandler

Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Dated: May 23, 2006

RLF1-3017250-1

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, I hand delivered and electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Pauline K. Morgan, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Joseph A. Rosenthal, Esq.
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE 19801

I hereby certify that on May 23, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

John Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

George J. Wade, Esq.
Daniel Schimmel, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

_____
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700