# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC. and TELEGLOBE SUBMARINE INC.,

Debtors.

----------------------------------------------------------------x

TELEGLOBE COMMUNICATIONS CORPORATION, TELEGLOBE USA INC., OPTEL TELECOMMUNICATIONS, INC., TELEGLOBE HOLDINGS (U.S.) CORPORATION, TELEGLOBE MARINE (U.S.) INC., TELEGLOBE HOLDING CORP., TELEGLOBE TELECOM CORPORATION, TELEGLOBE INVESTMENT CORP., TELEGLOBE LUXEMBOURG LLC, TELEGLOBE PUERTO RICO INC., TELEGLOBE SUBMARINE INC., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TELEGLOBE COMMUNICATIONS CORPORATION, et al.,

Plaintiffs,

v.

BCE INC., MICHAEL T. BOYCHUK, MARC A. BOUCHARD, SERGE FORTIN, TERENCE J. JARMAN, STEWART VERGE, JEAN C. MONTY, RICHARD J. CURRIE, THOMAS KIERANS, STEPHEN P. SKINNER, and H. ARNOLD STEINBERG,

Defendants.

----------------------------------------------------------------x

Chapter 11
Case No. 02-11518 (MFW)
Jointly Administered

Pending in the United States
Bankruptcy Court
District of Delaware

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Adv. Pro. No. 04-53733 (MFW)

Pending in the United States
Bankruptcy Court
District of Delaware

TO:   **Deloitte & Touche LLP**
      1633 Broadway
      New York New York 10019

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

X YOU ARE COMMANDED to identify and produce for deposition upon oral examination one or more officers, directors, managing agents, or other agents and employees who consent to testify on your behalf and are knowledgeable as to each subject-matter described in the annexed Rider at the place, on the date, and at the time specified below, or at any agreed upon adjourned date and time.

| PLACE | DATE AND TIME |
|---|---|
| Hahn & Hessen LLP<br>488 Madison Avenue. 14th Floor<br>New York, New York 10022<br>(212) 478-7200 | September 22, 2004<br>10:00 a.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects set forth in the annexed Rider at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Hahn & Hessen LLP<br>488 Madison Avenue, 14th Floor<br>New York, New York 10022<br>(212) 478-7200 | August 31, 2004<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | August 10, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John P. Amato, Esq. (JA-4997), Hahn & Hessen LLP, Counsel for the Official Committee of the Unsecured Creditors, 488 Madison Avenue, 14th Floor, New York, NY 10022   (212) 478-7200

## RIDER TO SUBPOENA

### Definitions and Instructions

A.   "You" means the recipient of this Subpoena, its former and present domestic and foreign parents, subsidiaries, affiliates, and divisions, and their former and present partners, directors, officers, employees, attorneys, agents, and representatives, and all those who act or have acted on their behalf.

B.   "BCE" means BCE Inc., its former and present subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

C.   "TI" means Teleglobe Inc., its former and present directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

D.   The term "Debtors" means, collectively and individually, Teleglobe Holdings (U.S.) Corp., Teleglobe Holding Corp., Teleglobe Marine (U.S.) Inc., Teleglobe Submarine Inc., Teleglobe Investment Corp., Teleglobe Communications Corp., Optel Telecommunications, Inc., Teleglobe USA Inc., Teleglobe Telecom Corp., Teleglobe Luxembourg LLC, and Teleglobe Puerto Rico Inc., their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

E.   "GlobeSystem" means the telecommunications network buildout program planned and/or deployed by TI and the Debtors between about 1999 and 2002.

F.   This Subpoena applies to all documents in your possession, custody and/or control, regardless of the location of such documents.

G.   Unless otherwise specified, this Subpoena calls for the production of all documents created between January 1, 2000 and December 31, 2002, or which otherwise relate to this period regardless of when created.

H.   The uniform definitions and rules of construction set forth in Local Civil Rule 26.3 shall apply to this Subpoena. You should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, personal digital assistants, workstations, mainframes, servers, backup disks and tapes, archive disks and tapes, and any other forms of online or offline storage, whether physically located on your premises or at any other facility.

I.   Each document is to be produced in its entirety, without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

J.  Documents that are stapled, clipped, or otherwise attached or fastened together in their original condition shall be produced in such form. Documents that are segregated or separated from other documents by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained in your files, and shall not be shuffled or otherwise rearranged.

K.  In the event that any document called for by this Subpoena is withheld on the basis of a claim of privilege, You are directed to comply with Local Civil Rule 26.2.

L.  In the event that any document called for by this Subpoena has been destroyed, discarded or otherwise lost, the following information shall be provided for each such document: (i) all authors and addressees; (ii) any indicated or blind copies; (iii) the document's date, subject matter and number of pages; (iv) the date of the document's destruction or discard and the reason therefor; and (v) whether any copies of the document presently exist, and if so, the name of the custodian of each copy.

