# EXHIBIT K

# Deloitte.

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
USA

Tel: +1 212 492 4000
Fax: +1 212 492 4201
www.deloitte.com

August 23, 2004

**By Facsimile and Mail**

John P. Amato, Esq.
Hahn & Hessen LLP
488 Madison Avenue, 14th Floor
New York, New York 10022

       Re: In Re Teleglobe Communications Corporation, et al.
           Subpoena addressed to Custodian of Records/ Deloitte & Touche LLP

Dear Mr. Amato:

As a follow-up to your telephone conversation on August 18, 2004, with my colleague, Irene Cannon-Geary, I write regarding the subpoena addressed to Deloitte & Touche LLP ("Deloitte & Touche") in the above referenced matter. As Ms. Cannon-Geary indicated to you, while we believe that the United States firm of Deloitte & Touche did not perform services relevant to the issues in the instant litigation, Deloitte & Touche is prepared to discuss the scope of the subpoena and other concerns with you. In the interim, however, Deloitte & Touche is objecting pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9016, in order to preserve its rights pending such discussions.

Deloitte & Touche's objections are as follows:

1. Deloitte & Touche objects to the subpoena in its entirety as being overbroad, unduly burdensome and oppressive, including, without limitation, to the extent that it seeks to compel the production of voluminous documents generated during an extended and open-ended period of time ("between January 1, 2000 and December 31, 2002, or which otherwise relate to this period regardless of when created") (Definition G), or insofar as ("[e]ach request in this Subpoena shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production") (Instruction N).

John Amato, Esq.
In re: Teleglobe Communications
August 24, 2004
Page 2

> Further, although one might interpret the subpoena as calling for the production of not only existing documents, but also documents that Deloitte & Touche might obtain or prepare on a going-forward basis in providing services for Teleglobe, Inc., BCE Inc., or any other of their respective related entities, Deloitte & Touche will proceed on the basis that documents hereafter obtained or ones prepared subsequent to the date of receipt of the subpoena in connection with ongoing or future services, if any, for Teleglobe, Inc., BCE, Inc., or other of their respective related entities, or for other clients, are not responsive. Deloitte & Touche will proceed on the basis that plaintiffs are instead seeking documents in existence at the time Deloitte & Touche received the subpoena. Nor does Deloitte & Touche believe that any documents obtained or prepared subsequent to the date of receipt of the subpoena could be relevant to any issues in the lawsuit.
>
> Moreover, the preservation of, and any obligation to produce, documents obtained and prepared in providing services subsequent to the receipt of the subpoena would be unreasonable and unduly burdensome and would impermissibly and unnecessarily interfere with and inhibit Deloitte & Touche in providing future services to its clients.

2. Upon information and belief, by virtue of its overbroad nature, the subpoena calls for the production of documents that are neither relevant to the subject matter involved in the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. Deloitte & Touche therefore objects to the subpoena to the extent it calls for the production of such irrelevant documents. For example, the subpoena attempts to request virtually every scrap of paper regarding Teleglobe, Inc., *i.e.*, "[a]ny documents concerning TI or the Debtors" (Request No. 24). The subpoena is likewise unduly vague, precluding Deloitte & Touche from determining with sufficient precision the identity of the documents for which plaintiffs seek production. By way of illustration and not limitation, the subpoena's definitions of "concerning" and "relate" are vague, ambiguous, and overbroad. For example, Request No. 24 seeks "[a]ny documents <u>concerning</u> TI or the Debtors," and Definition G describes "production of all documents created between January 1, 2000 and December 31, 2002, or which otherwise <u>relate</u> to this period regardless of when created" (emphasis supplied).

3. Further, Deloitte & Touche objects to the subpoena to the extent that it purports to require Deloitte & Touche to produce documents (1) related to individuals, entities and/or Deloitte & Touche clients that are not at issue in the instant action and/or who are not parties to the action, or (2) documents related to engagements unrelated to the subject matter of the action, or (3) documents relating to other litigation or actions.

John Amato, Esq.
In re: Teleglobe Communications
August 24, 2004
Page 3

4. Many of the documents are available from the parties, and Deloitte & Touche, a non-party, should not be put to the time and expense of producing such documents where the parties could obtain the information from each other or from their own files.

5. Deloitte & Touche objects to the subpoena to the extent that it seeks production of documents that are confidential and/or competitively sensitive information to Deloitte & Touche, and/or proprietary information, internal information, trade secret or other confidential, research, development or commercial information of Deloitte & Touche. Such latter information has been developed at great expense to and effort by Deloitte & Touche and its disclosure would be competitively harmful to Deloitte & Touche. No confidentiality stipulation provides adequate protection for production of proprietary materials. As noted above, such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Deloitte & Touche objects to the subpoena to the extent that it seeks the production of tax returns or tax return information, which Deloitte & Touche is precluded from disclosing under Section 7216 of title 26 of the United States Code, or any other information that Deloitte & Touche is precluded from disclosing under other applicable statutes or regulations.

7. Deloitte & Touche objects to the subpoena to the extent that it purports to require the production of documents that are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule or duty of confidentiality that precludes or limits production or disclosure of information therein.

8. Deloitte & Touche objects to the Definitions to the extent that they are overly broad and purport to encompass more than just the entities or persons themselves. As such, the purported definitions are so ambiguous and vague that it would make any search for documents effectively impossible. For instance, references to unspecific, undefined or unnamed ""subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf" (as set forth in Definitions A – D) place an undue burden upon Deloitte & Touche to know the unspecified, undefined or unnamed persons or entities referred to. This is beyond what is required of Deloitte & Touche under the Federal Rules of Civil Procedure.

John Amato, Esq.
In re: Teleglobe Communications
August 24, 2004
Page 4

9. Deloitte & Touche objects to the subpoena to the extent that it calls for the production of documents that are not within the possession, custody or control of the United States partnership entity Deloitte & Touche.

10. Deloitte & Touche objects to the Definitions and Instructions to the extent that they purport to impose any obligations upon Deloitte & Touche beyond those required by the Federal Rules of Civil Procedure.

11. Deloitte & Touche objects to the subpoena to the extent that it calls for information that was not generated in the form of written or printed records, on the ground that it would be unduly burdensome and oppressive to require that Deloitte & Touche search through computer records or other means of electronic or magnetic data storage or compilation.

12. The subpoena requests confidential information of Deloitte & Touche's client(s) and/or Deloitte & Touche. Therefore, Deloitte & Touche objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent such a confidentiality order.

In making the above objections, Deloitte & Touche is not suggesting or implying in any way that it has documents responsive to a particular Request.

Given the above objections, no documents will be produced at this time nor will a witness appear. However, Deloitte & Touche would like to resolve these objections amicably and without burdening the Court with motion practice, and I am willing to discuss the subpoena with you. It would be helpful if you would provide me with a copy of the pleadings, a copy of any confidentiality order in place in the matter, and a service list of counsel. If you would like to discuss the subpoena, please do not hesitate to contact me at (212) 492-3857 or my colleague, Irene Cannon-Geary at (212) 492-4395.

Very truly yours,

Annica H. Jin
Counsel