# EXHIBIT M



# HAHN&HESSEN LLP
## ATTORNEYS

Robert J. Malatak

Direct Dial: (212) 478-7316
Email: rmalatak@hahnhessen.com

January 12, 2005

**Via Facsimile and
First Class Mail**

Daniel Schimmel, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069

Re: *Teleglobe Communications Corp., et al. v. BCE Inc., et al.*
C.A. No. 04-CV-1266

Dear Mr. Schimmel:

    As you know, we served subpoenas on the New York offices of Deloitte & Touche LLP ("Deloitte") and Osler, Hoskin & Harcourt LLP ("Osler") demanding their respective depositions and the production of certain documents. Both Deloitte and Osler have objected to the subpoenas on the grounds that the documents and information plaintiffs seek is not within their possession, custody or control, but rather, within the possession, custody or control of their respective Canadian affiliates.

    We believe that Deloitte's and Osler's objections are without merit, and were raised solely to obstruct the discovery to which plaintiffs are entitled, and we intend to directly address the issue in due course. In the interim, we request that BCE contact Deloitte and Osler in the United States and/or Canada to facilitate the discovery plaintiffs seek. As you are aware, Deloitte was BCE's auditor during the relevant time period, and was, therefore, BCE's agent. Osler similarly acted as BCE's agent in connection with its legal counsel concerning a March 7, 2002 request for a certain advance income tax ruling. In light of BCE principal/agency relationship with Deloitte and Osler, BCE has the authority to direct them to comply, in all respects, with the Committee's subpoenas. The Committee hereby requests that BCE exercise said authority forthwith. We suggest that you contact the following, with whom we communicated: Ken Fredeen, Esq., Deloitte's General Counsel, at 1-416-874-3940, and George Wailand, Esq., of Cahill Gordon & Reindell LLP, Osler's outside attorneys, at 212-701-3212.

    The documents the Committee seeks from Deloitte and Osler are, in any event, subsumed by the document requests set forth in the Debtors' First Request for Production of Documents Directed to Defendant BCE, Inc., dated August 30, 2004 (the "Debtors' Discovery Demands").

H&H

January 12, 2005
Page 2

Moreover, the Debtors' Discovery Demands, as amplified by Brock E. Czeschin's, of Richards, Layton & Finger ("RLF"), November 9, 2004 letter to George Wade, of your office, broadly defined "BCE" to include its "agents and representatives, and all persons acting or who have acted on their behalf", which necessarily includes Deloitte and Osler. Moreover, the Debtors' Discovery Demands require BCE to produce all documents in its possession, custody or control, which is defined as "actual possession by [BCE], actual possession by [BCE] with another or constructive possession by [BCE] in that [BCE is] legally entitled or able to obtain actual possession from another person," for example, Deloitte and Osler. Thus, in responding to the Debtors' Discovery Demands, BCE should have produced responsive documents from Deloitte's and Osler's files. Please confirm whether BCE has indeed produced such documents. If not, we request that you immediately do so.

We also request that you provide us with information concerning the whereabouts of the Canadian repository for Arthur Anderson LLP's ("AA") files, and that you similarly direct the administrator of the repository to produce, or otherwise make available to us, documents responsive to the request set forth on the rider to the attached subpoena. As you know, AA was Teleglobe's auditor prior to Deloitte's taking over the engagement in 2001.

Please call me if you should have any questions.

Sincerely,

Robert J. Malatak

RJM/asm
cc:    Gregory V. Varallo, Esq.