IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TELEGLOBE COMMUNICATIONS CORPORATION *et al.*,<br><br>Debtors. | Chapter 11<br>Jointly Administered<br><br>Bankr. Case No. 02-11518 (MFW) |
| TELEGLOBE USA INC. *et al.*,<br><br>Plaintiffs,<br>v.<br>BCE INC. *et al.*,<br><br>Defendants. | Civ. Action No. 04-1266 (SLR) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM RELYING UPON ANY DELOITTE & TOUCHE DOCUMENTS, WITNESSES OR OTHER EVIDENCE, AND FOR ADVERSE INFERENCES IN FAVOR OF PLAINTIFFS

Plaintiffs move *in limine* to preclude defendants from relying upon any Samson Belair/Deloitte & Touche s.e.n.c.l. ("Deloitte") documents, witnesses, or other information or evidence at trial. Plaintiffs also move for adverse inferences because of Deloitte's refusal to comply with plaintiffs' August 10, 2004 document subpoena. *See* Plaintiffs' Motion in Limine to Preclude Defendants from Relying upon any Deloitte & Touch Documents, Witnesses or Other Evidence and for Adverse Inferences in Favor of Plaintiffs (May 23, 2006) ("Plaintiffs' MIL").

To begin with, this Court has already held that BCE efforts to obtain the Deloitte documents for plaintiffs were "*satisfactory*" and that "[n]o sanctions shall be imposed, *nor further action taken by the court in these regards*." Order of Oct. 18, 2005, attached to Plaintiffs' MIL as Exhibit R (emphasis added). Although plaintiffs contend that the Court's failure to impose sanctions does not foreclose the preclusion of evidence or drawing of adverse

1

inferences (*see* Plaintiffs' MIL at 9-10), the hearing preceding the Order discussed preclusion and the Court nonetheless decided to take no further action. The Court's Order is the law of the case. Plaintiffs identify no intervening change in law or facts that would warrant reconsideration seven months after the Order was rendered and on the eve of trial.

If the Court is inclined to reconsider its prior Order, it should deny plaintiffs' renewed motion because it rests on a false premise – namely, that defendant BCE Inc. ("BCE") controls Deloitte and can compel it to produce the documents requested by plaintiffs in their document subpoena. BCE has repeatedly instructed Deloitte to produce non-privileged documents in response to plaintiffs' document subpoena, but Deloitte has refused. *See* Declaration of Daniel Schimmel ¶¶ 6-12 (Aug. 31, 2005) ("Schimmel Decl."), attached to Plaintiffs' MIL as Exhibit Q. Because BCE has no control over the documents in the possession and custody of non-party Deloitte, defendants cannot be held responsible for Deloitte's refusal to produce them.

For both of the foregoing reasons, plaintiffs' motion *in limine* is without merit and should be denied.

## STATEMENT OF FACTS

Plaintiffs assert that BCE provided "little or no help" in obtaining the Deloitte documents and characterize BCE's efforts as "slow and half-hearted." Plaintiffs' MIL at 7-8. In fact, Deloitte was an independent actor and had its own institutional reasons for invoking its rights under Canadian and Québec law. Deloitte's decision was not induced or controlled by BCE. The facts sworn to by Mr. Schimmel show the following.

On March 4 and 9, 2005, BCE instructed Deloitte to produce all non-privileged documents responsive to plaintiffs' subpoena that could arguably be within BCE's control. *See*

Schimmel Decl. ¶¶ 6-7.[1] In response, Deloitte said that its preliminary estimate was that it would cost about $200,000 to separate the documents within BCE's control from its own work papers and other documents. *See id.* at ¶ 8. BCE attempted to obtain a more reasonable and final estimate from Deloitte. *See id.*

In the meantime, on July 7, 2005, the Québec Superior Court of Justice, District of Montréal, denied an application that plaintiffs had made for discovery directly against Deloitte. *See* Schimmel Decl. ¶ 9.[2] The following day, on July 8, 2005, BCE again instructed Deloitte to produce. In light of the Québec Superior Court's judgment, however, Deloitte refused to produce any documents. *See* Schimmel Decl. ¶ 10.

Throughout July and August of 2005, BCE made multiple demands for documents from Deloitte in multiple media. *See* Schimmel Decl. ¶ 11 (attaching three such demands as Exhibits 7-9). Ultimately, BCE instructed Deloitte to produce the documents or, if Deloitte refused, to state the firm's legal position in writing by Monday, August 22, 2005. *See id.* ¶ 11.

