IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------  x
In re                                             )    Chapter 11
                                                  )
TELEGLOBE COMMUNICATIONS                          )
CORPORATION, et al.,                              )    Jointly Administered
                                                  )    Bankr. Case No. 02-11518 (MFW)
                    Debtors.                       )
------------------------------------------------  x
TELEGLOBE COMMUNICATIONS                          )
CORPORATION, et al.,                              )
                                                  )    C.A. No. 04-1266 (SLR)
                    Plaintiffs,                    )
                                                  )
            v.                                     )
                                                  )
BCE, INC., et al.,                                )
                                                  )
                    Defendants.                    )
------------------------------------------------  x
```

## [PROPOSED] PRETRIAL ORDER

On June 6, 2006, at 4:30 p.m., counsel for Teleglobe Communications Corporation, Teleglobe USA Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.) Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg LLC, Teleglobe Puerto Rico Inc., Teleglobe Submarine Inc. (the "Debtors"), and the Official Committee Of Unsecured Creditors Of Teleglobe Communications Corporation (the "Committee"; collectively with the Debtors, "Plaintiffs") and BCE Inc., Michael T. Boychuk, Marc A. Bouchard, Serge Fortin, Terence J. Jarman, Stewart Verge, Jean C. Monty, Richard J. Currie, Thomas Kierans, Stephen P. Skinner and H. Arnold Steinberg (collectively, "Defendants") will attend a pretrial conference before this Court.

The following matters as to the trial are hereby Ordered by the Court:

## I.    NATURE OF THE ACTION AND PLEADINGS [DEL. L.R. 16.4(D)(1)]

The Debtors and the Committee filed a complaint in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking monetary damages for causes of action arising out of and related to the alleged breach by the Debtors' ultimate parent, BCE Inc., of its funding commitment to the Debtors.  Through this proceeding, Plaintiffs also seek to recover monetary damages against Defendants for, among other things, breach of contract, estoppel, misrepresentation, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.

On September 8, 2004, this Court withdrew the automatic reference, *sua sponte*, pursuant to 28 U.S.C. § 157(d).  On September 15, 2004, Defendants filed a motion to dismiss the complaint.  This Court heard oral argument on February 16, 2005, and denied the motion to dismiss on March 24, 2005.  Defendants answered the complaint on April 18, 2005.

On August 30, 2005, Plaintiffs moved for leave to file an amended complaint.  On March 31, 2006, the Court granted Plaintiffs' motion.  Plaintiffs filed the amended complaint on April 3, 2006.  Defendants filed an answer to the amended complaint on April 20, 2006.  No counterclaims, cross-claims or third-party claims have been raised.

## II.    BASIS OF FEDERAL JURISDICTION [DEL. L.R. 16.4(D)(2)]

This Court has jurisdiction due to the Debtors' bankruptcy cases, as explained in this section.  On May 15, 2002, Teleglobe Inc. ("TI"), Teleglobe Financial Holdings Ltd., Teleglobe Canada Limited Partnership and Teleglobe Canada Management Services Inc. (collectively, the "Canadian Debtors") commenced insolvency proceedings under the Canadian Companies' Creditors Arrangement Act ("CCAA") in the Ontario Superior Court of Justice in Toronto, Canada.  On May 28, 2002, the Debtors filed Chapter 11 bankruptcy petitions in the Bankruptcy Court (the "Chapter 11 Cases").

On October 11, 2002, the Bankruptcy Court approved the sale of the Debtors' "core" business to an affiliate of Cerberus Capital Management, L.P. and TenX Capital Partners, LLC, TLGB Acquisition LLC. Thereafter, a Plan of Reorganization was confirmed on February 11, 2005, and became effective on March 2, 2005.

By Order dated April 28, 2004, the Bankruptcy Court, over the opposition of BCE, authorized the Committee to prosecute, *inter alia*, claims against the officers and directors of the Debtors and causes of action related thereto as may be agreed upon between the Debtors and the Committee. This lawsuit ensued.

Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### III. FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF [DEL. L.R. 16.4(D)(3)]

The parties have stipulated that the facts described on Appendix 1A hereto are admitted and require no proof.

### IV. THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF FACT TO BE LITIGATED [DEL. L.R. 16.4(D)(4)]

1.    Plaintiffs' Contentions Regarding the Issues of Fact to Be Litigated

Plaintiffs' contentions regarding the issues of fact that remain to be litigated are attached as Appendix 2A hereto.

2.    Defendants' Contentions Regarding the Issues of Fact to Be Litigated

Defendants' contentions regarding issues of fact that remain to be litigated are attached as Appendix 2B hereto.

