IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TELEGLOBE COMMUNICATIONS ) | |
| CORPORATION, et al., ) | Bankr. Case No. 02-11518-MFW |
| ) | |
| Debtors. ) | |
| | |
| TELEGLOBE COMMUNICATIONS ) | |
| CORPORATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 04-1266-SLR |
| ) | |
| BCE INC., et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

At Wilmington this 7th day of June, 2006, having reviewed defendants' motion to stay pending appeal, and having heard counsel on same;

IT IS ORDERED that said motion (D.I. 284) is granted, for the reasons that follow:

1. In evaluating a motion for stay pending appeal, the United States Court of Appeals for the Third Circuit has directed that four factors be considered: "(1) whether the moving party is likely to succeed on appeal; (2) whether the moving party will suffer irreparable injury absent relief; (3) whether granting

relief will cause harm to other interested parties; and (4) whether granting or denying the motion would best serve the public interest." South Camden Citizens in Action v. New Jersey Dep't of Envtl. Prot., 2001 WL 34131402, at *1 (3d Cir. June 15, 2001).

    2. Defendants contend that I erred when I agreed with the Special Master in extending the joint client privilege to include plaintiffs (subsidiaries of Teleglobe, now in bankruptcy) and in including, under the joint client privilege umbrella, documents that were channeled through in-house counsel who had as joint clients both BCE and Teleglobe. The issues raised by the appeal are significant and have not been specifically addressed by the Third Circuit. It is not clear how the Third Circuit will rule, especially in light of the record (to wit, defendants' failure to clearly terminate the representation by its in-house counsel of Teleglobe and its over-designation of hundreds of documents as privileged in the first instance).

    3. In balancing the harms, I conclude that a stay is warranted. Disclosure and use of the documents in dispute will have an impact on the parties' respective pretrial preparations (including some additional follow-up discovery) and trial strategies. It would be wasteful of judicial and other resources to try the case twice, either by trying to extract the privileged materials or by trying to include them *on a post hoc* basis.

Although I am concerned about the delay involved and expect defendants to request expedited treatment from the Third Circuit,[1] a stay of the currently scheduled trial is warranted, taking all of the above factors into consideration.

IT IS FURTHER ORDERED that a telephonic status conference with the court will be conducted on **Tuesday, September 12, 2006 at 8:30 a.m.**, with defendants' counsel initiating the call.

_____
United States District Judge

---

[1] I will not rule out the imposition of sanctions if defendants neither prevail on the merits nor do all they can to expedite the resolution of their appeal so trial in this litigation can go forward efficiently and timely.