M.  If no documents exist that are responsive to a particular request listed below, You shall so state in writing.

N.  Each request in this Subpoena shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production.

O.  Each request in this Subpoena shall be answered separately and fully.

## Subpoenaed Documents and
## Subject Matter of Deposition Testimony

Kindly produce documents concerning the following matters:

1.  Any consulting, accounting, advisory, investment banking, or other services provided to BCE, TI, or the Debtors.

2.  BCE's financial support of, financial commitment to, or financing of TI, the Debtors, and their operations, including but not limited to GlobeSystem.

3.  TI's or the Debtors' reliance on BCE for funding or financial support.

4.  All capital infusions, equity infusions, loans and/or advances made by BCE to TI and/or the Debtors, including but not limited to (a) the date of each infusion, loan or advance, (b) the amount thereof, (c) the purpose thereof, and (d) the recipient thereof.

5.  The assumption, adoption, or integration by BCE of TI's or the Debtors' operations, management, or business functions, including but not limited to any cost cutting, streamlining, or "synergy" projects at TI or the Debtors initiated by, on behalf of, or for the benefit of BCE.

6.  The planned or actual migration of TI's or the Debtors' personnel, business units, or customers to BCE.

7.  The financing or funding of GlobeSystem, including but not limited to budgets, forecasts, and management presentations.

8.  All actual and projected sources of funding for GlobeSystem, TI, and the Debtors, including but not limited to public and private debt and equity markets, contributions from BCE, income from TI's or the Debtors' operations, strategic partnering, or vendor financing.

9.  BCE's actual or contemplated guaranty of TI's or the Debtors' obligations, including but not limited to any consideration or refusal by BCE to guaranty any of TI's or the Debtors' obligations.

10. Any evaluations or analyses of restructuring or refinancing possibilities for TI and/or the Debtors.

11. The effect or impact of the following events on any loan covenants, credit facilities, or credit ratings of BCE, TI, or the Debtors:

    i.   BCE's November 2000 acquisition of all outstanding TI stock;

    ii.  any adjustment or reduction to the scale or financing of GlobeSystem;

    iii. BCE's decision to cease funding TI's and/or the Debtors' operations; and

        iv.    BCE's write-off of its investment in TI in or about December 2002.

12.    The review, audit, and preparation of TI's or the Debtors' 2000 and 2001 interim and annual financial statements, including but not limited to the following issues and items: (a) the impairment of goodwill and assessment of goodwill recoverability, (b) the accounting treatment for irrevocable rights of use agreements (including the sale and purchase thereof), and (c) any presentations and recommendations made to TI's or the Debtors' audit committees.

13.    The preparation of, revisions to, and the reasons for any revisions to management representation letters concerning (a) the finances of or financial support to TI or the Debtors or (b) the ability of TI and the Debtors to meet their respective debts as they became due.

14.    The redemption of TI's third and fifth series preferred shares, including but not limited to the preparation of solvency certificates.

15.    BCE's commitment to contribute up to an additional Cdn $1 billion to support the working capital and debt repayment requirements of TI or the Debtors during 2002.

16.    The negotiations and procurement of the Facility A 364-Day Revolving Credit Agreement among TI, Bank of Montreal and certain lenders dated as of or about July 24, 2000, the Facility B 364-Day Revolving Agreement among Teleglobe Holdings (U.S.) Corporation, Excel Communications, Inc. and certain lenders dated as of or about July 24, 2000, any and all amendments and renewals thereof, and all agreements related thereto, including, without limitation, guaranties thereof.

17.    BCE's decision to cease funding TI's and the Debtors' operations.

18.    The "put option" granted by BCE to SBC Communications Inc. ("SBC") with respect to Bell Canada Holdings, including but not limited to the actual or anticipated effect of the "put option" on (a) BCE's financial commitment to TI and the Debtors, (b) BCE's decision to cease funding TI's and the Debtors' operations, and (c) BCE's credit rating.

19.    The BCE initiative designated "Project X," including but not limited to the decision to terminate financial support of TI, the Debtors, or GlobeSystem, and the potential effects, legal effects, and equitable effects thereof.

20.    Any briefings, discussions, meetings, presentations, or other communications between You and BCE regarding TI, the Debtors, or GlobeSystem since January 1999.

21.    Any representations, promises, disclosures, or other statements made by BCE to You regarding TI, the Debtors, or GlobeSystem.

22.    BCE's involvement in, or any communications from BCE concerning or analyzing, the decision to file bankruptcy or insolvency proceedings by, for, or against TI or the Debtors.

23.    Any analyses of GlobeSystem or any aspect thereof.

24. Any documents concerning TI or the Debtors.