Deloitte ignored BCE's deadline. One week after it expired, on Monday, August 29, 2005, Deloitte told BCE that it was "not prepared to provide [BCE] with the documents [that BCE had] requested." Schimmel Decl. ¶ 12 (quoting Letter from Deloitte Counsel to BCE's Martin Cossette (Aug. 26, 2005 and faxed on Aug. 29, 2005), attached to Schimmel Decl. as Exhibit 11). Deloitte informed BCE that it "[did] not have any legal or contractual right to the documents in issue." *Id.* Deloitte interposed the July 7, 2005 judgment of the Québec Superior

---

[1] Mr. Schimmel attached the March 4 and 9, 2005 letters as Exhibits 4 and 5 to his declaration. Plaintiffs omit Mr. Schimmel's exhibits, but they attach the same letters as Exhibits N and O, respectively, to Plaintiffs' MIL.

[2] Mr. Schimmel attached the Québec Superior Court's judgment as Exhibit 6 to his declaration. Plaintiffs do not include it among the exhibits to Plaintiffs' MIL. Among other things, that judgment prohibits Deloitte from producing the documents requested by plaintiffs on the authority of a Québec statute. We would be delighted to supply the Québec Superior Court's judgment at the Court's request.

Court of Justice rejecting plaintiffs' document demand and observed that the documents sought in that demand included those requested by BCE. *Id.* Deloitte reasoned that "[t]he Plaintiffs should not be allowed to do indirectly what the Court has decided they cannot do directly, i.e. conduct a 'fishing expedition' in the files of Deloitte by requesting all documents remitted by BCE to Deloitte." *Id.* Lastly, Deloitte explained that the documents sought were likely already in BCE's possession and had been produced in the litigation and that, in any event, "any copies of documents provided by BCE to Deloitte in the accomplishment of Deloitte's mandate became the property of Deloitte and form part of Deloitte's file and working papers." *Id.*

After reviewing Mr. Schimmel's Declaration, this Court recognized that BCE had done all that it could to obtain the Deloitte documents and entered the following order:

> IT IS ORDERED that the court is satisfied that BCE Inc.'s discovery efforts have been satisfactory. No sanctions shall be imposed, nor further action taken by the court in these regards.

Order of Oct. 18, 2005, attached to Plaintiffs' MIL as Exhibit R.

## ARGUMENT

I. **THE COURT'S DECISION TO TAKE NO FURTHER ACTION ON THE DELOITTE DOCUMENTS IS THE LAW OF THE CASE AND INDEPENDENTLY REQUIRES DENIAL OF PLAINTIFFS' REQUESTS FOR PRECLUSION AND ADVERSE INFERENCES**

It is well settled that a court's decision on an issue is the law of the case and should govern subsequent proceedings absent an intervening change in the law or facts. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) ("[u]nder the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances"); 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶134.20[2], at 134-48 to -49 (3d ed. 2005).

After an oral hearing on August 10, 2005, and a detailed, sworn declaration supported by numerous exhibits on August 31, 2005, the Court determined that it was "satisfied" that BCE's efforts to obtain the Deloitte documents were "satisfactory" and that "[n]o sanctions shall be imposed, nor further action taken by the court in these regards." Order of Oct. 18, 2005, attached to Plaintiffs' MIL as Exhibit R. Neither the discovery rules nor Deloitte's position have changed in the intervening seven months. The Court should not revisit its Order of October 18, 2005, to accommodate an eve-of-trial reconsideration motion that is seven months out of time.

Plaintiffs' MIL focuses on the Court's decision not to impose sanctions for the absence of the Deloitte documents (*see* Plaintiffs' MIL at 9-10), thereby suggesting that the Court left open the possibility of precluding evidence or drawing adverse inferences. But preclusion was discussed expressly at the oral hearing on August 10, 2005. *See* Transcript of Hearing on Aug. 10, 2005, at 14:9-11 ("we want it clearly understood, we want to say on the record today that we'll be seeking preclusion orders"); *id.* at 23:14-16, attached to Plaintiffs' MIL as Exhibit P. Notwithstanding plaintiffs' request for preclusion orders, the Court – after considering the detailed chronology and exhibits provided by Mr. Schimmel – found that BCE's efforts to obtain the Deloitte documents were "satisfactory" and decided to take "no[] further action in these regards." Order of Oct. 18, 2005, attached to Plaintiffs' MIL as Exhibit R. The Court's decision to take no further action is the law of the case. Plaintiffs' MIL – which seeks just such action in the form of preclusion orders and adverse inferences – is flatly inconsistent with that Order.