### V. THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF LAW TO BE LITIGATED [DEL. L.R. 16.4(D)(5)]

1.    Plaintiffs' Contentions Regarding the Issues of Law to Be Litigated

3

Plaintiffs' contentions regarding the issues of law that remain to be litigated and authorities relied upon are attached as Appendix 3A hereto.

2.    Defendants' Contentions Regarding the Issues of Law to Be Litigated

Defendants' contentions regarding the issues of law that remain to be litigated and authorities relied upon are attached as Appendix 3B hereto.

## VI.    EXHIBITS AND OBJECTIONS [DEL. L.R. 16.4(D)(6)]

The parties' lists of pre-marked exhibits to be offered at trial are attached as Appendix 4A (Plaintiffs' Exhibit List) and Appendix 4B (Defendants' Exhibit List) hereto. The parties have prepared objections to the proposed exhibits and will exchange those objections prior to the pre-trial conference. The objections shall be filed with the Court on June 5, 2006.

### [Plaintiffs' Proposal]

The parties reserve the right to introduce or use any exhibit listed by either side as an exhibit to this Pretrial Order, whether or not the particular party is the initial proponent of that exhibit. However, the parties reserve the right to object to such exhibits based on limited admissibility under Fed. R. Evid. 105. The parties also reserve the right to use additional exhibits not included on the exhibit lists during rebuttal testimony. All objections to any such unlisted rebuttal exhibits are reserved.

All demonstrative exhibits, such as charts, videos, graphs and summaries which are derived from documents identified in the Pretrial Order or from testimony already secured by deposition, will be identified and exchanged no later than three calendar days before the scheduled commencement of trial.

**[Defendants' Proposal]**

The parties reserve the right to introduce or use any exhibit listed by either side as an exhibit to this Pretrial Order, whether or not the particular party is the initial proponent of that exhibit. However, the parties reserve the right to object to such exhibits.

All demonstrative exhibits, such as charts, videos, graphs and summaries which are derived from documents identified in the Pretrial Order or from testimony already secured by deposition, except those that will be used solely for cross-examination, will be identified and exchanged no later than three calendar days before the scheduled commencement of trial.

## VII.    WITNESSES [DEL. L.R. 16.4(D)(7)]

1.    Plaintiffs' List of Witness Names

The list of witnesses whom Plaintiffs intend to call in their case-in-chief and their addresses is attached as Appendix 5A hereto. This list does not include witnesses which Plaintiffs may call in rebuttal. Plaintiffs will give notice of any such witnesses within a reasonable time of determining to call such witnesses.

2.    Defendants' List of Witness Names

The list of witnesses whom Defendants intend to call in their case-in-chief and their addresses is attached as Appendix 5B hereto.

The parties have given each other on a preliminary basis a list of witnesses they intend will testify live. Each party will supplement its list of "live witnesses" promptly upon forming an intention not to call any witnesses previously identified.

## VIII.   PLAINTIFFS' STATEMENT OF THEIR ANTICIPATED PROOFS [DEL. L.R. 16.4(D)(8)]

Plaintiffs' statement of their anticipated proofs is attached as Appendix 6A hereto.

IX.    **DEFENDANTS' STATEMENT OF THEIR ANTICIPATED PROOFS [DEL. L.R. 16.4(D)(9)]**

Defendants' statement of their anticipated proofs is attached as Appendix 6B hereto.

X.    **STATEMENT BY COUNTER CLAIMANTS COMPARABLE TO THAT REQUIRED OF PLAINTIFF [DEL. L.R. 16.4(D)(10)]**

Not applicable.

XI.    **ANY AMENDMENTS OF THE PLEADINGS DESIRED BY ANY PARTY [DEL. L.R. 16.4(D)(11)]**

None pending. At the close of trial, Plaintiffs intend to move to conform their pleadings to the evidence.

XII.    **CERTIFICATION AS TO EXPLORATION OF SETTLEMENT [DEL. L.R. 16.4(D)(12)]**

Counsel hereby certify that representatives of the parties having the authority to negotiate settlement have engaged in two separate mediations with Magistrate Judge Mary Pat Thynge in a good faith effort to explore the resolution of this controversy by settlement. Those discussions have not resulted in a settlement.

XIII.    **OTHER MATTERS [DEL. L.R. 16.4(D)(13)]**

    A.    **Motions *In Limine***

The following motions *in limine* have been filed by Plaintiffs and are presently pending before the Court:

    1.    Motion *In Limine* To Preclude Defendants From Relying Upon Any Deloitte & Touche Documents, Witnesses Or Other Evidence, And For Adverse Inferences In Favor Of Plaintiffs.

    2.    Motion *In Limine* To Preclude Defendants From Calling As Witnesses At Trial Any Persons Who Were Not Identified As Potential Witnesses Until After The Close Of Fact Discovery. Defendants consent to the relief sought in this Motion.