II.  **DEFENDANTS CANNOT BE SUBJECT TO PRECLUSION OR ADVERSE INFERENCES FOR THIRD-PARTY DELOITTE'S REFUSAL TO TURN OVER DOCUMENTS BECAUSE DEFENDANTS HAVE NO CONTROL OVER THE DELOITTE DOCUMENTS**

The parties agree that a necessary (but not sufficient) condition for precluding evidence or drawing adverse inferences for the failure to produce documents is that the producing party

must have control of the documents. *See, e.g., See Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (stating that for adverse inference to be drawn against a party for the non-production of documents by a third party, "it is essential that the evidence in question be within the party's control"); *Gerling Inter. Ins. Co. v. Comm'r.*, 839 F.2d 131, 138 (3d Cir. 1988) (overturning lower court's order precluding defendant's use of non-party's evidence when there was no finding that party had legally enforceable right to secure the information).

Based on the detailed facts to which Mr. Schimmel has sworn in his declaration, and which the Court has credited, it is pellucidly clear that BCE has no control over the Deloitte documents. *See supra* pp. 2-4. Apparently, BCE cannot even compel Deloitte to reply to its correspondence in a timely fashion. *See id.* p. 3. It follows *a fortiori* that BCE has no control over Deloitte's documents.

Contrary to plaintiffs' contention, this Court did not find that BCE controlled the Deloitte documents at the August 10, 2005 hearing. *See* Plaintiff's MIL at 13. If the Court has so found, it would not have entered its subsequent Order stating that "the court is satisfied that BCE Inc.'s discovery efforts have been satisfactory." Order of Oct. 18, 2005, attached to Plaintiffs' MIL as Exhibit R. Moreover, the cases on which plaintiffs rely for a preclusion order and adverse inference are simply the flip-side of the control coin: defendants' cases (*see supra* pp. 5-6) hold that preclusion and adverse inferences are impermissible absent control; plaintiffs' cases hold that such remedies may be imposed on proof of control. *See, e.g., Muzzlemen v. National Rail Passenger Corp.*, 839 F. Supp. 1094, 1099 (D. Del. 1993) (requiring evidence of party's possession or control of non-produced evidence and denying request for adverse inference jury instruction where there was no evidence that party suppressed documents in question); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y. 1997) (refusing

to compel party to produce documents in the possession of another government entity, absent showing that party was acting as an agent of that other government).

In this case, defendants have proven, through the declaration of Mr. Schimmel, that BCE does not control the Deloitte documents. For their part, plaintiffs have failed to proffer any evidence that BCE has the requisite control. Because plaintiffs have failed to prove that BCE controls the Deloitte documents, they are not entitled to a preclusion order or adverse inferences for their absence.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion *in Limine* to Preclude Defendants from Relying upon Any Deloitte & Touche Documents, Witnesses or other Evidence, and for Adverse Inferences in Favor of Plaintiffs should be denied.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Pauline Morgan
Pauline K. Morgan (No. 3650)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899
(302) 571-6600
pmorgan@ycst.com
*Attorneys for Defendants*

---

[3] In any event, the broad preclusion orders and adverse inferences that plaintiffs seek would, if granted, seriously tilt the playing field in their favor. In effect, plaintiffs seek to use all Deloitte-related evidence as they see fit and bar defendants from responding in any way. Such a one-sided trial would be fundamentally unfair.

Of Counsel:

SHEARMAN & STERLING LLP
Stuart J. Baskin
Jaculin Aaron
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Stephen J. Marzen
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
(202) 508-8000

Dated: May 31, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2006, I electronically filed a true and correct copy of foregoing document was filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Gregory V. Varallo, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801

Joseph A. Rosenthal, Esq.
Rosenthal, Monhait & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE  19899-1070

I further certify that on May 31, 2006, I caused a copy of the foregoing document on the to be served upon the following non-registered participants in the manner indicated below:

BY EMAIL
John P. Amato, Esq.
Mark S. Indelicato, Esq.
Zachary G. Newman, Esq.
Jeffrey L. Schwartz, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

Gregory V. Varallo, Esq.
Russell C. Silberglied, Esq.-p
Mark D. Collins, Esq.
C. Malcolm Cochran, IV, Esq.
Robert J. Stern, Jr., Esq.
Kelly E. Farnan, Esq.
Anne S. Gaza, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801

Joseph A. Rosenthal, Esq.
Rosenthal, Monhait & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE  19899-1070

*/s/ Margaret B. Whiteman*
Pauline K. Morgan (No. 3650)
Maribeth Minella (No. 4185)
Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
pmorgan@ycst.com
mminella@ycst.com
mwhiteman@ycst.com
bank@ycst.com

*Attorneys for Defendants*