6

The following motions *in limine* have been filed by Defendants and are presently pending before the Court:

1. Defendants' Motion *in Limine* To Exclude The Testimony Of Carlyn Taylor & The Related Testimony Of Paul Charnetzki.

2. Defendants' Motion *In Limine* To Exclude The Expert Testimony Of Paul Charnetzki And Carlyn Taylor As A Sanction For The Spoliation Of Information Considered In Forming Their Opinions.

No party waives any defenses with respect to such motions.

**B.        Deposition Designations**

Plaintiffs' designations of deposition testimony are attached as Appendix 7A hereto.

Defendants' designations of deposition testimony are attached to Appendix 7B hereto.

Plaintiffs' counter-designations shall be filed on June 9, 2006.

Defendants' counter-designations shall be filed on June 9, 2006.

**Plaintiffs propose that objections to deposition testimony shall be filed on June 9, 2006. Defendants oppose Plaintiffs' proposal and propose instead that a workable procedure be discussed with the Court at the conference on June 6, 2006.**

Videotaped deposition testimony may be designated and used at trial by playing excerpts of the video in Court. An annotated copy of the deposition transcripts identifying the parties' respective deposition designations (for video deposition testimony only) shall be exchanged at least one calendar day before the testimony is played, unless the designation is offered during cross examination or rebuttal.

C.    <u>Order Of Witnesses At Trial</u>

The parties request that the Court establish a procedure for notifying the opposing party of the order of testifying witnesses at trial.

[Plaintiffs' Proposal]

The parties propose that each party advise the opposing party of the next days' witnesses by 7:00 p.m. on the evening before the witness testifies, including the exhibits the party anticipates using in direct examination, although nothing herein shall preclude a party from using additional exhibits provided that advance notice of such use be tendered as soon as practicable after the party determines to use such exhibits. On June 14, 2006 at 5:00 p.m., the parties shall exchange a list of witnesses reflecting the anticipated order of presentation at trial.

D.    <u>Pending Motions Concerning Privilege Issues</u>

On March 28, 2006, this Court heard oral argument on "Plaintiffs' Motion to Affirm and Adopt Special Master's Reports and Orders" and "Defendants' Objections to Special Master's Final Decision on Plaintiffs' Motion to Compel Defendants to Produce Documents Withheld on the Basis of Privilege," and the respective objections thereto. The parties are awaiting a ruling on these motions.

## XIV.  THE CONCLUDING PARAGRAPH  [DEL. L.R. 16.4(D)14]

This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

RLF1-3007843-11

*Gregory V. Varallo*                    by SJF /  ⸺ 4025

_____
Gregory V. Varallo (# 2242)
C. Malcolm Cochran, IV (# 2377)
Russell C. Silberglied (# 3462)
Chad M. Shandler (# 3796)
Steven J. Fineman (# 4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19801
(302) 651-7700
varallo@rlf.com
cochran@rlf.com
silberglied@rlf.com
shandler@rlf.com
fineman@rlf.com
Attorneys for the Debtor Plaintiffs

_____
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6681
pmorgan@ycst.com
jdorsey@ycst.com
Attorneys for Defendants

OF COUNSEL:

Stuart J. Baskin
Jaculin Aaron
Stephen J. Marzen
Daniel Schimmel
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069

_____   /s/     Joseph A. Rosenthal (#234)   _
Joseph A. Rosenthal (No. 234)
Rosenthal, Monhait & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
rmgg@rmgglaw.com

- and -

John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
Attorneys for the Official Committee of
Unsecured   Creditors   of   Teleglobe
Communication Corporation, *et al.*

9

_____
Gregory V. Varallo (# 2242)
C. Malcolm Cochran, IV (# 2377)
Russell C. Silberglied (# 3462)
Chad M. Shandler (# 3796)
Steven J. Fineman (# 4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19801
(302) 651-7700
varallo@rlf.com
cochran@rlf.com
silberglied@rlf.com
shandler@rlf.com
fineman@rlf.com
Attorneys for the Debtor Plaintiffs

_____
Joseph A. Rosenthal (No. 234)
Rosenthal, Monhait & Goddess, P.A.
1401 Mellon Bank Center
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
rmgg@rmgglaw.com

- and -

John P. Amato
Mark S. Indelicato
Zachary G. Newman
Jeffrey L. Schwartz
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
Attorneys for the Official Committee of
Unsecured   Creditors   of   Teleglobe
Communication Corporation, *et al.*

_____
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6681
pmorgan@ycst.com
jdorsey@ycst.com
Attorneys for Defendants

OF COUNSEL:

Stuart J. Baskin
Jaculin Aaron
Stephen J. Marzen
Daniel Schimmel
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069

9

RLF1-3007843-11